UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROBERT T. STOOKSBURY, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-498 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL L. ROSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This civil action is before the Court on plaintiff's Motion for Leave to Amend Complaint [Doc. 56], in which plaintiff requests leave to amend his complaint to provide additional specificity regarding the allegations in that complaint. This civil action is also before the Court on plaintiff's Motion for Leave to File a Civil RICO Case Statement, if Necessary [Doc. 67], in which plaintiff requests leave to file a civil RICO case statement as a supplemental pleading in this case, if the Court deems it necessary to do so.

All of the defendants in this case have filed motions to dismiss plaintiff's initial complaint. These motions to dismiss include those of Gregory Baker [Doc. 34]; Tracy Riedl [Doc. 36]; Michael L. Ross, LTR Properties, Inc., RPL Properties, Inc., LC Development Company, LLC, Rarity Communities, Inc., Tellico Lake Properties, L.P., Nickajack Shores Holdings, LLC, Rarity Corporation, Rarity Club Corporation, Rarity Property Management, Inc., Rarity Ridge Club, Inc., Rarity Investment Company, LLC, Pine Mountain Properties, LLC, Broadberry Development Company, LLC, Hiwassee Properties, LLC, RM Company,

LLC, LOM Development Company, LLC, and VPI Company, LLC [Docs. 38 and 40];[1] Patricia W. Ross and Rebecca Rose Ross Jordan [Doc. 50]; and Rarity Management Company, LLC [Doc. 52].

Plaintiff's complaint includes allegations of civil violations of 18 U.S.C. §§ 1962-90, otherwise known as the Racketeer Influenced and Corrupt Organizations Act ("RICO"). In a recent unpublished opinion, Chief Judge Collier explained that "It is this Court's practice . . . to require parties filing civil RICO claims to file a "RICO Statement." *Anderson v. Thompson*, No. 1:07-CV-100, 2007 WL 1490596, at * 1 (E.D. Tenn. May 21, 2007). *See also* N.Y. State Bar Ass'n, Commercial & Fed. Litig. Section, *The Civil RICO Case Statement* (1989-90) (endorsing "the concept of the RICO case statement as an aid (1) in determining whether there exists a basis for a valid RICO claim, and/or (2) in managing the pretrial phase of the litigation."). Judge Collier explained that this statement should be in the following form:

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each defendant.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

---

[1] This group of defendants has filed a "Motion to Dismiss" [Doc. 38] as well as a "Motion to Dismiss or to Stay for Prior Suit Pending" [Doc. 40].

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

   a. List the alleged predicate acts and the specific statutes which were allegedly violated;

   b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

   c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

   d. State whether there has been a criminal conviction for violation of the predicate acts;

   e. State whether civil litigation has resulted in a judgment in regard to the predicate acts;

   f. Describe how the predicate acts form a "pattern of racketeering activity"; and

   g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

   a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

   b. Describe the structure, purpose, function and course of conduct of the enterprise;

    c. State whether any defendants are employees, officers or directors of the alleged enterprise;

    d. State whether any defendants are associated with the alleged enterprise;

    e. State whether the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

    f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the enterprise's activities on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

    a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

    b. Describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    a. State who is employed by or associated with the enterprise; and

    b. State whether the same entity is both the liable "person" and the "enterprise" under section 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained for which each defendant is allegedly liable.

18. Provide any additional information which would be helpful to the Court in processing the RICO claim.

*Anderson*, 2007 WL 1490596, at *1-3. *See also* N.Y. State Bar Assoc., at Appendix A (proposing similar format for RICO statement). In light of this requirement, and for good cause shown, plaintiff's Motion for Leave to Amend Complaint [Doc. 56] and Motion for Leave to File a Civil RICO Case Statement, if Necessary [Doc. 67] are **GRANTED**. Defendants' various motions to dismiss the original complaint [Docs. 34, 36, 38, 40, 50, and 52] are **DENIED as moot**. Plaintiff is **DIRECTED** to file an amended complaint and a RICO statement as set forth above within twenty (20) days of entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE