UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the orders of the District Judge referring various motions to the undersigned for disposition. On September 26, 2011, the parties appeared before the Court to address a number of pending motions in this matter. Attorney Wayne Ritchie was present representing the Plaintiff. Attorneys John Stravato and Steven Shope were present represent Defendant Michael L. Ross and the Ross Defendants. Attorney Andrew Hanson was present representing Fred McArthur, and Attorney Andrew Colocotronis was present representing Defendant Gregory Baker.

The Court will issue a ruling on the Motion for Sanctions [Doc. 151] and the Motion to Designate Hearing to be a Show Cause Hearing [Doc. 164] shortly. At this juncture, however, the Court will rule on the following motions, which relate to the Motion for Sanctions and the Motion to Designate Hearing.

1.      **Plaintiff's Motion for Technical Amendment to his Motion for Sanctions to Include Defendant Patricia Ross, in Her Capacity as Personal Representative of the Estate of Dale Ross, for Failure to Comply with the Court's Order of June 15, 2011 [Doc. 163]**

In his Motion for Technical Amendment, the Plaintiff requests that the Court permit him to amend his pending Motion for Sanctions [Doc. 151] to include Defendant Patricia Ross, in her capacity as personal representative for the Estate of Dale Ross.

None of the Defendants have responded in opposition to the request that Patricia Ross be added to the Motion for Sanctions, though Defendant Fred McArthur has objected to the Motion for Sanctions more generally, see, e.g. Doc. 171.  At the hearing held September 26, 2011, counsel for Patricia Ross did not object to the Motion for Technical Amendment, nor did counsel for any other party of record.

Based upon the lack of objection and for good cause shown, the Court finds the Motion for Technical Amendment **[Doc. 163]** to be well-taken, and it is **GRANTED**.  All requests for sanctions or other relief contained in the Motion for Sanctions hereby apply to Patricia Ross, as personal representative of the Estate of Dale Ross.


2.      **Plaintiff's Motion to Strike Exhibit 1 Attached to the Affidavit of Michael Ross [Doc. 166]**

In his Motion to Strike, the Plaintiff moves the Court for an order striking Exhibit 1 to the Affidavit of Defendant Michael Ross, [Doc. 157-1].  Exhibit 1 contains various email exchanges between accountants for the parties that took place in late 2007 and into early 2008.  The Plaintiff maintains that these emails are "unauthenticated, irrelevant, and incomplete." [Doc. 166 at 1].

At the hearing in this matter, counsel for the Plaintiff agreed that if the Court found the emails to be irrelevant, unauthenticated, or incomplete, it would be appropriate for the Court to

2

leave the emails in the record and assign them little or no weight in addressing the Motion for Sanctions.

Counsel for Michael Ross and the Ross entities maintained that the Court should not strike the emails from the record. Counsel conceded that the emails "were not 100% on point," but he argued that the Court should leave them in the record and assign the emails any appropriate weight.

The Court has considered the parties' positions, and the Court finds that the Motion to Strike **[Doc. 166]** is not well-taken. It is **DENIED**. The Court will not strike Exhibit 1 to the Affidavit of Defendant Michael Ross from the record. The Court will, however, consider the Plaintiff's arguments against affording the emails weight in determining the Motion for Sanctions, and the Court will discount the evidentiary value of the emails in its Report and Recommendation, as appropriate.

### 3. Conclusion

In sum, the Motion for Technical Amendment **[Doc. 163]** is **GRANTED**, and the Motion to Strike **[Doc. 166]** is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

/s H. Bruce Guyton
United States Magistrate Judge