UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT T. STOOKSBURY, JR.,           )
                                     )
            Plaintiff,               )
                                     )        No. 3:09-CV-498
                                     )        (VARLAN/GUYTON)
v.                                   )
                                     )
MICHAEL L. ROSS, *et al.*,           )
                                     )
            Defendants.              )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court,

and the orders of the District Judge referring the Plaintiff's Motion for Sanctions for Failure to

Comply With the Court's Order of June 15, 2011, [Doc. 151], and Motion to Designate Hearing

to be Show Cause Hearing and to Specify Certain Issues for Determination, [Doc. 164], to the

undersigned for report and recommendation or order, as appropriate.

On September 26, 2011, the parties appeared before the Court to address a number of

pending motions in this matter, including the motions cited above. Attorney Wayne Ritchie was

present representing the Plaintiff. Attorneys John Stravato and Steven Shope were present

representing Defendant Michael L. Ross and the Ross Defendants, who are more fully identified

below. Attorney Andrew Hanson was present representing Fred McArthur, and Attorney

Andrew Colocotronis was present representing Defendant Gregory Baker.

The Court has reviewed the parties' filings and heard the parties' oral arguments. The

Court finds the Motion for Sanctions and Motion to Designate Hearing to be Show Cause

Hearing are ripe for adjudication, and for the reasons stated herein, the undersigned will **RECOMMEND** that the Motion for Sanctions be **GRANTED** and that the Motion to Designate Hearing to be Show Cause Hearing be **DENIED**.

## I.     BACKGROUND

The Complaint in this matter was filed November 18, 2009.  [Doc. 1].  The majority of the Defendants were served shortly thereafter, [see Docs. 2-26].  On June 18, 2010, the Court denied a Motion to Compel Arbitration, and the District Judge entered a Scheduling Order [Doc. 107] shortly thereafter.  The trial in this matter was set to commence April 25, 2011.  A number of the persons and business entities, who are defendants in this matter, filed bankruptcy, and the case was stayed for a brief period.

On February 25, 2011, Steven Shope was substituted as counsel for Michael L. Ross; LTR Properties, Inc.; RPL Properties, Inc.; LC Development Company, LLC; Rarity Communities, Inc.; Tellico Lake Properties, L.P.; Nickajack Shores Holdings, LLC; Rarity Corporation; Rarity Club Corporation; Rarity Property Management, Inc.; Rarity Ridge Club, Inc.; Rarity Investment Company, LLC; Pine Mountain Properties, LLC; Rarity Communities, Inc.; Broadberry Development Company, LLC; Hiwassee Properties, LLC; RM Company, LLC; LOM Development Company, LLC; and VPI Company, LLC, (collectively "the Ross Defendants").  On March 24, 2011, the Pro Hac Vice Motion of Attorney John Stravato was granted, and Mr. Stravato was added as counsel for the Ross Defendants.

On April 12, 2011, the trial in this case was continued to November 14, 2011.  [Doc. 135].  The parties submitted a proposed protective order to the Court on May 10, 2011, and it was entered by the District Judge the next day, [Doc. 142].  On May 25, 2011, the Clerk of

2

Court sent notice that the undersigned would conduct a telephone conference on June 15, 2011, to address a discovery dispute between the parties.

On June 15, 2011, the Court conducted a telephonic discovery conference with counsel for all parties, including Mr. Stravato and Mr. Shope, present. The Court entered a Memorandum and Order the same day directing that the Ross Defendants comply with their discovery obligations. [Doc. 145]. The Court noted that the Plaintiff propounded his First Set of Requests for Production of Documents on Defendants on August 31, 2010, and that he propounded his First Set of Interrogatories on the Defendants on September 14, 2010, almost a full year before the conference.

After hearing from the parties, the Court directed that the Ross Defendants "**SHALL** make final and complete responses and production on or before July 15, 2011," and "**SHALL** identify the documents that are produced in response to each request for production by Bates stamp number or equivalent identifier." [Doc. 145 at 4 (emphasis in the original)].

On August 1, 2011, the Plaintiff filed the Motion for Sanctions [Doc. 151], which is now before the Court. The Ross Defendants have responded in opposition to the Motion for Sanctions [Doc. 155], and the Plaintiff has made a final reply in support of his position, [Doc. 158]. Following briefing on the Motion for Sanctions, the Plaintiff filed the Motion to Designate Hearing to be Show Cause Hearing. The Ross Defendants did not respond to the Motion to Designate Hearing to be Show Cause Hearing, and the time for doing so has expired, see Fed. R. Civ. P. 6(d), 5(b)(2)(E), and E.D. Tenn. L.R. 7.1(a). Thus, both motions are now ripe for adjudication.

