UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| ROBERT STOOKSBURY, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 3:09-CV-498 |
| v. | ) | (VARLAN/GUYTON) |
| | ) | |
| MICHAEL L. ROSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This is a civil action is before the Court on the Report and Recommendation ("R&R") entered by United States Magistrate Judge H. Bruce Guyton on September 28, 2011 [Doc. 185]. Judge Guyton recommends that Plaintiff's Motion for Sanctions for Failure to Comply with the Court's Order of June 15, 2011 [Doc. 151] be granted and that the undersigned enter an order of default in favor of plaintiff on the issue of liability as to Michael L. Ross, LTR Properties, Inc., RPL Properties, Inc., LC Development Company, LLC, Rarity Communities, Inc., Tellico Lake Properties, L.P., Nickajack Shores Holdings, LLC, Rarity Corporation, Rarity Club Corporation, Rarity Property Management, Inc., Rarity Ridge Club, Inc., Rarity Investment Company, LLC, Pine Mountain Properties, LLC, Rarity Communities, Inc., Broadberry Development Company, LLC, Hiwassee Properties, LLC, RM Company, LLC, LOM Development Company, LLC, and VIP Company, LLC (collectively, the "Ross Defendants"). In response to the R&R, the following filings were made by the parties:

- "Michael L. Ross, et al.," filed an objection [Doc. 186], along with a brief in support [Doc. 187];

- plaintiff filed Plaintiff's Request that the Report and Recommendation of this Court filed September 28, 2011, be Adopted and Modified to Include Inadvertently Omitted Parties [Doc. 188];

- plaintiff filed Plaintiff's Response to Defendants' Objection to Report and Recommendation [Doc. 192];

- Michael Ross filed an affidavit in support of defendants' objections to the R&R [Doc. 200];

- defendants filed Defendants' Response to Plaintiff's Response to Defendants' Objections to Report and Recommendation [Doc. 201];[1]

- plaintiff filed Plaintiff's Motion for Leave to file Supplemental Brief Exceeding the Page Limit in LR 7.1(d) in Support of the Magistrate Judge's Report and Recommendation [Doc. 206]; and

- plaintiff filed Plaintiff's Supplemental Brief in Support of the Magistrate Judge's Report and Recommendation [Doc. 207].

## I. Standard of Review

The Court must conduct a *de novo* review of portions of the magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's

---

[1]In their response, the Ross Defendants request that the Court allow oral argument and/or testimony in regard to the issues related to the R&R. This Court considers requests for oral argument and hearings on a case-by-case basis. After reviewing filings in response to the R&R, and given that a hearing was held before Magistrate Judge Guyton, the Court finds that oral argument is not necessary.

recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II.     Background[2]

On June 15, 2011, Magistrate Judge Guyton conducted a telephonic discovery conference with counsel for all parties as a result of plaintiff's complaint that defendants, except for defendants Fred McArthur and Gregory Baker, had not properly responded to written discovery, particularly plaintiff's first set of requests for production of documents propounded on August 31, 2010, and plaintiff's first set of interrogatories propounded on September 14, 2010 [Docs. 144, 145]. On the same day, the magistrate judge entered a memorandum and order directing that the Ross Defendants comply with their discovery obligations and make final and complete responses and production on or before July 15, 2011 (the "June 15 Order") [Doc. 145]. In addition, the magistrate judge ordered that the production and responses be made in accordance with Rule 33(b)–(d) of the Federal Rules of Civil Procedure and identify the documents that are produced in response to each request for production by Bates-stamp number [*Id.*].

---

[2]Although the Court presumes familiarity with the facts and circumstances underlying the R&R, the Court briefly outlines the relevant background herein.

