UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ROBERT STOOKSBURY, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:09-CV-498 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| MICHAEL L. ROSS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This is a civil action is before the Court on Plaintiff's Renewed Motion for Entry of Default Judgment Against Ross Defendants for Failure to Comply with the Court's Memorandum and Order of November 21, 2011 and Failure to File Answer [Doc. 214]. Plaintiff requests, pursuant to Rules 37(b) and 55(b)(2) of the Federal Rules of Civil Procedure, for an order entering default judgment with respect to liability against those defendants subject to the Court's order of November 21, 2011, that is: Michael L. Ross, LTR Properties, Inc., RPL Properties, Inc., LC Development Company, LLC, Rarity Communities, Inc., Tellico Lake Properties, L.P., Nickajack Shores Holdings, LLC, Rarity Corporation, Rarity Club Corporation, Rarity Property Management, Inc., Rarity Ridge Club, Inc., Rarity Investment Company, LLC, Pine Mountain Properties, LLC, Broadberry Development Company, LLC, Hiwassee Properties, LLC, RM Company, LLC, LOM Development Company, LLC, VPI Company, LLC, Rebecca Ross Jordan, and Patricia Ross, in her personal capacity as personal representative for the Estate of Dale Ross, (collectively,

the "Ross Defendants").[1] The Ross Defendants did not file a response to the motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2 (providing for the response time and that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

**I.     Background**

The Court's November 21, 2011 order directed the Ross Defendants to comply with the directives of the June 15, 2011 order entered by Magistrate Judge H. Bruce Guyton within ten days [Doc. 209].[2] The Court warned that "failure to comply may result in the imposition of further sanctions, including entry of default judgment" [*Id.*].

In response to the Court's November 21, 2011 order, the Ross Defendants produced documents to plaintiff on December 1, 2011, and served plaintiff with new written responses to plaintiff's first set of interrogatories and plaintiff's first set of requests for production of documents [Docs. 214, 215, 218]. Plaintiff submits these discovery responses "are grossly incomplete and non-responsive in several material areas" [Doc. 215]. Plaintiff further submits that "[w]hile some of the requested documents have now been produced, many of

---

[1]It appears to the Court that three defendants—Michael L. Ross d/b/a Rarity Realty d/b/a Rarity Pointe Reality, Rarity Management Co., LLC, and Tellico Communities, Inc.—were inadvertently omitted from the Court's November 21, 2011 order outlining the "Ross Defendants." However, these three defendants were subject to the magistrate judge's June 15 order, which was the subject of the November 21, 2011 order, and pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, the Court corrects this clerical mistake and includes these defendants within the definition of the "Ross Defendants."

[2]The Court presumes familiarity with the facts and circumstances underlying the Court's November 21, 2011 order [Doc. 209].

the documents most critical to review have not been produced or have only been partially produced" [*Id.*]. For illustrative purposes, plaintiff provides the affidavit of Robert H. Gibson, which outlines that the Ross Defendants have failed to produce federal and/or state tax returns for several years, that they have failed to produce any financial statements, that there are several months of missing statements in what bank records they have produced, and that all of the defendants have failed to produce basic accounting documents, such as general ledgers [*Id.*; Doc. 214-1].

Plaintiff also submits the Ross Defendants have attempted to "dodge responsibility for their dilatory tactics at times by blaming former counsel," but that the record reflects that the Ross Defendants had actual, personal knowledge of plaintiff's discovery requests shortly after they were served in the fall of 2010 because they signed their initial interrogatory responses [Doc. 215]. Further, plaintiff submits that in the new written responses, the Ross Defendants claim "in a vast number of instances" not to have documents in their possession, but such documents, plaintiff submits, are documents that persons and businesses would be required to maintain in order to do business, to obtain loans, and to file state and federal income tax returns [*Id.*]. Moreover, plaintiff claims the Ross Defendants' written discovery responses contain "numerous lengthy objections and hedge language, followed by responses which were made 'subject to' the objections and hedge language," but the record reflects that no objections were maintained by counsel for the Ross Defendants during the June 15, 2011 hearing with regard to either plaintiff's interrogatories or plaintiff's requests for production of documents [*Id.*]. Finally, plaintiff submits that the Ross Defendants have failed to identify

3

by Bates number any documents produced on August 27, 2010 in the response served on December 1, 2011, which is "significant" because they previously maintained that they had produced all available documents responsive to plaintiff's requests [*Id.*].

In sum, plaintiff argues that "the record is now clear" that "all of the documents that were produced on December 1, 2011, [except for a few records produced by LC Development Company and RPL Properties, LLC,] have not been produced previously, despite the Ross Defendants' representations to the contrary" and that "based on the dates of the documents themselves, the documents produced by the Ross Defendants on December 1, 2011, have been readily available to the Ross Defendants and could have been produced in a timely manner" [*Id.*].

## II. Rule 37 Default Judgment

Pursuant to Rule 16(f), when a party fails to obey a scheduling or other pretrial order, the Court may issue any order authorized by Rule 37(b)(2)(A)(ii) through (vii). Fed. R. Civ. P. 16(f). Rule 37 authorizes the following orders:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

4

Fed. R. Civ. P. 37(b)(2)(A). Here, plaintiff specifically requests default judgment. Rendering default judgment, however, is an "extreme sanction" and should not be imposed absent "a clear record of delay or contumacious conduct" by the offending party and when "no alternate sanction would protect the integrity of the pre-trial proceedings." *Davis v. City of Dearborn*, No. 2:09-CV-14892, 2011 WL 1060744, at *1–2 (E.D. Mich. Mar. 23, 2011) (citations omitted). When a district court uses this extreme sanction, four factors must be considered: "1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered." *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008) (unpublished) (citation omitted); *see also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Among these factors, bad faith or willfulness is the most important consideration. *Ndabishuriye v. Albert Schweitzer Society, USA, Inc.*, 136 F. App'x 795, 800 (6th Cir. 2005).

