UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:09-CV-498 |
| | ) (VARLAN/GUYTON) |
| v. | ) |
| | ) |
| MICHAEL L. ROSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the orders of the District Judge [Doc. 233, 236], referring the Defendants' Oppositional Memorandum to Award of Attorney's Fees as Set Forth in Affidavit of Plaintiff's Counsel, Wayne A. Ritchie II, Esq., and Unverified Billings Attributable to Order Named and Unnamed Individuals [Doc. 222], and the Affidavit of Plaintiff's Counsel Wayne A. Ritchie, II, [Doc. 211], to the undersigned for disposition or report and recommendation, as may be appropriate.

The parties appeared before the Court on January 13, 2012, to address these filings and the amount of attorneys' fees and expenses to be awarded to the Plaintiff, pursuant to an Order entered by the Honorable Thomas A. Varlan, United States District Judge, [Doc. 209]. Attorneys Wayne Ritchie and Rachel Stevens were present representing the Plaintiff. Attorney Stephen G. Shope was present representing the Defendants.[1] At the conclusion of the hearing the parties were given leave to file any supplements to their filings on or before January 27, 2012.

---

[1] In its previous orders, the Court has referred to Michael Ross and a variety of associated entities, who are defendants in this matter, as the "Ross Defendants," to differentiate them from two other defendants in this case: Gregory Baker and Fred McArthur. On October 28, 2011, Defendants Gregory Baker and Fred McArthur were dismissed from this case, and thus, the use of the term "Ross Defendants" is no longer necessary. Because this Report and Recommendation applies to all of the remaining defendants in this case, the Court's use of the "Defendants" refers to all remaining defendants, see Doc. 249 at 1-2 (listing the remaining defendants).

**I.     BACKGROUND**

This case was filed November 18, 2009. [Doc. 1]. On August 27, 2010, counsel for the Plaintiff met with counsel for the Defendants at the place where the Defendants' business records were kept. The Defendants produced a significant number of documents to the Plaintiff. The Plaintiff, however, has asserted and demonstrated that "the vast majority of the material produced was wholly unresponsive." [Doc. 151 at 2 n. 3; Doc. 158-1; Doc. 158-2; Doc. 158-3]. The Defendants have done little to dispute this assertion. Thereafter, on August 31, 2010, the Plaintiff propounded his First Set of Requests for Production of Documents on the Defendant, and his First Set of Interrogatories on the Defendants on September 14, 2010. [Doc. 145 at 2].

The Defendants did not respond appropriately to the written discovery served by the Plaintiff, and on June 15, 2011, the parties presented before the undersigned for a telephone conference to discuss the parties' discovery disputes. The Court ordered that the Defendants file "final and complete responses" to the written discovery on or before July 15, 2011. [Doc. 145 at 4]. The Court ordered that the Defendants' production of documents comply with Rule 33(b)-(d) of the Federal Rules of Civil Procedure, and the Court specifically directed that the Defendants "identify the documents that are produced in response to each request for production by Bates stamp number or an equivalent identifier." [Doc. 145 at 4].

On August 12, 2011, counsel in this matter appeared by the Honorable Jon Kerry Blackwood, presiding Judge, Blount County Chancery Court, to address discovery issues in a state court action involving many of the Defendants presently before the Court. The Chancery Court found that the Plaintiff had served discovery on the Defendants in 2009, to which the defendants in that action had not yet responded. The Chancery Court also found that a vast majority of the material produced by the defendants in that case were "wholly unresponsive" to Plaintiff Stooksbury's written discovery. [Doc. 164-1 at 2].

On August 1, 2011, the Plaintiff filed his Motion for Sanctions for Failure to Comply with this Court's Order of June 15, 2011, [Doc. 151], in the instant case. The Plaintiff requested a variety of sanctions, including entry of default and an award of attorney's fees and expenses. In support of his request, the Plaintiff alleged:

> These Defendants have completely ignored the Court's Order of June 15, 2011 [Doc. 145], by failing to serve Plaintiff with any supplemental responses to Plaintiff's First Set of Requests for Production or First Set of Interrogatories in this case. To date, these Defendants have produced absolutely no documents in response to Plaintiff's First Set of Requests for Production in this case, and have failed to serve full and complete responses to Plaintiff's First Set of Interrogatories. Because of these Defendants' continued failure to produce this basic discovery, Plaintiff has been unable to prepare his case for trial, and has had to seek the Court's assistance to extend deadlines for Plaintiff's expert disclosures.

[Doc. 151 at 1-2].

The undersigned entered a Report and Recommendation on September 28, 2011, recommending that the Plaintiff's motion be granted and that the District Judge enter an order of default in Plaintiff's favor and award appropriate fees and expenses. [Doc. 185]. The undersigned found that the Defendants' lack of forthrightness in this matter was exceptional. The undersigned further found that the Defendants' "refusal to comply with the Court's order or even directly respond to the Plaintiff's allegations or the Court's inquiries about its discovery compliance amounts to bad faith and a willful decision not to cooperate in discovery." [Doc. 185 at 8].

On November 21, 2011, the Honorable Thomas A. Varlan, United States District Judge, entered a Memorandum and Order, accepting the Report and Recommendation of the undersigned in part. Judge Varlan found that "the Ross Defendants' failure to cooperate in discovery was due to willfulness." [Doc. 209 at 14]. Judge Varlan declined to enter a default

3

against the Defendants but accepted the recommendation that reasonable fees and expenses be awarded to the Plaintiff as a sanction against the Defendants. [Doc. 209 at 16]. Judge Varlan ordered that counsel for the Plaintiff file an affidavit with the Court setting forth reasonable fees and expenses for time spent in relation to the Defendants' failure to comply with their discovery obligations. It was further ordered that, "[p]ursuant to Rule 37(b)(2)(C), the Ross Defendants shall pay all such reasonable costs." [Doc. 209 at 17].

On December 1, 2011, the Plaintiff filed an Affidavit of Plaintiff's Counsel Wayne A. Ritchie, II, [Doc. 211], and on December 21, 2011, the Defendants filed a response in opposition entitled "Ross Defendants' Oppositional Memorandum to Award of Attorney's Fees as Set Forth in Affidavit of Plaintiff's Counsel, Wayne A. Ritchie, II, Esq., and Unverified Billings Attributable to Other Named and Unnamed Individuals." [Doc. 222]. These filings and the issue of the amount of attorneys' fees to be awarded were referred to the undersigned, [Doc. 233, 236], and as stated above, the parties appeared before the Court for a hearing on this matter on January 13, 2012.

Following the hearing the parties were given two weeks to supplement their filings with the Court. On January 26, 2012, the Plaintiff filed Supplemental Affidavit of Plaintiff's Counsel Wayne A. Ritchie II, [Doc. 243]. The following day the Defendants filed the Affidavit of Steven G. Shope, [Docs. 244, 245]. The Defendants also moved the Court for second extension of time to supplement their filings, [Doc. 246], but the Court found that this request was not well-taken. It was denied. [Doc. 252].

The Court would further note that on January 30, 2012, Judge Varlan entered an Order [Doc. 250], directing that default be entered against the Defendants in this case on all claims except those previously dismissed, based upon the Defendants' failure to comply with the discovery orders of the Court, [see Doc. 249].

4

The Court finds that the issue of the attorneys' fees and expenses to be awarded to the Plaintiff is now ripe for adjudication, and for the reasons stated herein, the Court will **RECOMMEND** that the Plaintiff be awarded attorneys' fees and expenses in the amount of **$108,667.18**.

## II.  POSITIONS OF THE PARTIES

The Plaintiff has submitted the Affidavit of Plaintiff's Counsel Wayne A. Ritchie, II, ("the Affidavit"), which thoroughly details the time expended addressing the Defendants' failure to comply with their discovery obligations. Generally, the Affidavit includes the fees and expenses incurred via: "the review by Plaintiff's counsel of the materials produced in what the Court noted to have been a 'document dump' by the Ross Defendants of tens of thousands of pages of largely extraneous documents over a year ago; work performed by Plaintiff's counsel since that time preparing for and attending hearings, preparing filings and briefs, and taking the procedural steps necessary to seek the Court's assistance to require the Ross Defendants to comply with their discovery obligations; and work performed by Plaintiff's consultants Robert H. Gibson III and Jimmy Rodefer . . . concerning the subject discovery issues." [Doc. 211 at 1-2].

The billing records of Wayne A. Ritchie – senior counsel for the Plaintiff, Rachel M. Stevens – associate counsel for the Plaintiff, Linda H. Carter – paralegal for Mr. Ritchie, and a law clerk are attached to the Affidavit for the Court's review. [Doc. 211-1]. Mr. Ritchie billed 83.9 hours at a rate of $300.00 per hour, for a total of $25,170.00, and Ms. Stevens billed 226.8 hours at a rate of $175.00, for a total of $39,690.00. Ms. Carter billed 135.7 hours at a rate of $85.00 per hour, for a total of $11,534.50, and the law clerk in Mr. Ritchie's office billed 9.1 hours at a rate of $75.00 per hour, for a total of $682.50. The total amount requested for

5

attorneys' and paralegal's fees is $77,077.00. [Doc. 211-1 at 7].

Counsel for the Plaintiff has submitted that the Plaintiff incurred $9,890.18 in expenses for copying and court reporting. [Doc. 211-1 at 8]. Robert H. Gibson, III, billed 108.5 hours at a rate of $200 per hour, for a total of $21,700.[2] [Doc. 211-1 at 9-10].

Thus, in total the Plaintiff requests an award of $108,667.18[3] in attorneys' fees and expenses expended in addressing these discovery issues. [Doc. 243 at 3].

The Defendants have responded in opposition to the amount requested. They take issue with a handful of hourly billing entries that they argue include too much time for the tasks noted. [Doc. 222 at 2]. The Defendants also describe the hourly billing submissions as a "hodgepodge of ambiguous, vague and nebulous language with a complete lack of particularization relating to the substance of the services rendered." [Doc. 222 at 2]. The Defendants supply five examples of such entries. [Doc. 222 at 3-4]. In their Oppositional Memorandum, the Defendants move the Court to conduct an evidentiary hearing on the propriety of the billings and seek leave to conduct their own discovery on the matter. [Doc. 222 at 4].

At the hearing in this matter, the Defendants argued that the documents involved in the "document dump" were documents from an entity involved in this matter, and this meeting was conducted by agreement of counsel. [Doc. 241 at 3]. The Defendants maintained that the typing and organization performed by Ms. Carter, the paralegal working with Mr. Ritchie, was secretarial work. [Doc. 241 at 4]. The Defendants also posited that certain motions filed on their

---

[2] Mr. Gibson previously submitted an Affidavit [Doc. 158-1], to the Court detailing his experience in conducting complex financial crime investigations, including assembling and reviewing large amounts of financial records. Among other qualifications, this Affidavit attested to Mr. Gibson's thirty-two years as an agent for the Federal Bureau of Investigation. He submitted to the Court a fifty-four page list of the documents produced to the Plaintiff on August 27, 2010, and a nineteen page table detailing basic components of the discovery requests that had not been produced – *i.e.* ledgers, contracts, banking records.

[3] Jimmy Rodefer, a Certified Public Accountant, submitted billings for time spent reviewing and analyzing discovery materials. [Doc. 211-1 at 11]. Counsel for the Plaintiff has, however, withdrawn this request for fees due to an error in Plaintiff's submission. This total reflects the Plaintiff's withdrawal of certain fees originally requested for work performed by Jimmy Rodefer.

6

behalf did not relate to discovery and should not have been included in the billing. [Doc. 241 at 5]. The Defendants argued that fees and expenses should not be awarded to the Plaintiff for time spent determining whether or not documents that were produced were responsive to the Plaintiff's requests. [Doc. 241 at 6].

The Affidavit of Steven Shope, [Doc. 244-1], was filed following the hearing. Therein, Mr. Shope states, "[I]n my opinion[,] the amounts claimed [in the Affidavit of Mr. Ritchie] are unreasonable." [Doc. 244-1 at 1]. He explains, "It is my opinion that reasonable fees and expenses occasioned by noncompliance with discovery obligations in this action should not predate the June 15, 2011 Order and not exceed compensation for over ten work days or eighty hours of total attorney time, or $24,000." [Doc. 244-1 at 3].

### III. ANALYSIS

The only issue before the undersigned is the reasonableness of the attorneys' fees and expenses requested by the Plaintiff. It has already been established that an award of fees will issue. [Doc. 209 at 17].

**A. The Parties' Stipulations**

Initially, the Court would note that the parties stipulated that the records filed with the Court reflect entries from authentic business records. They further stipulated that the entries in these affidavit corresponded to Mr. Ritchie, Ms. Stevens, Ms. Carter, the law clerk, and Mr. Gibson, using their initials to indicate work performed by each of these individuals. [Doc. 241 at 12]. The authenticity and admissibility of these records is not disputed.

**B. The Plaintiff's Submissions**

The Court has examined the Plaintiff's submissions and evidence of the fees and expenses incurred. On their face, the Plaintiff's billing entries, enumerated costs, and consultant

7

expenses appear reasonable, given the highly complex business transactions and accounting procedures at issue in this case.

**C.     The Date Non-Compliance Began**

The Court finds that the Defendants' non-compliance began with their production of significant quantities of non-responsive documents to Plaintiff's counsel on August 27, 2010. The earliest entries in the billing records submitted to the Court are from August 27, 2010. The Court finds that August 27, 2010, is the date on which the Defendants' non-compliance began, and the Court finds that calculating an award based upon time expended from that date to November 21, 2011, the date of Judge Varlan's Order, is appropriate.

**D.     The Defendants' Objections**

The Court has considered each of the Defendants' objections to the Plaintiff's requested award, but for the reasons stated below, the Court finds that the Defendants' objections are not well-taken.

The Defendants object that certain hourly billing entries include too much time for the tasks noted. [Doc. 222 at 2]. The Defendants cite the Court to one example of such billing: a 10.8 hour entry of reviewing and revising a supplemental brief filed on October 31, 2011. The Defendants' allegation is a somewhat bare assertion that the preparation of this document exceeded the time needed to complete such a task. The Court has reviewed the time entries relating to this billing entry, along with the supplemental brief, and the Court finds that this objection is not well-taken.

The Defendants describe the hourly billing submissions as a "hodgepodge of ambiguous, vague and nebulous language with a complete lack of particularization relating to the substance of the services rendered." [Doc. 222 at 2]. The Defendants supply five examples of such entries – such as, "Work on discovery"; "Further work on discovery; conf. /w Rob and Bob Gibson;

8

notes to and from Jim Tipton re: same." [Doc. 222 at 3-4; Doc. 211-1 at 1]. The Court has reviewed these time entries, and the Court finds that given the context of these entries they are not vague or ambiguous. See Imwalle v. Reliance Med. Products, Inc., 515 F.3d 531, 554 (6th Cir. 2008) (noting "we have held that explicitly detailed descriptions are not required," and finding that billing entries were acceptable "in the context of the billing statement as a whole and in conjunction with the timeline of the litigation").

At the hearing in this matter, the Defendants also argued that the documents involved in the "document dump" were documents from an entity involved in this matter, and this meeting was conducted by agreement of counsel. [Doc. 241 at 3]. This argument, which was presented to the Court for the first time at the hearing, is not timely. The Court has already found that a "document dump" occurred and that fees are to be awarded, as a result. [Doc. 209 at 5, 14]. The fact that documents included in this production may have come from any entity other than the approximately eighteen entities involved in this suit does not change the Court's finding, and this information may arguably reinforce the finding that the Defendants produced documents far beyond those requested by the Plaintiff. The Court finds that this objection is not well-taken.

The Defendants argue that the typing and organization performed by Ms. Carter, the paralegal, was secretarial work. [Doc. 241 at 4]. A review of the work performed demonstrates an exercise of discretion in determining what documents were relevant and those documents that were not relevant. This type of work requires the type of legal knowledge possessed by a paralegal, not a secretary. The Court finds that this argument is not well-taken.

The Defendants posited that certain motions filed on their behalf did not relate to discovery and should not have been included in the billing. At the hearing counsel for the Defendants asserted that a motion to extend deadlines and appoint a referee was completely unrelated to discovery. [Doc. 241 at 5]. In fact, the Motion to Extend Certain Scheduling Order

9

Deadlines and to Appoint a Referee or Special Master [Doc. 174], was filed by the Defendants and specifically cited the "conflict over production of documents" as the Defendants' basis for requesting relief. [Doc. 174 at 2]. Thus, the Court finds that the Defendants' assertion that this entry should not be compensated as time spent addressing the Defendants' non-compliance is not well-taken.[4]

The Defendants also argue that fees should not be awarded for time spent reviewing the documents that were produced to determine whether or not the documents that were requested had been produced. [Doc. 241 at 6]. This argument is unpersuasive. The Defendants did not comply with the Court's direction to properly identify the documents it produced, and as a result, the Plaintiff is receiving an award of the fees to compensate him for the burden imposed by the non-compliance. To adopt the Defendants' argument on this point would be inconsistent with the purpose of this award. The Court finds that the Plaintiff should and will be compensated for this time.

In the end, the Court finds that the Defendants have failed to present any persuasive arguments in favor of discounting the Plaintiff's requested award. The Court asked the Defendants to state what they believed would be a reasonable amount to be paid to the Plaintiff pursuant to the Order entered by Judge Varlan. Counsel for the Defendants initially responded that the Defendants had not made such a calculation but they could do so. [Doc. 241 at 10-11]. On January 27, 2012, Mr. Shope submitted an Affidavit on behalf of the Defendants stating, "It is my opinion that reasonable fees and expenses occasioned by noncompliance with discovery

---

[4] While the Court is aware that the Defendants have attempted to distinguish their actions from that of Attorney John Stravato, who was co-counsel for the Defendants and filed the motion, the Court would note that Mr. Shope was counsel of record at this time, and as counsel, he is charged with being aware of those motions filed on his clients' behalf. The Defendants themselves must also be cognizant of and answerable for their attorney's actions. As Judge Varlan noted in his Order "clients must be held accountable for the acts and omissions of their attorneys." [Doc. 209 at 12 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993)]. Moreover, it would not be appropriate to punish the Plaintiff by discounting this billing entry based upon the Defendants' and Mr. Shope's failure to review the filings made by Mr. Stravato.

10

obligations in this action should not predate the June 15, 2011 Order and not exceed compensation for over ten work days or eight hours of attorney time, or $24,000." [Doc. 244-1].

This opinion is not based on any figures or calculations. The Defendants have not, at any point, directed the Court to the exact entries or portions of the expenses to be discounted to reach this figure. Even if the Court were to strike the portions of the fee request that the Defendants cite as being excessive, these entries are only a nominal portion of the $75,000 reduction in the fee request that the Defendants seek. Given the thorough records provided by the Plaintiff, the Court will not reduce the award requested based on the Defendants' conclusory allegations. See Bauer v. Singh, 2011 WL 1343150, at *4 (S.D. Ohio Apr. 8, 2011) ("[I]n the absence of any specific objection to any of the itemized billing entries provided by Plaintiffs, the Court declines to reduce the overall number of hours presented by Plaintiffs based on Defendants' conclusory assertion that the case was simple.")

### E. Request for Evidentiary Hearing

Finally, in their Oppositional Memorandum, the Defendants move the Court to conduct an evidentiary hearing on the propriety of the billings and seek leave to conduct their own discovery on the matter. [Doc. 222 at 4]. At the hearing, the Defendants were afforded an opportunity to present the evidence they wished to bring before the Court on this issue, and the Plaintiff made available as witnesses the majority of the persons who billed hours on this issue, though none of these persons were called to testify at the hearing. Thus, the Court finds that this request has been granted.

The Defendants did not argue at the hearing that they sought additional discovery, nor did they provide any basis for the Court ordering additional discovery. The Court finds that the Defendants have not demonstrated good cause for any additional discovery on this issue, and the Court finds that this request is not well-taken.

## IV. CONCLUSION

For the reasons stated herein and pursuant to the Court's previous order directing that fees be awarded, [Doc. 209], the undersigned **RECOMMENDS**[5] that the Plaintiff be awarded attorneys' fees and expenses in the amount of **$108,667.18**.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).