UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ROBERT STOOKSBURY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:09-CV-498 ) (VARLAN/GUYTON) ) |
| MICHAEL L. ROSS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiff's Motion of Voluntary Dismissal of Defendant Pine Mountain Properties, LLC, Without Prejudice [Doc. 263]. Plaintiff moves the Court, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, for an order of voluntary dismissal without prejudice as to defendant Pine Mountain Properties, LLC ("Pine Mountain").

In support of this motion, plaintiff submits that Pine Mountain's bankruptcy proceeding remains pending and has been converted into a Chapter 7 proceeding. Because Pine Mountain appears insolvent and because the referenced bankruptcy matter remains

pending, plaintiff asserts that it is appropriate to enter an order dismissing Pine Mountain from this case without prejudice.[1]

The Court ordered that any response to plaintiff's motion was to be filed by noon, Monday, February 13, 2012 [Doc. 268]; however, no response was filed. During the final pretrial conference held on the same day, counsel for defendants present represented that they had no opposition to the motion. Also during the final pretrial conference, the Court

---

[1] The Court plaintiff asserts that its request does not pertain to defendants Nickajack Shores Holdings, LLC ("Nickajack") and VPI Company, LLC ("VPI"), which also were previously involved in bankruptcy proceedings. The Court is notified that the bankruptcy proceedings against Nickajack and VPI were dismissed on January 19, 2012, and November 14, 2011, respectively [*See* Docs. 263-2, 263-3]. The Court also notes that this case was stayed as to these three defendants as a result of bankruptcy proceedings [*See* Doc. 118]. Although these three defendants continued to participate in the litigation of this case after the case was stayed as to them [*see*, *e.g.*, Doc. 174], the Court finds it appropriate, in light of the fact that Pine Mountain's bankruptcy case is still pending, to correct a mistake in the record arising from an oversight. *See* Fed. R. Civ. P. 60(a).

On June 15, 2011, the magistrate judge entered an order ordering certain defendants, including Pine Mountain, Nickajack, and VPI, to comply with certain discovery requests [Doc. 145]. Plaintiff subsequently filed a motion for sanctions, including default judgment, against all defendants subject to the Court's June 15, 2011 order for failure to comply with such order [Doc. 151]. The motion was referred to the magistrate judge, who entered a report and recommendation ("R&R"), recommending that the motion be granted [Doc. 185]. A response to an objection to the R&R was filed by plaintiff, which indicated that Pine Mountain, Nickajack, and VPI were subject to the R&R [Doc. 192]. An order accepting the R&R in part was entered on November 21, 2011, and such order applied to Pine Mountain, Nickajack, and VPI [Doc. 209]. Subsequently, a renewed motion for default judgment was filed by plaintiff [Doc. 214]. While the renewed motion did not expressly name Pine Mountain, Nickajack, or VPI, such motion indicated that it sought relief against those defendants subject to the Court's November 21, 2011 order [Doc. 214]. Accordingly, on January 30, 2012, default judgment was entered against Pine Mountain, Nickajack, and VPI because such defendants were subject to the Court's November 21, 2011 order [Doc. 250].

The Court now corrects the record to reflect that the January 30, 2012 default judgment order did not appropriately pertain to Pine Mountain because this case was stayed as to Pine Mountain as a result of the pending bankruptcy proceeding. The Court's January 30, 2012 order, however, nevertheless applied and continues to apply to Nickajack and VPI because, by that time, their bankruptcy proceedings had concluded and this case was no longer stayed as to them.

announced that it would grant the motion and issue a written order outlining its reasons for doing so. The reasons for granting the motion are explained herein.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).[2]

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted). The requirement of court approval in Rule 41(a)(2) is intended to protect the non-moving party from unfair treatment. *Grover*, 33 F.3d at 718.

In reviewing a motion made pursuant to Rule 41(a)(2), a court must determine whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citations omitted). To determine whether a defendant will suffer plain legal prejudice, courts consider factors such as:

> [T]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the

---

[2]The Court notes that no counterclaims have been asserted by Pine Mountain.

3

> action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). Each of these factors need not be resolved in favor of the moving party for dismissal to be appropriate. *Rosenthal v. Bridgestone/Firestone*, 217 F. App'x 498, 502 (6th Cir. 2007). Rather, the factors serve as a guide for the district court. *Id.*

Regarding the first factor—Pine Mountain's effort and expense in preparing for trial—this case has been stayed as to Pine Mountain since 2010. Also, although Pine Mountain filed various motions along with other defendants prior to filing bankruptcy, since it has filed bankruptcy it has been largely uninvolved with this case. With respect to the second factor—excessive delay and lack of diligence on the part of plaintiff in prosecuting this action—the record reveals that plaintiff has diligently attempted to litigate this action since its inception. Regarding the third factor—the explanation for the need to take a dismissal—the Court finds that plaintiff has asserted a sufficient need to take a dismissal against Pine Mountain. Plaintiff asserts that Pine Mountain's bankruptcy proceeding remains pending and that Pine Mountain appears to be insolvent. Finally, with respect to the fourth factor—whether a motion for summary judgment has been filed by Pine Mountain—the Court observes that no summary judgment motion has been filed by Pine Mountain.

In light of the analysis of the four factors, the Court finds that Pine Mountain would not suffer clear legal prejudice in the event there is a voluntary dismissal without prejudice of plaintiff's case against it, and the mere possibility that Pine Mountain may be subject to

another lawsuit is insufficient to deny the motion for dismissal. *Grover*, 33 F.3d at 718. Accordingly, the Court hereby **GRANTS** plaintiff's Motion of Voluntary Dismissal of Defendant Pine Mountain Properties, LLC, Without Prejudice [Doc. 263]. Pine Mountain Properties, LLC is **DISMISSED** as a party to this action.

    IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE