UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ROBERT STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:09-CV-498 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| MICHAEL L. ROSS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on defendant Michael L. Ross's Motion to Set Aside Default and for Relief from Order [Doc. 259], which was supplemented [Doc. 295], as well as the Motion to Set Aside Order [Doc. 250] or In the Alternative, Alter or Amend the Order on Behalf of Defendants Rebecca Jordan, Patricia Ross as Personal Representative of the Estate of Dale Ross and Rarity Management Company, LLC [Doc. 269]. Plaintiff filed a consolidated response in opposition [Doc. 284]. The Court heard oral argument on the matter during the final pretrial conference. As stated during the final pretrial conference and for the reasons explained below, the Court denies the motions.

**I.      Background**

This case has a lengthy history, and the Court assumes familiarity with the facts and procedural history of the case. Relevant to the instant motion is the Court's January 30, 2012 order granting plaintiff's renewed motion for entry of default judgment against all defendants

remaining in this case for failure to comply with the Court's November 21, 2011 order [Doc. 250].

### A. The Motion to Set Aside Order filed by Defendant Michael L. Ross

Defendant Michael L. Ross ("Ross") moves the Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for the entry of an order granting him relief from the default-judgment order. In particular, Ross moves pursuant to Rule 60(b)(1), which provides for relief as a result of mistake, inadvertence, surprise, or excusable neglect, Rule 60(b)(3), which provides for relief for fraud, misrepresentation, or misconduct by an opposing party, and Rule 60(b)(6), which provides relief for any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b).

In support of the motion, Ross argues that counsel's action or inaction of leaving boilerplate objections in defendants' discovery responses filed on December 1, 2011, and counsel's failure to respond to the renewed motion for default judgment were the result of excusable neglect. Pursuant to an affidavit, Steven Shope, previous counsel for Ross and other defendants in this case,[1] claims his neglect was excusable because lead counsel, John Stravato, withdrew from the case on November 2, 2011, and he was not prepared to shift into the role of lead counsel and was also unsure of possible conflicts of interest among defendants. As a result, he moved to withdraw as counsel himself on December 22, 2011, which was denied on January 4, 2012. Pursuant to his own affidavit, Ross states he began

---

[1] The Court relieved Mr. Shope as counsel for all parties in this case on February 15, 2012 [Doc. 301].

2

looking for counsel in December 2011 after Mr. Stravato withdrew from the case. He outlines the attorneys he contacted and states he acted diligently in obtaining new counsel.

Also in support of the motion, Ross argues that plaintiff inaccurately reported defendants' responses to discovery in the renewed motion for default judgment. Defendant Ross files the affidavit of Erin Davenport, an accounting clerk for defendant Tellico Lake Properties, L.P., who worked on the discovery requests, which outlines thirty-three alleged misrepresentations wherein plaintiff's expert, Robert L. Gibson, states documents were not produced when they were, in fact, produced or not available. For example, Ms. Davenport states Mr. Gibson's affidavit incorrectly states that state tax returns were not produced by certain defendants because such returns did not exist. Ms. Davenport also states Mr. Gibson's affidavit incorrectly states that certain defendants did not produce documents for particular years because those defendants did not exist in those years.

Finally, in support of the motion, Ross claims the sanction of default is not warranted in light of the existing status of the pleadings, the potential conflict, inadvertence and excusable neglect of counsel of record, and the documents actually produced but misrepresented as not being produced. Ross further claims he should not be sanctioned for his good faith effort to comply with the Court's orders by virtue of counsel's inartful actions or plaintiff's misrepresentations.

3

### B. The Motion to Set Aside or Alter or Amend Order filed by Defendants Rebecca Rose Ross Jordan, Patricia Ross as Personal Representative of the Estate of Dale Ross, and Rarity Management, LLC

Defendants Rebecca Rose Ross Jordan ("Jordan"), Patricia Ross as Personal Representative of the Estate of Dale Ross ("Patricia Ross"), and Rarity Management, LLC ("Rarity Management" and together with Jordan and Patricia Ross, the "Jordan Defendants") move the Court, pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure to set aside the order granting plaintiff's renewed motion for default judgment or, alternatively, to alter or amend the order to remove the Jordan Defendants from such order.

In support of this motion, the Jordan Defendants assert that Jordan is an employee of Rarity Property Management, LLC and was previously employed by Tellico Lake Properties, LLC. Upon instigation of this litigation, Jordan, along with her mother, Patricia Ross, were told by Ross that he had hired a lawyer, David Black, to represent them as well as Rarity Management. The Jordan Defendants assert that Mr. Black never informed them that discovery had been served upon them or that they had any duty to provide any personal documents in this case. Mr. Black, the Jordan Defendants state, was forced to withdraw from this case in February 2011, at which time Mr. Shope was substituted as counsel for them. Jordan and Patricia Ross claim to never have met Mr. Shope nor discussed this case with him. Then, in March 2011, Mr. Stravato appeared on behalf of all defendants in this case, including the Jordan Defendants; however, the Jordan Defendants assert they did not hire Mr.

Stravato and met with him on one occasion to generally discuss the case, although no discussion regarding discovery occurred.

Jordan asserts that she was questioned by a co-worker about whether she had been required to file any discovery in this case on November 14, 2011. She contacted Mr. Black, who informed her that she had been served discovery that she was required to answer. Jordan states she immediately prepared responses to the requests directed toward her, her mother, and Rarity Management and sent them to Henry Wynn, who then sent them to Mr. Shope to be filed. She was unaware of the default judgment until she read about such in the Knoxville News Sentinel on January 30, 2011.

The Jordan Defendants argue that the Court should view them differently than the other defendants in this case because they have been "treated as mere afterthoughts by the lawyers in this case" and none of the lawyers hired to represent their interests have done so [Doc. 269]. Moreover, they assert that upon Jordan learning that discovery responses were due, she immediately attempted to comply with the request. Further, they argue that it appears plaintiff had no complaint with the responses to the discovery requests filed on behalf of the Jordan Defendants, a point no lawyer made during the course of this litigation. In brief, the Jordan Defendants maintain that there was no bad faith or sanctionable conduct by them and that default is therefore a drastic sanction.

### C. Plaintiff's Response

Plaintiff filed a consolidated response to defendants' motions. Plaintiff argues that the Court's ruling granting plaintiff default judgment against defendants was justified and

5

supported by the record. In doing so, plaintiff largely reiterates the points made in support of his renewed motion for default judgment. Plaintiff also argues that the "last minute effort" of defendants "to excuse [d]efendants' repeated discovery violations fails to find support in the applicable law or in the record of misconduct on the part of the [d]efendants" [Doc. 284]. In support of this proposition, plaintiff makes several points.

First, plaintiff submits that there is no basis to excuse defendants' misconduct on the basis of excusable neglect under Rule 60(b)(1). Plaintiff asserts that a party to litigation is bound by the acts of his lawyer-agent and dismissal of a claim because of counsel's unexcused conduct does not impose an unjust penalty upon the party who chose the attorney. Moreover, plaintiff contends the Sixth Circuit has found that neither counsel's failure to file a response to a motion nor communication failures between parties and their counsel constitute excusable neglect.

Second, plaintiff asserts that defendants' misconduct in this and other related proceedings is extensive, and because they all claim to have been "duped" by prior counsel, it is relevant to consider the relationship between the moving parties and their involvement in this and related litigation up to the time default judgment was entered against them. Plaintiff takes several pages of his response brief to address this point and addressed such during the hearing, but in short, plaintiff notes that some of the defendants in this action are defendants in an action filed in state court by plaintiff. In the state-court action, all defendants were originally represented by one attorney, but then substituted Mr. Shope as their counsel in the state-court action as well as this action. Mr. Stravato was retained to

6

represent the defendants in this action shortly thereafter, and all defendants consented to such representation. Plaintiff notes that he raised the issue of a conflict of interest between the Jordan Defendants and the other defendants in this action, but the Court allowed Mr. Shope and Mr. Stravato to represent all defendants with the understanding that the Court would be notified in a timely manner if a conflict of interest arose. Now that default judgment has been entered in this case and trial is near, plaintiff submits, the Jordan Defendants assert a conflict without any description of that conflict.

Regarding defendants' history of discovery violations in this and other actions, plaintiff points to the misconduct of defendants in the state-court action and argues such is pertinent here, as the magistrate judge noted in his report and recommendation recommending sanctions be imposed, because the discovery violations were committed by the same entities that committed discovery violations in this Court. Further, the "document dump" referred to previously in this litigation was relied upon by all defendants in this action, including the Jordan Defendants. Thus, plaintiff asserts, although current counsel for the Jordan Defendants claim they were uninvolved and in the dark about discovery matters, the record reflects that they were involved with discovery violations.

Further, plaintiff submits that the Jordan Defendants have been involved with Ross and other defendants in suits by plaintiff for fraudulent conveyances. And, plaintiff points out, with respect to those claims, they are all represented by Mr. Shope. Thus, plaintiff argues that all defendants have been involved in discovery misconduct in this case and other related cases and have been represented by the same counsel they now seek to blame.

7

Third, plaintiff asserts that, although defendants imply the basis for the withdrawal and substitution of counsel is due to a conflict of interest or lack of communication by prior counsel, Ross's bankruptcy filings indicate that he owes significant balances to his prior counsel of record in this case. Thus, it is more likely, plaintiff maintains, that defendants continue to substitute counsel because of their failure to pay counsel for their services, not for any counsel's mistakes or inadvertence.

Fourth, plaintiff submits that defendants' attacks on Mr. Gibson are unfair and without merit. Specifically, plaintiff asserts that the affidavit of Mr. Gibson along with the corresponding chart submitted in support of the renewed motion for default judgment accurately reflect that defendants have failed to produce major categories of documents, including, for example, bank statements and tax returns. Moreover, Mr. Gibson's affidavit and chart was not a complete audit of the documents produced by defendants but an analysis of whether defendants had substantially complied with the Court's discovery orders. Plaintiff also maintains that Ms. Davenport's characterization of Mr. Gibson's inventory is unfair because defendants had provided little or no discovery concerning the nature of the various business entities or when such business entities came into existence. Further, Mr. Gibson's affidavit does not purport to make any statement regarding the years in which the companies were in existence but merely whether the documents for such years had been produced.

Fifth, plaintiff asserts that statements made on behalf of defendants reflect that defendants were making no legitimate effort to comply with discovery. In particular, plaintiff points to statements of Mr. Stravato and Mr. Shope during the hearing on plaintiff's

8

first motion for sanctions and default judgment on September 26, 2011, which acknowledged that defendants had not produced all the documents they were required to produce and that defendants had not complied with the Court's orders. Plaintiff also points to the statement of Ross's most recent attorney, who claims that, to the extent Ross has failed to provide documents, it is because such documents do not exist or are no longer in the possession, custody, or control of Ross. Plaintiff argues that while Ross does not dispute that certain documents should be in his possession, he offers no reason why they are not.

Finally, plaintiff maintains that recent filings made on behalf of the Jordan Defendants reveal that they anticipated plaintiff filing a second motion for sanctions. Particularly, plaintiff points to an email exchange between Henry Wynn and Pam Lane regarding Jordan's responses wherein Mr. Wynn indicates that plaintiff's counsel would file another motion for sanctions if information were to be missing from her responses.

For all these reasons, as well as those set forth in previous orders of the Court, plaintiff submits that the default judgment order was appropriate and the motions to set aside should be denied.

**II. Analysis**

Rule 55(c) provides that a "court . . . may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) is the general rule allowing the Court to grant relief from a judgment or order. *See* Fed. R. Civ. P. 60(b). The Rule 60(b) standard is applied somewhat differently, however, when the rule is used to set aside a default judgment. "Where Rule 60(b) is invoked to set aside a default judgment, the court must both consider

9

the Rule 55 equitable factors as enumerated in [*United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)], and find that one of the specific requirements of Rule 60(b) is met." *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (citations omitted). The three factors enumerated in *United Coin Meter* are: "(1) whether the opposing party would be prejudiced; (2) whether the proponent had a meritorious claim or defense; and (3) whether the proponent's culpable conduct led to the default." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (citing *United Coin Meter*, 705 F.2d at 845).

"Principles of judicial economy suggest that if there is no basis for setting aside the judgment under Rule 60(b) then a court need not consider the *United Coin Meter* factors at all." *Psychopathic Records, Inc. v. Anderson*, No. 08-CV-13407, 2010 WL 2510992, at *2 (E.D. Mich. June 17, 2010). The Court therefore begins its analysis of each motion with determining "whether relief from judgment is warranted under Rule 60(b)." *Id.*; *see also*, *e.g.*, *Sparton Engineered Prods., Inc. v. Cable Control Techs., Inc.*, 178 F.3d 1296 (unpublished table decision), 1999 WL 115472, at *3 (6th Cir. Feb. 10, 1999) ("Because we find that [the defendant] has failed to show a persuasive reason for [Rule 60(b) relief], we need not consider the remaining factors set out in *United Coin Meter*."); *Thompson*, 95 F.3d at 433–34 (considering a district court's decision to set aside judgment under Rule 60(b) before considering its treatment of the *United Coin Meter* factors); *That's Entm't, Inc. v. Club Images, Inc.*, 178 F.R.D. 143, 146 n.10 (E.D. Mich. 1997) ("[F]or the reasons stated *infra*, this court finds that there is no basis under Rule 60(b) for granting defendant relief.

10

Accordingly, this court need not consider if the Rule 55 equitable factors cut in favor of relieving plaintiff from the default judgment."). Indeed, the Court finds this approach particularly appropriate with respect to Ross's motion because Ross failed to address the *United Coin Meter* factors altogether.

In considering defendants' motions to set aside the entry of default judgment, the Court applies "Rule 60(b) 'equitably and liberally . . . to achieve substantial justice.'" *United Coin Meter*, 705 F.2d at 844–45 (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)). The Court is also mindful that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *Id.* at 845.

### A. The Motion to Set Aside Order filed by Defendant Michael L. Ross

#### 1. Rule 60(b)(1)

Rule 60(b)(1) allows relief from a judgment for "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). Ross relies upon only the portion of this rule relating to excusable neglect. In deciding whether to grant relief for excusable neglect the Court must consider: "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *See Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003). The culpability of the moving party must first be determined before the elements of prejudice or meritorious defense. *See Williams*, 346 F.3d at 613. A party's conduct is culpable if it "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* (alteration in original and citation omitted).

11

The issue of excusable neglect "does not turn solely on whether the *client* has done all that he reasonably could to ensure compliance with [court orders and deadlines]; the performance of the client's *attorney* must also be taken into account." *B & D Partners v. Pastis*, No. 05-5954, 2006 WL 1307480, at *1 (6th Cir. May 9, 2006) (unpublished) (emphasis in original) (quoting *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999)). Defendant does not assert any neglect of his own, as he asserts that he was diligent in attempting to retain new counsel after Mr. Stravato withdrew from the case. Rather, his claim is premised on the neglect of his attorney, Mr. Shope.

In particular, Ross claims Mr. Shope failed to remove the objections from the discovery response filed on December 1, 2011, and failed to file a response to plaintiff's renewed motion for default judgment. Neither of these bases, however, constitute grounds for relief under Rule 60(b)(1). First, the failure to respond to a motion or request an extension of time to respond to a motion is inexcusable neglect. *Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 2000) (holding such with respect to a motion for summary judgment); *see also United States v. Reyes*, 307 F.3d 451, 456–57 (6th Cir. 2002) (upholding denial of Rule 60(b)(6) motion in part because "counsel was dilatory in providing initial discovery three months after it was due, failing to provide further requested discovery, and in failing to respond to the United States' motion to strike, even after the district court *sua sponte* granted an extension of time"). Second, Mr. Shope's affidavit states he failed to discuss with Ross the continued inclusion of boilerplate objections in the December 1, 2011 discovery production. His failure to do so, however, is not excusable, at least for purposes of Rule

12

60(b)(1) review, in light of the Court's orders regarding the production of discovery. Moreover, to the extent there was a communication failure, communication failures between a client and his counsel do not constitute excusable neglect. *See Reyes*, 307 F.3d at 456–57 (finding claim that language barrier made communication between client and attorney difficult insufficient to warrant Rule 60(b)(1) relief).

The Sixth Circuit has stated that "[r]elief under 60(b)(1) is not available when the excusable neglect is premised on attorney error," which is exactly what Ross complains of. *United States v. One Men's Rolex Pearl Master Rolex Watch*, 357 F. App'x 624, 626–27 (6th Cir. 2009) (citing *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt Inc.*, 298 F.3d 586, 594 (6th Cir. 2002)). "Unfortunately for [Ross], clients must be held accountable for the acts and omissions of their attorneys." *B & D Partners*, 2006 WL 1307480, at *1 (emphasis, citation, and internal quotation marks omitted).

### 2. Rule 60(b)(3)

Federal Rule of Civil Procedure 60(b)(3) permits this Court to relieve a party from an order on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "[T]he Sixth Circuit requires a demonstration by the moving party, supported by clear and convincing evidence, that one or more of the three kinds of misbehavior referred to in the rule occurred." *Jordan v. Paccar, Inc.*, 97 F.3d 1452 (unpublished table opinion), 1996 WL

13

528950, at *9 (6th Cir. Sept. 17, 1996).[2] The non-moving party then has the burden to "demonstrate by clear and convincing evidence that the misbehavior which occurred had no prejudicial effect on the outcome of the litigation." *Id.* The rule "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* (citation omitted).

The Sixth Circuit has stated that Rule 60(b)(3) requires some showing of "odious behavior on the non-moving party." *Jordan*, 1996 WL 528950, at *7. "Fraud cannot be unintentional, and the use of the prefix 'mis-' in both 'misrepresentation' and 'misconduct' also suggests that the moving party under the rule must show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question." *Id.* at *6. Thus, the moving party must demonstrate by clear and convincing evidence that the non-moving party engaged in "deliberate or reckless misbehavior." *Id.* at *8.

---

[2]For the purpose of a Rule 60(b)(3) motion, the Sixth Circuit has held:

> "Misrepresentation" can be interpreted as an affirmative misstatement. "Fraud" can be interpreted as reaching deliberate omissions when a response is required by law or when the nonmoving party has volunteered information that would be misleading without the omitted material. And "other misconduct" can be interpreted to reach questionable behavior affecting the fairness of litigation other than statements or the failure to make statements."

*Jordan*, 1996 WL 528950, at *6 (citations omitted); *see also Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 456 (6th Cir. 2009) (setting forth the following definition of fraud for purposes of Rule 60(b)(3): "[f]raud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment" (citations omitted)).

14

Ross has failed to meet this standard. Ross has not demonstrated that plaintiff, in submitting the affidavit and chart of Mr. Gibson, engaged in deliberate or reckless misbehavior. Indeed, as plaintiff points out, it appears any misstatement in Mr. Gibson's affidavit was innocent because defendants had provided little or no discovery to plaintiff concerning the nature of the business entities for which documents were produced or the years for which they were in business. Moreover, Mr. Gibson's affidavit and chart do not appear to make any statement regarding whether any tax returns were prepared or filed for the year 2010; rather, he states that such had not been produced, a point with which Ross agrees. Rule 60(b)(3) relief is therefore not warranted.

### 3. Rule 60(b)(6)

Rule 60(b)(6) permits the court to grant a motion for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Sixth Circuit has stated that Rule 60(b)(6) provides relief "only in exceptional and extraordinary circumstances," which are defined as those "unusual and extreme situations where principles of equity mandate relief." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001) (citations and emphases omitted). In addition, "'something more' than one of the grounds contained in Rule 60(b)'s first five clauses" must be present. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *see also Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (holding that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule" (citation omitted)). Ross presents no additional or different facts or arguments to support his motion under this

15

section. Moreover, the Court finds that Ross has not presented anything to convince this Court that this is an unusual and extreme situation where principles of equity mandate relief. Accordingly, relief is not warranted pursuant to Rule 60(b)(6).

Ross claims that *Fuller v. Quire*, 916 F.2d 358 (6th Cir. 1990), however, provides relief pursuant to Rule 60(b)(6). In *Fuller*, the Sixth Circuit addressed a district court's decision to grant relief from an order dismissing the plaintiff's case for lack of prosecution. After the case was filed and answered, the case was before the district court for a general review of the records and was set for a "court's docket call" on April 2, 1987. *Id.* at 359. Neither plaintiff nor plaintiff's attorney appeared for the docket call and the court ordered that the case be dismissed for lack of prosecution. *Id.* On February 7, 1989, plaintiff, represented by new counsel, moved that the court set aside the order dismissing the case pursuant to Rule 60(b)(6). *Id.* Plaintiff argued that he was never notified of the docket call nor the dismissal until late in 1988. *Id.* Moreover, he stated he unsuccessfully attempted to contact his attorney several times to determine the status of his case. *Id.* He eventually spoke with his attorney who told him there was nothing that could be done about the dismissal and that he was sorry. *Id.* The court granted the plaintiff's motion finding that the interest of justice required such. *Id.* at 360.

On appeal, addressing whether the order was appealable under the common-law exception to the final-judgment rule where a district court acts without the power to do so, the Sixth Circuit found the district court did not err in exercising its power and dismissed the appeal. *Id.* at 361. In particular, the Sixth Circuit noted that plaintiff "displayed reasonable

16

diligence in attempting to discover the status of his case" and there was no showing of undue prejudice to the defendant. *Id.*

*Fuller*, however, is distinguishable from this case. This case does not involve a situation where Mr. Shope entirely ceased representation of or communication with defendants, including Ross. The record indicates that Mr. Shope filed a response to plaintiff's objection to a report and recommendation of the magistrate judge, participated in producing discovery in response to the Court's November 21, 2011 order, filed an answer to the amended complaint, filed a witness list for trial, and filed an objection to plaintiff's calculation of attorney's fees to be awarded pursuant to the Court's November 21, 2011 order, and all such activity occurred prior to Mr. Shope's motion to withdraw, which was filed on December 22, 2011, and prior to defendant's calculation of the deadline for responding to plaintiff's renewed motion for default, December 19, 2011 [*See* Docs. 200, 201, 210, 217, 219, 220, 222, 259-1]. The record also indicates that Mr. Shope and Ross communicated about this case [*See* Doc. 259-1]. Indeed, Mr. Shope's affidavit declares that he provided Ross a copy of the renewed motion for default judgment, so Ross was not unaware that default could be entered against him. This case is also not one where there is no showing of undue prejudice to plaintiff; the Court has found that plaintiff has been substantially prejudiced as a result of defendants' conduct in this case.

In sum, because Ross has not set forth any viable ground for relief pursuant to Rule 60(b), the Court need not address the *United Coin Meter* factors.

**B. The Motion to Set Aside or Alter or Amend Order filed by Defendants Rebecca Rose Ross Jordan, Patricia Ross as Personal Representative of the Estate of Dale Ross, and Rarity Management, LLC**

Unlike Ross, who identifies which provisions he relies upon for relief, the Jordan Defendants seek relief pursuant to Rule 60(b) in general. Given the substance of the Jordan Defendant's motion papers and counsel's argument during the final pretrial conference, it appears to the Court that Rule 60(b)(1) could apply here.[3] However, as Ross, the Jordan Defendants do not claim any mistake, inadvertence, or excusable neglect of their own; they attempt to place blame on the three individuals who previously represented them. It nevertheless appears that the Jordan Defendants consented to representation by these

---

[3]Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

attorneys and so the attorneys' conduct is attributable to the Jordan Defendants. Thus, and for the reasons stated above with respect to Ross, Rule 60(b)(1) relief is not warranted.

Even if Rule 60(b)(6) applies here because something more than one of the grounds contained in Rule 60(b)'s first five clauses is present with respect to them, the Court finds that nothing in the Jordan Defendants' argument sets forth the kind of unusual and extreme situation contemplated by Rule 60(b)(6). Although the Jordan Defendants assert they are different from other defendants in this case, it appears from the record that they have, at least in part, participated in discovery abuses [*See*, *e.g.*, Doc. 218 (wherein Jordan and Patricia Ross signed objectionable responses to interrogatories)].

Accordingly, because the Jordan Defendants have not set forth any viable ground for relief pursuant to Rule 60(b), the Court need not address the *United Coin Meter* factors.

### III. Conclusion

For the reasons stated herein, the Court hereby **DENIES** defendant Michael L. Ross's Motion to Set Aside Default and for Relief from Order [Doc. 259] as well as the Motion to Set Aside Order [Doc. 250] or In the Alternative, Alter or Amend the Order on Behalf of Defendants Rebecca Jordan, Patricia Ross as Personal Representative of the Estate of Dale Ross and Rarity Management Company, LLC [Doc. 269].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE