UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:09-CV-498 |
| | ) (VARLAN/GUYTON) |
| v. | ) |
| | ) |
| MICHAEL L. ROSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 409], referring Defendants' Motion to Quash Plaintiff's Application for Writ of Garnishment and Writs of Garnishment Issued by the Clerk and for Expedited Hearing [Doc. 407]. The parties appeared before the undersigned on April 5, 2012, via telephone, for a hearing to address the Defendants' motion. Attorney Wayne Ritchie was present representing the Plaintiff, and Attorneys Michael Meares and Christopher Oldham were present representing the Defendants.

The issue before the Court is whether a party who has received a final judgment in that party's favor – in this case the Plaintiff – may move the Court for issuance of a writ of garnishment based upon that judgment either: (1) fourteen days after entry of the judgment pursuant to Rule 62 of the Federal Rules of Civil Procedure *or* (2) thirty days after entry of the judgment pursuant to § 26-1-203 of the Tennessee Code Annotated.

The Defendants argue that Rule 69 of the Federal Rules of Civil Procedure governs when a writ of garnishment may issue, and Rule 69 directs that the time period before which the writ of garnishment may issue must be determined by looking at state law. The Defendants argue

that the Court must, therefore, look to § 26-1-203 of the Tennessee Code Annotated to determine when a writ of garnishment may issue, and Tennessee Code Annotated § 26-1-203 would require that the Plaintiff allow thirty days to elapse prior to moving for the issuance of a writ. Based on this interpretation of the Federal Rules of Civil Procedure, the Defendants argue that the Plaintiff moved the Court to issue a writ of garnishment prematurely, and the writs of garnishment issued by the Clerk of Court were premature. They move the Court to quash these writs of garnishment.

The Plaintiff responds that this issue is governed by Rule 62 of the Federal Rules of Civil Procedure. The Plaintiff maintains that, as a holder of a judgment, he waited fourteen days to seek the issuance of a writ of garnishment. The Plaintiff contends that his request for issuance of the writs of garnishment was timely, and the writs of garnishment were timely issued by the Clerk of Court. The Plaintiff argues that Rule 69 addresses the method and manner of execution on a writ and it does not control the timing of the issuance of the writ of garnishment. The Plaintiff argues that the Defendants' Motion to Quash is not well-taken.

When counsel for the parties appeared before the Court, they stipulated to the following facts:

1. The Honorable Thomas A. Varlan, entered Judgment in this case on March 6, 2012, [Doc. 309];[1]

2. On April 2, 2012, the Plaintiff filed his Application for Writ of Garnishment, [Doc. 406];

3. On April 2, 2012, the Clerk of Court issued the writs of garnishment that are the subject of the Defendants' Motion;

4. On April 3, 2012, the Defendants filed the Motion to Quash

---

[1] Mr. Meares stated that he agreed with this statement "for purposes of this motion," but he stated that he reserved any objections he may have to this statement for purposes of other motions.

2

        that is now before the Court;

5. If the Court were to adopt the Defendants' position and find that a writ of garnishment may issue "any time after thirty (30) days after judgment" Tenn. Code. Ann § 26-1-203, the thirty days would run on April 5, 2012, and the writ could issue April 6, 2012; and

6. Rule 62 of the Federal Rules of Civil Procedure imposes a fourteen-day stay of issuance of execution on a judgment.[2]

Rule 62(a) of the Federal Rules of Civil Procedure, in pertinent part, states, "Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry." Rule 62(b) provides that a court may stay the execution of a judgment or proceedings to enforce it pending the disposition of various post-trial motions including motions for a new trial or motion to amend a judgment.

Rule 69 of the Federal Rules of Civil Procedure, in pertinent part, states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a).

The court in Gallatin Fuels v. Westchester Fire Insurance, 2006 WL 952203 (W.D. Penn. Apr. 12, 2006), considered the interplay between these rules. The defendant in Gallatin filed a motion to stay execution of a judgment arguing that under Pennsylvania law, made applicable by Rule 69, there could be no execution on a writ of garnishment until after the disposition of post-trial motions. The court in Gallatin found that the defendant's position that Rule 69 governed the issuance and necessitated application of state law was without merit. Id. at *1. In so finding, the

---

[2] Counsel for the Defendants conceded this statement, but they maintained that the issue before the Court did not relate to a stay and, therefore, Rule 62 was not applicable.

3

court in Gallatin Fuels noted, "Under Federal Rule of Civil Procedure 62(a), execution of the judgment is automatically stayed for ten days following its entry. Following the expiration of the initial 10-day period, Rule 62(b) applies." Id., n. 2.[3]

Relying in part on the holding in Gallatin Fuels, the court in Leuzinger v. County of Lake, 253 F.R.D. 469 (N.D. Cal. 2008), resolved a similar dispute. The court in Leuzinger found that Rule 62(a) governed when a judgment from the federal district court became enforceable. The court explained, "While Rule 62 governs the *timing* or 'when' of execution and enforcement, Federal Rule of Civil Procedure 69 governs the *method* or 'how' of execution and enforcement." Id. at 473. The court considered the defendant's position that "because Rule 69(a)(1) provides [the judgment holder] must look to California processes for executing her judgment, Rule 62 cannot preempt these processes," but the court found this position to be "incorrect." Id. at 475-76 (emphasis in the original).

The Court finds the analysis of the court in Leuzinger to be persuasive. The undersigned has thoroughly examined the language and syntax of both Rule 62 and Rule 69. The undersigned finds that Rule 62 governs "when" a writ of garnishment may *issue* and Rule 69 governs "how" a writ of garnishment may be *executed*. The issuance of a writ of garnishment and the execution of garnishment are two separate events — the former being the transaction with the clerk of court that produces a writ of garnishment and the latter being a transaction with persons or entities who are in possession of the judgment debtor's property. In this Court's view, Rule 69 directs that the judgment creditor must abide by applicable state provisions, to the extent they do not conflict with federal law, when *executing* the writ of garnishment, not in securing the

---

[3] The time period in Rule 62(a) was changed from ten days to fourteen days in 2009.

4

*issuance* of the writ of garnishment. The Defendants argued that issuance and execution were synonymous in the hearing before the Court, but the Court finds this view to be unpersuasive.

In reaching this conclusion, the Court has considered the case law made available to it and the case law that the Court has, itself, located. The Defendants have not presented the Court with any case law to support their position. The Defendants did not cite any applicable cases in their filings, but at the hearing, counsel cited the Court to a footnote in the dissenting opinion in <u>Hudson v. Coleman</u>, 347 F.3d 138 (6th Cir. 2002). The Court finds that <u>Hudson</u> does not provide either controlling or persuasive authority supporting the Defendants' position in this case. Thus, the Court finds that the Defendants have not presented, nor has the Court located, any case law to support the Defendants' position.

Accordingly, the Court finds that the Plaintiff was required to allow fourteen days to elapse after entry of judgment in this case before moving the Clerk of Court to issue writs of garnishment in this case. The Court finds that the judgment in this case was entered on March 6, 2012. The Court further finds that the Plaintiff filed his application for issuance of writs of garnishment on April 2, 2012, and the Clerk of Court issued the writs of garnishment on the same day. The Court finds that fourteen days elapsed between the entry of the judgment in this case and the issuance of the writs of garnishment. The Court, thus, finds the Plaintiff timely applied for the writs of garnishment, and the writs were timely issued. Therefore, the Court finds that the Motion to Quash is not well-taken.

An Order [Doc. 416] denying the Motion to Quash has entered.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge