UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:09-CV-498 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiff's Motion for Temporary Injunctive Relief Pending the Court's Ruling on the Appointment of a Receiver and Request for Expedited Hearing On or Before May 23, 2012 [Doc. 532]. Plaintiff requests the Court enjoin the foreclosure of certain condominium units owned by defendant LTR Properties, Inc. ("LTR") pending the Court's determination on plaintiff's motion to appoint a receiver and if a receiver is appointed, pending further order of the Court. Athena of SC, LLC ("Athena") specially appeared in this matter for the purpose of filing a response in opposition to the request for injunctive relief [Doc. 536], and plaintiff submitted a reply to that opposition [Doc. 547]. The parties appeared before the undersigned on May 23, 2012, to address plaintiff's motion. At the conclusion of the hearing, the Court stated it would grant the motion and issue a written memorandum opinion and order outlining its reasons for doing so.

## I. Background

Although this case has a long and complex history, Magistrate Judge H. Bruce Guyton recently summarized some of the relevant procedural history of this case:

> The Plaintiff filed this suit on November 18, 2009, alleging that he has sustained losses as a result of the Defendants operating an illegal real estate enterprise and conspiring with one another in the operation of this enterprise. [Doc. 1]. After the Defendants failed to cooperate in discovery for an extended period, the undersigned entered a Report and Recommendation on September 28, 2011, recommending that the District Judge enter an Order of Default in favor of the Plaintiff on the issue of liability on all claims as to the Defendants. [Doc. 185]. It was further recommended that the Plaintiff be awarded attorney's fees and expenses incurred in addressing the Plaintiff's failure to cooperate in discovery.
>
> The District Judge adopted this recommendation, in part, and awarded the Plaintiff fees and expenses. The District Judge declined to enter a default against the Defendants at that time. On January 30, 2012, after the Defendants continued to disregard their discovery obligations, the District Judge filed a Memorandum Opinion and Order [Docs. 249, 250], entering default judgment with respect to the Defendants.
>
> On February 21, 2012, this case proceeded to trial to determine the Plaintiff's damages, [Doc. 370], and on February 28, 2012, the jury returned a verdict in favor of the Plaintiff awarding $14,846,915 in compensatory damages, [Doc. 383]. On March 1, 2012, the jury returned a verdict awarding the Plaintiff $15,000,000 in punitive damages. [Doc. 389]. On March 6, 2012, the Clerk of Court entered a Judgment in this case reflecting the jury's verdicts. [Doc. 390].
>
> On April 2, 2012, the Plaintiff acquired Writs of Garnishment from the Clerk of Court and began executing these writs on various financial institutions and entities. [Docs. 433-444]. Thereafter, the Plaintiff obtained Writs of Execution against various entities, who were defendants in this matter. [E.g., Docs. 421, 431, 432, 448]. The Court has addressed motions by the Defendants moving the Court to limit the Plaintiff's garnishment and execution, and the Court has found that

> these motions are not well-taken. [Docs. 407, 416, 424, 458, 459, 461, 467, 474].

[Doc. 548].

On April 19, 2012, plaintiff filed a motion for an order precluding the transfer of assets and for the appointment of a receiver [Doc. 646]. The motion was referred to Magistrate Judge Guyton [Doc. 785]. Considering "whether [plaintiff] has a valid claim against [defendant]; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm," the magistrate judge concluded that the motion was well taken and granted the motion [Doc. 458].

In particular, Magistrate Judge Guyton found plaintiff had a valid claim against defendants as a result of the judgment entered by the Clerk of Court based upon the jury verdict, and that "fraudulent conduct has likely occurred in an effort to frustrate the Plaintiff's claim," and "is likely to continue to occur if the Court declines to appoint a receiver" [*Id.*]. He noted in support of this conclusion the various documents plaintiff submitted, including "dozens of quitclaim deeds, evidencing conveyances of property that the Plaintiff maintains are fraudulent," and the fact that defendants "offered no evidence . . . that would suggest that these transfers were supported by adequate consideration or were made by entities who were not on the verge of insolvency" [*Id.*]. Magistrate Judge Guyton also found a risk of imminent danger that property would be concealed, lost, or diminished

3

in value if a receiver were not appointed because defendants granted security interests in their assets to out-of-state entities, including Athena, "an entity operated by Ted Doukas, a person who formerly shared office space with Michael Ross, but who now operates Athena . . . , a South Carolina corporation, out of office space in the Eastern District of Tennessee" [*Id.*]. Further, the magistrate judge found "that the assets and real property that remain in the Defendants' possession is likely to be diminished in value due to lack of maintenance" because defendant Michael Ross represented that he has no assets to even pay legal counsel [*Id.*]. In addition, Magistrate Judge Guyton concluded that all other legal and equitable remedies would be insufficient to protect plaintiff's interests, and that the appointment of a receiver would do more good than harm [*Id.*]. Accordingly, he granted plaintiff's motion. In doing so, he indicated that he would appoint a receiver, Sterling P. Owen, by separate order, and ordered defendants not to "conceal, sell, transfer, dispose, lease, assign, or remove any money, assets, or property, pending official appointment of the receiver" [*Id.*]. He also allowed defendants until May 31, 2012, to file any objections to any of the provisions of the proposed order of appointment submitted by plaintiff [*Id.*].

Before the magistrate judge ruled on plaintiff's motion to preclude the transfer of assets and for the appointment of a receiver, plaintiff filed the instant motion, and the Court set the matter for a hearing [Doc. 532].[1] Pursuant to the instant motion, plaintiff informs the

---

[1] The Court notes that, while the hearing on this matter was set prior to Magistrate Judge Guyton's order on plaintiff's motion to preclude the transfer of assets and to appoint a receiver, the hearing was held just hours after entry of Magistrate Judge Guyton's order granting the motion to preclude the transfer of assets and to appoint a receiver.

Court that on May 11, 2012, plaintiff's counsel received a notice of substitute trustee's sale of eleven condominiums owned by LTR and located in Building D of Renaissance at Rarity Bay Condominiums, which was sent by certified mail by counsel for Athena. The notice indicates that foreclosure of the condominium units would occur on May 30, 2012, at 10:00 a.m. Plaintiff seeks an order enjoining the foreclosure of the condominium units pending the Court's determination on plaintiff's motion to appoint a receiver and if a receiver is appointed, pending further order of the Court.

As a general matter, plaintiff's submissions mimic the arguments presented with respect to the motion to preclude the transfer of assets and for the appointment of a receiver, and address the relevant considerations for analyzing a motion for injunctive relief. Particularly, plaintiff asserts that he has shown a substantial likelihood of success on the merits of his request for appointment of a receiver because of defendants' conduct in this case, the imminent danger that assets will be concealed or lost, and the likelihood that appointing a receiver would do more harm than good. He notes, among other things, that defendants Michael Ross and LTR entered into an agreed judgment with Athena on November 30, 2011, after the magistrate judge recommended default be granted in this case, without adequate consideration and for the purpose of defrauding plaintiff as a creditor.[2]

Plaintiff further asserts he will suffer immediate and irreparable harm if the foreclosure proceeds before a receiver is appointed because it will be impossible for him to

---

[2]Plaintiff filed several exhibits into the record during the hearing on this matter [*see* Doc. 550], which the Court has considered in determining whether to grant the requested relief.

5

enforce the Court's judgment against LTR if the condominium units are sold and the proceeds paid to Athena. Also, plaintiff submits a receiver would be unable to marshal control of the condominium units if they are sold prior to the receiver's appointment.

Regarding harm to others, plaintiff argues the proposed injunction will not cause harm to others, except perhaps to Athena, but Athena is acting in concert with defendants to frustrate plaintiff's collection efforts. Also, any possible harm to Athena, plaintiff states, is outweighed by the risk that Athena is foreclosing on the property of a judgment debtor without a legitimate basis to do so. And with respect to the public interest, plaintiff claims an injunction is in the public interest of seeing the Court's judgments enforced and in preventing defendants from thwarting the judgment of this Court.

In addition, plaintiff submits the Court has broad authority with respect to receivers, who safeguard disputed assets, administer property as suitable, and assist the district court in achieving a final, equitable distribution of assets. Once assets are placed in receivership, plaintiff states, the receivership court has power to exercise control over claims brought against those assets, and may issue an injunction, staying litigation against the named receiver and the entities under his control. Further, he states non-parties may be bound by such a stay, so long as they have notice of the injunction. Plaintiff claims Athena has notice of the request for injunctive relief, as it has recently appeared in the case and seeks the Court's review of its status as an owner of some of defendants' assets.

Athena specially appeared to contest the motion for injunctive relief, asserting that the motion is both procedurally and substantively deficient [Doc. 536]. It claims the motion is

6

procedurally deficient because Athena is not a party to this litigation, is not an officer, agent, servant, employee, or attorney of any party, and is not in active concert with any party to this case or their agents. Athena also asserts plaintiff should be required to post security in the amount of not less than $1,560,000, which is the amount Athena paid to acquire its security interest in the subject property.

Athena argues the motion is substantively deficient because it is foreclosing on property for which it holds a duly perfected first priority security interest. Athena informs the Court that SunTrust Bank held a duly perfected first priority security interest pursuant to a Construction Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing dated October 15, 2006 (the "Deed of Trust"), which it recorded in the Register of Deeds Office for Monroe County. The Deed of Trust, it states, granted SunTrust Bank a security interest in the real property described therein as well as a security interest in all personal property of any kind or nature. SunTrust Bank also recorded a UCC-1 Financing Statement in the Monroe County Register of Deeds Office noting its security interest in LTR's personal property and fixtures. The Deed of Trust and related documents secured a construction loan to LTR in the principal amount of $3,000,000. On or about October 6, 2011, SunTrust assigned its interest in the Deed of Trust to Tennessee Land and Lakes, LLC ("Tennessee Land and Lakes") for valuable consideration, which was recorded in the Monroe County Register of Deeds Office. Then, on November 28, 2011, Tennessee Land and Lakes assigned its interest in the Deed of Trust to Athena for $1,560,000, which also was recorded in the Monroe County Register of Deeds Office. Athena asserts plaintiff has not and cannot

challenge the assignment of the Deed of Trust to Athena, thus he is not likely to succeed on the merits.

As to irreparable harm, Athena claims plaintiff will not suffer such if an injunction is not granted because plaintiff's judgment lien was recorded after the Deed of Trust and is "third in line" behind Athena's Deed of Trust according to a title report. And to the contrary, Athena states it will suffer harm because it has incurred costs and expenses in proceeding to foreclose on the condominium units and will be delayed in attempting to protect its security interest. With respect to the public interest, Athena submits the public interest is served by allowing Athena to foreclose on its security interest, clean up the title to the condominium units, and offer them for sale to the open market.

## II.     Standard for Granting Injunctive Relief

Rule 65 of the Federal Rules of Civil Procedure permits a party to seek injunctive relief. Fed. R. Civ. P. 65. In determining whether to grant a plaintiff's request for injunctive relief the Court must consider four factors: (1) whether the movant would suffer irreparable harm without the injunction; (2) whether issuance of the injunction would cause substantial harm to others; (3) whether the public interest would be served by the issuance of the injunction; and (4) whether the movant has demonstrated a strong likelihood of success on the merits. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted); *Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005) (citation omitted). The factors are to be balanced and are "not prerequisites that must be met." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542

8

(6th Cir. 2007) (citation omitted). A stronger showing of likelihood of success on the merits is required if the other factors militate against granting relief, but a lesser showing of likelihood of success on the merits is required when the other factors support granting relief. *Performance Unlimited, Inc. v. Questar Publ'rs, Inc.*, 52 F.3d 1373, 1385–86 (6th Cir. 1995) (citations omitted). A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

### III.   Analysis of Request for an Injunction

#### A.   Strong Likelihood of Success on the Merits

The Court finds that, in order for injunctive relief to be warranted, it must determine whether plaintiff has demonstrated whether it is likely to succeed on the merits of its motion for appointment of a receiver and whether the assignment of the Deed of Trust to Athena is likely fraudulent. The Court finds plaintiff has demonstrated a strong likelihood of success on the merits on the first issue given Magistrate Judge Guyton's order granting plaintiff's motion to preclude the transfer of assets and to appoint a receiver [*See* Doc. 548].

The Court also finds plaintiff has shown that it is likely the assignment of the Deed of Trust to Athena is fraudulent. While on its face the Deed of Trust appears legitimate, the Court finds it must consider the assignment, and the timing of the assignment, in light of the various transfer of assets from defendants to Athena and other entities controlled by Mr. Doukas. Plaintiff has submitted multiple documents into the record that raise a strong inference that defendants are fraudulently transferring property and assets to Mr. Doukas and the entities he owns, including Athena. In making this determination, the Court has

9

considered, among other documents, the charts outlining defendants' transfers of property, the agreed judgments filed on the same day as complaints on promissory notes and guarantees Athena asserted against certain defendants in state court, the certificate of title for the 1965 Thunderbird at issue in this case, the March 12, 2012 pledge of LTR stock, the amended second disclosure statement filed in the Bankruptcy Court for the Eastern District of Tennessee in case number 11-33018, and the agreement among Michael Ross and Mr. Doukas purporting to allow Tellico Lake Properties, L.P. to sell all of the real and personal property it owns to American Harper Corporation.

### B. Irreparable Harm and Harm to Others

Plaintiff submits that he will suffer irreparable harm if the foreclosure proceeds before a receiver is appointed. More particularly, plaintiff asserts it will be impossible for him to enforce this Court's judgment against LTR if the condominium units are sold and the proceeds paid to Athena and that a receiver would be unable to marshal control of the condominium units if they are sold prior to the receiver's appointment. Athena claims plaintiff would suffer no harm because it has a secured interest in the property, which takes priority over plaintiff's interest. Athena claims it, rather, would suffer irreparable harm because it has incurred costs and expenses in proceeding to foreclose on the condominium units and will be delayed in attempting to protect its security interest. The Court has considered these contentions and finds the balance of the harms, in light of the Court's assessment of the likelihood of success on the merits, weighs in plaintiff's favor. Moreover, as discussed below, the Court is imposing the requirement that plaintiff post a bond, which

10

Case 3:09-cv-00498-TAV-HBG   Document 553   Filed 05/29/12   Page 10 of 14   PageID #: 6765

is intended to cover Athena's costs and expenses in proceeding to foreclose on the condominium units.

### C. Public Interest

While the public has an interest in allowing secured creditors to foreclose on their security interests and in not having the condominium units remain vacant, it also has an interest in seeing the Court's judgments enforced and in preventing defendants from thwarting the judgment of this Court. Given the circumstances of this case, a receivership most likely will serve the public interest because it will be able to evaluate the foreclosure, determine the amount of legitimate consideration exchanged for the various transactions involving Mr. Doukas's entities and defendants, and take such necessary action to protect defendants' assets, actions that will ensure the Court's judgment is properly enforced. The Court thus finds by granting the requested injunction, the public interest would be served.

In sum, after consideration of all the relevant factors and the record before the Court, and for the reasons explained herein, the Court finds an injunction enjoining the foreclosure of the eleven condominium units at Building D of Renaissance at Rarity Bay is warranted until (1) a receiver is appointed in this case and (2) the receiver makes a determination as to the disposition of the assets of LTR, including specifically the eleven condominium units at issue in the present matter, or (3) such other further prior order of this Court.

### IV.     Whether Athena is Bound by the Injunction

The Court may issue an injunction that will bind not only parties, but certain others, if it finds one appropriate. *See* Fed. R. Civ. P. 65(d)(2). Rule 65(d) provides:

11

> (2) ***Persons Bound***. The [injunction] order binds only the following who receive actual notice of it by personal service or otherwise:
>
>> (A)  the parties;
>>
>> (B) the parties' officers, agents, servants, employees, and attorneys; and
>>
>> (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Fed. R. Civ. P. 65(d)(2). Here, Athena has specially appeared in this action and responded to the motion for injunctive relief, and so it has received notice that an injunction impacting its foreclosure activities could be entered by the Court. Nevertheless, out of an abundance of caution, the Court will order plaintiff to personally serve Athena a copy of this memorandum opinion and order.

Athena, however, is not a party, nor an officer, agent, servant, employee, or attorney of any party, and so Athena can be bound by an injunction enjoining the foreclosure of the condominium units only if the Court finds Athena is acting in concert or participation with defendants or their officers, agents, servants, employees, or attorneys in this case. Athena maintains that it is not acting in concert with defendants. Collectively considering all the evidence submitted in connection with plaintiff's motion, and the record in this case, including, among other things, the various transfers of property, the agreed judgment among Michael Ross, LTR, and Athena entered in state court, the March 12, 2012 pledge of LTR stock, the agreement among Michael Ross and Mr. Doukas purporting to allow Tellico Lake Properties, L.P. to sell all of the real and personal property it owns to American Harper

12

Corporation, and the timing of all such transactions, the Court finds it difficult to agree with Athena. Indeed, the evidence suggests it is likely that Athena is acting in concert with defendants. The requested injunction, therefore, can bind Athena.

## V.     Bond

Rule 65 provides that a preliminary injunction may be issued "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). While the Sixth Circuit has stated a district court "errs when it fails to expressly consider the question of requiring a bond when the issue has been raised," it has also found that a court has no mandatory duty to impose a bond as a condition for issuance of injunctive relief. *NACCO Materials Handling Grp., Inc. v. Toyota Materials Handling USA, Inc.*, 246 F. App'x 929, 952 (6th Cir. 2007) (alterations, quotation marks, and citations omitted).

During the hearing, the Court stated its intention on requiring a $5,000 bond pursuant to Rule 65(c) to cover the costs and expenses of any preparation for the foreclosure set for May 20, 2012. It allowed the parties until the close of business Thursday, May 24, 2012, to file documents pertaining to that intention. Neither party, however, filed any documents in response to the Court's invitation. Accordingly, the Court will impose, as a requirement for injunctive relief, that plaintiff post a $5,000 bond.

## VI. Conclusion

For the reasons explained herein, the Court hereby **GRANTS** plaintiff's Motion for Temporary Injunctive Relief Pending the Court's Ruling on the Appointment of a Receiver and Request for Expedited Hearing On or Before May 23, 2012 [Doc. 532]. The foreclosure of the eleven condominium units at Building D of Renaissance at Rarity Bay referenced in plaintiff's motion set for May 30, 2012, is hereby **ENJOINED** until (1) a receiver is appointed in this case and (2) the receiver makes a determination as to the disposition of the assets of LTR, including specifically the eleven condominium units at issue in the present matter, or (3) such other further prior order of this Court. It is also hereby **ORDERED** that plaintiff shall post bond with the Court in the amount of $5,000 to secure against damages to Athena should it be determined that Athena was wrongfully enjoined. It is further **ORDERED** that plaintiff personally serve Athena a copy of this memorandum opinion and order on or before Wednesday, May 30, 2012, at 9:00 a.m.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE