UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) <br> ) <br> Plaintiff, ) <br> ) No.: 3:09-CV-498 <br> v. ) (VARLAN/GUYTON) <br> ) <br> MICHAEL L. ROSS, *et al.*, ) <br> ) <br> Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Defendants' Notice of Authority of Requirement of the Trial Court to Review a Punitive Damages Award Made Pursuant to Tennessee State Law Claims and Motion for the Court to Undertake Such Review [Doc. 391] and the Ross Defendants' Joinder with Co-Defendants' Motion to Review Punitive Damages [Doc. 397]. Defendants ask the Court to review the award of punitive damages in this case pursuant to *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992). Defendants claim that, in *Hodges*, the Tennessee Supreme Court imposed upon trial courts the duty to review an award of punitive damages, giving consideration to all matters on which the jury is required to be instructed.

In *Hodges*, the Tennessee Supreme Court stated:

> After a jury has made an award of punitive damages, the trial judge shall review the award, giving consideration to all matters on which the jury is required to be instructed. The judge shall clearly set forth the reasons for decreasing or approving all punitive awards in findings of fact and conclusions of law demonstrating a consideration of all factors on which the jury is instructed.

833 S.W.2d at 902. The Sixth Circuit has indicated, however, that this requirement is a matter of procedure and that federal courts are not bound by the rule. *See Medlin v. Clyde Sparks Wrecker Serv., Inc.*, 59 F. App'x 770, 776 (6th Cir. 2003) (noting that "Tennessee law requiring a trial court to 'make findings of facts and conclusions of law approving the punitive damage award . . . [is] a matter of procedure, and in a diversity action a federal court is not bound by state procedural rules'" (citation omitted)); *Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir. 1997) (same); *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 901 (6th Cir. 2002) (noting that in federal court, federal procedural rules must be applied even if they differ from otherwise applicable state rules and even if the difference is outcome determinative). Defendants assert *Medlin* and *Buziashvili* are not applicable to the instant case because they apply only to diversity actions. It is clear, however, that federal courts apply substantive state law and federal procedural law in diversity actions as well as in pendent jurisdiction cases. *Felder v. Casey*, 487 U.S. 131 (1988); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Accordingly, the fact that this action is not a diversity action, but one that involves supplemental state claims, is irrelevant.

The Court also notes that defendants cite other cases in support of their contention that the Court must undertake a review of the jury's award of punitive damages: *Clarendon Ltd. v. Foster*, 7 F.3d 232 (6th Cir. 1993), *Riccardi v. Vanderbilt University Medical Center*, 3:06-CV-615, 2008 WL 60507 (M.D. Tenn. Jan. 2, 2008), and *Cassidy v. Spectrum Rents*, 959 F. Supp. 823 (E.D. Tenn. 1997). None of these cases, however, address the issue

2

presented here; that is, whether a federal court must undertake the review contemplated by *Hodges*. Thus, they are inapposite.

Accordingly, for the reasons stated herein, the Court finds it is not required to undertake a review of the jury's award of punitive damages pursuant to *Hodges*. Defendants' Notice of Authority of Requirement of the Trial Court to Review a Punitive Damages Award Made Pursuant to Tennessee State Law Claims and Motion for the Court to Undertake Such Review [Doc. 391] and the Ross Defendants' Joinder with Co-Defendants' Motion to Review Punitive Damages [Doc. 397] are hereby **DENIED**.[1]

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that, despite its findings pursuant to this memorandum opinion and order, it will have to undertake a review of the punitive damages award in conjunction with defendants' motions for remittitur [Docs. 392, 398]. Accordingly, the Court alternatively **DENIES as moot** Defendants' Notice of Authority of Requirement of the Trial Court to Review a Punitive Damages Award Made Pursuant to Tennessee State Law Claims and Motion for the Court to Undertake Such Review [Doc. 391] and the Ross Defendants' Joinder with Co-Defendants' Motion to Review Punitive Damages [Doc. 397].