UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT T. STOOKSBURY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 3:09-CV-498 |
| v. | ) | (VARLAN/GUYTON) |
| | ) | |
| MICHAEL L. ROSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Defendants' Motion for a New Trial Pursuant

to F.R.C.P. 50(b) and F.R.C.P. 59 [Doc. 404][1] and Defendants' Motion for a New Trial [Doc.

405].[2]  Plaintiff filed a consolidated response in opposition [Doc. 452], but defendants did

not reply, and the time for doing so has passed.  *See* E.D. Tenn. L.R. 7.1(a), 7.2.

## I.    Standards of Review

A motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure

50(b) may be renewed after entry of judgment.  Fed. R. Civ. P. 50(b).  "The motion may be

granted only if in viewing the evidence in the light most favorable to the non-moving party,

---

[1]This motion was filed by Rebecca Ross Jordan, the Estate of Dale Ross, and Rarity Management Company, LLC (the "Jordan defendants").

[2]This motion was filed by LTR Properties, Inc., RPL Properties, LLC, LC Development Company, LLC, Michael L. Ross d/b/a Rarity Realty, Michael L. Ross d/b/a Rarity Pointe Realty, Rarity Communities, Inc., Tellico Lake Properties, L.P., Nickajack Shores Holdings, LLC, Rarity Investment Company, LLC, Rarity Corporation, Rarity Property Management, Inc., Rarity Ridge Club, Inc., Rarity Club Corporation, Broadberry Development Company, LLC, Hiawassee Properties LLC, RM Company, LLC, LOM Development Company, LLC, VPI Company, LLC, and Tellico Communities, Inc. (the "Ross defendants").

there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 614 (6th Cir. 2007) (citations omitted). Notably, the Court may not "reweigh the evidence or assess the credibility of witnesses." *Id.* (citations omitted).

In making a renewed motion for judgment as a matter of law, a party may also include an alternative request for a new trial under Federal Rule of Civil Procedure 59. *See* Fed. R. Civ. P. 50(b). Rule 59(a) provides, in part, that the a new trial may be granted "on all or some of the issues–and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a). A new trial is warranted when a jury has reached a "seriously erroneous result," which may occur when (1) the verdict is against the weight of the evidence; (2) the damages awarded are excessive; or (3) the trial was unfair to the moving party in some fashion (i.e., the proceedings were influenced by prejudice or bias). *See Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996). "A trial court should deny a motion for new trial 'if the verdict is one that reasonably could be reached, regardless of whether the trial judge might have reached a different conclusion were he the trier of fact.'" *Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 796 (6th Cir. 1996) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 525 (6th Cir. 1994)). The burden of demonstrating the necessity of a new trial is on the moving party, and the ultimate decision whether to grant such relief is a matter vested within the sound discretion of the district court. *Clarksville–Montgomery Co. Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 1002 (6th Cir. 1991).

## II.    Analysis

The Court assumes familiarity with the both the facts and procedural history of this case, which are complex.  For purposes of this motion, the Court notes that, collectively, defendants assert over ten reasons why relief should be granted.  The Court takes each in turn and discusses the relevant facts and history of the case as needed.

### A.    Defendants' Assertion that Entry of Default Judgment on Liability was Inappropriate

Defendants assert that the Court erred in imposing default judgment as a discovery sanction, despite that defendants had mostly complied with the Court's orders and plaintiff received the discovery he requested [Doc. 404 ¶ 1; Doc. 405 ¶ 1].  The Court declines to grant relief on this basis.  Defendants cite no authority in support of their argument, and the Court thoroughly considered defendants' contention that they mostly complied with the discovery orders in connection with defendants' motion to set aside default [Doc. 343].  The Court does not find further discussion on the matter warranted.

### B.    Defendants' Assertion that the Court Erred in Not Setting Aside the Sanction of Default Judgment

Defendants assert that the Court erred in failing to set aside the default judgment, even though sufficient grounds for setting aside default had been shown, namely, the problems created by the withdrawal of lead counsel [Doc. 404 ¶ 2; Doc. 405 ¶ 2].  The Court declines to grant relief on this basis.  Again, defendants cite no authority in support of their argument, and the Court thoroughly considered defendants' contention with respect to defendants'

3

motion to set aside default [Doc. 343]. The Court does not find further discussion on the matter warranted.

### C. Defendants' Assertion that the Court Erred in Not Granting Defendants' Motion to Dismiss for Failure to Add an Indispensible Party and for Lack of Standing

Defendants assert that the Court erred in not granting their motion to dismiss for failure to add an indispensable party and for lack of standing [Doc. 404 ¶ 3; Doc. 405 ¶ 3]. The Court first finds the argument without merit because defendants fail to cite any new authority or grounds that have not been previously raised in support of this argument [*See*, *e.g.*, Docs. 289, 344, 372]. The Court also notes that it orally denied the motion on the basis that it was untimely under the Court's Scheduling Order [Doc. 302]. Further, the Court notes that it addressed defendants' argument pursuant to defendants' motion for a directed verdict. It found the allegations of the amended complaint and the testimony presented during trial constituted enough support for the proposition that plaintiff suffered injuries independent from any injuries suffered by Tellico Landing to defeat defendants' Rule 50(a) motion.

### D. Defendants' Assertion that Plaintiff Failed to Demonstrate RICO Damages were Proximately Caused by Defendants' RICO Predicate Acts

Defendants assert the jury lacked a sufficient evidentiary basis to award RICO damages because plaintiff failed to demonstrate that the damages claimed were proximately caused by the RICO predicate acts of defendants [Doc. 404 ¶ 4; Doc. 405 ¶ 4]. Again, the Court finds defendants' argument without merit as defendants fail to cite any new authority or grounds that have not been raised in previous briefing to the Court [*See*, *e.g.*, Docs. 303,

4

341, 344, 345, 372]. Moreover, the allegations of plaintiff's amended complaint and the evidence at trial demonstrated that plaintiff's losses flowed from defendants' commission of RICO predicate acts and that plaintiff sustained injury to his business and property as a result.

### E. Defendants' Assertion that the Admission of Cord Middleton's Testimony was Inappropriate

Defendants assert that Cord Middleton's expert testimony should have been excluded or stricken pursuant to Rules 702 and 703 of the Federal Rules of Evidence because it was not based on any financial data and was too unreliable to be a basis for damages [Doc. 404 ¶ 5; Doc. 405 ¶ 5]. Once again, defendants fail to assert any authority in support of this argument. Moreover, the Court notes that defendants moved *in limine* before trial to exclude the testimony of Mr. Middleton [*see* Docs. 273, 282], but the Court denied the motion based on defendants' failure to comply with the Court's deadline for filing *Daubert* hearings, and that defendants failed to make any specific objection to Mr. Middleton's testimony during trial [Doc. 302].

### F. Defendants' Assertion that the Court Erred in Denying Defendants' Motion for a Directed Verdict

Defendants assert the Court erred in not granting their motion for a directed verdict on the grounds of lack of standing [Doc. 404 ¶ 6–7; Doc. 404 ¶ 6–7]. The Court finds this argument without merit because, once again, defendants fail to cite any new authority or grounds that have not been raised in previous briefing to the Court.

5

**G.** **Defendants' Assertion that the Jury Instructions Regarding Punitive Damages were Inappropriate**

Defendants' assert that the Court erred in not instructing the jury on the "clear and convincing evidence" standard for imposing punitive damages [Doc. 404 ¶ 8; Doc. 405 ¶ 8]. The Court finds this argument without merit. In addressing defendants' objections to the jury instructions, the Court found that the "clear and convincing evidence" standard relates to liability for punitive damages and that such had already been established by virtue of the default judgment. Moreover, the Court noted that defendants waited until the charge conference to raise such point, despite that they had indicated in their proposed pretrial order that the only issue relating to punitive damages was the amount to be awarded.

**H.** **Defendants' Assertion that the Court Erred in Not Reviewing the Award of Punitive Damages**

Defendants assert that the Court erred in not following the substantive requirements of *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992), which requires that the Court review any award of punitive damages [Doc. 404 ¶ 9; Doc. 405 ¶ 10]. The Court notes that defendants asked the Court to review the punitive damages award at the conclusion of the trial and the Court requested that defendants file a motion on the matter. Such motion is currently pending before the Court [*see* Docs. 391, 397] and the Court will address defendants' argument in conjunction with that motion.

6

## I.     Defendants' Assertion that the Jury Lacked Sufficient Evidence to Award Damages

The Jordan defendants assert the jury lacked sufficient evidence to award RICO damages [Doc. 404 ¶ 12]. They claim the jury awarded common law damages for breaches of fiduciary duty and fraud based upon plaintiff's proof of lost profits and erroneously accepted plaintiff's proof of the mishandling of monies as RICO damages. The Court finds this argument without merit. The jury verdict form for the first phase of the trial provided separate inquires regarding the amount of damages for the RICO claims and the state-law claims, and the jury awarded different amounts for each type of claim [*See* Doc. 383].

Defendants also assert that the jury lacked sufficient evidence to award punitive damages [Doc. 404 ¶ 13; Doc. 405 ¶ 13]. The Court notes that this issue is the subject of other motions pending before the Court, particularly, defendants' motions for remittitur [Docs. 392, 398], and the Court will address whether sufficient evidence to award punitive damages existed in conjunction with those motions.

## J.     Defendants' Assertion that the Court Erred in Excluding Defendants' Exhibit 3 from Evidence

Defendants assert the Court erred in excluding defendants' Exhibit 3 from evidence because there were material factual disputes with respect to the agreement contained in Exhibit 3 that pertained to the issue of damages [Doc. 404 ¶ 10; Doc. 405 ¶ 11]. Defendants' Exhibit 3 was a December 31, 2004 profits and losses agreement, which set forth the terms and conditions governing profits and losses to be allocated to plaintiff and Ward Welchel with respect to certain property that was described in a purchase agreement, which was

7

referred to as the Lodge Property on which condominium units would be built. Paragraphs 2 and 3 of the agreement stated that losses and profits would be allocated on a certain basis, "in the event RPL has profits [or losses]," a determination that would be made on an annual basis "after the development of the property." There was uncontrovered testimony that the property referred to in the profits and losses agreement was never developed, as well as testimony that the sale underlying the purchase agreement was never consummated. Moreover, the allegations of the complaint, particularly paragraph 74, subpart 10, provided that "Mike Ross, himself and through entities controlled by Mike Ross and Dale Ross/the Estate of Dale Ross[,] developed and marketed a condominium project for Rarity Pointe" that "failed" and "diverted millions of dollars in funds allegedly to pay for expenses relating to the condominium project" [Doc. 73]. Accordingly, the Court found that the profits and losses provisions of the profits and losses agreement never became effective because the property referred to in the agreement was never developed. It thus excluded defendants' Exhibit 3 as irrelevant to the determination of damages. Defendants have provided the Court with nothing to persuade it that this determination was in error.

### K. The Ross Defendants' Assertion that the Jury Verdict Form was Inappropriate

The Ross Defendants assert that the Court erred in submitting verdict forms that separated defendants for the purpose of assessing punitive damages [Doc. 405 ¶ 12]. The Court finds this argument without merit as the Ross defendants failed to object to the jury verdict form. During trial, the Ross defendants' counsel stated that he did not have an

8

opinion with respect to the verdict form, despite that counsel for the Jordan defendants requested use of an individualized verdict form.

### L. Defendants' Assertion that the Court Erred in Failing to Grant Defendants' Motion to Alter or Amend the Judgment and in Instructing the Jury with Regard to Damages

Defendants assert that the Court erred in failing to grant defendants' motion to alter or amend the judgment and erred in instructing the jury with regard to RICO and state-law damages [Doc. 404 ¶ 11; Doc. 405 ¶ 9]. Once again, the Court finds defendants' argument without merit as defendants fail to cite any new authority or grounds that have not been raised in previous briefing to the Court on this matter [*See* Doc. 287].

Regarding the contention that the Court should have granted defendants' motion to alter or amend, the Court notes that, pursuant to that motion, defendants sought for the Court to alter or amend the default judgment order to set forth the type, character, and relevance of proof of damages at trial [*See id.*]. In orally ruling on the motion [Doc. 370], the Court noted that defendants pointed to *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51 (2d Cir. 1971), and the Second Circuit's statement that:

> The outer bounds of recovery allowable are of course measured by the principle of proximate cause. The default judgment did not give [plaintiff] a blank check to recover from [defendant] any losses it had ever suffered from whatever source. It could only recover those damages arising from the acts and injuries pleaded and in this sense it was [plaintiff's] burden to show 'proximate cause.' On the other hand, there was no burden on [plaintiff] to show that any of [defendant's] acts caused the well-pleaded injuries, except as we have indicated that it had to for the purpose of establishing the extent of the injury caused [plaintiff], in dollars and cents.

9

Defendants claimed the concepts addressed in *Hughes* were equally pertinent to this case because RICO case law has its own unique proof of damage requirements in addition to proximate cause. The Court recognized, however, that the Second Circuit subsequently explained that, "in the *Hughes* context, the application of proximate cause presumes that liability has been established, and requires only that the compensation sought relate to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). The Court also recognized that if a district court determines that a defendant is in default, then the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *See* Fed. R. Civ. P. 8(d); *see also Commodity Futures Trading Comm'nv. FxTrade Fin., LLC*, No. 2:04-cv-2181, 2007 WL 4790811, at *3 (W.D. Tenn. 2007) (citing cases). The Court thus found that while default judgment constituted an admission that damages were proximately caused by the defaulting parties' conduct alleged in the amended complaint, plaintiff had to prove that the compensation sought related to the damages that naturally flow from the injuries pleaded. The Court also found defendants failed to present any clear error of law with respect to the Court's entry of default judgment, nor any newly discovered evidence or intervening change in controlling law. The Court further found no need to prevent manifest injustice because the jury instructions could adequately address the extent to which plaintiff was required to prove his damages. Again, defendants fail to provide the Court with any reason or authority why this conclusion was in error.

10

With respect to defendants' contention that the Court erred in instructing the jury regarding damages, the Court notes that it declined to give the jury several of defendants' proposed instructions. However, defendants fail to point to any specific instruction that was given in error, and the Court finds its rulings on defendants' proposed jury instructions, many of which related to causation or attempted to raise the possibility that plaintiff had no damages, proper.

### M. The Ross Defendants' Assertion that the Court Erred in Failing to Instruct the Jury that Defendants' Liability was Based upon Default Judgment and that Defendants were Not Charged or Convicted of Any Crime

The Ross defendants assert that the Court erred in failing to instruct the jury that the finding of defendants' liability was based upon defendants' failure to comply with the Court's orders regarding discovery and that defendants were not charged or convicted of any crime [Doc. 405 ¶ 14]. The Court finds this argument without merit as the only issue for the jury was a determination of the amount of damages; how liability was determined and that defendants were not charged with any crime was irrelevant to this determination. Nevertheless, the Ross defendants' argument is moot as counsel for the Ross defendants announced during the direct examination of Michael Ross that liability attached as a result of the default judgment entered in this case.

11

**III.    Conclusion**

For the reasons explained herein, Defendants' Motion for a New Trial Pursuant to

F.R.C.P. 50(b) and F.R.C.P. 59 [Doc. 404] and Defendants' Motion for a New Trial [Doc.

405] are **DENIED**.

IT IS SO ORDERED.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE