UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., )<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>MICHAEL L. ROSS, )<br>LTR PROPERTIES, INC., )<br>RPL PROPERTIES, LLC, )<br>LC DEVELOPMENT COMPANY, LLC, )<br>MICHAEL L. ROSS doing business as )<br>RARITY REALTY doing business as )<br>RARITY POINTE REALTY, )<br>REBECCA ROSE ROSS JORDAN, )<br>RARITY COMMUNITIES, INC., )<br>TELLICO LAKE PROPERTIES, L.P., )<br>NICKAJACK SHORES HOLDINGS, LLC, )<br>RARITY INVESTMENT COMPANY, LLC, )<br>RARITY CORPORATION, )<br>RARITY MANAGEMENT COMPANY, LLC, )<br>RARITY PROPERTY MANAGEMENT, INC., )<br>RARITY RIDGE CLUB, INC., )<br>RARITY CLUB CORPORATION, )<br>BROADBERRY DEVELOPMENT COMPANY, LLC, )<br>HIAWASSEE PROPERTIES LLC, )<br>RM COMPANY, LLC, )<br>LOM DEVELOPMENT COMPANY, LLC, )<br>VPI COMPANY, LLC, )<br>PATRICIA ROSS ON THE BEHALF OF ESTATE OF )<br>DALE M. ROSS, and )<br>TELLICO COMMUNITIES, INC., )<br>    Defendants. ) | No. 3:09-CV-498<br>(VARLAN/GUYTON) |

## **MEMORANDUM AND ORDER**

This case came before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 485]. In a Memorandum and Order entered May 23, 2012, the Court granted the Plaintiff's Motion for Order Precluding Transfer of Assets and to Appoint Receiver [Doc. 548].

The Court gave the parties an opportunity to file objections to the Order Precluding the Transfer or Dissipation of Any Assets of the Defendants and Order Appointing Receiver [Doc. 535-1], proposed by the Plaintiff, or to propose parameters of the receivership. The parties have made their filings [Docs. 566, 577]. The Court, having considered the filings submitted, the applicable law, and the record as a whole, ORDERS as follows.

1. Based upon his education, background, and experience, Sterling P. Owen IV is an appropriate receiver for this case, and Sterling P. Owen IV is **APPOINTED** to serve as receiver for all of the Defendants in this case;

2. Pursuant to the inherent equitable powers of the Court to enforce its Judgments, Defendants are hereby **PRECLUDED** and **ENJOINED** from transferring, selling, pledging, assigning, donating, financing, encumbering, injuring, destroying, deleting, or dissipating any of their assets, including but not limited to any and all interests in property of whatever kind or nature, including but not limited to real property, declarants or developer's rights in real property, interests in and/or payments from property owners' association and/or clubs, whether for fees, dues, memberships or otherwise; stock; any and all personal property; commercial paper; any marketable asset of any kind; furniture, fixtures and equipment; computers; phones; and any and all records and/or data, whether in paper form and/or stored as computer data and/or as electronically stored information, concerning any of the Defendants and any business or association in which any of the Defendants have ownership and control, except to the extent of the natural (non-corporate) defendants who shall be entitled to use their lawfully exempt property and their future labors for their personal support and necessary living expenses without first obtaining approval from the Court;

3. Mr. Owen is hereby appointed to identify, take possession of, and control of any and all of Defendants' assets in the manner best suited to preserve Defendants' assets, except to the extent a natural (non-corporate) defendant lawfully exempts such assets, up to the amount of the Plaintiff's Judgment[1], and for such other purposes as the Court may direct; that Mr. Owen is hereby vested with the following authority and shall have the following duties and responsibilities, subject to the further orders of the Court:

   a. To take possession of all assets, except for assets exempt under law, documents and property of every kind whatsoever belonging to each Defendant, including, but not limited to, all real property, personal property, bank accounts, financial and business accounts, records and electronically stored information, (excluding attorney-client and other privileged communication), accounts receivable, commercial paper, causes of action in law or equity, options and contracts concerning any interests in real property or personal property, income or payments due, all interests in real property, including but not limited to all membership fees, dues and any other payments due or receivable on account of any interest in any real estate association, whether by ownership, control, contract, or otherwise, stocks, bonds, debentures, mortgages, earned and unearned commissions or service fees due and not paid, together with all furniture, fixtures, equipment, files, records, correspondence or any other documentation, and office supplies, and to hold all such items referenced above, up to the amount of the Plaintiff's Judgment, in trust, pending further orders of this Court;

---

[1] The amount of the Judgment, at this time, is in excess of $25 million [Docs. 390, 562]. However, Plaintiff still has pending motions for attorney fees and costs [Docs. 250; 399; 403].

b. To be compensated out of the funds or assets of the Defendants which either are in the possession of Mr. Owen or which come into his possession:

   i. For his time at a rate of $175 per hour plus reimbursement for expenses, including but not limited to travel expenses[2]. Mr. Owen shall submit periodic applications for compensation, which shall be supported by adequate documentation of the services rendered, and thereafter, the Court will determine the compensation to be rendered to Mr. Owen;

   ii. For employment of legal counsel, accountants, clerks, and such assistance as he deems necessary, and to receive and/or authorize the payment of such reasonable and necessary costs and expenses, as approved by the Court;

c. To evaluate and operate the business of each Defendant corporation, partnership or limited liability company, and each business entity or association owned and/or controlled by each Defendant as Mr. Owen deems necessary, including but not limited to any property owners' association or entity operating or controlling any asset, real property or association with any interest in real property, to avoid waste or dissipation and to protect and to maximize the value of each business entity and each association pending sale or other disposition upon approval of this Court;

d. To commence, defend, and/or intervene in any legal action in which any Defendant or any related entity is a party, may become a party, or should be a party, whether any such action is pending or is commenced before or after the

---

[2] The Court relies on the recent order of the U.S. District Court for the Eastern District of Tennessee (Defining Powers of Receiver) in Raceday Center, LLC v. RL BB Financial, LLC, et al., No.:2:11-CV-17 [Doc. 28] (E.D.Tenn., Greer, filed March 8, 2011).

4

entry of this Order, if Mr. Owen determines that commencing, defending, and/or intervening in any such legal action is in the best interests of preserving assets up to the amount of the Plaintiff's Judgment (this shall not preclude any Defendant in this case from continuing to pursue any right, defense or appeal in this case independently of Mr. Owen);

e. To commence, defend, intervene in, and/or maintain any and all legal actions as deemed necessary by the Receiver for the proper administration and/or disposition of any of the assets of Defendants in order to preserve assets up to the amount of the Plaintiff's Judgment;

f. To direct and/or discharge forthwith any and all officers, directors, agents, accountants, and employees of any or all business or association owned and/or controlled by each Defendant, to the extent Mr. Owen deems it necessary or advisable to prevent the dissipation of assets up to the amount of the Plaintiff's Judgment;

g. To identify and to report to the Court regarding any improper and/or fraudulent conveyances involving any property and/or assets of any of the Defendants and to prosecute and/or facilitate the prosecution of any and all appropriate legal proceedings to secure and take possession of any and all such property and/or assets in order to preserve assets up to the amount of the Plaintiff's Judgment;

h. To maintain records of any and all assets, except for lawfully exempt assets, of the Defendants which Mr. Owen identifies, to be able to account for any and all such assets and any and all expenses Mr. Owen incurs, and to report such matters to the Court on a quarterly basis, or as the Court hereafter directs;

5

Case 3:09-cv-00498-TAV-HBG   Document 586   Filed 06/06/12   Page 5 of 6   PageID #: 6921

i. If necessary, to maintain a separate account with a federally insured banking institution with offices in the State of Tennessee in the Receiver's own name, as Receiver; and

   j. To apply to this Court as Mr. Owen finds or deems it necessary for any further guidance and/or instructions for the discharge of his duties.

4. Mr. Owen, upon taking possession of any of Defendants' assets, shall obtain a bond in an amount equivalent with the amount of liquid assets taken in his possession, but in no event less than $50,000, the cost of which is to be paid by Plaintiff. However, the Receiver shall not be individually liable for losses provided that the Receiver has acted in good faith to perform his duties, and has not committed gross negligence or intentional misconduct.

5. Defendants are hereby enjoined from initiating any litigation of any kind, including but not limited to any bankruptcy proceeding, without leave of this Court;

The Court shall retain jurisdiction of this cause for the purpose of granting such other further relief as the Court finds to be equitable and just.

   **IT IS SO ORDERED.**

                                             ENTER:


                                             _____ s/ H. Bruce Guyton
                                             United States Magistrate Judge