UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, ) | |
| LTR PROPERTIES, INC., ) | |
| RPL PROPERTIES, LLC, ) | |
| LC DEVELOPMENT COMPANY, LLC, ) | |
| MICHAEL L. ROSS doing business as ) | |
| RARITY REALTY doing business as ) | |
| RARITY POINTE REALTY, ) | |
| REBECCA ROSE ROSS JORDAN, ) | |
| RARITY COMMUNITIES, INC., ) | |
| TELLICO LAKE PROPERTIES, L.P., ) | |
| NICKAJACK SHORES HOLDINGS, LLC, ) | |
| RARITY INVESTMENT COMPANY, LLC, ) | |
| RARITY CORPORATION, ) | |
| RARITY MANAGEMENT COMPANY, LLC, ) | |
| RARITY PROPERTY MANAGEMENT, INC., ) | |
| RARITY RIDGE CLUB, INC., ) | |
| RARITY CLUB CORPORATION, ) | |
| BROADBERRY DEVELOPMENT COMPANY, LLC, ) | |
| HIAWASSEE PROPERTIES LLC, ) | |
| RM COMPANY, LLC, ) | |
| LOM DEVELOPMENT COMPANY, LLC, ) | |
| VPI COMPANY, LLC, ) | |
| PATRICIA ROSS ON THE BEHALF OF ESTATE OF ) | |
| DALE M. ROSS, and ) | |
| TELLICO COMMUNITIES, INC., ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 589], referring Defendant Rebecca Ross Jordan's Motion to Quash Plaintiff's Subpoena to Appear at the Hearing Scheduled for June 13, 2012, or

in the Alternative to Issue a Protective Order Limiting the Scope of any Examination of this Witness to the Issue Before the Court [Doc. 585], to the undersigned for disposition.

I.  BACKGROUND

In this case, a multi-million dollar judgment has been entered against the Defendants in favor of the Plaintiff.  On May 8, 2012, the Plaintiff filed a Notice of Service [Doc. 488], stating that he had served each of the Defendants with Plaintiff's First Set of Interrogatories and Requests for Production of Documents and Things In Aid of Execution.  Two motions relating to these interrogatories are now pending before the undersigned: Plaintiff's Motion to Shorten Defendants' Time to Respond to Plaintiff's First Set of Discovery Requests to Defendants in Aid of Execution; Motion to Modify the Briefing Schedule Set Forth in L.R. 7.1; and Motion for Expedited Hearing [Doc. 490] and Defendants' Motion for Protective Order and Response to Plaintiff's Motion to Shorten Time and Motion for Expedited Ruling [Doc. 529].  On May 24, 2012, the Clerk of Court sent notice that the parties were to appear before the Court on June 13, 2012, to be heard on each of these motions.

On June 1, 2012, the Plaintiff subpoenaed six persons to appear at this hearing: Michael Alfred, Rebecca Ross Jordan ("Defendant Jordan"), Gregory Baker, Pamela Lane, Carolyn Beatty, and Michael Ross.  [Docs. 598-603].  On June 6, 2012, Defendant Jordan filed the motion to quash, which is now before the Court and is ripe for adjudication.

II.  POSITIONS OF THE PARTIES

Defendant Jordan moves the Court for entry of an order quashing the subpoena commanding her appearance at the hearing to be held June 13, 2012.  Defendant Jordan asserts

2

that neither of the motions to be addressed at that hearing "appear to require testimony." [Doc. 585 at 1]. She suggests that any such information should be acquired through depositions coordinated with the receiver that has been appointed in this case. Defendant Jordan also asserts that the subpoena served upon her does not comply with Rule 45(b)(1) of the Federal Rules of Civil Procedure, because it was not accompanied by fees for attendance and mileage. Defendant Jordan alternatively requests that the Court limit the scope of any examination at the hearing to testimony related to the motions before the Court. [Doc. 585 at 2].

The Plaintiff responds that the Defendants, including Defendant Jordan, have supported their Motion for Protective Order with two affidavits asserting that they lack the resources to complete the requested discovery. The Plaintiff argues that he is "entitled to challenge Defendants' positions at the hearing with any relevant information or testimony." [Doc. 605 at 2]. The Plaintiff further responds that the subpoenas comply with Rule 45, because it is well-established that only non-party witnesses are entitled to attendance fees and mileage. [Doc. 605 at 3]. Finally, the Plaintiff maintains that Defendant Jordan has not established any basis for limiting the scope of her testimony at this juncture. [Doc. 605 at 3].

III. ANALYSIS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Court *must* quash or modify a subpoena that: (i) does not allow reasonable time to comply; (ii) requires a non-party to travel more than 100 miles from his or her residence; (iii) requires disclosure of a privileged or protected matter; or (iv) subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(A). The Court *may* also quash subpoenas where: (i) the subpoena would require disclosure of a trade secret or confidential research; (ii) the subpoena would require disclosure of an unretained

3

expert's opinion; or (iii) a non-party would be required to travel more than 100 miles and incur substantial expense to attend trial. Fed. R. Civ. P. 45(c)(3)(B).

The Court has considered Defendant Jordan's position, but the Court finds that the Plaintiff has not met her burden of demonstrating that the subpoena should be quashed. The Court finds that Defendant Jordan has not demonstrated that the subpoena served upon her would not allow reasonable time to comply. Defendant Jordan is a party to this action, and she is not being asked to travel more than 100 miles from her residence. Defendant Jordan has not demonstrated that the subpoena would require disclosure of a privileged or protected matter, nor has she demonstrated that it subjects her to an undue burden. Accordingly, the Court finds that Defendant Jordan has failed to demonstrate that the Court must quash the subpoena pursuant to Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure.

The Court further finds that Defendant Jordan has failed to show that the Court should quash the subpoena under Rule 45(c)(3)(B) of the Federal Rules of Civil Procedure. There is no evidence before the Court indicating that the subpoena would require disclosure of a trade secret or confidential research or that it would require disclosure of an unretained expert's opinion. Further, the Court has already established that Defendant is a party to this action and the subpoena would not require her to travel in excess of 100 miles. Accordingly, the Court finds that Defendant Jordan has failed to demonstrate that the Court may or should quash the subpoena pursuant to Rule 45(c)(3)(B) of the Federal Rules of Civil Procedure.

The Court finds that the failure to tender attendance fees and mileage does not render the subpoena deficient. The Plaintiff has cited the Court to case law supporting its position that Defendant Jordan, as a party to this action, is not entitled to attendance fees and mileage. See The Philadelphia, 163 F. 438 (E.D. Pa. 1908) ("A party testifying in his own behalf is not entitled to

4

witness fees or mileage, whether suing or defending for himself or in a representative capacity, or testifying for another joined with him"); Warren v. Weaver, 29 F. Cas. 290 (E.D. Pa. 1874) (holding a party is not entitled to witness fees and mileage for his own attendance); Flagg v. City of Detroit, 2010 WL 3070104 (E.D. Mich. Aug. 4, 2010) ("a non-party witness who is subpoenaed to appear for a deposition ordinarily is entitled only to a witness 'fee[ ] for 1 day's attendance and the mileage allowed by law.'") Defendant Jordan has not cited the Court to any case law in support of her position. Based upon the arguments and legal authority before it, the Court finds that the failure to tender attendance fees and mileage did not render the subpoena defective under Rule 45.

Finally, the Plaintiff has requested that the Court prohibit the Plaintiff "from engaging in a 'fishing expedition'" at the hearing to be held June 13, 2012. The Court will conduct the hearing in an orderly manner and will not allow either party to veer from the issues before the Court. Defendant Jordan's general request for parameters is premature and unnecessary at this juncture. It is not well-taken.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the Motion to Quash Plaintiff's Subpoena to Appear at the Hearing Scheduled for June 13, 2012, or in the Alternative to Issue a Protective Order Limiting the Scope of any Examination of this Witness to the Issue Before the Court **[Doc. 585]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

                                                ENTER:

                                                /s H. Bruce Guyton
                                                United States Magistrate Judge