UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., )<br>    Plaintiff, )<br> )<br> )<br>v. )<br> )<br>MICHAEL L. ROSS, *et al.*, )<br>    Defendants. ) | No. 3:09-CV-498<br>(VARLAN/GUYTON) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 616], referring to the undersigned a Motion to Quash Subpoenas [Doc. 610], filed by: Tennessee Land & Lakes, LLC; James F. Macri, the managing partner of Tennessee Land & Lakes; Shanks & Blackstock, attorneys at law; and Gregory D. Shanks, the managing partner of Shanks & Blackstock, (collectively "the Movants").

### I. BACKGROUND

A jury has returned a multi-million dollar judgment in favor of the Plaintiff in this case. The Plaintiff alleges that the Defendants have made transfers of property to avoid collection on this judgment. [See Doc. 532]. On May 31, 2012, counsel for the Plaintiff served subpoenas on the Movants. These subpoenas commanded these persons and entities to be present for depositions on June 13, 2012 and to produce certain documents at that time. [Docs. 569-572].

On June 12, 2012, the Movants filed the instant motion requesting that the Court quash the subpoenas and relieve the Movants from producing the documents requested. [Doc. 610]. The Plaintiff has responded in opposition to the Motion to Quash [Doc. 615], and counsel for the

parties appeared before the Court on June 18, 2012, to present oral arguments. The Court finds that the Motion to Quash is ripe for adjudication, and for the reasons stated below, it will be **GRANTED IN PART** and **DENIED IN PART**.

II.     POSITIONS OF THE PARTIES

The Movants argue that the Court should quash the subpoenas served by the Plaintiff because the subpoenas do not comply with Rule 45 of the Federal Rules of Civil Procedure. The Movants argue that the subpoenas served upon them are "overbroad, excessive, burdensome, oppressive[,] and subject[] the Movants to annoyance and undue burden and expense." [Doc. 611 at 1]. The Movants argue that the Plaintiff should obtain the information it seeks from Defendant Michael Ross or Ted Doukas, a non-party. The Movants also maintain that the scope of the requests is excessive. [Doc. 611 at 3-4]. They argue that the materials to be produced are privileged. [Doc. 611 at 5].

The Plaintiff responds that the documents sought by the Plaintiff are relevant and discoverable. [Doc. 615 at 1]. The Plaintiff argues that the Movants participated in or facilitated numerous transactions around the time the verdict was entered in this case. [Doc. 615 at 1-2]. The Plaintiff argues that the Movants have had notice of these subpoenas since at least May 15, 2012, and the depositions were rescheduled by agreement of counsel to a date more convenient for the Movants. The Plaintiffs maintain that the subpoenas are not unduly burdensome and the Movants have failed to establish any basis for quashing the subpoenas under Rule 45 of the Federal Rules of Civil Procedure.

2

### III. ANALYSIS

The Court will address the arguments before it in turn.

#### A. Fees for One Day's Attendance and Mileage

The Court will first address fees and mileage, a matter which was brought before the Court at oral arguments. Rule 45 of the Federal Rules of Civil Procedure requires that, if a subpoena requires a person's attendance, the serving party must tender "the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

The Movants noted at the hearing that neither mileage nor attendance fees were tendered with these subpoenas. The Plaintiff responded that these depositions were set by agreement at the office of two of the Movants. The Plaintiff offered to tender the fees and mileage.

The Court finds that the Movants have waived their objection to the subpoenas based upon the failure to tender attendance fees and mileage. It appears to the Court that these depositions were set by an agreement of the parties, and the Court finds that in this case it would be inappropriate to quash the subpoenas based upon the failure to tender fees. The Plaintiff has represented that he will tender fees at the deposition.

#### B. Quashing the Subpoenas

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Court *must* quash or modify a subpoena that: (i) does not allow reasonable time to comply; (ii) requires a non-party to travel more than 100 miles from his or her residence; (iii) requires disclosure of a privileged or protected matter; or (iv) subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(A). The Court *may* also quash subpoenas where: (i) the subpoena would require disclosure of a trade secret or confidential research; (ii) the subpoena would require disclosure of an unretained expert's opinion; or (iii) a non-party would be required to travel more than 100 miles and incur

3

substantial expense to attend trial.  Fed. R. Civ. P. 45(c)(3)(B).

The Court finds, first, that the Movants' argument that the Plaintiff should attempt to procure the material requested from Defendant Ross or Mr. Doukas, rather than the movants, is not well-taken.  The Movants have not cited the Court to any case law or rule requiring that the Plaintiff make a showing that he has attempted to acquire the information from Defendant Ross or Mr. Doukas, and the Court is not aware of such a requirement.

Second, the Court finds that none of the documents that have been submitted to the Court for *in camera* review are protected by the attorney-client privilege.  The Court finds that the Movants have not demonstrated that any of these documents should be exempted from production because they are privileged communications or otherwise protected communications.

Turning to the specific production requests, the Court finds that Production Requests No. 1, No. 2, No. 3, No. 4, and No. 8 in Exhibit A to the subpoenas are not overly-broad, and the Movants have been afforded a reasonable time to comply.  The Movants shall respond to these Production Requests.  The Movants **SHALL REDACT** Social Security numbers and bank account numbers from the materials produced in a manner consistent with Rule 5.2 of the Federal Rules of Civil Procedure.  The Plaintiff is **ORDERED** to hold this production in confidence in a manner consistent with the Protective Order [Doc. 142], previously entered in this case.  The documents produced may be provided to Receiver Sterling Owen, IV, in the same manner and under the same conditions of confidentiality imposed on the parties to this case and the Movants.

The Court finds that Production Request No. 5 is not overly-broad.  The Court finds that requiring the Movants to comply with this request is reasonable to the extent it is limited to

4

communications that are readily accessible to the Movants and is limited to documents that have not already been produced in response to Production Request No. 4.

The Court finds that Production Requests No. 6 and No. 7 are overly-broad and unduly burdensome. The Court finds that it is unreasonable to require the Movants to comply with these requests which relate to litigation between two entities to which the Movants have no apparent relationship. The Motion to Quash will be granted as to these Production Requests.

The Court finds that Production Requests No. 9, No. 10, and No. 11 are unduly burdensome. The Court finds, however, that the burdensomeness of these items can be cured by the parties discussing these Production Requests and finding a way to limit the scope of the requests. The Court would suggest limiting these Production Requests so that they require that the Movants only produce those communications that are in their possession and can be found and produced without performing extensive investigation — *i.e.* without retrieving communications from servers or asking third-parties to provide archival records. If the Plaintiff and the Movants cannot reach an agreement on this issue, they shall contact the chambers of the undersigned.

## IV. CONCLUSION

Based on the foregoing, the Motion to Quash **[Doc. 610]** is **GRANTED IN PART** and **DENIED IN PART**.  The Movants **SHALL PRODUCE** the documents requested by the Plaintiff, subject to the limitations discussed above, on or before **June 29, 2012,** or at a later date if by agreement of the Plaintiff and the Movants.  To the extent the Plaintiff continues to seek oral testimony to supplement these documents, the Plaintiff may re-notice the depositions limiting the scope of the depositions in a manner consistent with this Memorandum and Order.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge