UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, ) | |
| LTR PROPERTIES, INC., ) | |
| RPL PROPERTIES, LLC, ) | |
| LC DEVELOPMENT COMPANY, LLC, ) | |
| MICHAEL L. ROSS doing business as ) | |
| RARITY REALTY doing business as ) | |
| RARITY POINTE REALTY, ) | |
| REBECCA ROSE ROSS JORDAN, ) | |
| RARITY COMMUNITIES, INC., ) | |
| TELLICO LAKE PROPERTIES, L.P., ) | |
| NICKAJACK SHORES HOLDINGS, LLC, ) | |
| RARITY INVESTMENT COMPANY, LLC, ) | |
| RARITY CORPORATION, ) | |
| RARITY MANAGEMENT COMPANY, LLC, ) | |
| RARITY PROPERTY MANAGEMENT, INC., ) | |
| RARITY RIDGE CLUB, INC., ) | |
| RARITY CLUB CORPORATION, ) | |
| BROADBERRY DEVELOPMENT COMPANY, LLC, ) | |
| HIAWASSEE PROPERTIES LLC, ) | |
| RM COMPANY, LLC, ) | |
| LOM DEVELOPMENT COMPANY, LLC, ) | |
| VPI COMPANY, LLC, ) | |
| PATRICIA ROSS ON THE BEHALF OF ESTATE OF ) | |
| DALE M. ROSS, and ) | |
| TELLICO COMMUNITIES, INC., ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral orders of the District Judge. Now before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Costs Pursuant to 18 U.S.C. § 1964(c), [Doc. 399].

Section 1964(e) of Title 18 of the United States Code provides for an award of "a reasonable attorney's fee" to persons who successfully litigate a claim under the Racketeer Influenced and Corrupt Organizations statue ("RICO"). The Plaintiff in this case has received a jury verdict in his favor under RICO, and he requests that he be awarded $701,255.00, as fees and costs incurred in this litigation. The Defendants have filed a Response in Opposition to Plaintiff's Motion for Award of Attorney Fees and Costs [Doc. 403].

On July 10, 2012, the parties presented for a hearing to address the Plaintiff's request for attorney fees pursuant to 18 U.S.C. § 1964(c). The Court heard from both parties, and then afforded the parties a brief period to discuss the issues presented to the Court outside the presence of the undersigned. After conferring, the parties announced to the Court that they had reached an agreement to resolve the dispute regarding attorneys' fees and costs. Counsel for the Defendants represented to the Court that the Defendants[1] would agree that an award of $550,000– representing costs and attorneys' fees to be awarded pursuant to 18 U.S.C. § 1964(c) – was reasonable. Counsel for the Plaintiff agreed not to pursue an award of fees and expenses pursuant to 18 U.S.C. § 1964(c) beyond this amount. The parties agreed that their oral stipulations effectively resolved the issue before the Court. The parties waived the filing of a written stipulation.

---

[1] Michael Meares represented that he had contacted his clients during the break from the hearing, and he was able to represent to the Court that his clients agreed to this stipulation before the hearing was adjourned. Mr. Oldham was not able to reach all of his clients during the break from the hearing. Mr. Oldham contacted the chambers of the undersigned at 1:22 p.m. on July 10, 2012, and he confirmed that his clients were in agreement with this stipulation. Both Mr. Meares and Mr. Oldham, as counsel for the Defendants, stated their intention not to waive, in any way, the Defendants' arguments on appeal relating to the underlying judgment through this stipulation.

2

Case 3:09-cv-00498-TAV-HBG   Document 649   Filed 07/10/12   Page 2 of 3   PageID #: 7739

Based on the parties' stipulations, the Court **RECOMMENDS**[2] that:

1. The Plaintiff's Motion for Award of Attorneys' Fees and Costs Pursuant to 18 U.S.C. § 1964(c) **[Doc. 399]** be **GRANTED IN PART** and **DENIED IN PART**; and

2. The District Judge enter an Order awarding the Plaintiff **$550,000.00**, representing an award of reasonable fees and expenses pursuant to RICO, 18 U.S.C. § 1964(c).

    Respectfully Submitted,

    /s H. Bruce Guyton
    United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).