UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, ) | |
| LTR PROPERTIES, INC., ) | |
| RPL PROPERTIES, LLC, ) | |
| LC DEVELOPMENT COMPANY, LLC, ) | |
| MICHAEL L. ROSS doing business as ) | |
| RARITY REALTY doing business as ) | |
| RARITY POINTE REALTY, ) | |
| REBECCA ROSE ROSS JORDAN, ) | |
| RARITY COMMUNITIES, INC., ) | |
| TELLICO LAKE PROPERTIES, L.P., ) | |
| NICKAJACK SHORES HOLDINGS, LLC, ) | |
| RARITY INVESTMENT COMPANY, LLC, ) | |
| RARITY CORPORATION, ) | |
| RARITY MANAGEMENT COMPANY, LLC, ) | |
| RARITY PROPERTY MANAGEMENT, INC., ) | |
| RARITY RIDGE CLUB, INC., ) | |
| RARITY CLUB CORPORATION, ) | |
| BROADBERRY DEVELOPMENT COMPANY, LLC, ) | |
| HIAWASSEE PROPERTIES LLC, ) | |
| RM COMPANY, LLC, ) | |
| LOM DEVELOPMENT COMPANY, LLC, ) | |
| VPI COMPANY, LLC, ) | |
| PATRICIA ROSS ON THE BEHALF OF ESTATE OF ) | |
| DALE M. ROSS, and ) | |
| TELLICO COMMUNITIES, INC., ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral orders of the District Judge. Now before the Court are Plaintiff's Motion to Shorten Defendants' Time to Respond to Plaintiff's First Set of Discovery Requests to

Defendants in Aid of Execution; Motion to Modify the Briefing Schedule Set Forth in LR 7.1; and Motion for Expedited Ruling [Doc. 490], and the Defendants' Motion for Protective Order and Response to Plaintiff's Motion to Shorten Time and Motion for Expedited Ruling [Doc. 529].

On June 13, 2012, the parties appeared before the undersigned to address the pending motions. The Court heard oral arguments, and the Plaintiff called five witnesses: Rebecca Ross Jordan, Carolyn Beatty, Greg Baker, Pamela Lane, and William Alfred. Following the hearing the parties were given leave to file supplemental briefs on the issues before the Court. These motions are now fully-briefed and ripe for adjudication. For the reasons stated below, the Court will **GRANT IN PART** and **DENY IN PART** each of the pending motions.

This matter proceeded to trial in late February of 2012, and the jury rendered a multi-million dollar judgment in favor of the Plaintiff. The competing motions that are now before the Court relate to post-judgment discovery. The Plaintiff moves the Court to enter an order directing the Defendants to make full and fair responses to the Plaintiff's post-judgment discovery requests. The Plaintiff maintains that responses to these discovery requests are needed to aid execution on the judgment rendered in this case. The Defendants respond that the discovery requested is unduly burdensome, and they claim to have limited resources for producing the documents requested and answering the queries posed. The Defendants request a protective order.

At the hearing held June 13, 2012, Rebecca Ross Jordan, Carolyn Beatty, Greg Baker, and Pamela Lane testified that they were all employed by entities that are defendants in this action, but they are now employed by American Harper Corporation ("American Harper"), a non-party. Mr. Baker and Ms. Lane indicated that American Harper became their employer on

or about April 1, 2012. [Doc. 641 at 22, 37]. Ms. Jordan, Ms. Beatty, Mr. Baker, and Ms. Lane testified that their day-to-day duties, as performed at the Rarity Bay Golf & Country Club, at 100 Rarity Bay Parkway, Vonore, Tennessee, were essentially unaffected by the change in their employer. They testified that they go to work day-to-day and engage in their previous duties.

These witnesses testified that many documents pertinent to the business of the entities who are defendants in this action were and are stored at 100 Rarity Bay Parkway and are readily accessible. [See, e.g., Doc. 641 at 25, 26, 42]. Stated differently, they testified that many of the documents sought by the Plaintiff are available and accessible at the offices at 100 Rarity Bay Parkway. The witnesses testified that no persons – either attorneys or parties to this action – had asked them to gather documents or respond to requests for information, other than a couple of requests made on the eve of the hearing. [See, e.g., Doc. 641 at 26, 33, 42].

In his Supplemental Brief [Doc. 637], the Plaintiff cites the Court to this testimony. He argues that the Defendants have offered no legitimate grounds to justify entry of a protective order. The Plaintiff notes that the Defendants had not made any specific or timely objections to the Plaintiff's post-judgment discovery requests.

In the Defendants' Supplemental Submission [Doc. 632], the Defendants argue that the 720 pages of discovery requests, consisting of about thirty pages of definitions and discovery requests per defendant, is "facially oppressive and burdensome." The Defendants cite the Court to an affidavit from Mr. Alfred, a certified public accountant, stating that completing the discovery requests would cost approximately $50,000.00. The Defendants do not cite a basis for this calculation. The Defendants assert that there has been no proof that Michael Ross, one of the twenty-four defendants in this matter, has any employees. The Defendants concede that they do not object to responding to certain portions of the discovery served by the Plaintiff.

Based upon the testimony presented to the Court and the Defendants' concession, the Court will **GRANT IN PART** and **DENY IN PART** the pending motions **[Doc. 490, 529]**. The Court **FINDS** and **DIRECTS**, as follows:

1. The evidence presented to the Court indicates that there are persons who are present at 100 Rarity Bay Parkway in the regular course of their work, who until recently were employees of defendants, who have ready access to many of the documents requested by the Plaintiff, and who easily could provide Defendants with the same access;

2. The Defendants – including all of the twenty-four persons and entities listed in this case – shall identify:

    a. All real property currently owned;

    b. All contracts and agreements concerning real property presently in effect;

    c. All appraisals of property interests currently held in real property;

    d. All business ownership interests;

    e. All work or services performed this year;

    f. All debts presently owed to others;

    g. All debts presently owed to the Defendants;

    h. All payments made to the Defendants representing property owners' association dues or fees;

    i. All personal property valued at over $1,000.00;

    j. All open bank accounts and safety deposit boxes;

    k. And produce all 2011 tax returns, or if no 2011 tax returns have been filed, the most recently filed tax returns;

    l. All current financial statements;

m. All financial records;

   n. All investment accounts, retirement accounts, stocks, bonds, and security trading accounts;

   o. All computers presently in any Defendant's possession;

   p. Lawsuits and judgments currently pending against any Defendant;

   q. Claims currently pending against any Defendant;

   r. The current residence of each Defendant;

   s. All current business records;

   t. All current and threatened claims; and

   u. All sources of income.

3. On June 20, 2012, the Defendants requested ninety days to respond to these items stating that it "would be difficult" to identify and respond to these items in less time. The Court finds that the underlying discovery requests were served on or about May 8, 2012, and thus, the Defendants have had sixty days since service to begin compiling their response. Since the hearing in this matter, the Defendants have been afforded almost thirty days to compile these items. The Court finds that affording an additional ninety days to respond would be unreasonable and likely to prejudice the Plaintiff. Accordingly, the Defendants shall have up to and including **August 22, 2012**, to fully identify and, where appropriate, produce the items listed above.

The Court **RESERVES** ruling on any interrogatories, requests for production, or other discovery device or issue not addressed by this Memorandum and Order. The Court will rule on these unresolved issues, as appropriate, following the Defendants' compliance with the above ruling. Either party may notify the Court if a ruling on these issues is necessary or essential going forward.

The Court **SHALL HOLD A STATUS CONFERENCE** on discovery in this case on **August 24, 2012, at 1:30 p.m.**

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge