UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL L. ROSS, *et al.*, )<br>)<br>Defendants. ) | No.: 3:09-CV-498<br>(VARLAN/GUYTON) |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on plaintiff's Motion for Temporary Injunctive Relief and for Expedited Ruling on or Before August 1, 2012 [Doc. 666]. In the motion, plaintiff moves the Court to enjoin the proposed foreclosure by Athena of SC, LLC ("Athena") of real property owned by defendant Tellico Lake Properties, LP ("Tellico") [Doc. 12-1], pending completion of the receiver's investigation and further order of the Court. Plaintiff also requests an order prohibiting Athena from attempting to execute, levy, encumber, and/or foreclose on any asset of any judgment debtor, pending completion of the receiver's investigation and further order of the Court, and that the Court require Athena to identify all property of any judgment debtor in this case that Athena claims to have acquired or encumbered in any manner and at any time since November 28, 2011. Athena specially appeared in this matter for the purpose of filing a response in opposition to the request for injunctive relief [Doc. 670], and plaintiff submitted a reply [Doc. 672]. The receiver

appointed in this matter, Sterling P. Owen (the "receiver") filed a response to the special appearance of Athena [Doc. 673].

The Court has carefully considered the parties' arguments and the relevant law, as well as the entire record in this case. For the reasons stated herein, plaintiff's Motion for Temporary Injunctive Relief and for Expedited Ruling on or Before August 1, 2012 [Doc. 666] will be **GRANTED in part** and **DENIED in part**.

I.  Background

A summary of relevant procedural history is contained in the Court's memorandum opinion and order entered on May 29, 2012 (the "Injunction Order"), and that history will not be repeated here [Doc. 553, pp. 2-4]. Pertinent background information relating to the instant motion is as follows.

On April 19, 2012, plaintiff filed a motion for an order precluding the transfer of assets on the likely probability that fraudulent conduct had occurred or will occur to frustrate claims plaintiff has to property of defendants held by various financial institutions and entities [Doc. 464]. Plaintiff also requested that the Court appoint a receiver to take possession of defendants' property for preservation under Rule 66 of the Federal Rules of Civil Procedure. That motion was referred to Magistrate Judge Guyton, who granted it, finding it likely that defendants had engaged in fraudulent conduct in an effort to frustrate plaintiff's claims to property and that such conduct was likely to continue to occur unless a receiver was appointed [Doc. 548]. Thereafter, Magistrate Judge Guyton appointed Sterling P. Owen as receiver and ordered defendants not to "conceal, sell, transfer, dispose, lease,

assign, or remove any money, assets, or property, pending official appointment of the receiver" [*Id.*]. The receiver was officially appointed, by order of the Court, on June 6, 2012 [Doc. 586]

On May 18, 2012, plaintiff filed a motion for temporary injunctive relief pending the Court's ruling on the appointment of a receiver and a request for expedited hearing [Doc. 532].[1] In that motion, plaintiff asserted that it had received notice on May 11, 2012, of Athena's proposed foreclosure of condominium units at Rarity Bay (the "Rarity Bay Units") owned by a related judgment debtor, LTR Properties, Inc. ("LTR"). According to plaintiff, the Rarity Bay Units were part of property that was the subject of a note and deed of trust held by SunTrust Bank and subsequently assigned to Tennessee Land and Lakes, LLC ("Tennessee Land and Lakes"), followed by an assignment by Tennessee Land and Lakes to Athena [Doc. 553, pp. 7-8; Doc. 553-1]. Athena specifically appeared in this action for purposes of responding to plaintiff's motion for injunctive relief and filed a response in opposition [Doc. 547]. The parties appeared before the Court for a hearing on May 23, 2012, and at that hearing, the Court stated that it would grant plaintiff's motion. The Court set forth its reasons for granting plaintiff's motion in the Injunction Order issued subsequent to the hearing [Doc. 553].

In the Injunction Order, the Court enjoined the proposed foreclosure of the Rarity Bay Units until a receiver could be appointed and up to the time in which the receiver could make

---

[1] This motion was filed shortly before Magistrate Judge Guyton issued his order appointing the receiver.

3

a determination as to the disposition of property and assets of LTR, including the Rarity Bay Units, or such further order of the Court. The Court found that plaintiff had demonstrated a strong likelihood of success on the merits of its motion to appoint a receiver and whether the assignment of the deed of trust held by SunTrust Bank and the related series of transactions and conveyances involving Tennessee Land and Lakes and Athena was likely fraudulent [Doc. 553, pp. 9-10]. Fed. R. Civ. P. 65. Specifically, the Court found that:

> [P]laintiff has shown that it is likely the assignment of the Deed of Trust to Athena is fraudulent. While on its face the Deed of Trust appears legitimate, the Court finds it must consider the assignment, and the timing of the assignment, in light of the various transfer of assets from defendants to Athena and other entities controlled by Mr. Doukas. Plaintiff has submitted multiple documents into the record that raise a strong inference that defendants are fraudulently transferring property and assets to Mr. Doukas and the entities he owns, including Athena.

[*Id.*, pp. 9-11]. Additionally, the Court found that the balance of the relative harms of granting the injunction weighed in plaintiff's favor and that the public interest would be served by granting the injunction [*Id.*, pp. 10-11]. The Court also found that Athena was bound by the injunction because the evidence suggested it was likely that Athena was acting in concert with other defendants [*Id.*, pp. 12-13]. Finally, the Court required plaintiff to post a bond of $5,000.00 to cover Athena's cost and expenses regarding the proposed foreclosure on the Rarity Bay Units [*Id.*, pp. 10-11, 13].

After the entry of the Injunction Order, plaintiff submits that on July 17, 2012, plaintiff received notice [Doc. 666-1] from Athena of a proposed foreclosure of lots at Rarity Bay (the "Rarity Bay Lots") owned by Tellico. Plaintiff asserts that this proposed

4

foreclosure is based on the same SunTrust Bank note and deed of trust and the series of conveyances and transactions which the Court previously found likely to be fraudulent [*See* Doc. 532-1; Doc. 666-1]. Additionally, plaintiff submits that Athena filed a request for execution of foreign judgment in the Circuit Court for Palm Beach County, Florida, on July 3, 2012, requesting execution of property of defendant Michael Ross ("Ross") to satisfy an agreed judgment filed in Knox County Chancery Court which had subsequently been assigned to Athena, that the execution was issued by the Palm Beach County Clerk on July 5, 2012 [Doc. 666-2], and that Athena's efforts to execute on the property were taken without prior notice to the receiver or to plaintiff. Given the foregoing, plaintiff submits that based on the Court's findings in the Injunction Order [Doc. 553], and the record before the Court, the receiver should have a fair opportunity to complete his review of the legitimacy of the various transactions at issue involving Athena and defendants prior to allowing Athena to proceed with the proposed foreclosure of the Rarity Bay Lots or any other attempt by Athena to execute, levy, and/or encumber any asset of any judgment debtor.

Athena has responded in opposition, submitting that plaintiff has failed to meet the criteria for obtaining injunctive relief because plaintiff cannot show a likelihood of success on the merits of his claim that the SunTrust Bank note and deed of trust and the series of transactions and conveyances were fraudulent.[2] Athena also asserts that plaintiff no longer

---

[2]Athena has moved to set aside the Injunction Order on the proposed foreclosure of the Rarity Bay Units [Doc. 645]. Plaintiff has responded in opposition [Doc. 646], and Athena has filed a reply [Doc. 659].

5

has standing to move the Court for injunctive relief because that right belongs exclusively to the receiver.[3] Athena additionally asserts that it is being discriminated against because plaintiff has not sought injunctive relief in regard to other foreclosures subsequent to the appointment of the receiver and asserts that plaintiff's argument regarding any alleged improper relationship between Ross and Ted Doukas ("Doukas") is without merit. Finally, Athena requests that if the Court grants plaintiff's motion, that the Court hold an evidentiary hearing on the amount of bond to be posted and that the Court require plaintiff to post a bond in the amount of $1,000,000.00 to adequately compensate Athena for its expected losses.

Plaintiff has filed a reply to Athena's response, asserting that Athena's argument that plaintiff does not have standing to bring the motion is without merit and that Athena's suggestion that the Court view the SunTrust Bank note and deed of trust independently, rather than a series of conveyances and transactions between Athena, related entities, and the judgement debtors, is contrary to the Court's Injunction Order and also without merit.

The receiver has filed a response to Athena's special appearance and to Athena's assertion that plaintiff's motion should be dismissed for lack of standing. In that response, the receiver submits that he is continuing to conduct his due diligence investigation in

---

[3]Athena also submits that there are serious concerns about the independence of the relationship between plaintiff and the receiver, referencing as support for this assertion that on June 28, 2012, the receiver moved the Court for permission to request plaintiff to deposit $50,000.00 into the receivership account [Doc. 643], a motion which was granted by the magistrate judge on July 24, 2012 [Doc. 661].

The Court, however, does not find this request by the receiver, without more, and in light of the duties and powers of the receiver as provided in the Court's order appointing the receiver [Doc. 586], to call into question the receiver's independence.

accordance with the orders of the Court and that the investigation will be completed on a timely basis and in accordance with those orders. The receiver submits that until such investigation is complete, the receiver opposes the transfer or conveyance of any asserts which are potentially the subject of the receivership, including assets of defendants which may be part of any improper and/or fraudulent conveyances.

## II.     Standard for Granting Injunctive Relief

Rule 65 of the Federal Rules of Civil Procedure permits a party to seek injunctive relief. Fed. R. Civ. P. 65. In determining whether to grant a plaintiff's request for injunctive relief the Court must consider four factors: (1) whether the movant would suffer irreparable harm without the injunction; (2) whether issuance of the injunction would cause substantial harm to others; (3) whether the public interest would be served by the issuance of the injunction; and (4) whether the movant has demonstrated a strong likelihood of success on the merits. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted); *Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005) (citation omitted). The factors are to be balanced and are "not prerequisites that must be met." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (citation omitted). A stronger showing of likelihood of success on the merits is required if the other factors militate against granting relief, but a lesser showing of likelihood of success on the merits is required when the other factors support granting relief. *Performance Unlimited, Inc. v. Questar Publ'rs, Inc.*, 52 F.3d 1373, 1385–86 (6th Cir. 1995)

7

(citations omitted). A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

## III. Analysis

As an initial matter, the Court notes that it has not considered the arguments made in Athena's pending motion to vacate injunction [Doc. 645] in this memorandum opinion and order. That pending motion has been briefed and the Court will address that motion and the relief requested therein in due course. Before the Court at present is plaintiff's motion for temporary injunction and expedited ruling [Doc. 668], and this memorandum opinion and order is limited in scope to the relief requested in that motion.

### A. The Receiver

The Court first turns to Athena's argument that plaintiff no longer has standing to move the Court for injunctive relief due to the appointment of the receiver. In support of this argument, Athena asserts that the Court delineated specific powers to the receiver, including the specific and exclusive authority to seek injunctive relief. Athena also submits that the receiver has investigated this matter and, because the receiver has not sought an injunction based on his investigation, there is no substance to plaintiff's allegations.

The Court disagrees.

There is nothing in the Court's order appointing the receiver and delineating his powers that precludes an interested party from bringing a motion for injunctive relief in relation to assets or property that are the subject of the receiver's investigation [*See* Doc. 586]. In addition, Athena has cited no law, and the Court is aware of none, that by virtue of

8

the Court's delegation of authority to the receiver to commence, defend, or intervene in any legal action deemed necessary by the receiver, and report to the Court any improper or fraudulent conveyances, that this delegation precludes an interested party, such as a judgment creditor, from seeking an injunction in regard to property or assets of a judgment debtor. Furthermore, Rule 66 of the Federal Rules of Civil Procedure, which addresses the appointment of receivers, grants courts great latitude in fashioning appropriate relief and does not preclude interested parties from participating in litigation once a receiver is appointed, requiring only that "the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule." Fed. R. Civ. P. 66. Finally, even if the receiver has begun a due diligence investigation into the transactions at issue, the receiver has submitted to the Court that his investigation is not yet complete and that he opposes the transfer or conveyance of any assets which are potentially the subject of the receivership [*See* Doc. 673].

### B. Strong Likelihood of Success on the Merits

In order for the injunctive relief requested in plaintiff's motion to be warranted, the Court must determine whether plaintiff has demonstrated a strong likelihood of success on the merits of its claim that the proposed foreclosure of the Rarity Bay Lots relates to the series of transactions and conveyances that the Court previously found likely to be fraudulent [Doc. 553, pp. 9-11], and whether the proposed foreclosure should be enjoined so the receiver may have adequate opportunity to investigate the relevant circumstances, transactions, and conveyances, involving the property and assets which are potentially the

9

subject of the receivership, including assets and property of defendants which may be part of any fraudulent transactions or conveyances.

In response to plaintiff's motion, Athena asserts that the record shows that the transactions and conveyances are not fraudulent, that Athena's purchase of the SunTrust Bank note was a bona fide purchase/business transaction for value totally unrelated to this litigation [Doc. 670-1, ¶ 18], that Athena has a properly perfected security interest in the Rarity Bay Lots, and that the harm to Athena if the injunction is granted is substantially more than the harm faced by plaintiff if the injunction is denied.

After reviewing the record and considering the arguments of the parties, the Court finds plaintiff has shown that it is likely the proposed foreclosure of the Rarity Bay Lots relates to the series of transactions and conveyances the Court found likely to be fraudulent in the Injunction Order. The Court also disagrees with Athena's reliance on what Athena asserts is the bona fide nature of the transaction involving the SunTrust Bank note and deed of trust, as Athena again urges the Court to consider the note and deed of trust in isolation, rather than as a part of the series of transactions and conveyances between defendants and the judgment debtors, including Athena. Plaintiff has submitted the notice of substitute trustee sale relating to the Rarity Bay Lots which notes that a deed of trust was assigned by SunTrust Bank to Tennessee Land of Lakes on October 6, 2011, and was subsequently assigned by Tennessee Land of Lakes to Athena on November 28, 2011 [Doc. 666-1]. These entities, dates, and conduct similarly appear in the notice of substitute trustee sale in relation to the Rarity Bay Units, owned by LTR, that were the subject of the Injunction Order [Doc.

10

532-1]. While Athena has filed, in support of its response, documentation relating to these transactions, the Court has previously considered most of these documents and other related records pertaining to the various transactions between Athena and the judgment debtors in this case and found that the series of transactions and conveyances raised a strong inference that such transactions and conveyances were fraudulent [Doc. 553, pp. 9-11 ("Plaintiff has submitted multiple documents into the record that raise a strong inference that defendants are fraudulently transferring property and assets to Mr. Doukas and the entities he owns, including Athena."].

In sum, the Court has been presented with no new information that would change the Court's previous finding regarding this series of transactions and conveyances, including the underlying SunTrust Bank note and deed of trust, upon which Athena relies for the proposed foreclosure of the Rarity Bay Lots and the Court finds that the rationale and findings of the Court's Injunction Order apply to this matter as well.

### C. Irreparable Harm and Harm to Others

Plaintiff submits that he will suffer irreparable harm if the foreclosure of the Rarity Bay Lots proceeds and/or any execution, levy, or encumbrance of any asset of the judgment debtor is permitted before the receiver has the opportunity to examine the circumstances surrounding the conveyances. More particularly, plaintiff asserts it will be nearly impossible for plaintiff to enforce this Court's judgment against Tellico if the lots are sold and the proceeds paid to Athena, or if Athena is permitted to execute, levy, or encumber any of their assets, and that the receiver will be unable to marshal control of the lots if they are sold prior

to the completion of the receiver's investigation. Plaintiff asserts further that the requested injunction will not cause harm to others and that the only entity that could even face harm from the proposed injunction is Athena, which, noting the Court's Injunction Order, plaintiff asserts the Court has previously found was likely to have acted in concert with defendants [Doc. 553, pp. 12-13].

Athena asserts that it will be irreparably harmed if the injunction is granted because Athena is being precluded from marketing secured assets it holds as collateral, that the value of these assets are decreasing, and that the cost of ownership of these assets are increasing. Athena also submits that the value of other secured interests held by Athena is deteriorating and that the Rarity Bay development and association is also being damaged as lots and condominiums are being prevented from being sold to retail buyers, thus depriving the association of dues that it requires to meet expenses. Athena also submits that it has already incurred in excess of $7,000.00 in publishing fees and has incurred substantial attorney fees to pursue foreclosure of its security interest.

The Court has considered these contentions and finds the balance of the harms, in light of the Court's assessment of the likelihood of success on the merits, weighs in plaintiff's favor. In light of what was stated and ordered in the Injunction Order, and what is stated herein, the Court is even more convinced of the need for the receiver to conduct a thorough investigation of the property and assets and be afforded an adequate opportunity to evaluate the transactions and conveyances reflected in the record between defendants and the judgment debtors, including Athena, and that the receiver should be given adequate time to

12

determine how to proceed in marshaling defendants' assets. Athena's reference to the selling of assets further convinces the Court of a need to enable the receiver to conduct a thorough investigation.

**D.     Public Interest**

While the public has an interest in allowing secured creditors to foreclose on their security interests and in not having lots to remain vacant, it also has an interest in seeing the Court's judgments enforced and in preventing defendants from thwarting the judgment of this Court. As noted in the Injunction Order, given the circumstances of this case, a receivership is likely to serve the public interest because a receiver will be able to evaluate the foreclosure, determine the amount of legitimate consideration exchanged for the various transactions involving the various entities and defendants, and take such necessary action to protect defendants' assets, actions that will ensure the Court's judgment is properly enforced. The Court has not been presented with any facts or circumstances that alter these findings. Accordingly, the Court finds that by granting the requested injunction, the public interest would be served in extending the injunction to cover the proposed foreclosure of the Rarity Bay Lots.

In sum, after consideration of all the relevant factors and the record before the Court, and for the reasons explained herein, the Court finds an injunction enjoining the foreclosure of the Rarity Bay Lots, real property owed by Tellico and referenced in the notice of substitute trustee sale [Doc. 666-1], is warranted pending completion of the receiver's investigation and further order of the Court. As found in the Injunction Order [Doc. 553, pp.

11-13], Athena is bound by this injunction, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure because the Court has not been presented with evidence to change the Court's previous finding that it is likely that Athena is acting in concert with defendants.

## V. Bond

Rule 65 provides that a preliminary injunction may be issued "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). While the Sixth Circuit has stated a district court "errs when it fails to expressly consider the question of requiring a bond when the issue has been raised," it has also found that a court has no mandatory duty to impose a bond as a condition for issuance of injunctive relief. *NACCO Materials Handling Grp., Inc. v. Toyota Materials Handling USA, Inc.*, 246 F. App'x 929, 952 (6th Cir. 2007) (alterations, quotation marks, and citations omitted).

The Court previously issued a $5,000.00 bond pursuant to Rule 65(c) to cover the costs and expenses of any preparation for the foreclosure set that was the subject of the Injunction Order. Prior to the issuance of that bond, the Court permitted the parties the opportunity to file documents pertaining to the Court's stated intention to require a $5,000.00 bond in regard to the injunction [Doc. 553, pp. 12-14]. Neither party filed any documents in response to that invitation. Athena has now requested that the Court issue a bond in the amount of $1,000,000.00 to adequately compensate it for expected losses. The Court, however, declines to order a bond without further information regarding Athena's expected losses and the purposes of Rule 65(c). Accordingly, the parties are **ORDERED** to file,

14

within **five (5) days** of the entry of this memorandum opinion and order, documents setting forth their positions on the amount of bond proper to pay the costs and damages sustained by Athena if it is found to have been wrongfully enjoined or restrained.

## IV. Conclusion

For the reasons explained herein, plaintiff's Motion for Temporary Injunctive Relief and for Expedited Ruling on or Before August 1, 2012 [Doc. 666] is **GRANTED**. The foreclosure of the Rarity Bay Lots, real property owed by defendant Tellico Lake Properties, L.P. and referenced in the notice of substitute trustee sale [Doc. 666-1] set for August 9, 2012, is hereby **ENJOINED** (1) pending completion of the receiver's investigation and determination as to the disposition of the assets of Tellico, including specifically the Rarity Bay Lots at issue in the present matter, or (2) such other further prior order of this Court. The motion is **DENIED** to the extent that the Court declines to further enjoin Athena to the extent requested in plaintiff's motion, finding those requests to be beyond the scope of the relief warranted from the facts and circumstances presented, except that the Court reminds defendants of the contents of Magistrate Judge Guyton's order appointing the receiver [Doc. 586]. It is further **ORDERED** that plaintiff personally serve Athena a copy of this memorandum opinion and order on or before August 9, 2012.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE