UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL L. ROSS, *et al.*, )<br>)<br>Defendants. ) | No.: 3:09-CV-498<br>(VARLAN/GUYTON) |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton on February 1, 2012 [Doc. 254]. The R&R considers the Affidavit of Plaintiff's Counsel Wayne A. Ritchie, II [Doc. 211] regarding attorney's fees and expenses, Defendants' Oppositional Memorandum to Award of Attorney's Fees [Doc. 222], and recommends that plaintiff be awarded attorney's fees and expenses in the amount of $108,667.18.[1] Defendants have filed objections to the R&R [Docs. 309, 312], and plaintiff has filed a response [Doc. 316] to those objections. For the reasons set forth herein, defendants' objections [Doc. 312] to the R&R are **OVERRULED**, the R&R is **ACCEPTED in whole**, and plaintiff will be **AWARDED** attorney's fees and expenses in the amount of **$108,667.18**.

---

[1]Magistrate Judge Guyton held a hearing on plaintiff's request for attorney's fees and expenses and permitted the parties two weeks to supplement their filings with the Court. Thereafter, the parties filed supplemental pleadings [Docs. 243, 244, 245].

I. Analysis

   A. The R&R[2]

Plaintiff's request for attorney's fees and expenses arises out of plaintiff's motion for sanctions against defendants for failure to comply with the Court's June 15, 2011 order requiring defendants to make final and complete responses to plaintiff's requests for production of documents and interrogatories by no later than July 15, 2011 [Doc. 151]. The magistrate judge issued a report and recommendation granting the motion for sanctions and recommending that the Court enter an order of default in plaintiff's favor and award appropriate fees and expenses [Doc. 185]. On November 21, 2011, the Court accepted, in part, the report and recommendation, declining to enter a default against defendants but accepting the magistrate judge's recommendation that reasonable fees and expenses be awarded to plaintiff as a sanction against defendants and directing plaintiff to file an affidavit "setting forth reasonable fees and expenses for the time spent in relation to [defendants] failure to comply with their discovery obligations. Pursuant to Rule 37(b)(2)(C), [defendants] shall pay all such reasonable costs." [Doc. 209, p. 17]. Pursuant to the Court's order, plaintiff filed an affidavit requesting $108,667.18 in attorney's fees and expenses [*See* Docs. 211, 211-1, 243]. Defendants opposed plaintiff's request [*See* Docs. 222, 241, 241-1].

In the R&R, Magistrate Judge Guyton found plaintiff's submission of the amount of attorney's fees and expenses incurred to "appear reasonable, given the highly complex

---

[2]The R&R sets forth, in additional detail, the procedural history and facts which make up the background of this case [Doc. 254, pp. 1-5].

2

business transactions and accounting procedures" in this case [Doc. 254, pp. 7-8]. Magistrate Judge Guyton also determined that August 27, 2010, was the beginning date of defendants' non-compliance with discovery obligations and the Court's order, noting that defendants produced significant quantities of non-responsive documents to plaintiff's counsel on that date and that plaintiff's earliest entries in the billing records were also from that date [*Id.*, p. 8]. The magistrate judge then addressed each of defendants' objections to plaintiff's request.

As to the objection that counsel for plaintiff's hourly billing entries lack particularization relating to the substance of the services rendered and that the billing entries include too much time for the tasks noted, the magistrate judge found these objections not well-taken. Magistrate Judge Guyton reviewed the billing entries, including specific entries referenced by defendants, and found that the entry referenced by defendants did not support the proposition that too much time was spent on tasks. The magistrate judge also reviewed the billing entries described by defendants as "unparticularized," and found that given the context of those entries, the entries were not vague or ambiguous.

As to defendants' objection pertaining to documents involved in what was referred to as a "document dump" on plaintiff, the magistrate judge noted that both the magistrate judge and this Court had previously determined that a document dump had occurred and that attorney's fees were to be awarded as a result [Doc. 185; Doc. 209, pp. 5, 14]. Accordingly, Magistrate Judge Guyton found this argument untimely and not well-taken.

Defendants also objected to the billing records of Ms. Linda Carter, a paralegal for plaintiff's counsel, arguing that the work she performed was secretarial and not the type of

3

work performed by a paralegal. Upon review of the type of work Ms. Carter performed, Magistrate Judge Guyton rejected this argument, finding that Ms. Carter's work involved exercising discretion to determine the relevancy of documents and required the type of legal knowledge possessed by a paralegal, not a secretary.

Magistrate Judge Guyton also rejected the objection that various motions filed by plaintiff did not relate to discovery and should not be compensated. The magistrate judge also found this objection not well-taken, noting that the motion referenced by defendants specifically cited the "conflict over production of documents" as one of the requests for relief [Doc. 254, pp. 9-10 (citing Doc. 174, p. 2)].

As to the objection that plaintiff should not be awarded fees and expenses for time spent determining whether or not produced documents were responsive to plaintiff's requests, the magistrate judge found this argument unpersuasive and noted that adopting it would be inconsistent with the purpose of the award of attorney's fees and expenses in this case.

Last, Magistrate Judge Guyton rejected the position of counsel for defendants, set forth in the affidavit of Steven G. Shope, that the attorney's fees and expenses claimed by plaintiff should not predate the June 15, 2011 order and should not exceed compensation for over ten work days or eighty hours of total attorney time, or $24,000 [*See* Doc. 244-1]. The magistrate judge found that this amount was based on a conclusory allegation, that it was based on no figures or calculations, and that defendants pointed to no exact billing entries or portions of the expenses that should be discounted.

4

### B. Standard of Review

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 Fed. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

### C. Objections

In defendants' objections to the R&R, defendants contend that the magistrate judge (1) incorrectly found that a document dump occurred; (2) incorrectly found that defendants' argument relating to the document dump was untimely and that it would allow plaintiff to benefit from a misrepresentation to the Court; (3) incorrectly found that attorney's fees and expenses should be awarded for time counsel for plaintiff spent reviewing the produced documents; (4) incorrectly found that the affidavit of Steven G. Shope was not based on any figures or calculations; and (5) incorrectly found that $108,667.18 in attorney's fees and expenses was a reasonable award for defendants' sanctionable conduct [Doc. 312]. Plaintiff

5

filed a response to defendants' objections, asserting that defendants' objections are frivolous and conclusive and lack any evidentiary basis. [Doc. 316].

After careful consideration of the R&R, defendants' objections, plaintiff's response, and the underlying pleadings, the Court will **OVERRULE** defendants' objections and **AFFIRM in whole** the R&R.

As to objections one and two, as noted by the magistrate judge, this Court has previously considered the document dump involved in this case and found it to be one of the circumstances illustrating defendants' willful failure to cooperate in discovery and with the Court's orders [Doc. 209, pp. 5,13-16]. Because plaintiff's request for attorney's fees and expenses is based, in part, on this underlying circumstance, and because defendants have made no material citations to the record to support their reference to a "misrepresentation," the Court will not again consider the argument of whether the document production constituted a document dump. The Court therefore agrees with Magistrate Judge Guyton that this argument in connection with plaintiff's request for attorney's fees and expenses—a request which was permitted by the Court's previous order discussing the document dump and defendants' conduct in discovery—is untimely. Accordingly, objections one and two to the R&R are **OVERRULED**.

As to objection three, the R&R provides a thorough review of the basis for the Court's November 21, 2011 order accepting the magistrate judge's report and recommendation that sanctions were warranted for defendants' failure to comply with discovery obligations [Doc. 254, pp. 1-8; *see also* Docs. 185, 209]. Defendants' objection to the magistrate judge's

6

finding regarding the award of attorney's fees and expenses based, in part, on the time counsel for plaintiff spent in review of documents contains no citation to the record and does not contest any specific portion of the R&R. Objection three is therefore **OVERRULED** as conclusive and insufficient to warrant *de novo* review.

As to objection four, and contrary to defendants' assertion, the magistrate judge did not simply reject the position stated in the Shope affidavit regarding the amount of fees to be awarded because the affidavit did not provide a basis for how the proposed figure was calculated. Rather, the magistrate judge rejected that position because the affidavit provided no figures or calculations relating to billing entries or portions of those entries that should be discounted, and defendant offered no explanation in the affidavit or at the hearing showing why the amount requested by plaintiffs should be reduced [*See* Doc. 254, pp. 10-11]. Accordingly, objection four is also **OVERRULED**.

Finally, as to objection five, defendants do not offer any factual or legal basis for this objection or cite to any portion of the record in support of the objection. Accordingly, the Court finds objection five conclusive and general and therefore insufficient to warrant *de novo* review.

## II. Conclusion

For the reasons stated above and after careful review of the matter, defendants objections [Docs. 309, 312] to the R&R are **OVERRULED**. The R&R [Doc. 254] is **AFFIRMED in whole**. Plaintiff is hereby **AWARDED** a total of **$108,667.18** in attorney's fees and expenses pursuant to the Court's previous order [Doc. 209] directing that reasonable

7

fees and expenses be awarded, pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, and that defendants shall pay all such reasonable costs.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE