UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, ) | |
| LTR PROPERTIES, INC., ) | |
| RPL PROPERTIES, LLC, ) | |
| LC DEVELOPMENT COMPANY, LLC, ) | |
| MICHAEL L. ROSS doing business as ) | |
| RARITY REALTY doing business as ) | |
| RARITY POINTE REALTY, ) | |
| REBECCA ROSE ROSS JORDAN, ) | |
| RARITY COMMUNITIES, INC., ) | |
| TELLICO LAKE PROPERTIES, L.P., ) | |
| NICKAJACK SHORES HOLDINGS, LLC, ) | |
| RARITY INVESTMENT COMPANY, LLC, ) | |
| RARITY CORPORATION, ) | |
| RARITY MANAGEMENT COMPANY, LLC, ) | |
| RARITY PROPERTY MANAGEMENT, INC., ) | |
| RARITY RIDGE CLUB, INC., ) | |
| RARITY CLUB CORPORATION, ) | |
| BROADBERRY DEVELOPMENT COMPANY, LLC, ) | |
| HIAWASSEE PROPERTIES LLC, ) | |
| RM COMPANY, LLC, ) | |
| LOM DEVELOPMENT COMPANY, LLC, ) | |
| VPI COMPANY, LLC, ) | |
| PATRICIA ROSS ON THE BEHALF OF ESTATE OF ) | |
| DALE M. ROSS, and ) | |
| TELLICO COMMUNITIES, INC., ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral orders of the District Judge. This case came before the Court on August 28, 2012, to address post-judgment discovery issues and Plaintiff's Motion for Full Access to

Defendants' Computer Data [Doc. 709]. Attorney Wayne Ritchie was present representing the Plaintiff, who was present in the courtroom. Attorneys Michael Meares and Christopher Oldham were present representing the Defendants, and Attorney Luis Bustamante was present representing Receiver Sterling Owen IV, who was also present in the courtroom.

## I. BACKGROUND

Earlier this year, a jury awarded the Plaintiff a multimillion dollar judgment against the Defendants listed above. Thereafter, the Court found it appropriate to appoint a receiver to prevent diminution of or improper conveyance of the Defendants' property. Sterling Owen, IV, was appointed receiver in this matter, and he has begun a due-diligence investigation into the assets of the Defendants and into alleged fraudulent conveyances by the Defendants.

The Court's attention is now directed to post-judgment discovery. The post-judgment discovery in this case, like the initial discovery in this case, has been plagued by issues of non-compliance and tardy compliance on the part of the Defendants. On June 13, 2012, the parties and the receiver appeared before the Court. The Plaintiff questioned various former employees of various Defendant entities about the availability of documents relating to the post-judgment discovery in this case. The Court allowed the parties additional time to supplement their filings following the hearing.

On July 11, 2012, the Court entered a Memorandum and Order directing each of the persons and entities who are Defendants in this case to identify: all real property currently owned; all contracts and agreements concerning real property presently in effect; all appraisals of property interests currently held in real property; all business ownership interests; all work or services performed this year; all debts presently owed to others; all debts presently owed to the

2

Defendants; all payments made to the Defendants representing property owners' association dues or fees; all personal property valued at over $1,000.00; all open bank accounts and safety deposit boxes; all current financial statements; all financial records; all investment accounts, retirement accounts, stocks, bonds, and security trading accounts; all computers presently in any Defendant's possession; lawsuits and judgments currently pending against any Defendant; claims currently pending against any Defendant; the current residence of each Defendant; all current business records; all current and threatened claims; and all sources of income. [Doc. 651 at 4-5]. The Court further directed that the Defendants "produce all 2011 tax returns, or if no 2011 tax returns have been filed, the most recently filed tax returns." [Doc. 651 at 4]. The Court ordered, "[T]he Defendants shall have up to and including August 22, 2012, to fully identify and, where appropriate, produce the items listed above." [Doc. 651 at 5].

## II. POSITIONS

At the hearing, the Plaintiff took the position that the Defendants had failed to comply with the Court's Memorandum and Order entered July 11, 2012. Counsel for the Plaintiff represented, however, that the Plaintiff had reached an agreement with Defendants Rebecca Ross Jordan, Rarity Management Company LLC, and Patricia Ross, as personal representative of the Estate of Dale Ross, which would render the allegations of non-compliance relating to these defendants moot. Specifically, Defendants Rebecca Ross Jordan, Rarity Management Company LLC, and Patricia Ross, as personal representative of the Estate of Dale Ross, stipulated that they did not oppose the Plaintiff's request for full and immediate access to their computer hard drives, and Ms. Jordan and Rarity Management Company agreed to deliver signed responses to the written discovery, complying with the Court's previous Memorandum and Order, on or before

3

August 29, 2012. Ms. Jordan was also scheduled to give a deposition on behalf of herself and Rarity Management Company on August 30, 2012.

Michael L. Ross and the other business entities listed in this case were not able to reach an agreement to resolve their pending discovery disputes with the Plaintiff. As a result, the oral arguments at the hearing focused upon the post-judgment discovery to be produced by Defendant Michael L. Ross and the other business entities listed in this case. For purposes of this Memorandum and Order, Mr. Ross and the business entities for which he serves as the principal will be referred to collectively as "Mr. Ross and the Ross Entities."

The Plaintiff described Mr. Ross and the Ross Entities' attitude toward discovery as "shockingly cavalier." Plaintiff took the position that, because Mr. Ross and the Ross Entities have continuously frustrated the discovery process by failing to cooperate, the Court should order the Mr. Ross and the Ross Entities to turn over their computers to the Plaintiff. The Plaintiff would have the computers imaged and could preserve any records of assets or other documents relevant to recovering on the judgment. The Plaintiff was specifically interested in a Dell laptop and an iPad tablet, identified as Mr. Ross's personal computers in the responses to written discovery that were delivered to the Plaintiff on August 22, 2012, [Doc. 709-4 at 8]. The Plaintiff emphasized that the Court should order the forensic imaging of Mr. Ross's personal computers. Plaintiff noted that these devices had not been imaged previously. The Plaintiff argued that because Mr. Ross, individually, was a party to this litigation imagining of the devices was appropriate. The Plaintiff agreed to bear the cost for forensic imaging of the devices.

Counsel for the Plaintiff noted that the deposition of Defendant Michael Ross was also set to take place on August 30, 2012. Counsel submitted that when previously called to testify Mr. Ross had a poor memory, and therefore, counsel for the Plaintiff maintained that responses

4

to the written discovery were needed to ask pointed questions. The Plaintiff conceded that it may be more efficient to ask Mr. Ross some of the questions posed in the written discovery at a deposition rather than pursuing a written answer.

Counsel for Mr. Ross and the Ross Entities argued that some of the data from the imaging of the computers was protected by attorney-client privilege. In addition, counsel for Mr. Ross argued that imaging the iPad and personal computer of Mr. Ross would be "oppressive and intrusive."

Following the parties' presentations, counsel for the receiver presented the receiver's position and noted additional matters that may be pertinent to the Court's decision. First, the receiver stated that he had obtained permission from American Harper Corporation – the entity which now owns the business computers of the Defendants – to have those computers imaged by Sword and Shield, a third-party vendor. The receiver noted that Mr. Ross had identified a computer at the Rarity Bay offices as his "personal computer" and that computer had been imaged by Sword and Shield. The receiver noted that, despite meeting with Mr. Ross on three occasions, the "personal" Dell laptop and iPad tablet had never been identified to the receiver. The receiver represented that he was in favor of the iPad and personal Dell computer being imaged.

The receiver also noted that he planned to file a motion to address the emails withheld from the receiver during his meetings with Mr. Ross and Attorney Meares. In addition, the receiver represented that he hoped the written discovery served by the Plaintiff would be answered by Mr. Ross and the Ross entities because the information was necessary to complete his investigation in this case.

### III. ANALYSIS

The Court will address each of the pending post-judgment discovery issues in turn.

### A. Attorney-Client Privilege in Computers Sold to American Harper Corporation

"Where, as here, the underlying claim is based on federal law, federal common law determines the extent of the privilege." Moss v. Unum Life Ins. Co., 2012 WL 3553497, at *10 (6th Cir. 2012). Under federal common law, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." United States v. Dakota, 197 F.3d 821, 825 (6th Cir.1999) (citing In re Grand Jury Investigation No. 83–2–35, 723 F.2d 447 (6th Cir.1983)). "The privilege is generally considered waived if a client voluntarily reveals otherwise protected communications to third parties." In re Columbia/HCA Healthcare Corp., 192 F.R.D. 575, 577 (M.D. Tenn. 2000)

To the extent Mr. Ross and the Ross Entities claim that the computers found at the Rarity Bay offices are privileged in whole or that the forensic images of these computers are privileged in whole, the Court finds that this position is not well-taken. Mr. Ross and the Ross Entities have not cited the Court to any case that would allow such a broad interpretation of the attorney-client privilege, which is meant to protect only communications, not any device that may contain a communication.

Further, even if the attorney-client privilege were applicable to the devices themselves or the communications contained therein, the privilege has been unequivocally waived via the selling of these devices to American Harper Corporation, a third party. Mr. Ross and the Ross Entities' decision to sell a vessel containing privileged communications with counsel to a third party must certainly be interpreted as voluntarily revealing those communications to the third party. The contents of the devices have been conveyed to third-parties, and therefore, the Court

finds this conveyance effectively waives the protection afforded to the contents of the devices, including the communications contained therein, under the attorney-client privilege.

Accordingly, the Court finds that the attorney-client privilege has been **WAIVED**, with regard to any communications contained on computers or other devices conveyed to American Harper Corporation.

**B.     Forensic Imaging of the Dell Computer and iPad Tablet**

The Court finds that the Plaintiff's request that the Court order the Dell computer and iPad tablet to be forensically imaged is well-taken to the extent it seeks the preservation of the documents and discoverable materials that may exist on these devices. Mr. Ross **SHALL DELIVER** these devices to Sword and Shield on or before **September 7, 2012**. Sword and Shield **SHALL** forensically image these devices and **SHALL** notify the receiver when these devices have been imaged. The receiver will then notify the parties and the Court that this process has been completed. The Court will then determine the extent to which the imaging will be provided to the parties. Sword and Shield **SHALL RETAIN** possession of the forensic images and **SHALL NOT** provide the images to any other persons or entities pending further orders of the Court.

**C.     Written Discovery Responses**

The Court has reviewed the discovery responses made by Mr. Ross and the Ross Entities, pursuant to the Court's Memorandum and Order of July 11, 2012 [Doc. 651]. The Court finds that some of the responses are sufficient, while other responses are not. The

7

Case 3:09-cv-00498   Document 724   Filed 08/31/12   Page 7 of 9   PageID #: 8641

following responses are not sufficient,[1] and they must be supplemented on or before **September 21, 2012**:

> (a) All real property owned: list provided must be edited to show which properties "have been transferred or are in foreclosure proceedings";
>
> (c) All appraisals of property interests currently held;
>
> (d) All business ownership interests;
>
> (g) All debts presently owed to the Defendants;
>
> (k) Regarding 2011 tax information, all W-2 forms and 1099 forms from 2011;
>
> (n) The stock certificates of the Ross Entity Defendants, and any investment accounts not previously identified; and
>
> (s) Current business records.

## IV.    SANCTIONS

The Court reserves ruling as to any sanctions regarding these discovery matters. See Fed. R. Civ. P. 37(b).

---

[1] The insufficient responses are noted using the letter used to label them in the original Memorandum and Order, *i.e.* (a) or (n).

## V. CONCLUSION

Accordingly, the Plaintiff's Motion for Full Access to Defendants' Computer Data **[Doc. 709]** is **GRANTED IN PART** and **DENIED IN PART**, as more fully stated above.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge