UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT T. STOOKSBURY, JR.,       )
      Plaintiff,       )
      )       No. 3:09-CV-498
      )       (VARLAN/GUYTON)
v.       )
      )
MICHAEL L. ROSS, *et al.*,       )
      Defendants.       )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge. The Receiver has filed a Quarterly Report and Third Interim Application to Pay Receiver's Fees and Approve Receiver's Attorneys' Fees and Costs [Doc. 732].

The Receiver moves the Court to enter an Order authorizing payment of the Receiver's fees and expenses and to approve the reasonable attorneys' fees and expenses incurred by Woolf, McClane, Bright, Allen & Carpenter, PLLC ("Woolf, McClane"). Specifically, the Receiver requests that the Court authorize payment of his expenses in the amount of $154.32 and fees for services in the amount of $11,550.00. He also requests that the Court approve the expenses and professional fees incurred by Woolf, McClane, which include expenses totaling $1,649.90 and professional fees rendered in the amount of $120,665.50. The Receiver acknowledges that due to the limited assets presently in the Receiver's account, the payment of the fees and expenses to Woolf, McClane will be delayed.[1]

---

[1] The Receiver does not identify a certain time at which these fees and expenses will be paid, nor does he identify a triggering event. The Court will expect the Receiver or a representative of Woolf, McClane to file a request for distribution and reimbursement of these fees if and when additional assets are deposited in the Receiver's account.

The Receiver has submitted extensive documentary evidence of: the work that has been performed by the Receiver and his expenses [Doc. 732-1]; the assets located by the Receiver [Doc. 732-2]; the account history for the Receiver's account [Doc. 732-3]; a summary of the professional and para-professional time expended [Doc. 732-4]; a summary of the expenses incurred by Woolf, McClane [Tr. 732-5]; and detailed billing records from Woolf, McClane [Tr. 734]. The Court has reviewed the requested relief and this supporting documentation.

The Court finds that the fees and expenses requested are reasonable and should be reimbursed. However, the Court finds that the expenses incurred by the Receiver and Woolf, McClane shall receive first priority in payment. Thus, the Third Interim Application to Pay Receiver's Fees and Approve Receiver's Attorneys' Fees and Costs **[Doc. 732]** is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. First, the Receiver's request for expenses in the amount of **$154.32** is **APPROVED** and this amount **SHALL BE PAID** to the Receiver from the Receiver's account;

2. Second, Woolf, McClane's request for expenses in the amount of **$1,649.90**, is **APPROVED** and this amount **SHALL BE PAID** to Woolf, McClane from the Receiver's account;

3. The Receiver's request for payment for services in the amount of **$11,550.00** is **APPROVED**;

4. However, at this time, the Court will authorize a limited payment of **$5,000**, but the Court **ORDERS** that the remaining **$6,550.00** of the approved payment for services will be a first-priority lien on an moneys that come into the Receiver's account;

2

5. In addition, the professional fees submitted by Woof, McClane are **APPROVED**, and the Receiver or a representative of Woolf, McClane may seek payment and reimbursement of the same in the future.

**IT IS SO ORDERED**.

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge