UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge. Now before the Court are two motions to intervene: the Motion of William H. Worley, Rebecca A. Worley, and Bill Worley Construction Co., Inc. for Permission to Intervene and/or to Alter and Amend [Doc. 626], and the Motion to Intervene filed by RL REGI-TN OAK, LLC [Doc. 697].

The parties appeared before the undersigned on September 24, 2012, to address these motions. Attorney Kelli Thompson was present representing Movant RL REGI-TN OAK LLC, ("TN OAK"). Attorney Katherine Lentz was present representing Movants William H. Worley, Rebecca A. Worley, and Bill Worley Construction Co., Inc., ("the Worley parties"). Attorney Wayne Ritchie was present representing the Plaintiff. Attorney Luis Bustamante was present on behalf of the Receiver, Sterling P. Owen, IV, who was also present in the courtroom.

The motions before the Court are now ripe for adjudication, and for the reasons stated herein, they will be **DENIED**.

## I. BACKGROUND

Three sets of facts are pertinent to the disposition of the instant motion

*The Instant Case*

The instant case was filed on November 18, 2009. On February 28, 2012, the jury in this case returned a verdict awarding the Plaintiff compensatory damages in the amount of $14,846,915.00, against the Defendants. On March 1, 2012, the jury returned a second verdict, against sixteen of the defendants in this case, awarding Plaintiff $15,000,000.00 in punitive damages. On March 6, 2012, the Clerk of Court entered a Judgment in this case reflecting the jury's verdicts. [Doc. 390]. On May 23, 2012, the undersigned entered a Memorandum and Order finding an imminent danger that property belonging to the Defendants would "be concealed, lost, or diminished in value," and finding that appointment of a receiver was appropriate. [Doc. 548].

On June 6, 2012, Sterling P. Owen IV was appointed to serve as Receiver in this case. [Doc. 586]. Mr. Owen was directed to preserve the Defendants' assets, to identify and report any fraudulent conveyances to the Court, and to maintain and preserve records regarding the Defendants' assets.

*The Worley Parties' Litigation*

On February 18, 2009, William H. Worley, Rebecca A. Worley, and Bill Worley Construction Inc., filed suit against Rarity Communities, Inc., Nickajack Shores Holdings, LLC, and Michael E. Ross. On November 22, 2011, a jury in Marion County returned a verdict of $5,676,875.00, representing both compensatory and punitive damages, in favor of the Worley Parties and against Rarity Communities, Inc., Nickajack Shores Holdings, LLC, and Michael E. Ross. [Doc. 626-1]. On May 23, 2012, the Marion County Circuit Court denied the defendants'

2

motion for new trial and/or remittitur.

*The RL REGI-TN OAK LLC Litigation*

On or about June 23, 2011, RL REGI-TN OAK LLC filed suit about Oak Ridge Land Company, LP, Michael Ross, RCCA Company, Rarity Ridge Club, Rarity Ridge Homeowners Assoc., Broadberry Development, and LOM Development.

On February 2, 2012, TN OAK filed a Motion to Intervene in this case; the motion was withdrawn on February 17, 2012.

On August 3, 2012, TN OAK and the parties listed above entered into an Agreed Judgment and Permanent Injunction of $8,406,209.09. This judgment was a deficiency judgment representing the deficiencies on notes owed to TN OAK. TN OAK agreed to this judgment in lieu of pursuing fraud and conversion claims.

## II. ANALYSIS

Requests to intervene in federal cases are governed by Rule 24 of the Federal Rules of Civil Procedure.

Rule 24(a) addresses intervention as of right. It directs that, on a timely motion, a court must permit anyone to intervene in a case, who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The Court of Appeals for the Sixth Circuit has explained that a proposed intervenor "must establish four factors" before a court will find that the party is entitled to intervene:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

Coal. to Defend Affirm. Action v. Granholm, 501 F.3d 775, 779 (6th Cir. 2007) (citing Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir. 1999)).

Rule 24(b) addresses permissive intervention. It directs that, on timely motion, a court may permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The decision to grant or deny permissive intervention is a matter within the trial court's discretion, and it will be reversed on appeal "only for clear abuse of discretion by the trial judge." Purnell v. City of Akron, 925 F.2d 941, 951 (6th Cir. 1991).

**A.   Motion to Intervene (Worley) [Doc. 626]**

Turning first to the Motion to Intervene filed by the Worley parties, the Court finds that neither the Worley parties' request to intervene as of right nor their request for permissive intervention is well-taken.

The Court first finds that the Worley parties have failed to show that they are situated so that disposing of the instant action may, as a practical matter, impair or impede their ability to protect their interest. Fed. R. Civ. P. 24(a). Stated differently, the Court finds that the Worley parties lack a substantial legal interest in the subject matter of the case and their interest will not be impaired in the absence of intervention. See Granholm, 501 F.3d at 779.

4

The Worley parties claim that intervention is needed because, "The Court, by virtue of its appointment of the receiver, has taken jurisdiction over the Defendants' assets to the exclusion of other judgment creditors such as the Worley Parties." [Doc. 648 at 6]. The Worley parties went on to claim that the Receiver "will impact the interests and ability of the Worley Parties to execute upon their judgment." [Doc. 648 at 6]. The Court finds that these assertions are totally baseless, and at the hearing, counsel for the Worley parties conceded that they were false. In fact, at the hearing counsel for the Worley parties stated that asset discovery by the Worley parties was underway and that the Receiver has taken no actions to impede the judgment collection efforts of the Worley parties. Accordingly, the undersigned finds that the proceedings in this case do not affect the Worley parties' claims in a manner that would support finding that the Worley parties may intervene as of right.

With regard to permissive intervention, the court finds that the Worley parties have not identified a common question of law or fact between their state law claims and the claims brought by the Plaintiff under federal law. The Worley parties presented claims based upon state law – *e.g.* breach of contract, negligent misrepresentation, fraud – in a state court related to lots in Rarity Club in Marion County, Tennessee. [Doc. 648-1]. The Plaintiff in this case, Mr. Stooksbury, presented nine claims pursuant to the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, and a state law claim for breach of contract related to the development of Rarity Bay and Rarity Point in Loudon County, Tennessee. Based on the claims made and facts alleged, the Court cannot find that the Worley parties have a claim or

defense that shares with this case "a common question of law or fact," so as to allow permissive joinder.[1]

Based on the foregoing, the Motion of William H. Worley, Rebecca A. Worley, and Bill Worley Construction Co., Inc. for Permission to Intervene and/or to Alter and Amend [Doc. 626] will be **DENIED**.

B.      **Motion to Intervene (TN OAK) [Doc. 697]**

The Court similarly finds that the Motion to Intervene [Doc. 697], filed by TN OAK, must be denied because it states neither a basis for intervention as a right nor a basis for permissive intervention.

At the hearing before the undersigned, TN OAK argued that it "can't collect on the judgment because the Receiver has taken control of assets." TN OAK concedes, however, that its ability to execute on bank accounts, real property, or other assets has not been impaired by this Court's appointment of a Receiver. There is no evidence in the record demonstrating that if this case proceeds without the intervention of TN OAK, the ability to protect its interest of TN OAK will be impeded. See Fed. R. Civ. P. 24(a). TN OAK has failed to demonstrate that its ability to protect its interest may be impaired in the absence of intervention, and the evidence before the Court shows that TN OAK lacks a substantial legal interest in the subject matter of the case. See Granholm, 501 F.3d at 779. Accordingly, the undersigned finds that the proceedings in this case do not affect the claims of TN OAK in a manner that would support finding that TN OAK may intervene as of right.

---

[1] The Court makes this finding while affording the Worley parties the benefit of the doubt that their state law claims, which have already been litigated and decided, could possibly form a basis for intervening here. The very context of Rule 24(b), which applies where a potential intervenor "has a claim or defense," seems inapplicable to the Worley parties, because the Worley parties have converted their claims and defenses into a judgment through litigation.

6

The Court further finds that TN OAK has not demonstrated that it has a claim or defense that shares with this case "a common question of law or fact," and therefore, permissive intervention is not appropriate. TN OAK filed its case in state course based upon state law claims – *e.g.* fraudulent conveyance, conversion, tortious interference with a contractual relationship – relating to the Rarity Ridge Development in Anderson County, Tennessee. Based on the claims made and facts alleged, the Court cannot find that TN OAK has a claim or defense that shares with this case "a common question of law or fact," so as to allow permissive joinder.[2]

Based on the foregoing, the Motion to Intervene [Doc. 697], filed by TN OAK, will be **DENIED**.

C.    **The Role of the Receiver**

In arguing for leave to intervene, the movants' cited their perceptions of the Receiver's role in this post-trial litigation. These perceptions exceeded the bounds of the Receiver's actual role, and the Court, therefore, finds that a brief description of the Receiver's role is appropriate. The Receiver is not a judgment collector. He works for the Court, not any party. His job is to: identify assets; preserve assets, by preventing waste of assets; and to make a report to the Court, which is publically available to all creditors, of his actions. His role is not to determine or affect, "which creditor gets what" from the execution efforts of the creditors. The Receiver's work inures to the benefit of all creditors, while at the same time not interfering with any creditor's efforts to execute on their own rights and judgments. When the work of the Receiver is completed, the receivership will be terminated by the Court.

---

[2] Again, the Court makes this finding while affording TN OAK the benefit of the doubt that their state law claims, which have already been litigated and decided, could possibly form a basis for intervening here.

### III. CONCLUSION

In sum, the Motion of William H. Worley, Rebecca A. Worley, and Bill Worley Construction Co., Inc. for Permission to Intervene and/or to Alter and Amend **[Doc. 626]** is **DENIED**, and the Motion to Intervene **[Doc. 697]**, filed by TN OAK, is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

 /s H. Bruce Guyton
United States Magistrate Judge

8

Case 3:09-cv-00498-TAV-HBG   Document 766   Filed 10/10/12   Page 8 of 8   PageID #: 9059