UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of the District Judge [Doc. 797], referring to the undersigned the Amended Motion to Withdraw [Doc. 793], filed by Attorney Michael H. Meares. In the Amended Motion, Mr. Meares requests leave to withdraw as counsel for Michael L. Ross, LTR Properties, Inc., RPL Properties, LLC, LC Development Company, LLC, Michael L. Ross d/b/a Rarity Realty, Michael L. Ross d/b/a Rarity Pointe Realty, Rarity Communities, Inc., Tellico Lake Properties, L.P., Nickajack Shores Holdings, LLC, Rarity Investment Company, LLC, Rarity Corporation, Rarity Property Management, Inc., Rarity Ridge Club, Inc., Rarity Club Corporation, Broadberry Development Company, LLC, Hiawassee Properties LLC, RM Company, LLC, LOM Development Company, LLC, VPI Company, LLC, and Tellico Communities, Inc., (collectively "the Ross Defendants").

Plaintiff Robert Stooksbury responds by stating that he has no objection to the relief requested in the Amended Motion. [Doc. 798]. Specifically, the Plaintiff does not object to the request to withdraw on the basis that Mr. Meares is not being paid for his services. The Plaintiff, however, "disagrees with and objects to any suggestion in Mr. Meares' filing that the Receiver has an obligation to pay for the Ross[] Defendants' counsel." [Doc. 798 at 1].

Local Rule 83.4 requires that, unless a motion to withdraw as counsel "is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion," the attorney must provide a copy of the motion to withdraw as counsel to the client at least fourteen days prior to the date the motion is filed. E.D. Tenn. L.R. 26.2(f)(3). In the Amended Motion and his own Affidavit, Mr. Meares "certifies that on November 6, 2012, a copy of a motion to withdraw on the basis of nonpayment of fees was provided to defendants." [Doc. 793-1 at ¶ 8]. The Amended Motion was filed November 20, 2012. Therefore, the Court finds this certification satisfies Local Rule 83.4's notice requirements.

Local Rule 26.2 further directs: "If the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel." Attorney Meares argues that the appointment of a Receiver in this case and the Ross Defendants' failure to pay his fees constitutes "extraordinary circumstances." Based upon the particular circumstances of this case and the Plaintiff's lack of objection to the request to withdraw, the Court finds that "extraordinary circumstances" exist and support granting the Amended Motion.

Based upon the foregoing, the Court finds that the Amended Motion to Withdraw **[Doc. 793]** is well-taken, and it is **GRANTED**. Attorney Michael Meares is **RELIEVED** of his representation of the Ross Defendants in this case.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

2