UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT T. STOOKSBURY, JR., )
    Plaintiff, )
) No. 3:09-CV-498
) (VARLAN/GUYTON)
v. )
)
MICHAEL L. ROSS, *et al.*, )
    Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge [Doc. 827]. Now before the Court is Defendants Rebecca Ross Jordan, Patricia Ross, and Rarity Management Company, LLC's Motion to Reconsider Memorandum and Order and Motion for Clarification [Doc. 826]. In the instant motion, Defendants Rebecca Ross Jordan, Patricia Ross, and Rarity Management Company, LLC, ask the Court to reconsider a previous Order [Doc. 817], in which the Court the Court denied these Defendants' Motion to Compel [Doc. 792]. Alternatively, the Defendants request clarification of the Court's previous Orders. The Receiver has filed a response in opposition. [Doc. 832].

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. App'x 949, 959 (6th Cir. 2004) (citing Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991)). Traditionally, courts will reconsider orders when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez, 89 Fed. App'x at

959 (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)).[1]

The Defendants have not cited the Court to an intervening change in controlling law, nor have they directed the Court to new evidence that is now available for reference in the Court's decision. The Defendants instead appear to argue that the Court must reconsider its previous order in order to correct a clear error or prevent manifest injustice. The Court finds that the Defendants have not demonstrated clear error, and to the extent the Defendants have argued that manifest injustice may occur, the Court will clarify its previous Orders below. Accordingly, the Defendants' request to reconsider is **DENIED**.

The Defendants have posed three questions in their effort to obtain clarification of the Court's previous Orders [Doc. 586, 817]. The Court finds this request is well-taken, and it is **GRANTED**, as follows. The Court answers all three of the questions posed by stating:

- The United States Constitution affords to defendants in criminal cases the right to legal counsel. The Constitution, however, does not afford the same right to defendants in civil cases. Defendants, of course, retain the right to hire counsel, and they may contract to hire counsel to represent them in this and other cases. They may hire counsel of their choosing using liquid assets available to them. To the extent Defendants will finance retention of counsel through liquidating real property or investment accounts that may be subject to the Judgment obtained in this case, they shall file notice of their intent to liquidate **five (5)** business days

---

[1] Judgment in this case was entered March 6, 2012. This motion does not predate the judgment and does not fit the classic definition of an interlocutory motion. Further, the instant motion does not request that the Court reconsider Judgment or another dispositive order under Rule 59. The motion, therefore, presents a procedurally odd request for relief. The Court finds that the standard described in Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. App'x 949, 959 (6th Cir. 2004) is an appropriate standard for addressing the motion.

prior to any liquidation.

- The Receiver will not supervise the relationship between counsel and the Defendants. He is only to take note of any inappropriate liquidation of assets.

Accordingly, the Motion to Reconsider Memorandum and Order and Motion for Clarification **[Doc. 826]** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge