UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 3:09-CV-498 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge. Now before the Court is Plaintiff Robert T. Stooksbury's Motion for an Order Allowing Mr. Stooksbury or the Receiver to Take Possession of the Rarity Bay Boat Docks and to Receive All Rental Income and for an Order for a Complete Accounting Pending Disposition of the Collateral [Doc. 872]. American Harper Corporation, a non-party to this case, has objected to Plaintiff's Motion. [Doc. 888]. Defendant Tellico Lake Properties, LP, has not responded in opposition, nor has any other Defendant in this case.

The Court finds that this issue is ripe for adjudication, and for the reasons stated herein, the Plaintiff's Motion for an Order Allowing Mr. Stooksbury or the Receiver to Take Possession of the Rarity Bay Boat Docks and to Receive All Rental Income and for an Order for a Complete Accounting Pending Disposition of the Collateral [Doc. 872] will be **GRANTED**.

I.  BACKGROUND

The history of this case is lengthy and well-known to the parties. The Court will not repeat it herein. With regard to the issue before the Court, it is undisputed that on January 23, 2009, Defendant Michael Ross, on behalf of Defendant Tellico Lake Properties, L.P., signed a promissory note promising to pay United Community Bank, a principal sum of $650,000. [Doc. 872-1]. In a Loan and Security Agreement executed the same day, Mr. Ross, again on behalf of Tellico Lake Properties, granted United Community Bank a security interest in all the "accounts receivable, rental agreements and trade notes receivable." [Doc. 894-1 at 2].

On the same date, Mr. Ross also signed an Assignment of Rents, Leases, Profits & Income, [Doc. 872-2], on behalf of Tellico Lake Properties. In pertinent part, the Assignment states:

> [T]o induce [United Community Bank] to advance a loan of money to [Tellico Lake Properties, Tellico Lake Properties] herewith absolutely assigns, transfers and conveys unto [United Community Bank] forever, subject, however, to defeasance upon the occurrence of the conditions hereinafter set forth, all right, title and interest of [Tellico Lake Properties] in and to all rents, leases, profits, income and demises of tenancy . . . including but not limited to all dock, slip and boat storage rental agreements and leases . . . .

[Id. at 1]. Further, the Assignment provided that in the event of a default by Tellico Lake Properties, United Community Bank is entitled under the Lease to *inter alia*: enter upon, and take possession of, the real property; to collect the rents, income and profits under the Lease; and apply rentals and income from the real property to the debt secured by the Note. [Doc. 872-2 at 3].

United Community Bank endorsed the Note to Plaintiff Robert T. Stooksbury, making

2

Case 3:09-cv-00498-TAV-HBG   Document 913   Filed 04/26/13   Page 2 of 7   PageID #: 10188

the Note payable to Mr. Stooksbury. [Doc. 872-1 at 5].

## II. POSITIONS OF THE PARTIES

Mr. Stooksbury now moves the Court to enter an Order allowing Mr. Stooksbury or the Receiver to take immediate possession of the Rarity Bay boat docks, to receive all rental income, and to insure the property to the extent such insurance is available pending final disposition of property by the Receiver or the Court. [Doc. 872 at 1]. In addition, Mr. Stooksbury moves the Court to enter an Order requiring American Harper Corporation to give a complete accounting of all income and expenses stemming from its possession and/or use of the boat docks. [Id.].

In support of this request, Mr. Stooksbury states that he purchased the Note and related loan documents to protect this asset pending final disposition by the Receiver or the Court. Mr. Stooksbury notes that Tellico Lake Properties has been put into bankruptcy, but the Bankruptcy Court has found that the creditors' interests are best served by permitting the Receiver or himself to continue in possession of property. As a result, the Bankruptcy Court has excused the Receiver from complying with the provisions of the Bankruptcy Code that would normally require that property be turned over the bankruptcy trustee. [Docs. 18, 96, 124 in No. 3:12-bk-34034].

American Harper Corporation, a non-party to this case, agrees to provide an accounting of its operation of the boat docks. It, however, objects to Mr. Stooksbury's request that the Court order Mr. Stooksbury or the Receiver to take possession of the boat docks. [Doc. 888 at 1]. American Harper argues that this Court has no jurisdiction to adjudicate this action, which it maintains is essentially a foreclosure. [Id. at 2]. American Harper also argues that Mr. Stooksbury has not declared the Note or Assignment of Rents to be in default. [Id. at 3].

Mr. Stooksbury replies that he is not attempting to foreclose on the property. Mr. Stooksbury argues that he, instead, seeks to exercise only his right to take possession of the property and collect rent. [Doc. 894 at 2]. Mr. Stooksbury argues that the Note has been in default since the moment American Harper took possession of the subject property in March 2012, because American Harper's possession constituted a default under the terms of the Note and Assignment of Rents. [Id.]. Mr. Stooksbury alleges that American Harper, Mr. Ross, and Tellico Lake Property have all failed to insure the property, failed to pay property taxes, and failed to pay on the Note since at least March 2012. [Id. at 4]. Finally, Mr. Stooksbury cites the Court to an Order entered by the Bankruptcy Court granting leave for Mr. Stooksbury to take possession of the boat docks. [Doc. 124 in No. 3:12-bk-34034].

Finally, the Receiver has confirmed in writing that he "has reviewed the request presented on behalf of Mr. Stooksbury and has no objection to the proposed operation of the Rarity Bay Boat Docks by Mr. Stooksbury." [Doc. 880 at 1]. Further, the Receiver states that he is in agreement that an accounting from American Harper is appropriate. [Id.].

## III. ANALYSIS

As an initial matter, the Court finds that American Harper has agreed to provide an accounting. Mr. Stooksbury's request for an accounting is not disputed, and it will be **GRANTED**.

With regard to the disputed issue, the Court would, first, note that American Harper's standing to object to Mr. Stooksbury's request is not clearly established. American Harper does not direct the Court to an assignment or other duly executed conveyance from Tellico Lake Properties. American Harper has not explained in its Response [Doc. 888] how it came to be the

4

Case 3:09-cv-00498-TAV-HBG   Document 913   Filed 04/26/13   Page 4 of 7   PageID #: 10190

entity in possession of the boat docks, nor has it made any showing of its being a bona fide purchaser. The Court has, nonetheless, considered all of American Harper's objections.

The Court finds that it does not lack subject matter jurisdiction over this issue. Through the establishment of the Receivership, the Court has recognized its ongoing jurisdiction in this matter, based in part on the Defendants' continued disregard for the Orders of this Court. [See Doc. 695].

Further, the Court finds that the request for relief before it is not a request for a foreclosure. Mr. Stooksbury is not asking the Court to foreclose the right of redemption afforded to Tellico Lake Properties, and thereby, change title to this property. Mr. Stooksbury is, instead, asking that the Court allow the Receiver or Mr. Stooksbury to take possession of the boat docks and that the rents be accounted for and assigned to Mr. Stooksbury. The Court finds that the relief requested does not exceed the purview or jurisdiction of this Court.

The Court has reviewed the Note [Doc. 872-1] and the Assignment of Rents, Leases, Profits, and Income [Doc. 872-2]. Neither document includes a notice provision or other provision requiring that a default be declared. American Harper has not cited the Court to any language in the Note or Assignment that requires the owner of the note – at this time, Mr. Stooksbury – to "declare a default." To the contrary, the Note states that upon default, Mr. Stooksbury "shall have the right and privilege, without the necessity or requirement of notice" to use rents, income, or other property to off-set the debt owed on the Note. [Doc. 872-1 at 3-4]. Accordingly, the Court finds that neither the Note nor the Assignment require that Mr. Stooksbury "declare a default" prior to seeking a remedy for an event of default.

5

The Court finds that American Harper and/or Tellico Lake Properties have breached numerous covenants of the Note and Assignment, by failing to make monthly payments of $4,660.00 [see Doc. 872-1 at 1], and assigning the rents or income from the boat docks to American Harper [see Doc. 872-2 at 2]. The Court, thus, finds that American Harper and/or Tellico Lake Properties are in default under the Note and Assignment.

Finally, the Court finds that Mr. Stooksbury is in the best position to take over the boat docks, and he shall operate them with due diligence and care until the Court orders otherwise. The Court, further, finds that Mr. Stooksbury's possession and operation of the boat docks is not precluded by the involuntary bankruptcy of Tellico Lake Properties. [See ¶ 2 of Docs. 96, 124 in No. 3:12-bk-34034].[1]

---

[1] Agreed Order, endorsed by the Honorable Richard Stair, Jr., United States Bankruptcy Judge, finding that "Stooksbury, or a Receiver, is allowed to take possession of the Collateral and any proceeds thereof pursuant to the terms of the Note, deeds of trust, absolute assignments, loan and security agreement, UCC financing statements, loan documents, the Uniform Commercial Code, and at equity or law." [Doc. 124 at ¶ 2].

### III. CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff Robert T. Stooksbury's Motion for an Order Allowing Mr. Stooksbury or the Receiver to Take Possession of the Rarity Bay Boat Docks and to Receive All Rental Income and for an Order for a Complete Accounting Pending Disposition of the Collateral **[Doc. 872]** is well-taken, and it is **GRANTED**. It is hereby **ORDERED** that:

1. Robert T. Stooksbury **SHALL TAKE** possession of the Rarity Bay boat docks. He **SHALL RECEIVE** all rental income from the boat docks, **SHALL MAINTAIN** the boat docks in an appropriate manner, and he **SHALL INSURE** the property to the extent such insurance is available pending final disposition of the collateral by the Receiver or the Court; and

2. American Harper Corporation **SHALL PROVIDE** a full and complete accounting of all income and expenses stemming from its possession and/or use of the Rarity Bay boat docks from March 20, 2012 to the present. American Harper **SHALL FILE** this accounting with the Clerk of Court on or before **May 10, 2013**.

**IT IS SO ORDERED**.

ENTER:

      s/ H. Bruce Guyton
United States Magistrate Judge