UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT T. STOOKSBURY, JR.,                )
                                          )
      Plaintiff,                         )
                                          )
                                          )   No. 3:09-CV-498
v.                                        )   (VARLAN/GUYTON)
                                          )
MICHAEL L. ROSS, *et al.*,                )
                                          )
      Defendants.                        )

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court are three Motions to Quash [Docs. 916, 924, 925], which move the Court to quash subpoenas commanding testimony and production at a hearing to be held before the Honorable Thomas A. Varlan, Chief United States District Judge, on May 7, 2013, at 9:30 a.m.

On May 6, 2013, the undersigned conducted a hearing to address the Motions to Quash. Attorney Lewis S. Howard appeared *pro se* to argue his Motion to Quash [Doc. 916]. Attorney Wayne Ritichie, appeared on behalf of Robert T. Stooksbury, and argued in favor of Mr. Stooksbury's Motion to Quash [Doc. 924]. Attorney Richard Hollow appeared on behalf of Attorney Gregory Shanks and argued in favor of Mr. Shanks's Motion to Quash [Doc. 925]. Mr. Lewis, Mr. Stooksbury, and Mr. Shanks are hereinafter referred to collectively as "the Movants." Attorneys Gary Goldstein and Mark Brown appeared on behalf of Athena of S.C., LLC, the subpoenaing entity (hereinafter "the Respondent").[1]

The subpoenas at issue were served on May 1, 2013. They commanded that the Movants and others appear and testify at the hearing before Judge Varlan on May 7, 2013. In addition, the subpoenas served upon certain persons and entities commanded the production of documents.

---

[1] Other attorneys and parties appeared will be noted by the Deputy Clerk in the Minute Entry accompanying this Memorandum and Order.

For example, the subpoena served on Mr. Stooksbury commanded that he produce:

> Any document upon which you based your allegations in the instant case in support of the two preliminary injunctions that you obtained against Athena of S.C., LLC. [sic], that the acquisition by 'Athena' of the loans secured by Tellico Lake Properties L.P. lots and the 11 [sic] the former loan owned by Sun Trust Bank and secured by 11 condominium units owned by LTR Properties Inc. was not bona fide or as you have alleged constituted a fraudulent conveyance.

[Doc. 921 at 4]. Mr. Lewis, similarly, was commanded to produce:

> Any document including e-mails between yourself and Wayne Ritchie Jr. or Joseph Ayers Jr. or Wind River concerning the personal guarantee of Robert Stooksbury Jr. on the Sun Trust Bank loan acquired by Wind River an secured by assets of Tellico Landing LLC. [sic], including and not limited to any agreement to release Robert Stooksbury Jr. [from] any guaranty of said loan(s).

[Doc. 916 at 7]. The subpoena served upon Mr. Shanks commanded only that he appear and testify.

At the hearing on May 6, 2013, Mr. Goldstein, on behalf of the Respondent, abandoned the document-production requests contained in the subpoenas. He agreed that the subpoenas likely did not afford sufficient time to make such production, and moreover, that they violated the notice period requirement of Rule 45. Accordingly, the Court will **QUASH** the subpoenas to the extent they seek document production.

Thus, the only dispute before the undersigned are the commands that Mr. Lewis, Mr. Stooksbury, and Mr. Shanks make themselves available to testify at the hearing on May 7, 2013. As the Court noted at the hearing, the Court has an interest in seeing that subpoenas, which follow the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Tennessee, are enforced. With the violation of the fourteen-days requirement in Rule 45(c)(2) conceded by Mr. Goldstein and the document requests withdrawn, the Court finds that the

subpoenas are in compliance with applicable rules and are enforceable as they relate to testimony. The Court finds that it need not decide the application of Rule 45(b)(1)'s "before trial" provision, because, again, the Respondent has agreed to waive the document-production requests. Moreover, the Court finds no logistical basis for quashing the subpoenas as they relate to testimony.

Accordingly, Mr. Howard and Mr. Stooksbury's Motions to Quash **[Docs. 916 and 924]** are **GRANTED IN PART** and **DENIED IN PART**. The Motions to Quash are **GRANTED** to the extent they move the Court to quash the document-production requests contained in the subpoenas, but the Motions to Quash are **DENIED** to the extend they move the Court to quash the commands for testimony.

Because the subpoena served on Mr. Shanks did not command the production of documents, Mr. Shanks's Motion to Quash **[Doc. 925]** is **DENIED**, in its entirety. Counsel for Mr. Shanks argued that the testimony sought was likely protected from disclosure by the attorney-client privilege. The Court declines to issue anticipatory rulings on such protections. See G & V Farms, LLC v. Hartford Fire Ins. Co., 2011 WL 4565632, at *8 (M.D. Pa. Sept. 29, 2011); Lerman v. Turner, 2011 WL 62124, at *10 (N.D. Ill. Jan. 6, 2011) ("The claim of privilege must be made and supported on a question-by-question or document-by-document basis, so no such advance ruling will be rendered."). Mr. Shanks or his counsel may object on the basis of privilege, where appropriate, if and when questions are posed to him at the hearing on May 7, 2013.

      **IT IS SO ORDERED**.

ENTER:

/s H. Bruce Guyton
United States Magistrate Judge