UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT T. STOOKSBURY, JR.,                )
                                          )
        Plaintiff,                        )
                                          )        No. 3:09-CV-498
                                          )        (VARLAN/GUYTON)
v.                                        )
                                          )
MICHAEL L. ROSS, *et al.*,                )
                                          )
        Defendants.                       )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Receiver's Fourth Quarterly Report and Twelfth Interim Application to Pay Receiver's Fees and Approve Receiver's Attorneys' Fees and Costs ("Report and Application") [Doc. 946]. Defendant Michael Ross has responded in opposition to the Report and Application. [Doc. 957]. The Court finds that the Report and Application is now ripe for adjudication, and for the reasons stated herein, it will be **GRANTED**.

In the Report and Application, the Receiver moves the Court to: (1) approve attorneys' fees and expenses incurred through Woolf, McClane, Bright, Allen & Carpenter ("WMBAC"), which represent reasonable and necessary services rendered from February 1, 2013, through May 31, 2013, in the amount of $138,261.00 plus expenses of $1,026.74; (2) authorize the payment of indirect expenses to Bunnell & Woulfe, P.A. in the amount of $956.50; and approve payment to the Receiver for the reasonable and necessary services rendered between May 1, 2013, and May 31, 2013, which totals $6,107.82, with expenses. [Doc. 946 at 8].

Defendant Ross objects to the Report and Application on two grounds. First, he notes that the Receiver is in possession of $113,602.08, and he maintains that the amount requested by the Receiver, which totals $146,352.06 exceeds the balance that is in the Receiver's possession. [Doc. 957 at 1]. Second, Defendant Ross states that the Receiver seized funds from Defendant Ross's IRA. Defendant Ross states that the validity of the seizing of the IRA funds has been submitted to District Judge Varlan for review. As a result, Defendant Ross argues the Court should not disburse any portion of the $51,070.47 that was seized from his IRA. [Id.].

The Court finds that the Receiver has requested the immediate disbursement of $956.50, representing indirect expenses to Bunnell & Woulfe, and fees for his services, including his expenses, in the amount of $6,107.82. Thus, the Receiver only moves the Court to immediately disburse $7,064.32.

In addition, the Receiver moves the Court to approve the fees incurred by WMBAC in the amount of $138,261.00, plus expenses in the amount of $1,026.74. The Receiver acknowledges that "WMBAC understands that the receivership estate does not presently possess the necessary funds to fully satisfy the fees and costs incurred by WMBAC; therefore, if approved, the recovery of such fees and costs will be subject to final Court authorization." [Doc. 946 at 7]. The Court finds that neither the Receiver nor WMBAC request $138,261.00, plus expenses, be disbursed to WMBAC immediately. To the contrary, they have specifically acknowledged that the Court is merely approving the services incurred and that disbursement will, potentially, occur at a later date. The Court, therefore, finds that Defendant Ross's contention that the Receiver's reimbursement request exceeds the funds in the Receiver's possession is not well-taken.

The Court finds that the $138,261.00 in fees requested for the legal fees incurred by

2

WMBAC is reasonable. Moreover, the Court finds that neither Defendant Ross, nor any other party to this litigation has objected to any specific component of this amount. The Court, therefore, **APPROVES** the Receiver's request that WMBAC be reimbursed $138,261.00 in additional fees, as funds come available. Based upon the numbers submitted by the Receiver, the approval of this request brings the total amount of fees and expenses approved to this point to $397,465.20.[1] [See Doc. 946 at 7]. To this juncture, WMBAC has been paid $53,373.18 from the receivership funds. [See id.].

While the Court finds that approval and delayed compensation of the present fee request is appropriate, the Court finds that the expenses incurred by WMBAC, between February 1, 2013, and May 31, 2013, should be paid to WMBAC at this time. These expenses total $1,026.74. Thus, paying these expenses will bring the total amount of the funds to be disbursed at this time to $8,091.06.[2] Again, the Court finds that this amount does not exceed the funds currently available in the receivership account, which as of the filing of the Report and Application totaled $113,602.08.

Finally, Defendant Ross is correct that he filed a Motion for Relief from Order [Doc. 934], which moves the Court to reconsider the decision allowing the Receiver to seize funds from Defendant Ross's IRA. The Court finds that the current disbursement of $8,091.06, will leave a balance of funds in the receivership account that well exceeds the $51,070.47 at issue in the Motion for Relief. Accordingly, the Court finds that Defendant Ross's objection relating to the IRA and the Motion for Relief is not well-taken.

Based upon the foregoing, the Court finds that Receiver's Fourth Quarterly Report and Twelfth Interim Application to Pay Receiver's Fees and Approve Receiver's Attorneys' Fees and

---

[1] $259,204.20 + $138,261.00 = $397,465.20.
[2] $7,064.32 + $1,026.74 = $8,091.06.

Costs [Doc. 946] is well-taken. The Court **APPROVES** the fees due to WMBAC in the amount of **$138,261.00**.

Further, the Court **APPROVES** and **ORDERS** reimbursement of: (1) expenses to WMBAC totaling **$1,026.74**; (2) indirect expenses owed to Bunnell & Woulfe totaling **$956.50**; and fees for his services and his expenses owed to the Receiver in the amount of **$6,107.82.** Thus, in total, the Court **APPROVES** and **ORDERS** that the Receiver or his agent disburse **$8,091.06,** to the above persons and entities.

**IT IS SO ORDERED**.

ENTER:

   /s H. Bruce Guyton
United States Magistrate Judge