UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:09-CV-498 |
| v. | ) (VARLAN/GUYTON) |
| | ) |
| MICHAEL L. ROSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Intervene on a Limited Basis [Doc. 989], filed by RPM Assets, LLC, and Mitchell E. Jones (the "Movants"). Athena of S.C., LLC, ("Athena"), has filed a Response in Opposition [Doc. 998]. The Plaintiff and the Receiver have filed responses and replies in support of the Motion to Intervene. [Docs. 991, 993, 1000, 1002]. The Movants have also filed a final reply in support of the Motion to Intervene. [Doc. 1001]. The Motion to Intervene is now ripe for adjudication, and for the reasons stated herein, it will be **GRANTED**.

**I.    BACKGROUND**

The background relevant to this matter can be summarized as follows:

*A.    Chancery Court Case*

In the case of <u>Athena of S.C., as assignee of LTR Properties, Inc. v. RPM Assets, LLC, et al.</u>, (hereinafter "the Chancery Court Case"), Athena asserts that RPM, through its authorized agent entered into a Promissory Note with LTR Properties Inc., ("LTR"), in the principal amount

of one hundred twenty thousand dollars ($120,000.00) plus interest at the rate of 6.46% per annum. [Doc. 998-2 at ¶ 6]. Athena further alleges that Movant Mitchell Jones entered into a Promissory Note with LTR in the principal amount of two hundred sixty five thousand dollars ($265,000.00) together with interest thereon at the rate of 6.46% per annum. [Id. at ¶ 10]. Athena maintains that on March 21, 2012, LTR entered into an Allonge and Assignment of Notes with Athena transferring both Promissory Notes to Athena for value, and Athena – as a holder in due course – succeeded to all rights of LTR under the Promissory Notes and Deed of Trust. [Id. at ¶ 13]. Athena asserts that it also became the holder of a twenty-percent membership interest in the assets of RPM, by virtue of an assignment from LTR. [Id. at ¶¶ 17, 18].

Athena further alleges that as RPM and Jones were actively seeking to sell the real property secured by the Deed of Trust, without protecting Athena's interest, Athena sought a lien *lis pendens* on the real property to protect its interest. [Id. at ¶ 20]. In the Chancery Court Case, Ahena sued RPM and Jones, respectively, for breach of contract and also asserted a count for lien *lis pendens*. [Id. at ¶¶ 21-28].

B.      *Post-Judgment Litigation in the Instant Case*

On March 6, 2013, the Court entered a multi-million dollar Judgment [Doc. 390] against various entities in the instant case case. LTR Properties Inc. was among the judgment debtors against whom Judgment was entered. The post-judgment proceedings in this case have been litigated vigorously since that time.

The post-judgment proceedings and filings of particular relevance to the issue before the Court can be stated succinctly. On June 6, 2012, the Court appointed Sterling P. Owen, IV, to serve as receiver in this case. Among other things, he was charged, "to identify, take possession
2

of, and control of any and all of Defendants' assets in the manner best suited to preserve Defendants' assets." [Doc. 586 at 3]. In his Second Quarterly Report, filed November 30, 2013, the Receiver identified the Promissory Notes as Receivership assets. [Doc. 802 at 4-5].

On February 7, 2013, the undersigned issued a Report and Recommendation [Doc. 853], recommending that the District Judge conduct a summary proceeding to address, among other things, whether Athena is or was "improperly using and controlling Receivership assets" and whether to stay legal proceedings against Receivership assets. [Id. at 2]. On May 7, 2013, the District Judge conducted an evidentiary hearing on these issues. [See Doc. 903 at 5-6; Doc. 929]. Following the evidentiary hearing and submission of post-hearing briefs, these issues were taken under advisement.

## II. POSITIONS OF THE PARTIES

The Movants, pursuant to Federal Rule of Civil Procedure 24(b), move the Court for an order permitting intervention in this action for three limited purposes: (1) to request an immediate stay of all legal proceedings against Receivership assets until the summary proceeding issue is resolved; (2) to inform the Court of the Movants' support for the pending request for summary proceedings [Doc. 840]; and (3) to request expedited rulings on these matters.

In support of this request, the Movants submit that if the requested stay is not immediately granted, there is a significant danger not only of inconsistent judgments. The Movants maintain that double liability may be imposed on the Movants due to the Chancery Court Case. The Movants submit that in the Chancery Court Case, Athena has sued the Movants based on two promissory notes identified by the Receiver as Receivership assets. The Movants

3

state that the trial in the Chancery Court Case is set for October 1, 2013. Movants argue that absent a stay the case, there is a significant danger that assets in the Receivership Estate will be dissipated.

Athena responds [Doc. 998] that the Motion to Intervene is untimely because the undersigned entered a Report and Recommendation relevant to this issue on February 7, 2013, and the Movants did not file the instant motion until six months later. Athena also argues that there are no common questions of fact between this matter and the Chancery Court Case. Athena maintains that the Movants have no evidence of fraudulent conveyances relating to the Chancery Court Case and they cannot show that the issues between the Movants and Athena are complex. Athena maintains that there is little chance of double liability because the Movants have not been sued by anyone other than Athena. Athena describes allegations relating to the dissipation of Receivership assets as "a receiver problem and not a RPM and Jones problem." [Doc. 998 at 14]. Moreover, Athena asserts that the Receiver has been given an opportunity to intervene in the Chancery Court Case and has declined to do so. Finally, Athena notes that the Court has declined requests to intervene by other entities.

The Movants reply [Doc. 1001], that Athena's argument that the Motion to Intervene is untimely is without merit. The Movants argue that there was no deadline for filing the Motion to Intervene, and the Movants submit that they delayed filing until their prejudice became imminent, given the upcoming trial date and pretrial deadlines in the Chancery Court Case. The Movants maintain that the Chancery Court Case would not be a simple proceeding, given the underlying relationship to the instant matter and numerous transactions. The Movants argue that Athena has failed to rebut the Movants' assertion that intervention is proper based upon common issues of fact and law. The Movants contend that Athena's assertion that double liability is not

4

an issue, because the Movants have not yet been the subject of more than one suit, is flawed.

The Receiver replies [Doc. 1000], that he has not waived or abandoned his designation of the Promissory Notes and related membership interest as part Receivership Estate. The Receiver maintains that given the Court's jurisdiction over the assets of the Receivership, the conflict regarding Athena's ownership of the Promissory Notes should be resolved in this Court within the Petition to Implement Summary Proceedings, Restrain the Transfer of Receivership Assets and Enter a Stay of All Legal Proceedings Against Any Receivership Property [Doc. 840]. The Receiver argues that the Court's goal in appointing a Receiver was, in part, to avoid the type of multiplicity of litigation that would result from the Chancery Court Suit proceeding.

Finally, the Plaintiff replies [Doc. 1002], that Athena's response and lengthy exhibits demonstrate why the Court should allow the Movants to intervene. The Plaintiff submits, "Despite Athena being keenly aware of the Receivership, of this Court's injunctions against Athena's efforts to foreclose on certain Receivership assets at Rarity Bay, and of the Receiver's specific designation of assets in the Receiver's quarterly reports filed previously in this case, Athena has persisted in pursuing its litigation against RPM / Jones in state court concerning the Receivership assets which involve RPM / Jones." [Doc. 1002 at 1]. The Plaintiff points out that the Chancellor in the Chancery Court Case has acknowledged that, while a stay from this Court could affect the Chancery Court Case, no stay has been imposed to date. Plaintiff adopts the position that the Movants litigating their dispute with Athena in state court would be unfair and illogical.

5

## III. ANALYSIS

The Court has thoroughly considered the parties' positions, along with the procedural posture of both this case and the Chancery Court Case, and the Court finds that the Movants' request to intervene is well-taken under Rule 24 of the Federal Rules of Civil Procedure.

Pursuant to Rule 24, a Court may permit a person or entity who "has a claim or defense that shares with the main action a common question of law or fact," to intervene in the action. Fed. R. Civ. P. 24(b)(1). A person or entity who intends to intervene must serve notice upon the parties as provided in Rule 5. Fed. R. Civ. P. 24(c). In deciding whether to allow permissive joinder, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Initially, the Court finds that no party or other entity has objected to the request to intervene based upon a lack of notice, and it appears from the record that proper notice has been given.

The Court finds that the Movants have a possible defense to Athena's attempts to recover on the Promissory Notes, which shares common questions of law and fact with the instant case. The Court finds that the Receiver has identified these Promissory Notes as Receivership assets, to potentially be used to satisfy the judgment in this case. The Receivership and the Chancery Court Case share the common legal question of who is/are the owner(s) of the Promissory Notes and/or who are holders in due course of the Promissory Notes. Additionally, there are common questions of fact regarding the circumstances and transactions through which Athena, the Movants, and the Receiver came to allegedly interests in the Promissory Notes.

The Court further finds that intervention will not unduly delay or prejudice the adjudication of the original parties' post-judgment rights. The Court finds that the issue of

summary proceedings is pending before the District Judge, and the Receivership has not yet been wound down. The Court has considered Athena's objections to the Motion to Intervene arguing that the request is not timely. The Court finds that, given the present procedural posture of the case, the request is timely and is not likely to unduly delay adjudication of the post-judgment issues.

The Court also finds that the Motion to Intervene is distinguishable from previous requests to intervene made by entities like RL REGI-TN OAK, LLC. First, the previous requests to intervene referenced by Athena did not identify a specific piece of property – *e.g.* the Promissory Notes – that was likely to be disposed of in the court of the Receivership. [See Docs. 626, 697, 766]. Second, the previous requests for intervention were not limited to specific purposes. [See Docs. 626, 697]. Further, the previous requests for intervention moved the Court to expand the scope of the Receiver's duties. [Doc. 626]. Finally, the Court would note that Athena, itself, was afforded the opportunity to intervene for a limited purpose earlier in this litigation when a specific piece of property – the 1957 Ford Thunderbird – was at issue, [see Doc. 627].

Based upon the foregoing, the Court finds that the request to intervene is well-taken, and it will be granted.[1]

---

[1] The instant Memorandum and Order constitutes decision on only the Movants' request to intervene. This Memorandum and Order should not be interpreted as a ruling on or any indication of a likely ruling on the requests that the Movants intend to make upon intervening in this case, including the request for a stay.

## IV. CONCLUSION

In sum, and for the reasons more fully stated above, the Motion to Intervene on a Limited Basis **[Doc. 989]** is **GRANTED**.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge