UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The Receiver has filed a Fifteenth Application for Interim Compensation and Expense Reimbursement [Doc. 1039].

The Receiver moves the Court to approve payment to the Receiver for the reasonable and necessary services he rendered between August 1, 2013 and August 31, 2013 in the amount of $4,844.91, representing $4,768.75 in fees and $76.16 in direct expenses. He also requests that the Court approve the attorneys' fees and expenses incurred through Woolf, McClane, Bright, Allen & Carpenter, PLLC ("WMBAC") for the period from June 1, 2013, through August 31, 2013. The services rendered WMBAC total $83,411.75, and WMBAC has incurred expenses of $725.55 through its work.

The Receiver represents that as of August 31, 2013, the Receivership account contained $102,523.11 [Doc. 1039-3]. On August 20 and 30, 2013, the undersigned authorized the disbursement of approximately $13,000.00 from the Receivership account. [See Docs. 1003, 1010]. The Court's review of the August 2013 account statement for the Receivership account

indicates that these disbursements had not yet cleared the account as of August 31, 2013. [See 1039-3]. Nonetheless, the Court finds that these disbursements would not deplete the Receivership account to a level where the instant request for $4,844.91, could not be paid from the account.

Further, the Court finds that as of August 31, 2013, the Plaintiff had not yet deposited any moneys pursuant to the Order the Court entered on September 20, 2013, [Doc. 1037], which is now the subject of a Motion for Reconsideration. Thus, the Court finds that it is not appropriate to delay the adjudication of this interim request for reimbursement based upon the Motion for Reconsideration.

With the instant request, the Receiver has submitted an Invoice of Services rendered in August 2013, detailing the time spent on various tasks in furtherance of the duties established by the Court. [Doc. 1039-1]. He has also submitted invoices for the same period, detailing the out-of-pocket expenses the Receiver incurred in furtherance of these duties. [Id.]. WMBAC has filed documents evidencing the professional and paraprofessional time expended between June 1, 2013, and August 31, 2013, and the rates billed for such time. [Doc. 1039-4]. The Court has also reviewed the WMBAC billing entries, which were filed under seal, and finds that they are reasonable. [See Doc. 1070].

The Receiver's Fifteenth Application was filed September 25, 2013, and his request and the supporting invoices have been available for review to the parties. No party or interested person has objected to the compensation and expenses submitted. The time for doing so has expired. See, generally, E.D. Tenn. L.R. 7.1.

Accordingly, the Court finds that:

1. The Receiver's Fifteenth Interim Application to Pay Receiver's Fees and Approve Receiver's Attorneys' Fees and Costs **[Doc. 1039]** is well-taken, and it is **GRANTED**;

2. The compensation and expenses requested by the Receiver are **REASONABLE**, and they are **APPROVED**. The Receiver **SHALL DISBURSE** the **$4,844.91** requested in the Fifteenth Application to himself as compensation for services and reimbursement for expenses for the period from August 1 to August 31, 2013; and

3. The **$83,411.75** in fees and **$725.55** in expenses incurred by WMBAC in serving as counsel to the Receiver during the period from June 1, 2013 to August 31, 2013, are **REASONABLE**. The Receiver's request that WMBAC be reimbursed for these fees and expenses, as funds come available, is **APPROVED**, subject to further order of the Court.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge