UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Reconsider [Doc. 1043], in which Athena of S.C. LLC and American Harper Corporation ("Movants") move the Court to reconsider its Order entered September 20, 2013, [Doc. 1037]. The Movants request that the Court, in reconsidering the Order, direct the Plaintiff to make certain disclosures about money used to defray the expenses of the Receivership and also clarify the role of the Receiver. The Receiver has responded in opposition to the Motion to Reconsider. [Doc. 1046].

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. App'x 949, 959 (6th Cir. 2004) (citing Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991)). Courts will reconsider orders when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez, 89 Fed. App'x at 959 (citing

Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)).[1]

As an initial matter, the Court finds that the Movants have not cited the Court to an intervening change of controlling law or new evidence that is available. Thus, it appears that the Movants argue that the Order should be reconsidered because there is a need to correct a clear error or prevent manifest injustice. The Court has reviewed the Movants' filings, the Receiver's response, the applicable law, and the procedural posture. The Court finds that the Movants have not demonstrated a clear error was made in the Court's initial ruling, nor have they demonstrated that reconsideration is required to prevent manifest injustice. In particular, the undersigned finds that the issue of clarification of the Receiver's role is pending before the Court, and the undersigned will afford adequate review to this issue.

Accordingly, the Motion to Reconsider **[Doc. 1043]** is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

 /s H. Bruce Guyton
United States Magistrate Judge

---

[1] Judgment in this case was entered March 6, 2012. This motion does not predate the judgment and does not fit the classic definition of an interlocutory motion. Further, the instant motion does not request that the Court reconsider Judgment or another dispositive order under Rule 59. The motion, therefore, presents a procedurally awkward request for relief. The Court finds that the standard described in Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. App'x 949, 959 (6th Cir. 2004) is an appropriate standard for addressing the motion.