UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT T. STOOKSBURY, JR., )
)
    Plaintiff, )
) No. 3:09-CV-498
) (VARLAN/GUYTON)
v. )
)
MICHAEL L. ROSS, *et al.*, )
)
    Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion and Application for Disbursement of Liquid Funds from the Receivership Estate to Pay Legal Fees and Expenses of Ross Defendants [Doc. 1102] and a Motion and Application for Disbursement of Liquid Funds from Receivership Estate to Pay Legal Fees and Expenses of the Estate of Dale Ross, Patricia Ross, Rebecca Jordan and Rarity Management, LLC, [Doc. 1130].

In these motions, the Defendants move the Court to: (1) order payment of all unpaid professional fees and expenses owed to counsel for the Defendants from the Receivership Account; and (2) permit the Defendants to submit monthly invoices to the Receiver for payment from the Receivership Account. In support of their request, the Defendants cite the Court to 28 U.S.C. § 959(b) and <u>Mitsubishi International Corp. v. Cardinal Textile Sales Inc.</u>, 14 F.3d 1507, 1520-22 (11th Cir. 1994). Defendants also argue that a portion of the income collected by the Receiver comes from properties owned by entities that are not judgment debtors.

Both the Plaintiff and the Receiver have responded in opposition to the instant motions. [See Docs. 1126, 1134, 1148, 1151]. The Plaintiff and the Receiver maintain that the Receivership was established because Michael Ross and the other judgment debtors were fraudulently transferring assets and frustrating the Plaintiff's recovery on the judgment rendered in this case. The Judgment entered in this case has not yet been satisfied, and the Plaintiff and the Receiver maintain that it is not appropriate for the legal expenses of the Defendants to now be paid from the assets that the Receiver has marshaled.

The Court established the Receivership on May 23, 2012, after finding that the Defendants had likely engaged in fraudulent conduct in an effort to frustrate the Plaintiff's ability to collect on the multi-million dollar judgment, awarded in his favor. [Doc. 548 at 7-8]. The Court further found that such conduct was likely to continue if the Court declined to appoint a receiver. [Id.]. The Receiver and his counsel have spent hundreds of hours unraveling the tangled transactions of the Defendants in order to determine what assets are available to satisfy the creditors of the Defendants. These assets are subject to the Receivership, and consistent with his Order of Appointment [Doc. 586], the Receiver has collected rents that come due on these properties.

The Court finds that Defendants' present position is inconsistent with the principles of equity and is completely incongruent with the purpose of the Receivership. If the Defendants had conveyed their assets to the Plaintiff upon entry of the judgment instead of frustrating collection, they would not then call upon the Plaintiff to pay their legal fees and expenses from the assets yielded to satisfy the judgment. Instead, the Defendants opted to frustrate collection, and as a result, they remain indebted to the Plaintiff, and other creditors, for millions of dollars. The Receiver was appointed to identify, marshal, and protect the assets of the Defendants until

2

creditors had an opportunity to collect. The Defendants cannot call upon the Receiver to pay their fees and expenses from the property that they themselves have refused to yield to the Plaintiff and other creditors.

The Court further finds that the Defendants have not cited the Court to any persuasive legal authority on this issue. The Defendants do not explain how 28 U.S.C. § 959(b) applies to the instant issue or why it would be persuasive or binding authority. The Court has reviewed § 959(b), which explains a trustee's or receiver's role as an asset manager. The Court finds that § 959(b) is neither persuasive authority, nor binding authority with regard to the instant issue. Moreover, the Court finds that <u>Mitsubishi International Corp. v. Cardinal Textile Sales Inc.</u>, 14 F.3d 1507, 1520-22 (11th Cir. 1994), is not persuasive authority, because *inter alia* the court in that case was addressing a preliminary injunction that tied up the defendants' assets, not a judgment rendered by a jury and upheld on appeal.

Further, to the extent the Defendants believe that the Receiver is receiving rental income from rental property owned by entities that are not judgment debtors, such concerns must be addressed through a motion to restrict collections or a similar mechanism. At this juncture, the Court has not been asked to direct the Receiver to yield these rental payments. Instead, the Defendants have asked the Court to remedy the allegedly improper collection of rents by ordering the Receiver to pay the Defendants' unpaid legal expenses. The Defendants have not demonstrated that the Receiver is improperly receiving payments, and even if they were to show such, the remedy for the Receiver collecting payments outside the scope of the Receivership would not be to direct the Receiver to pay the Defendants' legal expenses.

3

Case 3:09-cv-00498-TAV-HBG   Document 1153   Filed 12/26/13   Page 3 of 4   PageID #: 13380

Accordingly, the Court finds that the Motions and Applications for Disbursement of Liquid Funds from the Receivership Estate to Pay Legal Fees and Expenses **[Docs. 1102, 1130]** are not well-taken, and they are **DENIED**.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge