UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Permission to Intervene and File Oversized Brief [Doc. 1106], filed by James Macri and Tennessee Land and Lakes, LLC, ("the Movants"). The Movants ask the Court to allow them to intervene in the post-judgment proceedings in this case for the purpose of opposing Plaintiff's Motion to Execute on Receivership Assets. The Movants maintain that they have a substantial interest in the disposition of Plaintiff's Motion to Execute on Receivership Assets, because Plaintiff's motion is an attempt to take ownership and control over a property interest held by the Movants. Moreover, the Movants submit that the Defendants in this action cannot adequately represent their interests in this case. The Movants contend that their request to intervene is proper under both subpart (a) and subpart (b) of Rule 24 of the Federal Rules of Civil Procedure.

The Plaintiff has responded in opposition to the Movants' Motion to Intervene. The Plaintiff argues that it is unnecessary for the Court to allow the Movants to intervene because they have already appeared in the post-judgment proceedings and have been involved in the

proceedings to determine ownership of Receivership assets. [Doc. 1128]. Plaintiff states that the Movants have been served with Plaintiff's motions and petitions. Plaintiff argues that the Movants actually seek to intervene so that they can appeal the Memorandum Opinion and Order entered September 12, 2013. Plaintiff also contends that the Motion to Intervene is procedurally defective because Rule 24 requires a "pleading" that "sets out the claim or defense for which intervention is sought," Fed. R. Civ. P. 24(c), and the Movants have not submitted a proposed pleading.

The Receiver has also filed a response in opposition to the Motion to Intervene. [Doc. 1135]. The Receiver maintains that the request to intervene should be denied or deemed moot because the Movants have actively participated in this case well in advance of the instant request.

The Movants reply by acknowledging that they have participated in the post-judgment proceedings in this case for a year. [Doc. 1147]. However, the Movants maintain that they should be allowed to intervene under Rule 24 in order to protect their property interests. The Movants argue that their failure to attach a pleading is not a basis for denying their request to intervene.

Pursuant to Rule 24, a Court must permit a intervention by a person or entity who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(c).

The Court may permit a person or entity who "has a claim or defense that shares with the main action a common question of law or fact," to intervene in the action. Fed. R. Civ. P. 24(b)(1). A person or entity who intends to intervene must serve notice upon the parties as

2

provided in Rule 5. Fed. R. Civ. P. 24(c). In deciding whether to allow permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). A motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

The Court has considered the positions of the Movants, the Plaintiff, and the Receiver, and the Court finds that the Motion to Intervene is well-taken, in part. The Court will permit the Movants to file their proposed response in opposition to Plaintiff's Motion to Execute on Receivership Assets. However, the Court finds that it is not required to permit intervention by the Movants pursuant to subpart (a) of Rule 24, and the Court finds that permissive intervention pursuant to subpart (b) of Rule 24 is not appropriate.

The Court finds that the Movants have participated in the post-judgment proceedings in this case since June 2012, [see, e.g., Docs. 592, 593, 594, 595, 596, 704], and the Court finds that their ability to respond to and participate in the post-judgment proceedings has not been hindered by the Court, the parties, or any other entity. The Court finds that the Movants' request is essentially a request to file a brief, which the Court will permit to be filed. The Movants have participated in these post-judgment proceedings, and they are parties in Stooksbury v. Ross, Case No. 3:12-CV-548, the related matter. The Court finds their property interest is not "as a practical matter" impaired, and therefore, the Court finds that intervention pursuant to subpart (a) of Rule 24 is not appropriate.

The Court also finds that the request to intervene pursuant to subpart (b) of Rule 24 is not well-taken. Without an operative pleading, the Court cannot discern the relief sought by the Movants, as intervenors. The Court is not prepared to allow intervention for purposes that have

3

only vaguely been described. Such intervention will delay and hinder disposition and finality of this case. The intervention will not inure any benefit to the Movants, who are currently participants in the instant proceedings and who are parties to Stooksbury v. Ross, Case No. 3:12-CV-548. If the intervention were permitted, it would almost certainly call upon the Court to litigate issues in the instant post-judgment proceedings that are more properly addressed in Stooksbury v. Ross, Case No. 3:12-CV-548.

Accordingly, the Court finds that the Motion to Intervene **[Doc. 1106]** is well-taken, in part, and it is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The Movants' request to file a brief in opposition and their request to exceed the page limitation contained in Local Rule 7.1 are **GRANTED**;

2. The Movants **SHALL FILE** their brief in opposition, along with its exhibits, on or before **January 6, 2014**; and

3. The Movants' request to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

　/s H. Bruce Guyton
United States Magistrate Judge