UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The Receiver has filed an Eighteenth Application for Interim Compensation and Expense Reimbursement [Doc. 1137].

The Receiver moves the Court to approve payment to the Receiver for the reasonable and necessary services he rendered between November 1 and November 30, 2013, in the amount of $5,391.73, representing $5,206.25 in fees and $185.48 in direct expenses. He also requests that the Court approve the attorneys' fees and expenses incurred through Woolf, McClane, Bright, Allen & Carpenter, PLLC ("WMBAC") for the period from September 1, 2013, through November 30, 2013. WMBAC requests $95,566.50 in professional fees and $1,525.53 in costs incurred, for a total of $97,092.03. The Receiver also requests leave to disburse $282.80 to Bunnell & Woulf, PA, for services rendered and submitted in Invoice No. 356042, [Doc. 1137-2].

The Receiver represents that as of November 30, 2013, the Receivership account contained $173,005.86. [Doc. 1137-4].

With the instant request, the Receiver has submitted an Invoice of Services rendered in November 2013, detailing the time spent on various tasks in furtherance of the duties established by the Court. [Doc. 1137-1]. He has also submitted invoices for the same period, detailing the out-of-pocket expenses the Receiver incurred in furtherance of these duties. [Id.]. The Court has reviewed the invoices and finds that they are reasonable.

The Receiver's Eighteenth Application was filed December 10, 2013, and his request and the supporting invoices have been available for review to the parties. No party or interested person has objected to the compensation and expenses submitted. The time for doing so has expired. See, generally, E.D. Tenn. L.R. 7.1. The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2.

The Receiver also filed documents evidencing the professional and paraprofessional time expended by WMBAC between September 1, 2013, and November 30, 2013, and the rates billed for such time. [Doc. 1145]. The Court has also reviewed the WMBAC billing entries, which were filed under seal, and finds that they are reasonable. The Receiver submitted the amount of the fees and costs requested in publically-available documents on December 10, 2013. The Court finds no party or other entity has objected to the amounts requested for WMBAC's fees and costs, and the time for doing so has expired.

2

Case 3:09-cv-00498-TAV-HBG   Document 1156   Filed 01/02/14   Page 2 of 3   PageID #: 13389

Accordingly, the Court finds that:

1. The Receiver's Eighteenth Interim Application to Pay Receiver's Fees and Approve Receiver's Attorneys' Fees and Costs **[Doc. 1137]** is well-taken, and it is **GRANTED**;

2. The compensation and expenses requested by the Receiver are **REASONABLE**, and they are **APPROVED**. The Receiver **SHALL DISBURSE** the **$5,391.73** requested in the Eighteenth Application to himself as compensation for services and reimbursement for expenses for the period from November 1, 2013, through November 30, 2013;

3. The compensation and expenses requested by the Receiver for disbursement to Bunnell & Woulf, PA, are **REASONABLE**, and they are **APPROVED**. The Receiver **SHALL DISBURSE** $282.80 to Bunnell & Woulf, PA, for services rendered and submitted in Invoice No. 356042; and

4. The **$95,566.50** in fees and **$1,525.53** in expenses incurred by WMBAC in serving as counsel to the Receiver during the period from September 1, 2013, through November 30, 2013, are **REASONABLE**. The Receiver's request that WMBAC be reimbursed for these fees and expenses, as funds come available, is **APPROVED**, subject to further order of the Court.

   **IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge