UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT T. STOOKSBURY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:09-CV-498 |
| | ) | (VARLAN/GUYTON) |
| v. | ) | |
| | ) | |
| MICHAEL L. ROSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for an Expedited Order Precluding Rarity Management Company LLC from Selling Receivership Assets Pursuant to its January 8, 2014, "Notice of Liquidation," [Doc. 1169]. The Court finds that the Plaintiff's request to expedite this motion is well-taken, and the Court finds that it is appropriate to issue a ruling on this motion prior to the expiration of the period for briefing that is generally provided under Local Rule 7.1. For the reasons stated herein, the motion will be **GRANTED**.

On December 9, 2013, the Estate of Dale Ross, Patricia Ross, Rebecca Jordan, and Rarity Management Company, LLC filed a Motion and Application for Disbursement of Liquid Funds from Receivership Estate to Pay Legal Fees and Expenses [Doc. 1130]. On December 26, 2013, the undersigned issued a Memorandum and Order [Doc. 1153], denying the Motion and Application for Disbursement. On January 8, 2014, the Estate of Dale Ross, Patricia Ross, Rebecca Jordan, and

Rarity Management Company, LLC filed an Objection [Doc. 1163], appealing the undersigned's decision on this issue to the Chief District Judge. On the same day, Rarity Management Company filed a Notice of Liquidation of Real Property [Doc. 1164], which proposed to sale or otherwise liquidate at least two lots of real property[1] that have been identified as Receivership property.

The Plaintiff filed the instant motion on January 9, 2014, moving the Court to issue an order precluding Rarity Management from liquidating any of the proposed lots. Plaintiff maintains that Rarity Management's Notice is misdirected, because the Court has not authorized Rarity Management to liquidate Receivership assets. Instead, the Court found that doing so would be "clearly inconsistent with the preservation of the assets in the Receivership estate" and would "undermine[] both the Plaintiff's recovery on the judgment and the Defendants' ability to satisfy their judgment." [Doc. 817 at 2]. The Plaintiff notes that the Court reiterated this holding in the Memorandum and Order entered December 26, 2013, which stated that the proposal to pay Rarity Management's attorney fees using Receivership assets is "inconsistent with the principles of equity and is completely incongruent with the purposes of the Receivership." [Doc. 1153 at 2].

The Chief District Judge ruled in the Memorandum Opinion and Order entered September 12, 2013, that "receivership assets may not be transferred" absent a court order. [Doc. 1035 at 23]. The Court finds that consistent with this directive no Receivership property should be transferred, liquidated, sold, or otherwise alienated until the Chief District Judge rules upon the Objections to the undersigned's Memorandum and Order. Stated differently, the undersigned finds that the status quo must be maintained until the Chief District Judge has an opportunity to consider the objections.

---

[1] Generally, Rarity Management stated that the parcels would be drawn from a group of (8) parcels of real property: Lot 208 Sandpiper Drive; Lot 241 Heron Court; Lot 242 Heron Court; Lots 244, 245, 246, 247, Heron Court; and Lot 195 Sandpiper Drive, all situated in Monroe County, Tennessee.

Accordingly, the Court finds that the Motion for an Expedited Order Precluding Rarity Management Company LLC from Selling Receivership Assets Pursuant to its January 8, 2014, "Notice of Liquidation," **[Doc. 1169]** is well-taken, and it is **GRANTED**. Rarity Management LLC **SHALL NOT** liquidate any of the lots identified in its Notice of Liquidation [Doc. 1164] or any other Receivership property to which it may have access. After the Chief District Judge rules on the Objections/Appeal of Decision [Docs. 1163, 1168], Rarity Management may renew its notice if such notice is consistent with the Chief District Judge's ruling.

    **IT IS SO ORDERED**.

    ENTER:

    /s H. Bruce Guyton
    United States Magistrate Judge