UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court. Now before the Court is Plaintiff's Motion for Permission to Execute, Sell, and Credit Bid on Certain Rarity Bay Receivership Assets, and Petition to Determine Rarity Management's Title to Those Assets to the Extent Necessary [Doc. 1062]. The Court finds that this motion is ripe for adjudication, and for the reasons stated herein, it will be **GRANTED**.

**I.  BACKGROUND**

The Court established the Receivership on May 23, 2012, after finding that the Defendants had likely engaged in fraudulent conduct in an effort to frustrate the Plaintiff's ability to collect on the multi-million dollar judgment, awarded in his favor. [Doc. 548 at 7-8]. The Court appointed Sterling P. Owen, IV, as Receiver in this case in June 2012. [See Doc. 586]. The Receiver was to take possession of and preserve the assets of the judgment debtors. In addition, he was to report to the Court regarding any improper conveyances and to identify

property of the judgment debtors that was either in their possession or was in the possession of others through potentially fraudulent conveyances.

Since his appointment, the Receiver has issued six quarterly reports, which *inter alia* identify property of the judgment debtors or related entities as Receivership property. [Docs. 732, 802, 857, 946, 1039, and 1137].

On September 12, 2013, the Honorable Thomas A. Varlan, Chief United States District Judge, issued a Memorandum Opinion and Order finding that Plaintiff's request for summary proceedings on certain Receivership assets was well-taken. [Doc. 1035 at 16]. In overruling objections to the summary proceedings posed by Athena of SC, LLC, ("Athena"), Chief Judge Varlan noted that, "[f]or the claims of nonparties to property claimed by receivers, summary proceedings satisfy due process so long as there is adequate notice and opportunity to be heard." [Id. (citing SEC v. Am. Capital Invs. Inc., 98 F.3d 1133, 1146 (9th Cir. 1996)]. Chief Judge Varlan found that Athena had "received adequate notice and has had ample opportunity to be heard." [Id. at 17].

Chief Judge Varlan also stayed transfer of any Receivership assets until the conclusion of Stooskbury v. Ross, Case No. 3:12-CV-548, ("*Stooksbury II*"), unless otherwise ordered by the Court. [Id. at 23]. In so finding, Chief Judge Varlan explained, "This order will preserve the status quo and ensure the 'just, speedy, and inexpensive determination' of the issues raised in in the context of the receivership." [Id. at 22 (citing Fed. R. Civ. P. 1)]. Finally, Chief Judge Varlan directed the undersigned to determine a suitable time for concluding the Receivership. [Id. at 24].

2

Case 3:09-cv-00498-TAV-HBG   Document 1176   Filed 01/14/14   Page 2 of 9   PageID #: 13716

## II. POSITIONS PRESENTED TO THE COURT

In the instant motion, Plaintiff moves the Court for entry of an order permitting him to execute, sell, and credit bid on certain Rarity Bay assets that are Receivership property. Specifically, Plaintiff moves the Court to allow him to execute, sell, and credit bid on:

1. Rarity Bay golf course, clubhouse, club operations and dues, and boat slips and lots (Receiver's September 25, 2013 Preliminary List of Assets [Doc. 1039-2] at 2);

2. Rarity Bay Declarant Rights ([Doc. 1039-2] at 2);

3. Rarity Bay Maintenance Building ([Doc. 1039-2] at 8);

4. Rarity Bay golf course equipment ([Doc. 1039-2] at 8 & Schedule C);

5. Rarity Bay office equipment and furnishings ([Doc. 1039-2] at 8 & Schedule D);

6. Miscellaneous personal property, including property related to Rarity Bay Club operations ([Doc. 1039-2] at 8); and

7. Rarity Management lots on Sandpiper Drive and Heron Court ([Doc. 1039-2] at 3 and 9).

(hereinafter "the Rarity Bay Receivership Assets"). Plaintiff also moves the Court, pursuant to 28 U.S.C. § 754, Fed. R. Civ. P. 66, Tenn. Code Ann. § 66-3-308(a), and the principles of equity, to find that title to those assets is held by Judgment Debtor Rarity Management Company, LLC.

In support of his request, Plaintiff submits that he is a judgment creditor of Rarity Management and that the Rarity Bay Receivership Assets were, at all relevant times, owned by Rarity Management [Doc. 1062 at 8-9]. Plaintiff maintains that, to the extent necessary, the Court may find that title to the Rarity Bay Receivership Assets is held by Rarity Management, not Tellico Lake Properties, LP ("Tellico Lake") or American Harper Corporation ("American Harper") because Rarity Management fraudulently transferred the Rarity Bay Receivership Assets to Tellico Lake in December 2011 and March 2012 and fraudulently transferred the Rarity Bay Receivership Assets to American Harper in March 2012 [Id. at 10-14; see Doc.

3

1063].

The Receiver responds to the Plaintiff's motion by concurring with Plaintiff's position that, as a judgment creditor, Plaintiff has the right to execute, sell, and credit bid upon the Rarity Bay Receivership Assets. [Doc. 1075 at 1]. The Receiver notes that these assets have been listed as Receivership assets in all five of the Schedules of Assets that the Receiver had filed with the Court to date. More importantly, the Receiver represents that there has been no objections to any of these Schedules of Assets. The Receiver states that he "has no objection to Plaintiff's Motion and agrees that it is Plaintiff's right to execute, sell and credit bid on the Rarity Bay Golf Course, Clubhouse, and Declarant Rights, so long as the sale of those assets will be subject to the satisfaction of the expenses incurred by the Receivership." [Id. at 3].

The Receiver cites the September 12, 2013 Memorandum Opinion and Order, which ordered Athena to provide an accounting regarding the Rarity Bay Golf Course, Clubhouse, and Declarant Rights. [Id. at 2]. The Receiver contends that Athena has not complied with the Court's order, and the Receiver asks that Athena be ordered to comply, even if the Rarity Bay Receivership Property is sold. [Id.].

Athena and American Harper have responded in opposition to the Plaintiff's motion. First, Athena and American Harper argue that Plaintiff's motion moves the Court to sell assets that are subject to the automatic stay in the Chapter 7 bankruptcy of Tellico Lake. [Doc. 1068 at 4]. Athena and American Harper submit that there should not be a summary proceeding and that Plaintiff's motion would prevent Athena and American Harper from receiving due process. Athena and American Harper argue that the Court should not allow execution on these assets until *Stooksbury II* is concluded.

4

John P. Newton, the trustee appointed in In re: Tellico Lake Properties LP, Bankruptcy Court Case No. 3:12-BK-34034, ("the Trustee") has filed a Notice and Clarification of the Bankruptcy Trustee's Position as to the Pending Motions Regarding Certain Receivership Assets [Doc. 1121]. Therein, the Trustee represents that he "has no objection to the Court determining the issues raised in [Plaintiff's motions] pertaining to the ownership of the assets referenced . . ., including whether certain claims of ownership are void or avoidable . . . ." [Id. at 2]. The Trustee states that he "has determined that **any** interest the Bankruptcy Estate may have in [the assets at issue] is of no value to the Estate, in part because [Plaintiff's] final judgment constitutes a recorded judgment lien [and] was perfected prior to the preference period." [Id. (emphasis in the original)]. The Trustee represents that he, therefore, abandons the property. [Id.].

### III. ANALYSIS

First, the Court finds that Athena and American Harper's objection to the summary proceedings at issue in this case and objections based upon a lack of due process are not well-taken.

As an initial matter, the Court finds that Athena has not demonstrated that it has any type of ownership interest in the property at issue. Thus, it lacks standing to object to the Plaintiff's motion. Notwithstanding, the Court has considered both Athena and American Harper's objections to the Plaintiff's requests.

The Court finds that Athena and American Harper's objections are not well-taken. Athena and American Harper complain of a lack of due process, but they were afforded an opportunity to pose such objections and be heard on the same. The undersigned finds that, as with the summary proceedings addressed in the September 12, 2013 Memorandum Opinion and

Order, Athena and American Harper have been afforded a sufficient opportunity to be heard on this motion.

Moreover, in their response filed on October 23, 2013, Athena and American Harper requested time to file additional exhibits that they submit are pertinent to this issue. Athena and American Harper describe the documents they proposed to file in their responses. First, even if true, the Court finds that the documents as described do not undercut the pertinent allegations in the Plaintiff's motion – *i.e.* Plaintiff is judgment creditor of Rarity Management; the Rarity Bay Receivership Assets were, at all relevant times, owned by Rarity Management; and fraudulent transfers occurred. Second, Athena and American Harper have had well over two months to file any documents they wish to file in support of their opposition. Thus, the Court finds that Athena and American Harper failed to bring forth these documents, and even if they had done so, the filing of such would not undercut the Plaintiff's position on this issue.

With regard to Athena and American Harper's position that the Court should deny the Plaintiff's motion and defer to the Bankruptcy Trustee and the Bankruptcy Court, the undersigned finds that this position is not well-taken. Athena and American Harper have no standing to pose objections on behalf of the Trustee or the Bankruptcy Court, and contrary to their position, the Trustee has stated that he does not oppose the instant motion. Further, he has elected to abandon the property at issue due to the priority of Plaintiff's judgment. Thus, the bankruptcy proceedings of Tellico Lake do not constitute a basis for denying Plaintiff's motion.

The Court finds that any judgment debtors or interested persons have been afforded a sufficient opportunity to be heard on this issue. The Court finds that the Plaintiff's requested relief is well-taken, pursuant to applicable federal authority, state authority, and the equities. The Court finds that title to the Rarity Bay Receivership Assets is held by Judgment Debtor Rarity

Management Company, LLC, and is therefore, subject to execution by the Plaintiff, as judgment creditor to Rarity Management Company.

Accordingly, the Plaintiff's Motion for Permission to Execute, Sell, and Credit Bid on Certain Rarity Bay Receivership Assets, and Petition to Determine Rarity Management's Title to Those Assets to the Extent Necessary **[Doc. 1062]** is **GRANTED**, as follows:

1. The Receiver is **ORDERED** to sell the following property in a manner that he deems appropriate pursuant to 28 U.S.C. § 2001[1]:

    a. Rarity Bay golf course, clubhouse, club operations and dues, and boat slips and lots;

    b. Rarity Bay Declarant Rights;

    c. Rarity Bay Maintenance Building;

    d. Rarity Bay golf course equipment;

    e. Rarity Bay office equipment and furnishings;

    f. Miscellaneous personal property, including property related to Rarity Bay Club operations; and

    g. Rarity Management lots on Sandpiper Drive and Heron Court.

2. The Receiver **SHALL PERMIT** the Plaintiff to credit bid at such sale.

---

[1] "Property in the possession of a receiver or receivers appointed by one or more district courts shall be sold at public sale in the district wherein any such receiver was first appointed, at the courthouse of the county, parish, or city situated therein in which the greater part of the property in such district is located, or on the premises or some parcel thereof located in such county, parish, or city, as such court directs, unless the court orders the sale of the property or one or more parcels thereof in one or more ancillary districts." 28 U.S.C. § 2001.

3. The Receiver **SHALL DISTRIBUTE** any funds realized from such sales in a manner consistent with the following:

   a. Any funds **SHALL** first be used to pay any approved fees and expenses of the Receivership that have not yet been paid, including but not limited to the fees owed to the law firm of Woolf, McClane, Bright, Allen & Carpenter, PLLC.

   b. After the fees and expenses of the Receivership are satisfied, such funds **SHALL** be surrendered to the Plaintiff to be credited against his judgment. If Plaintiff is the high bidder at such auctions, the amount of his bid shall be credited against his judgment.

   c. The Receiver **SHALL** file a notice of completion for any sale that is completed, stating: (1) the property sold; (2) the date, time, and place of the sale; (3) the amount of the winning bid; (4) the winning bidder and the winning bidder's mailing address; and (5) how the funds realized were applied (*i.e.* to fees of the Receivership, to satisfaction of Plaintiff's judgment). A notice of completion **SHALL** be filed within **fourteen (14) days** of any completed sale.

   d. Both the Receiver and Plaintiff's counsel **SHALL** maintain an accounting of any funds surrendered to the Plaintiff and of any other credits toward Plaintiff's judgments.

4. Finally, it is hereby **CLARIFIED** that nothing in the instant Memorandum and Order shall be interpreted as modifying or nullifying the Chief District Judge's order that Athena provide the Receiver a complete accounting of Receivership Assets. [Doc. 1035 at 23].

8

## IV. CONCLUSION

In sum, the Plaintiff's Motion for Permission to Execute, Sell, and Credit Bid on Certain Rarity Bay Receivership Assets, and Petition to Determine Rarity Management's Title to Those Assets to the Extent Necessary **[Doc. 1062]** is **GRANTED.**

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge