UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:09-CV-498 |
| | ) (VARLAN/GUYTON) |
| v. | ) |
| | ) |
| MICHAEL L. ROSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court. Now before the Court is Plaintiff's Motion and Memorandum of Law for Permission to Execute On, Sell, and Credit Bid on Certain Rarity Management Receivership Assets, and Petition to Disallow, Avoid, or Subordinate Certain Claims to Those Receivership Assets [Doc. 1093]. The Court finds that this motion is ripe for adjudication, and for the reasons stated herein, it will be **GRANTED**.

**I.   BACKGROUND**

The Court established the Receivership on May 23, 2012, after finding that the Defendants had likely engaged in fraudulent conduct in an effort to frustrate the Plaintiff's ability to collect on the multi-million dollar judgment, awarded in his favor. [Doc. 548 at 7-8]. The Court appointed Sterling P. Owen, IV, as Receiver in this case in June 2012. [See Doc. 586]. The Receiver was to take possession of and preserve the assets of the judgment debtors. In

addition, he was to report to the Court regarding any improper conveyances and to identify property of the judgment debtors that was either in their possession or was in the possession of others through potentially fraudulent conveyances.

Since his appointment, the Receiver has issued six quarterly reports, which *inter alia* identify property of the judgment debtors or related entities as Receivership property. [Docs. 732, 802, 857, 946, 1039, and 1137].

On September 12, 2013, the Honorable Thomas A. Varlan, Chief United States District Judge, issued a Memorandum Opinion and Order finding that Plaintiff's request for summary proceedings on certain Receivership assets was well-taken. [Doc. 1035 at 16]. In overruling objections to the summary proceedings posed by Athena of SC, LLC, ("Athena"), Chief Judge Varlan noted that, "[f]or the claims of nonparties to property claimed by receivers, summary proceedings satisfy due process so long as there is adequate notice and opportunity to be heard." [Id. (citing SEC v. Am. Capital Invs. Inc., 98 F.3d 1133, 1146 (9th Cir. 1996)]. Chief Judge Varlan found that Athena had "received adequate notice and has had ample opportunity to be heard." [Id. at 17].

Chief Judge Varlan also stayed transfer of any Receivership assets until the conclusion of Stooskbury v. Ross, Case No. 3:12-CV-548, ("*Stooksbury II*"), unless otherwise ordered by the Court. [Id. at 23]. In so finding, Chief Judge Varlan explained, "This order will preserve the status quo and ensure the 'just, speedy, and inexpensive determination' of the issues raised in in the context of the receivership." [Id. at 22 (citing Fed. R. Civ. P. 1)]. Finally, Chief Judge Varlan directed the undersigned to determine a suitable time for concluding the Receivership. [Id. at 24].

## II.   POSITIONS PRESENTED TO THE COURT

In the instant motion, Plaintiff moves the Court for entry of an order permitting him to execute, sell, and credit bid on certain real property found in various counties within the Eastern District of Tennessee and three automobiles that are Receivership assets.  Specifically, Plaintiff moves the Court to allow him to execute, sell, and credit bid on:

1. Highway 321, Map 009, Loudon County (Receiver's September 25, 2013 Preliminary List of Assets [Doc. 1039-2] at 3);

2. Highway 411 S., Map 084, Monroe and Loudon Counties ([Doc. 1039-2] at 3);

3. Troy Cate Road, Map 013J, Sevier County ([Doc. 1039-2] at 3);

4. Property on White Oak Grove Road, Map 056, Hamblen County ([Doc. 1039-2] at 5);

5. 3560 Hardy Road, Jefferson County ([Doc. 1039-2] at 5);

6. Property on Graysburg Hills Road, Greene County ([Doc. 1039-2] at 5);

7. Two lots on Overlook Lane, Anderson County ([Doc. 1039-2] at 3);

8. 24 commercial apartments in Vonore, TN ([Doc. 1039-2] at 2);

9. 2003 Ford Thunderbird ([Doc. 1039-2] at 9);

10. 2002 Ford Thunderbird ([Doc. 1039-2] at 9); and

11. 1982 Chevrolet C10 ([Doc. 1039-2] at 9).

(hereinafter "the Real Property and Automobile Receivership Assets")  Plaintiff also moves the Court, pursuant to 28 U.S.C. § 754, Fed. R. Civ. P. 66, Tenn. Code Ann. § 66-3-308(a), and the principles of equity, to find that title to those assets is held by Judgment Debtor Rarity Management Company LLC, ("Rarity Management").

In support of his request, Plaintiff submits that he is a judgment creditor of Rarity Management and Michael Ross and that the Real Property and Automobile Receivership Assets were, at all relevant times, owned by Rarity Management [Doc. 1093 at 10-11, 14].  Plaintiff

3

Case 3:09-cv-00498-TAV-HBG   Document 1177   Filed 01/14/14   Page 3 of 9   PageID #: 13726

argues that any claims arising from transfers of the Real Property and Automobile Receivership Assets in December 2011 should be disallowed because the claims were acquired through fraud. [Id. at 14-23]. Alternatively, Plaintiff moves the Court to subordinate claims based upon the December 2011 transfers to the extent necessary to satisfy the Plaintiff's judgment. [Id. at 23-25].

The Receiver responds to the Plaintiff's motion by concurring with Plaintiff's position that, as a judgment creditor, Plaintiff has the right to execute, sell, and credit bid upon the Real Property and Automobile Receivership Assets. [Doc. 1115 at 1]. The Receiver notes that these assets have been listed as Receivership assets in the Schedule of Assets that the Receiver had filed with the Court. [See Doc. 1039-2]. The Receiver incorporates his previous position that he has no objection to Plaintiff's motion, so long as the sale of those assets will be subject to the satisfaction of the expenses incurred by the Receivership. [Doc. 1115 at 2].

Athena, American Harper Corporation ("American Harper"), Likos of Tennessee ("Likos"), and Breton Equity Company Corporation ("Breton Equity") have responded in opposition to the Plaintiff's motion. [Doc. 1114]. First, Athena, American Harper, Likos, and Breton Equity assert that they incorporate their arguments in opposition to previous motions. [Doc. 1114 at 2]. Athena, American Harper, Likos, and Breton Equity do not state their specific ownership interests the Real Property and Automobile Receivership Assets. However, they maintain that the fraudulent transfer allegations should be resolved in a trial in *Stooksbury II*. [Id. at 2, 8]. Athena, American Harper, Likos, and Breton Equity assert that Plaintiff's motion would prevent them from receiving due process. Additionally, they maintain that the proposed execution is stayed by the Memorandum Order and Opinion entered September 12, 2013. [Id. at 3].

4

John P. Newton, the trustee appointed in <u>In re: Tellico Lake Properties LP</u>, Bankruptcy Court Case No. 3:12-BK-34034, ("the Trustee") has filed a Notice and Clarification of the Bankruptcy Trustee's Position as to the Pending Motions Regarding Certain Receivership Assets [Doc. 1121]. Therein, the Trustee represents that he "has no objection to the Court determining the issues raised in [Plaintiff's motions] pertaining to the ownership of the assets referenced . . ., including whether certain claims of ownership are void or avoidable . . . ." [<u>Id.</u> at 2]. The Trustee states that he "has determined that **any** interest the Bankruptcy Estate may have in [the assets at issue] is of no value to the Estate, in part because [Plaintiff's] final judgment constitutes a recorded judgment lien [and] was perfected prior to the preference period." [<u>Id.</u> (emphasis in the original)]. The Trustee represents that he, therefore, abandons the property. [<u>Id.</u>].

In his reply, Plaintiff notes that none of the judgment debtors in this case filed a timely response in opposition to the instant motion. [Doc. 1123 at 1]. Moreover, he contends that the general arguments posited by Athena, American Harper, Likos, and Breton Equity do not support delaying execution on these assets. [<u>Id.</u> at 3-4].

III.  ANALYSIS

First, the Court finds that Athena, American Harper, Likos, and Breton Equity's objection objections based upon a lack of due process are not well-taken.

As an initial matter, the Court finds that Athena, American Harper, and Breton Equity have not demonstrated that it has any type of ownership interest in the property at issue. Thus, these entities lack standing to object to the Plaintiff's motion. Notwithstanding, the Court has considered all the objections to the Plaintiff's motion.

5

The Court finds that Athena, American Harper, Likos, and Breton Equity's objections are not well-taken. Athena, American Harper, Likos, and Breton Equity complain of a lack of due process, but they were afforded an opportunity to pose such objections and be heard on the same. The undersigned finds that, as with the summary proceedings addressed in the September 12, 2013 Memorandum Opinion and Order, Athena, American Harper, Likos, and Breton Equity have been afforded a sufficient opportunity to be heard on this motion.

The Court finds that the general arguments by these respondents asserting that they would prefer that these matters be addressed by trial in *Stooksbury II* do not support delaying satisfaction of the judgment in this case, which was rendered almost two years ago. Further, the Court finds that the Chief Judge's Memorandum Opinion and Order does not stay or prohibit the undersigned from granting the relief requested by the Plaintiff. To the contrary, the Memorandum Opinion and Order demonstrates a desire to complete the Receiver's tasks and wind-down the Receivership. Granting the instant motion and permitting execution is consistent with that goal.

Athena, American Harper, Likos, and Breton Equity purport to incorporate objections previously posed by Athena and American Harper into their response on the instant issue. [See Doc. 1114 at 2]. Thus, to the extent, the respondents request time to file additional exhibits on this issue, the Court finds that request is not well-taken. First, even if true, the Court finds that the documents, as described in the previous response, do not undercut the pertinent allegations in the Plaintiff's motion. Second, the Court finds Athena, American Harper, Likos, and Breton Equity have had a sufficient period to file any documents they wish to file in support of their opposition. Thus, the Court finds that Athena, American Harper, Likos, and Breton Equity failed to bring forth these documents, and even if they had done so, the filing of such would not

undercut the Plaintiff's position on this issue.

With regard to Athena, American Harper, Likos, and Breton Equity's position that the Court should deny the Plaintiff's motion and defer to the Bankruptcy Trustee and the Bankruptcy Court, the undersigned finds that this position is not well-taken. The Court finds they have no standing to pose objections on behalf of the Trustee or the Bankruptcy Court, and contrary to their position, the Trustee has stated that he does not oppose the instant motion. Further, he has elected to abandon the property at issue due to the priority of Plaintiff's judgment. Thus, the bankruptcy proceedings of Tellico Lake do not constitute a basis for denying Plaintiff's motion.

The Court finds that any judgment debtors or interested persons have been afforded a sufficient opportunity to be heard on this issue. The Court finds that the Plaintiff's requested relief is well-taken, pursuant to applicable federal authority, state authority, and the equities. The Court finds that title to the Real Property and Automobile Receivership Assets is held by Judgment Debtor Rarity Management Company LLC, and is therefore, subject to execution by the Plaintiff, as judgment creditor to Rarity Management Company LLC.

Accordingly, the Plaintiff's Motion and Memorandum of Law for Permission to Execute On, Sell, and Credit Bid on Certain Rarity Management Receivership Assets, and Petition to Disallow, Avoid, or Subordinate Certain Claims to Those Receivership Assets **[Doc. 1093]** is **GRANTED**, as follows:

1. The Receiver is **ORDERED** to sell the following property in a manner that he deems appropriate pursuant to 28 U.S.C. § 2001[1]:

---

[1] "Property in the possession of a receiver or receivers appointed by one or more district courts shall be sold at public sale in the district wherein any such receiver was first appointed, at the courthouse of the county, parish, or city situated therein in which the greater part of the property in such district is located, or on the premises or some parcel thereof located in such county, parish, or city, as such court directs, unless the court orders the sale of the property or one or more parcels thereof in one or more ancillary districts." 28 U.S.C. § 2001.

7

Case 3:09-cv-00498-TAV-HBG Document 1177 Filed 01/14/14 Page 7 of 9 PageID #: 13730

a. Highway 321, Map 009, Loudon County;

   b. Highway 411 S., Map 084, Monroe and Loudon Counties;

   c. Troy Cate Road, Map 013J, Sevier County;

   d. Property on White Oak Grove Road, Map 056, Hamblen County;

   e. 3560 Hardy Road, Jefferson County;

   f. Property on Graysburg Hills Road, Greene County;

   g. Two lots on Overlook Lane, Anderson County;

   h. 24 commercial apartments in Vonore, TN;

   i. 2003 Ford Thunderbird;

   j. 2002 Ford Thunderbird; and

   k. 1982 Chevrolet C10.

2. The Receiver **SHALL PERMIT** the Plaintiff to credit bid at such sale.

3. The Receiver **SHALL DISTRIBUTE** any funds realized from such sales in a manner consistent with the following:

   a. Any funds **SHALL** first be used to pay any approved fees and expenses of the Receivership that have not yet been paid, including but not limited to the fees owed to the law firm of Woolf, McClane, Bright, Allen & Carpenter, PLLC.

   b. After the fees and expenses of the Receivership are satisfied, such funds **SHALL** be surrendered to the Plaintiff to be credited against his judgment. If Plaintiff is the high bidder at such auctions, the amount of his bid shall be credited against his judgment.

   c. The Receiver **SHALL** file a notice of completion for any sale that is completed, stating: (1) the property sold; (2) the date, time, and place of the sale; (3) the

amount of the winning bid; (4) the winning bidder and the winning bidder's mailing address; and (5) how the funds realized were applied (*i.e.* to fees of the Receivership, to satisfaction of Plaintiff's judgment). A notice of completion **SHALL** be filed within **fourteen (14) days** of any completed sale.

d. Both the Receiver and Plaintiff's counsel **SHALL** maintain an accounting of any funds surrendered to the Plaintiff and of any other credits toward Plaintiff's judgments.

## IV. CONCLUSION

In sum, the Plaintiff's Motion and Memorandum of Law for Permission to Execute On, Sell, and Credit Bid on Certain Rarity Management Receivership Assets, and Petition to Disallow, Avoid, or Subordinate Certain Claims to Those Receivership Assets **[Doc. 1093]** is **GRANTED.**

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge