UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge [Doc. 1035]. Now before the Court is the Receiver's Motion for Clarification [Doc. 963]. For the reasons stated herein, the undersigned **RECOMMENDS** that the Motion for Clarification be **GRANTED** and the Receivership be concluded.

### I.  BACKGROUND

On May 23, 2012, the Court established a Receivership, because Michael Ross and the other judgment debtors were fraudulently transferring assets and frustrating the Plaintiff's recovery on the judgment rendered in this case. Sterling P. Owen, IV, was appointed Receiver on June 6, 2012, and has served in that capacity to date. Owen was charged with identifying, marshaling, and protecting the assets of the Defendants until creditors had an opportunity to collect.

Since his appointment, the Receiver has issued six quarterly reports, which *inter alia* identify property of the judgment debtors or related entities as Receivership property. [Docs. 732, 802, 857, 946, 1039, and 1137].

On September 12, 2013, the Court issued a Memorandum Opinion and Order finding that Plaintiff's request for summary proceedings on certain Receivership assets was well-taken. [Doc. 1035 at 16]. In so ruling, the Court found that all interested persons and entities had been afforded sufficient due process. Additionally, the Court stayed transfer of any Receivership assets until the conclusion of Stooskbury v. Ross, Case No. 3:12-CV-548, ("*Stooksbury II*"), unless otherwise ordered by the Court. [Id. at 23]. Finally, the undersigned was charged with ruling upon the Motion for Clarification and issuing a recommendation as to when the Receivership should be concluded. [see id. at 24].

## II. POSITIONS OF THE PARTIES

Now before the Court is the Receiver's Motion for Clarification in which the Receiver requests that the Court provide guidance and instructions as to the continuing role of the Receiver and the issue of when the Receivership should be concluded. The Receiver submits that his investigation has been completed, and he now looks to the Court for guidance regarding the preservation and distribution of the assets identified. The Receiver states that he has been acting as a manager of numerous rental properties and looks for guidance in whether he should continue to function as a manager, pending decision on certain summary proceedings.

The Receiver's request for clarification of his role is unopposed. However, in a response filed July 2, 2013, the Plaintiff opposes the suggestion that the Receivership be wound down.

The Plaintiff argues that the Receiver's role continues to be critically important and necessary to safeguard the assets identified in the Receivership estate from waste, dissipation, or misappropriation. [Doc. 969 at 1]. The Plaintiff acknowledges that the Receiver's initial investigation appears to be substantially complete, but the Plaintiff maintains that the Receiver's investigation would be rendered meaningless if any of the judgment debtors or any third party is allowed to dissipate the subject assets or income from those assets. [Id. at 2]. The Plaintiff argues that the Receivership should remain in place until the Court has a fair opportunity to rule on the issues pending before the Court. [Id.].

In more recent filings, the Plaintiff acknowledges that "the Receiver has now substantially completed the process of identifying assets of the Judgment Debtors that belong to the Receivership estate. . . ." [Doc. 1062 at 2]. The Plaintiff argues that the next step in the post-judgment proceedings is for the Receiver to distribute the assets. [See id.]. The Plaintiff has filed motions moving the Court to permit the sale of and execution upon certain Receivership assets, which have been granted by the Chief District Judge and by the undersigned.

None of the judgment debtors or interested third-parties filed a response to the Receiver's Motion for Clarification. The time for doing so has expired.

### III. FINDINGS

The Court has considered the filings before it, and the undersigned finds:

1. The Receiver has completed his investigation relating to the conduct of the judgment debtors and third parties. [Doc. 1137 at 8].
2. The Receiver has produced a comprehensive thirty-three page schedule of Receivership assets, which includes real-property interests, the ownership interests of judgment debtors

3

in various business entities, and equipment, automobiles, and personal property. [Doc. 1137-3].

3. The Receiver has responded to and resolved commercial issues relating to the Receivership entities and their business matters. In doing so, the Receiver has *inter alia* collected rents, engaged in negotiations, and maintained certain accounts. [Doc. 1137 at 5]. To the extent appropriate, the Receiver has enabled certain entities to continue as going concerns.

4. The Receiver has collected funds representing dues owed to various homeowners associations, which were previously collected by Judgment Debtor Michael L. Ross. Further, he has determined owners and homeowners associations that are likely entitled to *pro rata* share remittances, less investigation expenses. [Id. at 8].

5. The Receiver has successfully litigated his Petition for Implementation of Summary Proceedings, Disgorgement of Funds, to Restrain Transfer of Receivership Assets and Enter a Stay of All Legal Proceedings Against Any Receivership Property [Doc. 840], and has obtained such requested relief from the Court, [See Doc. 1035].

6. The Receiver has identified opportunities to liquidate personal property of the judgment debtors, and with the Court's permission, he has liquidated such personal property. [See, e.g., 1009, 757, 758].

7. The Receiver has made all reasonable efforts to fulfill the duties of his position.

8. The Receiver has marshaled the assets of the judgment debtors, and any continuation of the Receiver's investigation would likely yield no additional assets or assets of only *de minimis* value.

9. The Receiver's work has preserved and maintained the assets of the judgment debtors that are subject to the Plaintiff's judgment lien and the liens of other creditors.

10. The Court has ruled upon all of the motions that were pending at the time the Motion for Clarification was filed, and notably, the Court has ruled upon the Receiver's petition for summary proceedings and the motions to execute filed by the Plaintiff.

11. The District Judge has imposed a stay on any transfers of property in the Receivership estate, absent Court order, which will prevent transfers or concealment of such property.

12. The Plaintiff and other creditors are now in a position to execute on the judgment debtor property that has been identified and preserved through the Receivership. The Plaintiff has filed motions to execute and sell such property, and those motions have been granted.

Based upon the foregoing, the Court finds that it is now appropriate to conclude the Receivership in an ordered and deliberate manner.

The Court finds that the Plaintiff's position that the conclusion of the Receivership will invite dissipation of the assets in the Receivership is not well-taken. To the contrary, the Court has ordered that these assets not be transferred without the Court's approval. If any judgment debtor, other person, or entity attempts to transfer, conceal, or dissipate these assets in violation of the Court's order, such person or entity would almost certainly be subjected to civil or criminal contempt proceedings, with subjection to the latter being more likely.[1] The knowledge that such behavior would likely lead to an allegation of contempt and potentially prison time will act as a strong deterrent to such behavior. The Court finds that the Memorandum Opinion and Order of the Court which prohibits transfer of Receivership assets, until after the conclusion of *Stooksbury II*, absent a Court order, effectively addresses and remedies the concern presented by

---

[1] See 18 U.S.C. § 401. Civil contempt is used to coerce future compliance with a court's order or to compensate for injuries resulting from misconduct, while criminal contempt is imposed for punitive purposes. See United States v. Aleo, 681 F.3d 290, 309 (6th Cir. 2012)

5

Plaintiff.

Further, the Court finds that the Receiver has begun to move toward liquidation of and execution upon the Receivership Assets. Execution and liquidation are progress toward the vesting of definite title to these assets and to satisfaction of the Plaintiff and other creditors of the judgment debtors. Upon title to these properties vesting, the role the Receiver has played in collecting rents and administering properties to prevent further dissipation of assets can and should be transferred to the persons or entities holding title to such property.

Similarly, the Court finds that the Receiver is now in a position to invite the various homeowners associations that previously surrendered funds to Michael Ross and other judgment debtors to adjust their internal controls and by-laws in a manner to continue their operations independent of the Receivership.

Finally, the Court finds that an abrupt termination to the Receivership could result in confusion or oversights, given the multitude of issues that must be finalized. Therefore, the undersigned will propose a timeline that affords a sufficient, but not overly lengthy, period for the conclusion of the Receivership.

In sum, the Court finds that Sterling P. Owen, IV, has performed the duties assigned to him by the Court in an expeditious, efficient, and thorough manner, and the Court finds that because of his efforts and the efforts of his agents, the Receivership has been administered in a manner that will now permit the conclusion of the Receivership.

## IV. CLARIFICATION, TRANSITION, AND TERMINATION

Based upon the findings above and the procedural posture of this case, the undersigned **RECOMMENDS** that:

1. The Motion for Clarification **[Doc. 963]** be **GRANTED**; and

2. The Receiver's duties to be **CLARIFIED** in that, from the entry of the Memorandum and Order ruling upon this Report and Recommendation until entry of a final order concluding the Receivership, the Receiver is charged with concluding the Receivership in an orderly manner consistent with the goal of preserving the assets identified as Receivership property.

Consistent with this clarification, the undersigned **FURTHER RECOMMENDS** the Court **ORDER** that:

1. The Receiver, through his counsel, **SHALL** file a written proposal for the winding down and conclusion of the Receivership, within **30 days of entry of the Memorandum and Order ruling upon this Report and Recommendation**;

2. The Receiver's proposal **SHALL** outline a procedure and process for concluding the Receivership within **120 days of the plan's approval**;

3. The Receiver's proposal **SHALL** address:

    a. The expenses and fees of the Receivership, including a schedule of the fees and expenses that have been paid, the fees and expenses that have been approved but not paid, and the fees and expenses that have not yet been approved or paid;

    b. The procedure for liquidating assets and satisfying the Plaintiff's judgment and other potential creditors; and

7

    c. Any other matters which he, in his discretion, deems appropriate.

4. Further, the Receiver **SHALL** file a proposed order adopting and incorporating his plan for signature by the Chief District Judge, if the Chief District Judge finds such plan to be reasonable and appropriate.

5. Upon the Receiver's filing of his proposal and the proposed order, any objections thereto **SHALL** be presented within **10 days**.

## IV. CONCLUSION

In sum, the Court finds that the Motion for Clarification **[Doc. 963]** is well-taken, and the undersigned **RECOMMENDS**[2] that it be **GRANTED** to the extent stated above.

Respectfully Submitted,

/s H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).