## II.    POSITIONS OF THE PARTIES

The parties' positions on the matters before the Court are as follows:

A.    *Motion for Sanctions*

In his Motion for Sanctions, the Plaintiff argues that the Ross Defendants "have completely ignored the Court's Order of June 15, 2011, [Doc. 145], by failing to serve Plaintiff with any supplemental responses to Plaintiff's First Set of Requests for Production or First Set of Interrogatories in this case." [Doc. 151 at 1-2 (emphasis in the original)]. The Plaintiff contends that, as of the date of his motion, the Ross Defendants had produced no documents responsive to the First Set of Requests for Production and have failed to serve full and complete response to the Plaintiff's First Set of Interrogatories. [Doc. 151 at 2].

The Plaintiff maintains that the Ross Defendants' "clear record of bad faith and willful failure to cooperate in the discovery process in this case" justifies the full range of discovery sanctions available under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, including entry of a default judgment against the Ross Defendants with respect to liability. [Doc. 151 at 2].

Mr. Stavato, counsel for the Ross Defendants, responds, "I immediately directed [his] clients to provide the missing material" and they "provided me with the material plaintiff[] indicate[s] was missing." [Doc. 155 at 1]. The Affidavit of Michael Ross [Doc. 157], which describes the hardship of producing the records at issue but attests, "I[, Michael Ross,] saw to [it] that the information that we were capable of producing, was produced." [Doc. 157 at ¶ 7]. The Ross Defendants have attached a series of emails that were exchanged between accountants

4

for the parties in late 2007 and early 2008, to the Affidavit. The Ross Defendants maintain that these emails support of their position that the Ross Defendants have "always provided all documents and financial data requested by plaintiff promptly and in a most cordial manner." [Doc. 155 at ¶ 1].

The Ross Defendants argue that the Motion for Sanctions should be denied in its entirety, and they maintain, "Highlighting the penalties for non-compliance is inappropriate in this circumstance [because] [i]t creates the appearance or aura of non-compliance where non-compliance does not exist." [Doc. 155 at ¶ 3].

In his reply, the Plaintiff reiterates his initial position but adds that the Ross Defendants have taken the "baffling" position that all of the discovery ordered by this Court has been produced. [Doc. 158 at 9]. The Plaintiff further notes that the Defendants' Response does not acknowledge the Court's direct order that the Ross Defendants answer interrogatories and identify documents produced by Bates stamp numbers or equivalent identifiers. [Doc. 158 at 9]. The Plaintiff attaches to his Reply the Affidavit of Robert H. Gibson, a former FBI agent, [Doc. 158-1], and extensive charts detailing the deficiencies in production found by Mr. Gibson, [Docs. 158-2, 158-3].

B.     *Motion to Designate Hearing to be Show Cause Hearing and to Specify Certain Issues for Determination*

In his Motion to Designate Hearing to be Show Cause Hearing, the Plaintiff moves the Court to designate the September 26, 2011, hearing to be a "show cause" hearing and to specify issues outlined in the motion as those issues to be taken up by the Court. In support of this request, the Plaintiff cites the Court to an order entered by Special Judge Jon Kerry Blackwood, in a related case the parties are litigating in Blount County, Tennessee, [Doc. 164 at 2], wherein

5

Judge Blackwood found that Michael Ross and entities named as Defendants in this action had failed to comply with their discovery obligations or the orders of the state court.[1]

The Ross Defendants did not respond in opposition to the Motion to Designate Hearing to be Show Cause Hearing and to Specify Certain Issues, and the time for doing so has now expired.

C.    *Responses of Defendant Fred McArthur*

Defendant Fred McArthur has responded in opposition to each of the motions now before the Court.  [See Docs. 156, 173].  Defendant McArthur acknowledges that the motions at issue are not directed at him.  Nevertheless, Defendant McArthur objects to the Motion for Sanctions and the Motion to Designate Hearing to be Show Cause Hearing because he contends "the relief requested therein would have a negative and unfair impact [on] Defendant Fred McArthur in this case."  [Doc. 156 at 1].  Defendant McArthur is concerned that a default judgment against the Ross Defendants would necessarily entail a legal finding that the Ross Defendants were involved in an alleged racketeering scheme and would yield a finding that such an illegal scheme existed.  [Doc. 156 at 3].  Defendant McArthur argues that these legal findings would prejudice his ability to defend himself at trial.

D.    *Updates and Supplemental Information Presented at the Hearing*

Finally, to the extent the parties supplemented the filings described above or updated the Court on events that have conspired since they filed their documents at the hearing, the Court will include the pertinent, additional information in its analysis below.

---

[1] Judge Blackwood's Order [Doc. 164-1], was directed at Michael Ross, LTR Properties Inc., RPL Properties LLC, LC Development Company LLC, Rarity Management Company LLC, and Tellico Landing LLC.  All of these entities are defendants in this case, and they, along with other entities associated with Michael Ross, are referred to throughout this Order as "the Ross Defendants."

6

### III. ANALYSIS

Pursuant to Rule 37(b)(2)(A), a court may enter orders to address parties' failure to cooperate in discovery, including orders directing that matters be embraced or established, prohibiting the disobedient party from opposing claims, striking pleadings, staying further proceedings until the order is obeyed, dismissing the action in whole or in part, rendering a default judgment, or treating the failure to obey as contempt of court.

As the Court of Appeals for the Sixth Circuit has noted, a default judgment, like dismissal of an action, "is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990) (quoting Reg'l Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988)).

In determining whether an entry of default judgment is appropriate, a district court should consider, whether: (1) the party's failure to cooperate in discovery is due to willful bad faith and not mere inability to cooperate, (2) the opposing party was prejudiced, (3) the offending party was warned that failure to cooperate could result in default judgment, and (4) less drastic sanctions were considered prior to an entry of default. Bank One of Cleveland, 916 F.2d at 1073. Among these factors, bad faith or willfulness is the most important consideration. Ndabishuriye v. Albert Schweitzer Society, USA, Inc., 136 Fed. App'x 795, 800 (6th Cir. 2005)

The Court has applied the above test and considerations to the instant case, and the Court finds that, though a default judgment is an extreme remedy, it is nonetheless appropriate in this case. The discovery requests at issue have been pending for approximately a year, with little to no response from the Ross Defendants. Mr. Stravato has been counsel for the Ross Defendants for over six months, and the Protective Order in this case was entered over five

7

months ago. Moreover, the Ross Defendants were specifically called to task and instructed to complete their discovery over two and a half months ago.

These lags, though unacceptable, are not completely exceptional in the Court's experience. What is exceptional is the Ross Defendants' total lack of forthrightness in this matter. The Ross Defendants' refusal to comply with the Court's order or even directly respond to the Plaintiff's allegations or the Court's inquiries about its discovery compliance amounts to bad faith and a willful decision not to cooperate in discovery.

The Ross Defendants' Response to the Motion for Sanctions [Doc. 155], does not address its failure to comply and is of no value in the Court's evaluation of this issue. The Response is written in the first person by counsel for the Ross Defendants, who informs the Court that his clients have told him that they have complied and remarks that his clients and their agents have been wholly cordial through the process. [Doc. 155 at 1-2]. Such representations are of no moment when the only issue before the Court is whether the Ross Defendants *did in fact* comply with this Court's Order and the Federal Rules of Civil Procedure.

The Affidavit of Michael Ross is equally inconsequential as it speaks only to the "great deal of time and effort to produce" the documents at issue and does not attempt to inform the Court what documents have been produced or what interrogatories have been answered. [Doc. 157 at ¶ 7]. The emails attached to the Affidavit are irrelevant to the issues before the Court.

The production that has been made appears to have been a "document dump," and this document dump was the very reason the Court ordered the Ross Defendants to identify the documents it has produced by Bates stamp numbers. The Ross Defendants did not do so, and at the hearing, counsel for the Ross Defendants offered no explanation whatsoever for why this direction had not been followed. Instead, the Plaintiff has been burdened with the task of hiring

8

a qualified person, Mr. Gibson, to go through thousands of pages of immaterial documents to determine what, in fact, has been produced. [Docs. 158-1, 158-2, 158-3]. While Mr. Gibson completed this task in an exemplary manner, it is unacceptable for the Ross Defendants to have shifted this burden to the Plaintiff.

At the hearing, counsel for the Ross Defendants conceded that his clients have not complied with discovery, although he claims to have only learned of that fact on the morning of the hearing. Nonetheless, he did not request an extension of time to comply with the Court's order or offer any viable explanation of why the task had not been completed. Counsel did not take issue with the scope of the requests or the interrogatories and did not request a protective order. Nor did the Ross Defendants offer any plan or timetable to cure their failures, both in answering interrogatories and producing documents. Instead, counsel made reference to the fact that document production requires the removal of staples and other ministerial tasks and can quickly eat up the time of those persons who remain employed at the Defendant entities. Such excuses are far too general and too obvious to excuse the Ross Defendants' non-compliance at this stage.

Finally, the Court finds that the willfulness of the Ross Defendants' behavior is clearly demonstrated by their actions in the state court case. On August 24, 2011, Judge Blackwood found:

> [T]hat Defendants have not presented any sufficient reason for failing to comply with the Court's Order; that more than two years have elapsed since Plaintiff's requests for production of documents were served; that Defendants have not even produced the most basic information sought by Plaintiffs in those requests, including but not limited to tax returns, financial statements, and most bank records; that Defendants have notice of the hearing; that Defendants have completely failed to serve Plaintiff with any supplemental interrogatory responses in the form of a signed and

verified pleading; that Defendants have further failed to comply with the Court's Orders to identify any previously produced discovery as responsive to Plaintiff's Requests; that the unmistakable result of Defendants' conduct has been to delay these proceedings unnecessarily and to force Plaintiff to expend undue money and resources to conduct basic discovery; and that Defendants have in fact violated both the letter and the spirit of the Court's discovery Orders . . .

[Doc. 164-1 at 4]. Based upon the "clear record of delay and contumacious conduct" by the defendants in the state case, including Michael Ross, Judge Blackwood gave the Defendants twenty days to provide tax returns and other financial statements to the Plaintiff, or a default judgment would enter. [Doc. 164-1 at 4].

When the Court asked counsel for the Ross Defendants if the tax returns requested in this case had been produced, counsel responded that the tax returns in the state action, which overlap with those requested in this case, had been produced but the tax returns for entities involved only in this action had not been produced. Counsel offered the explanation that the parties had been "racing the clock" to comply with the Order of Judge Blackwood. It appears to the Court that Judge Blackwood's direct and frank order motivated counsel and the defendants in that suit to comply, but to this point, this Court has not been so direct or unaccommodating. The Court, with this Report and Recommendation, will provide a frank and clear message to the Ross Defendants about non-compliance.

For all of the reasons cited above, the Court will **RECOMMEND** that the Motion for Sanctions **[Doc. 151]** be **GRANTED**. The Court will **RECOMMEND** that the District Judge enter a default judgment on all claims against Michael L. Ross; LTR Properties, Inc.; RPL Properties, Inc.; LC Development Company, LLC; Rarity Communities, Inc.; Tellico Lake Properties, L.P.; Nickajack Shores Holdings, LLC; Rarity Corporation; Rarity Club

10

Corporation; Rarity Property Management, Inc.; Rarity Ridge Club, Inc.; Rarity Investment Company, LLC; Pine Mountain Properties, LLC; Rarity Communities, Inc.; Broadberry Development Company, LLC; Hiwassee Properties, LLC; RM Company, LLC; LOM Development Company, LLC; and VPI Company, LLC.

Following the District Judge's ruling on this Report and Recommendation, Defendant McArthur may propose any jury instructions or other mechanisms for remedying any prejudice a default judgment against the Ross Defendants may cause him at trial. At this juncture, however, his objections regarding prejudice are too vague, and Defendant McArthur has not presented a viable remedy for his perceived prejudice.

Finally, the Court did not designate the hearing held on September 26, 2011, as a show cause hearing. The Court finds that a show cause hearing, before the undersigned, would almost certainly be a useless exercise at this juncture. The Ross Defendants have been directed to comply with their discovery obligations by the undersigned, and they have been directed to comply with their discovery obligations by Judge Blackwood. Though the Court did not use the "show cause" moniker, the Court, by notice entered August 22, 2011, directed the Ross Defendants to appear before this Court for a hearing to address the Motion for Sanctions. Nonetheless, the Ross Defendants have not produced and specifically identified pertinent documents or appropriately responded to interrogatories served upon them a year ago. The Ross Defendants have had many opportunities to show cause as to why they should not be sanctioned, and they have not done so. They had ample time to seek the protection of the Court if they truly needed more time to comply, and they never did so.

Holding an additional hearing or re-labeling the hearing held September 26, 2011, would not remedy the lack of compliance or the prejudice suffered by the Plaintiff. Moreover, the

11

Ross Defendants will have a final opportunity to dispute the allegations of willful discovery misconduct and to identify any errors by the undersigned, during the objection period for this Report and Recommendation. Accordingly, the Court finds that the Motion to Designate Hearing to be Show Cause Hearing **[Doc. 164]** is not well-taken because the hearing is not necessary. The Court will, therefore, recommend that it be **DENIED**.


IV.     **CONCLUSION**

Based upon the foregoing, the undersigned **RECOMMENDS**[2] that the Motion for Sanctions **[Doc. 151]** be **GRANTED** and that the District Judge enter an Order of Default in favor of the Plaintiff on the issue of liability on all claims as to the Ross Defendants. The undersigned further **RECOMMENDS** that the District Judge grant leave for Plaintiff's counsel to file an affidavit of reasonable fees and expenses to be awarded as an additional sanction against the Ross Defendants. In addition, the undersigned **RECOMMENDS** that the Motion to Designate Hearing to be Show Cause Hearing **[Doc. 164]** be **DENIED**.


Respectfully submitted,

  /s H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).