On August 4, 2011, plaintiff filed the motion for sanctions underlying the R&R [Doc. 151].[3] Plaintiff argued that the Ross Defendants[4] "completely ignored the Court's Order of June 15, 2011 . . . by failing to serve [p]laintiff with any supplemental responses to [p]laintiff's [f]irst [s]et of [r]equests for [p]roduction or [f]irst [s]et of [i]nterrogatories in this case" [*Id.* (emphasis omitted)]. Further, plaintiff contended that, as of the date of the motion, the Ross Defendants had produced no documents responsive to the first set of requests for production and failed to serve full and complete responses to plaintiff's first set of interrogatories [*Id.*]. Thus, plaintiff requested that the Court enter an order entering default against the Ross Defendants with respect to liability on plaintiff's RICO claims under Counts I–IV of the amended complaint, or alternatively, enter an order prohibiting these defendants from introducing evidence to oppose plaintiff's allegations under Counts I–IV [*Id.*]. Plaintiff further requested attorneys' fees, expenses, and any other sanction the Court deemed appropriate [*Id.*].

---

[3]Following briefing on the motion, plaintiff also moved to designate the hearing on the motion for sanctions as a show cause hearing [Doc. 164]. Magistrate Judge Guyton recommends that the motion be denied [Doc. 185]. No party takes issue with this recommendation. Thus, it will not be addressed herein and Magistrate Judge Guyton's recommendation regarding the show cause hearing will be adopted in full.

[4]Plaintiff identified the Ross Defendants as "Michael Ross; Rebecca Ross Jordan; RPL Properties, LLC; LC Development Company, LLC; LTR Properties, Inc.; LOM Development Property, LLC; RM Company, LLC; Broadberry Development Company, LLC; Hiawassee Properties, LLC; Rarity Ridge Club, Inc.; Rarity Property Management, Inc.; Tellico Lake Properties, L.P.; Rarity Management Company, LLC; Rarity Communities, Inc.; and Rarity Investment Company, LLC" [Doc. 151].

The motion for sanctions was referred to Magistrate Judge Guyton, and after hearing from the parties, he issued the R&R. In the R&R, Magistrate Judge Guyton finds that default judgment, although an extreme remedy, is nonetheless appropriate in this case because the Ross Defendants' conduct was willful [Doc. 185].

In making this finding, the magistrate judge notes that the discovery requests underlying the motion had been pending for approximately one year, with little or no response from the Ross Defendants, despite being called to task and instructed to complete discovery over two and half months before the issuance of the R&R [*Id.*]. He also notes the Ross Defendants refused to comply with the Court's order and failed respond to both plaintiff's allegations and the Court's inquiries about discovery compliance, and had a lack of forthrightness in this matter [*Id.*]. Further, Magistrate Judge Guyton finds that what the Ross Defendants did produce constituted a "document dump" on plaintiff, which required plaintiff to hire a qualified person to go through thousands of pages of immaterial documents to determine what had been produced [*Id.*]. In addition, the magistrate judge notes that, at the hearing, counsel for the Ross Defendants, John Stravato,[5] conceded that his clients had not complied with discovery, a fact that he learned the morning of the hearing, but he did not request an extension to comply, did not offer any explanation for the failure to comply, nor offer any plan to cure the failure [*Id.*]. Magistrate Judge Guyton also points to the conduct

---

[5]After the R&R was issued, Mr. Stravato moved to withdraw as counsel for the Ross Defendants, which was granted by the Court [Doc. 208].
5

of the Ross Defendants in a related state-court proceeding, which caused the state-court judge to find that they engaged in contumacious conduct [*Id.*].

### III. Plaintiff's Motion to File a Supplemental Brief In Excess of the Court's Page Limit

Plaintiff requests permission to file a supplemental brief exceeding the five-page limit under E.D. Tenn. L.R. 7.1(d) [Doc. 206]. Plaintiff submits that the supplemental brief addresses the late-filed affidavit of Michael Ross ("Ross"), filed on October 27, 2011 [Doc. 200], after plaintiff filed his response to the Ross Defendants' objection to the R&R on October 24, 2011, and additional pages are needed to enable plaintiff to adequately address new claims that have been raised for the first time. The time to respond to plaintiff's supplemental brief expired without any response from any defendant. *See* E.D. Tenn. L.R. 7.1(d).

For good cause shown, Plaintiff's Motion for Leave to file Supplemental Brief Exceeding the Page Limit in LR 7.1(d) in Support of the Magistrate Judge's Report and Recommendation [Doc. 206] is hereby **GRANTED**.

### IV. Analysis of Plaintiff's Objection

Plaintiff filed a "limited objection" to the R&R, noting that the R&R inadvertently omitted defendants Rebecca Ross Jordan and Patricia Ross, as personal representative of the Dale Ross Estate [Doc. 188]. No response was filed with respect to this objection, and the time for doing so has passed. *See* Fed. R. Civ. P. 72(b).

6

With respect to Rebecca Ross Jordan, the Court finds the magistrate judge inadvertently omitted her from the R&R. Plaintiff's motion for sanctions included Rebecca Ross Jordan [*see* Doc. 151], and the June 15, 2011 Order directed Rebecca Ross Jordan to make final and complete responses to plaintiff's discovery requests [Doc. 145].

With respect to Patricia Ross, in her personal capacity as personal representative for the Estate of Dale Ross, the Court likewise finds the magistrate judge inadvertently omitted her from the R&R. Plaintiff previously moved to amend his motion for sanctions to include Patricia Ross, in her capacity as personal representative for the Estate of Dale Ross [Doc. 163], and the magistrate judge entered an order granting that request [Doc. 182]. In the order granting the request, Magistrate Judge Guyton stated that "[a]ll requests for sanctions or other relief contained in the [m]otion for [s]anctions hereby apply to Patricia Ross, as personal representative of the Estate of Dale Ross" [Doc. 182].

Accordingly, plaintiff's objection [Doc. 188] is hereby **SUSTAINED.** The R&R shall be construed to include Rebecca Ross Jordan and Patricia Ross, in her personal capacity as personal representative for the Estate of Dale Ross, and any sanction imposed pursuant to plaintiff's motion for sanctions shall apply to them as well.

V.  **Analysis of Defendants' Objection**

In objecting to the R&R, the Ross Defendants essentially place blame for failing to comply with the Court's June 15, 2011 Order on their former counsel, Mr. Stravato [*See* Docs. 186, 187, 200, 201]. In brief, the Ross Defendants claim that Mr. Stravato did not communicate to the Ross Defendants the need to supplement the discovery in accordance

7

with the June 15 Order and never provided defendant Ross with the orders of this Court or the discovery requests so that he could provide information necessary to respond. Further, they submit Mr. Stravato's representations to the magistrate judge were disingenuous, and the magistrate judge was mislead and deceived by him regarding the Ross Defendants' failure to comply with the Court's order. They further submit that their local counsel, Steven Shope, was not aware that Mr. Stravato had not completed the Ross Defendants' discovery obligations.

At best, the only specific objection that can be taken from the Ross Defendants' filings is that the magistrate judge erred in finding that the Ross Defendants, themselves, acted willfully. In support of this objection, the Ross Defendants filed the affidavit of Ross, dated October 12, 2011 (the "October 12 Affidavit") [Doc. 200]. In the October 12 Affidavit, Ross affirms in relevant part:

> . . . Attorney Stravato continuously informed and reassured me during the course of his representation that as far as he was concerned that we had fulfilled for the most part all our discovery obligations to the point as he repeatedly said of our going to "extraordinary lengths" in complying with all discovery requests and that he had matters under control which foregoing statements were clearly mirrored in Attorney Stravato's so-called Defendants' Response to Plaintiff's Motion for Sanctions and Affidavit of Michel L. Ross in Support of Defendants' response to Motion which documents Attorney Stravato authored himself. . . .
>
> That in relation to the hearing on June 15, 2011 before the Court I was never even advised by Attorney Stravato that a Memorandum and Order had in fact issued on that same date setting a deadline of July 15th to comply with the discovery directives set forth on page 4 of such Memorandum and Order by Magistrate Guyton. . . .

8

> [B]ut for the fact that I was ill-advised, lied to and victimized as a client by Attorney Stravato who assured me that he had matters under control and who otherwise even inexplicably failed to provide me with a copy of the June 15th Order or even discuss the same with me at anytime thereafter that I would have made certain that the Order of Magistrate Guyton and all directives were complied with in all respects by the deadline of July 15, 2011. . . .
>
> That I was not only shocked and taken aback to learn that the Order and Memorandum outstanding since June 15th and not complied with because I was kept in ignorance thereof by Attorney Stravato and which Memorandum and Order should have been provided to me by him immediately after its receipt by him or let alone discussed with me in a timely manner as his client but was even more astonished and outraged when I read that Attorney Stravato informed Magistrate Guyton during the course of the September 26th hearing that he conceded that his clients had not complied with discovery . . . and that he only learned of that fact the morning of the hearing when he obviously knew full well that he had never provided or discussed with me at any time that the Court had issued a Memorandum and Order and that the directives contained therein had to be compiled with no later than July 15th.

[Doc. 200 (citations and emphasis omitted)]. In short, these statements assert the Ross Defendants could not have acted willfully in not complying with the June 15 Order because their attorney never told them about the Court's order.

Plaintiff urges the Court to disregard Ross's statements because they are inconsistent with the statements contained in Ross's previous affidavit filed in response to the motion for sanctions, dated August 15, 2011 (the "August 15 Affidavit") [Doc. 207]. In support, plaintiff points to a principle of law relating to summary judgment motions, as well as the principle of *falsus in uno, falsus in omnibus*. Plaintiff also argues that the October 12 Affidavit is inconsequential because it does not inform the Court what documents and

9

interrogatory responses have been produced in response to plaintiff's outstanding discovery requests [*Id.*].

The Sixth Circuit has explained that the principle of *falsus in uno, falsus in omnibus* allows a jury to disregard part of a witness's testimony if the witness has willfully sworn falsely to a material fact. *See Norfolk & W. Ry. Co. v. McKenzie*, 116 F.3d 632, 635 (6th Cir. 1941). In regards to summary judgment motions, the Sixth Circuit has instructed:

> [A] district court deciding the admissibility of a post-deposition affidavit at the summary judgment stage must first determine whether the affidavit directly contradicts the nonmoving party's prior sworn testimony. A directly contradictory affidavit should be stricken unless the party opposing summary judgment provides a persuasive justification for the contradiction. If, on the other hand, there is no direct contradiction, then the district court should not strike or disregard that affidavit unless the court determines that the affidavit "constitutes an attempt to create a sham fact issue."

*Aerel, S.R.I. v. Airfolis, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006) (citations omitted). Although this instruction pertains to determining the admissibility of an affidavit that contradicts previous deposition testimony in ruling on a motion for summary judgment, the Court finds the instruction provides useful guidance in determining the credibility of the statements contained in the October 12 Affidavit. Indeed, the August 15 Affidavit was "sworn to" before a notary [Doc. 157], and under Tennessee law, "[a]n affidavit is an oath reduced to writing," *Dep't of Human Servs. for Martin v. Neilson*, 771 S.W.2d 128, 130 (Tenn. Ct. App. 1989) (citation omitted).

10

The Court finds Ross's statements in the October 12 Affidavit contradict the statements in the August 15 Affidavit [*See* Doc. 157]. In relevant part, in the August 15 Affidavit, Ross affirms:

> Within the last several months my new attorney, Mr. Stravato informed me that despite the overwhelming response we had made last summer to the Discovery Demands there were some particular issues that plaintiff's counsel felt needed to be addressed. I was instructed to use my best efforts to conscientiously seek out the remaining information plaintiff was seeking. Some of these documents had not been produced because my attorney wanted to have what he referred to as a "protective order" in place first. This would make sure that the information was not indiscriminately passed around, as much of it contained sensitive financial information that could be dangerous if it fell into the wrong hands.
>
> I explained that some of these remaining documents would require a great deal of time and effort to produce and that it would be quite a burden on myself and my staff. It required certain employees to work weekends and even through a vacation period. Although this was a hardship, because of the explicit instructions of my attorney, I saw to [sic] that the information that we were capable of producing, was produced.
>
> Most recently, my attorney has advised me that despite all of our efforts the plaintiff still is not satisfied with respect to Discovery Demands. I have made every reasonable effort within my capacity as a human being to produce documents and provide Discovery information for the plaintiff. Because of the huge volume of documents I can't possibly recall or know exactly what was produced in each box, particularly a year later. However I do know that we literally turned the office upside down and provided everything that was in my power or ability to produce. I cannot give what I do not have.

[Doc. 157]. The Court also observes that Ross's statements in the October 12 Affidavit are inconsistent with statements made by Mr. Stravato in his motion to be relieved as counsel for the Ross Defendants:

11

> Recently, a series of statements have been presented to the court which suggest that the client did not have knowledge of pending Discovery Demands and Court Orders relating to those demands because I for some reason chose to deprive them of this information and that in addition local counsel also failed to inform the clients of this information as well. Without specifically disclosing the content of any communications between myself and clients, I have no choice but to make it clear that the knowledge of pending Discovery Demands and the Court Orders with respect thereto, was communicated fully and completely on numerous occasions to the clients and discussed at length.
>
> My legal advice was presented to the clients which made it clear that in view of the nature of this action, the length of time the demands have been outstanding and the posture the court had taken, swift compliance was the only course of action possible. Unfortunately I was put in the position at the last court appearance of having to communicate my clients excuses for noncompliance which essentially centered around the difficulty of searching for documents in their possession.

[Doc. 190].

There can be no question that one of Ross's statements is false—he either knew of the June 15 Order or he did not. Because Ross's credibility is undermined by the contradiction and because the Ross Defendants provide no persuasive justification for the contradiction, the Court finds the October 12 Affidavit should not be considered in deciding whether the Ross Defendants acted willfully. Further, in light of the proceedings in this case, the Court further finds that the October 12 Affidavit may, indeed, "constitute[] an attempt to create a sham fact issue" regarding whether the Ross Defendants knew about the June 15 Order.

Nevertheless, even if considered and assuming that the Ross Defendants were left in the dark about the Court's June 15 Order, the Court is mindful of the well-established principle that "clients must be held accountable for the acts and omissions of their attorneys."

12

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). As the Supreme Court has recognized:

> [The Ross Defendants] voluntarily chose this attorney as [their] representative in the action, and [they] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notice would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered have notice of all facts, notice of which can be charged upon the attorney.

*Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (citation and internal quotation marks omitted); *see also Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999) (noting that, although "[t]he Supreme Court has expressly rejected a suggestion previously made by this court that 'it would be inappropriate to penalize [the clients] for the omissions of their attorney," the Supreme Court has held to the contrary that "clients must 'be held accountable for the acts and omissions of their chosen counsel'" (citations omitted)). Accordingly, it is to no avail that the Ross Defendants claim they had no knowledge of the Court's order.

The Ross Defendants also submit the affidavit of their local counsel, Mr. Shope, in support of their objection that they did not act willfully [Doc. 186-1]. Mr. Shope affirms in relevant part:

> Although I appeared at hearing, Mr. Stravato lead me to believe that he was performing the necessary tasks and communicating with the clients to comply with all Orders and requests for discovery. He has never requested any assistance from me to comply with the Orders.
>
> It was not until the hearing on August 26, 2011, that I was even aware Mr. Stravato had completely failed to prepare any Interrogatory responses nor comply with the June 15, 2011, Order. I located the Interrogatories and gave them to Michael Ross and completely believe

13

> he had not ever been shown the outstanding Interrogatories nor asked to supply the information sought in written form.
>
> I do not believe that Michael Ross nor his Defendant entities in any way have attempted to obstruct or drag their feet in discovery matters. To the contrary, they have gone to great expense and time to assemble any material they have been requested. . . .
>
> My experience with Michael Ross and the other Defendants is they make every effort to assemble and cooperate, when requested, and that this failure to follow discovery Orders is the result of omissions on the part of Mr. Stravato who was hired to handle this litigation and take over for Attorney Albert Harb.

[*Id.*]. Plaintiff asserts that Mr. Shope's statements constitute improper vouching and should not be considered [Doc. 192]. The Court finds Mr. Shope's attestations without value. First, Mr. Shope states that he had a limited role as counsel in this case; thus, his knowledge regarding the Ross Defendants' attempts to comply with discovery obligations may be lacking. Further, Mr. Shope's statements, as plaintiff suggests, constitute vouching, and the Court finds they should be afforded less weight as a result. Thus, Mr. Shope's affidavit does not undermine Magistrate Judge Guyton's finding that the Ross Defendants' acted willfully in not complying with discovery obligations.

Finally, after reviewing the record in this case, the Court finds that it agrees with Magistrate Judge Guyton, for the reasons stated in his R&R, that the Ross Defendants' failure to cooperate in discovery was due to willfulness. Accordingly, and for the reasons stated herein, the Court **OVERRULES** the Ross Defendants' objection [Doc. 186].

Although the Court overrules the Ross Defendants' objection and agrees with Magistrate Judge Guyton that the Ross Defendants' conduct in not complying with their

discovery obligations has been willful, the Court finds a lesser sanction than default is warranted in light of the filings submitted in response to the R&R and the Sixth Circuit's position, despite *Link*, that it is "extremely reluctant to uphold the dismissal of a case merely to discipline an attorney." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094–95 (6th Cir. 1994) (citations omitted); *see also Kocacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 380 (6th Cir. 2011); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997). The Court does not find that the failure to comply with the June 15 Order was solely the fault of the Ross Defendants' previous attorney, and/or local counsel for not ensuring that Court orders were complied with, but in light of the contradictory affidavits and the fact the attorney at issue no longer represents the Ross Defendants, the Court is hesitant to issue default judgment at this time. The Court also is hesitant to grant plaintiff's alternative request in his motion for sanctions—for entry of an order prohibiting the Ross Defendants from introducing evidence to oppose plaintiff's allegations set forth in Counts I–IV that the Ross Defendants operated an illegal real estate enterprise—in light of the Sixth Circuit's recognition "that a court's decision to deem certain facts established may equate to a default judgment in some circumstances." *Peltz v. Moretti*, 292 F. App'x 475, 478 (6th Cir. 2008) (citing *Chilcutt v. United States*, 4 F.3d 1313, 1320 (5th Cir. 1993)); *see also Freeland v. Amigo*, 103 F.3d 1271, 1276 (6th Cir. 1997) (stating that a sanction precluding certain expert testimony was tantamount to dismissal of the case, and thus reviewing the sanction as one resulting in dismissal). The Court believes this is such a circumstance. Finally, plaintiff previously argued that a lesser sanction would be "wholly unavailing" because defendants

15

have alleged that all discovery has been produced [Doc. 158]. The Ross Defendants now submit, however, that they "are currently employing their accountant and others to answer the written [i]nterrogatories which they received from local counsel [around October 12, 2011]" [Doc. 186]. The Court assumes the Ross Defendants also are attempting to comply with the production obligations as well, and thus finds that a lesser sanction would not be wholly unavailing and is warranted at this time.

The Court, therefore, accepts in part and rejects in part Magistrate Judge Guyton's R&R [Doc. 151]. The Court accepts the R&R to the extent that the magistrate judge recommends that sanctions be granted and hereby **GRANTS** Plaintiff's Motion for Sanctions for Failure to Comply with the Court's Order of June 15, 2011 [Doc. 151] because the Ross Defendants have not complied with the Court's June 15 Order. *Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 631–32 (6th Cir. 2006) ("A party 'fails to obey' a discovery order merely by failing to comply; no showing of willfulness, bad faith, or malice is needed." (citation omitted)). The Court also accepts the recommendation to deny plaintiff's Motion to Designate Hearing to be Show Cause Hearing [Doc. 164], as no party objected to this recommendation, and hereby **DENIES** the same [Doc. 164].

The Court **REJECTS** the magistrate judge's recommendation that the undersigned enter an order of default in favor of plaintiff on the issue of liability on all claims as to the Ross Defendants. Rather, the Court **ACCEPTS** only the magistrate judge's additional sanction recommendation, that is, that reasonable fees and expenses be awarded to plaintiff as a sanction against the Ross Defendants, and finds that the failure of the Ross Defendants

16

in not complying with the discovery order of the Court was not substantially justified and that the circumstances of this case do not make an award of expenses unjust. *See* Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

The Court further hereby **DIRECTS** the Ross Defendants, including Rebecca Ross Jordan and Patricia Ross, in her personal capacity as personal representative for the Estate of Dale Ross, to comply with the directives of the June 15 Order [Doc. 145] within ten (10) days[6] from the entry of this order. The Ross Defendants, including Rebecca Ross Jordan and Patricia Ross, in her personal capacity as personal representative for the Estate of Dale Ross, are on notice that failure to so comply may result in the imposition of further sanctions, including the entry of default.

The Court also hereby **DIRECTS** plaintiff's counsel, within ten (10) days from the entry of this order, to file an affidavit with the Court, setting forth reasonable fees and expenses for the time spent in relation to the Ross Defendant's failure to comply with their discovery obligations. Pursuant to Rule 37(b)(2)(C), the Ross Defendants shall pay all such reasonable costs.

---

[6]The Court finds ten (10) days sufficient time to comply with the June 15 Order in light of the Ross Defendants' representation that they "are currently employing their accountant and others to answer the written [i]nterrogatories which they received from local counsel [around October 12, 2011]" [Doc. 186].

17

## VI. The Ross Defendants' Requests for an Extension of Discovery Deadlines and for Leave to Find Representation

Buried within the Ross Defendants' response to plaintiff's response to their objection [Doc. 201] is the request that the Court grant "an extension of all the discovery deadlines, including the taking of depositions." The Court hereby **DENIES** this request. First, this request is not in the form of a motion. *See* Fed. R. Civ. P. 7(b). Second, the deadline for discovery in this case has passed [*See* Docs. 107, 149]. Third, the Court does not find the Ross Defendants have presented any extraordinary circumstances warranting a continuance [*See* Docs. 135, 149 (noting that the Court would not grant a further continuance absent extraordinary circumstances)]. Finally, the Court finds plaintiff would be prejudiced if the Court were to grant an extension of the discovery deadlines given that it has been the Ross Defendants' conduct that has caused delay in completing discovery in a timely fashion.

Also contained within the Ross Defendants' filings is the request for leave "to find competent representation to defend against these serious allegations" [Docs. 186, 187]. To the extent the Ross Defendants seek a continuance of the trial, in light of the fact that the Ross Defendants are currently represented by counsel, Mr. Shope, the Court hereby **DENIES** this request. Although the Court recognizes Mr. Shope submits that he has taken on a limited role in representing the Ross Defendants because he does not have the time or office support to represent the Ross Defendants in this action [*see* Doc. 186-1], he has seemingly managed to represent the Ross Defendants since the withdrawal of Mr. Stravato. Further, the Court denies the request because it is not in the form of a motion, *see* Fed. R. Civ. P. 7(b), and

18

because plaintiff would be prejudiced by the delay finding new counsel would impose on this action.  Although the Ross Defendants are free to find new counsel, the Court will not grant a continuance for this reason on the record before it.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