Regarding the first factor—that is, whether the disobedient party acted in willful bad faith—the Court has already found the Ross Defendants have engaged in willful bad faith [*See* Doc. 209]. The Ross Defendant's December 1, 2011 discovery responses and production of documents further supports this conclusion. Despite two orders of the Court to produce "final and complete" responses and despite representations to the Court that there were no objections to plaintiff's discovery requests, [*see* Doc. 145], the Ross Defendants failed to produce unobjectionable final and complete responses to the discovery requests.

5

It also appears that many of the documents not produced, for example, general ledgers and federal and state tax returns, should be in the possession of the Ross Defendants or their agents.

With respect to the second factor—that is, whether plaintiff has suffered prejudice—the Court finds it difficult to find plaintiff has not suffered prejudice. This discovery dispute has been ongoing for over a year and the Ross Defendants have failed to produce full and complete discovery responses, despite plaintiff's efforts to obtain the discovery and Court intervention. Requiring plaintiff to proceed to trial on the issue of liability without the benefit of all of the requested discovery, including discovery plaintiff claims is essential to the proof of his claims, would undoubtedly be prejudicial to plaintiff. Also, the Court's Scheduling Order dictates a deadline for discovery, which has passed, and the Court has been clear that it would grant no further continuances in this case; indeed, two continuances already have been granted.

Regarding the third factor—that is, whether the Ross Defendants have been warned that default judgment could be entered against them—the record makes clear that the Ross Defendants have had ample notice that default could be entered for failure to comply with the orders of the Court. Magistrate Judge Guyton initially recommended granting plaintiff's initial request for default judgment for failure to comply with the June 15, 2011 order [Doc. 185]. Although the undersigned did not accept that recommendation, it ordered the Ross Defendants to pay plaintiff's attorneys' fees and expenses and to comply with the June 15,

2011 order, and it expressly stated that "failure to comply may result in the imposition of further sanctions, including entry of default judgment" [Doc. 209].

Finally, the fourth factor, which requires that the Court consider imposing less drastic discovery sanctions, weighs in favor of granting default. The Court previously sanctioned the Ross Defendants by ordering that the Ross Defendants pay reasonable fees and expenses for failing to comply with the June 15, 2011 order, but provided the Ross Defendants an opportunity to comply with that discovery order. However, plaintiff's submissions indicate that the Ross Defendants did not comply with the Court's orders, and the Ross Defendants failed to file any response to the instant motion, which indicates they cannot or desire not to dispute this point. Further, the Ross Defendants' failure to respond to plaintiff's motion indicates to the Court that lesser sanctions than default would be wholly unavailing.

In sum, although default judgment is an extreme sanction, all considerations indicate that default judgment should be entered against the Ross Defendants in this case for failing to comply with the discovery orders of the Court.

## III.    Rule 55 Default Judgment

Plaintiff also requests that the Court enter default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure because the Ross Defendants failed to file an answer to the amended complaint [Docs. 214, 215]. The Court declines to grant default judgment on this basis because default was never entered in this case. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." *Heard v. Caruso*, 351 F. App'x 1, at *15–16 (6th Cir. 2009)

7

(citation omitted). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Because plaintiff did not seek entry of a default from the clerk of the court, it would be procedurally improper for the Court to grant default pursuant to Rule 55(b)(2).

**IV.    Plaintiff's Request for Attorneys' Fees and Expenses and Other Sanctions**

Plaintiff also requests that it be awarded attorneys' fees and expenses incurred with respect to reviewing discovery and bringing the renewed motion for default judgment as well as any other sanctions the Court deems appropriate. The Court notes that, with respect to the Court's previous award of attorneys' fees and expenses, the Ross Defendants objected to plaintiff's counsel's affidavit of fees and expenses and the Court referred the matter to Magistrate Judge Guyton, which is still pending. The Court accordingly finds it appropriate to refer this matter to the magistrate judge for his consideration and determination or a report and recommendation, as may be appropriate.

**V.    Conclusion**

For the reasons explained herein, the Court finds Plaintiff's Motion for Entry of Default Judgment Against Ross Defendants for Failure to Comply with the Court's Memorandum and Order of November 21, 2011 and Failure to File an Answer [Doc. 214] will be **GRANTED in part and DENIED in part** to the extent stated herein, and plaintiff's request for attorneys' fees and expenses and other sanctions will be **REFERRED** to the magistrate judge for his consideration and determination or a report and recommendation,

8

as may be appropriate.  Accordingly, the Court will **ORDER** that default judgment against the Ross Defendants be entered in this case on all claims except for those previously dismissed by the Court [*See* Doc. 137 (dismissing plaintiff's claims pursuant to 18 U.S.C. § 1962(a) and (b))].  In light of this ruling, the Court also will **DENY AS MOOT**, with leave to refile as plaintiff deems appropriate within five days of entry of the order, Plaintiff's Motion to Deem Allegations in Amended Complaint Admitted; Motion to Deem All Defenses Waived by Defendants; and Motion *In Limine* to Preclude the Introduction of Evidence Concerning Undisclosed Contentions or Defenses [Doc. 212].

This action will proceed to a jury trial for the purposes of determining damages on February 21, 2012, at 9:00 a.m. before the undersigned.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE