UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court. Now before the Court is Plaintiff's Motion for Permission to Execute On, Sell, and Credit Bid on Certain Rarity Enclave and Rarity Bay Receivership Assets, and Petition to Disallow, Avoid, or Subordinate Certain Encumbrances and Obligations Related to those Receivership Assets [Doc. 1067]. The Court finds that this motion is ripe for adjudication, and for the reasons stated herein, it will be **GRANTED**.

I.  BACKGROUND

The Court established the Receivership on May 23, 2012, after finding that the Defendants had likely engaged in fraudulent conduct in an effort to frustrate the Plaintiff's ability to collect on the multi-million dollar judgment, awarded in his favor. [Doc. 548 at 7-8]. The Court appointed Sterling P. Owen, IV, as Receiver in this case in June 2012. [See Doc. 586]. The Receiver was to take possession of and preserve the assets of the judgment debtors. In

addition, he was to report to the Court regarding any improper conveyances and to identify property of the judgment debtors that was either in their possession or was in the possession of others through potentially fraudulent conveyances.

Since his appointment, the Receiver has issued six quarterly reports, which *inter alia* identify property of the judgment debtors or related entities as Receivership property. [Docs. 732, 802, 857, 946, 1039, and 1137].

On September 12, 2013, the Honorable Thomas A. Varlan, Chief United States District Judge, issued a Memorandum Opinion and Order finding that Plaintiff's request for summary proceedings on certain Receivership assets was well-taken. [Doc. 1035 at 16]. In overruling objections to the summary proceedings posed by Athena of SC, LLC, ("Athena"), Judge Varlan noted that, "[f]or the claims of nonparties to property claimed by receivers, summary proceedings satisfy due process so long as there is adequate notice and opportunity to be heard." [Id. (citing SEC v. Am. Capital Invs. Inc., 98 F.3d 1133, 1146 (9th Cir. 1996)]. Judge Varlan found that Athena had "received adequate notice and has had ample opportunity to be heard." [Id. at 17].

Judge Varlan also stayed transfer of any Receivership assets until the conclusion of Stooskbury v. Ross, Case No. 3:12-CV-548, ("*Stooksbury II*"), unless otherwise ordered by the Court. [Id. at 23]. In so finding, Judge Varlan explained, "This order will preserve the status quo and ensure the 'just, speedy, and inexpensive determination' of the issues raised in in the context of the receivership." [Id. at 22 (citing Fed. R. Civ. P. 1)]. Finally, Judge Varlan directed the undersigned to determine a suitable time for concluding the Receivership. [Id. at 24]. On January 27, 2014, the undersigned entered a Report and Recommendation [Doc. 1189], recommending that the Receivership be wound down.

2

## II. POSITIONS OF THE PARTIES

In the instant motion, Plaintiff moves the Court for entry of an order permitting him to execute, sell, and credit bid on certain Rarity Enclave and Rarity Bay assets that are Receivership property. Specifically, Plaintiff moves the Court to allow him to execute, sell, and credit bid on:

1. Rarity Enclave Declarant Rights owned by Judgment Debtor VPI Company, LLC,

2. The lots at Rarity Bay owned by Judgment Debtor Tellico Lake Properties, LP, and

3. The condominium units at Rarity Bay owned by Judgment Debtor LTR Properties, Inc.

(hereinafter "the Rarity Enclave-Rarity Bay Receivership Assets"). Plaintiff also moves the Court, pursuant to 28 U.S.C. § 754, Fed. R. Civ. P. 66, Tenn. Code Ann. § 66-3-308(a), and the principles of equity, to resolve the ownership claims to these Receivership assets by disallowing, avoiding, or subordinating claims by Ted Doukas, James Macri, and their entities.

In support of his request, Plaintiff submits that the Rarity Enclave-Rarity Bay Receivership Assets are owned by entities that are judgment debtors to Plaintiff. The transfers of the Rarity Enclave-Rarity Bay Receivership Assets – amongst the judgment debtors, Ted Doukas, James Macri, and their entities – were steps in a general plan to defeat collection by the Plaintiff. Plaintiff submits that Judgment Debtor Michael Ross and third-parties James Macri and Greg Shanks have acknowledged that transfers of the Rarity Enclave-Rarity Bay Receivership Assets were linked to a general plan. Plaintiff maintains that execution is appropriate to satisfy his judgment and that title should be taken free of claims by Ted Doukas, James Macri, and their entities.

The Receiver responds to the Plaintiff's motion by concurring with Plaintiff's position that, as a judgment creditor, Plaintiff has the right to execute, sell, and credit bid upon the Rarity Enclave-Rarity Bay Receivership Assets. [Doc. 1105 at 1]. The Receiver notes that these assets have been listed as Receivership assets in at least five of the Schedules of Assets that the

3

Receiver had filed with the Court. [Id. at 2]. More importantly, the Receiver represents that there has been no objections to any of these Schedules of Assets. The Receiver states that he has no objection to execution and the proposed sale of the Rarity Enclave-Rarity Bay Receivership Assets, so long as the sale of those assets will be subject to the satisfaction of the expenses incurred by the Receivership. [Id.].

James Macri and Tennessee Land and Lakes, LLC, intitially responded in opposition to the instant motion. [Doc. 1106-1]. However, on January 17, 2014, they filed a Notice of Withdrawal of Opposition to Motion, stating that they have no opposition to the instant motion. [Doc. 1179].

Athena of SC, LLC ("Athena") and American Harper Corporation ("American Harper") have filed a response in opposition. [Doc. 1108]. Athena and American Harper argue that the Plaintiff is improperly attempting to usurp the Court's previous order staying transfers of assets in this case until the conclusion of *Stooksbury II*. [Id. at 2]. Athena and American Harper argue that the issues presented to the Court are more properly addressed in *Stooksbury II*. They also maintain that the Plaintiff's request for relief is more appropriately addressed in In re: Tellico Lake Properties LP, Bankruptcy Case No 3:12-BK-34034, or in the adversarial proceeding instituted in the Bankruptcy Court by Citizens Bank of Blount County, Case No. 3:13-AP-03046. [Id. at 3]. Athena and American Harper further argue that the Plaintiff's motion is an attempt to deny Athena and American Harper due process. [Id. at 4-7].

John P. Newton, the trustee appointed in In re: Tellico Lake Properties LP, ("the Trustee"), has filed a Notice and Clarification of the Bankruptcy Trustee's Position as to the Pending Motions Regarding Certain Receivership Assets [Doc. 1121]. Therein, the Trustee represents that he "has no objection to the Court determining the issues raised in [Plaintiff's

4

motions] pertaining to the ownership of the assets referenced . . ., including whether certain claims of ownership are void or avoidable . . . ." [Id. at 2]. The Trustee states that he "has determined that **any** interest the Bankruptcy Estate may have in [the assets at issue] is of no value to the Estate, in part because [Plaintiff's] final judgment constitutes a recorded judgment lien [and] was perfected prior to the preference period." [Id. (emphasis in the original)]. The Trustee represents that he, therefore, abandons the property. [Id.].

The Renaissance at Rarity Bay Condominium Association, Inc., ("the Renaissance Association") has also filed a response to Plaintiff's motion. [Doc. 1077]. The Renaissance Association agrees that, subject to the Court's approval, the Plaintiff has the right to execute, sell, and credit bid on the property at issue. [Id. at 2]. The Renaissance Association supports the Plaintiff's motion. [Id.]. However, the Renaissance Association notes that the property at issue includes condominium units that are part of the Renaissance at Rarity Bay Condominium development and are subject to the Declaration of Condominium for Renaissance at Rarity Bay Condominium. [Id.].

The Renaissance Association represents that the Renaissance units upon which Plaintiff proposes to execute have not paid quarterly assessments due to the Renaissance Association since 2012. [Id.]. The Renaissance Association states that, as of October 30, 2013, the unpaid assessments due and owing on these condos total $89,019.59. [Id.]. The Renaissance Association represents that it has properly recorded assessment liens on the units. [Id. at 3]. The Renaissance Association represents that it supports the Plaintiff's motion, so long as the sale of the units is subject to the existing assessment liens of the Renaissance Association. [Id.].

Additionally, the Renaissance Association represents that the judgment debtors' failure to pay the assessments has depleted the Renaissance Association's operating funds and rendered

Renaissance unable to pay maintenance and upkeep on common elements of the condominium development. [Id.]. The Renaissance Association states that the Court granting the Plaintiff's motion will enable it to collect the assessments owed to it, begin receiving assessments on these units, and replenish its operating funds. [See id.].

In a supplemental response, the Renaissance Association states that it has recently discovered that mold is growing in a number of the units and poses a severe problem, not only for these units, but also for adjoining units. [Doc. 1113]. The Renaissance Association moves the Court to afford immediate relief so that remediation of this issue can commence as soon as possible. [Id.].

Plaintiff has filed a final reply in support of his position. [Doc. 1122]. He maintains that the assets at issue should be sold or distributed now, because they have already been adjudicated to be part of the Receivership. Plaintiff reiterates that the issues presented are properly before the Court, and the Court can determine the appropriate priority of liens. The Plaintiff urges the Court not to allow Athena and American Harper to further frustrate execution in this case, and the Plaintiff moves the Court to order a judicial sale or other means of execution, as appropriate.

### III. ANALYSIS

First, the Court finds that Athena and American Harper's objections based upon a lack of due process are not well-taken. Athena and American Harper complain of a lack of due process, but they were afforded an opportunity to pose such objections and be heard on the same. The undersigned finds that, as with the summary proceedings addressed in the September 12, 2013 Memorandum Opinion and Order, Athena and American Harper have been afforded a sufficient opportunity to be heard on this motion.

6

With regard to Athena and American Harper's position that the Court should deny the Plaintiff's motion and defer to the Bankruptcy Trustee and the Bankruptcy Court, the undersigned finds that this position is not well-taken. Athena and American Harper have no standing to pose objections on behalf of the Trustee or the Bankruptcy Court, and contrary to their position, the Trustee has stated that he does not oppose the instant motion. Further, he has elected to abandon the property at issue due to the priority of Plaintiff's judgment. Thus, the bankruptcy proceedings of Tellico Lakes do not constitute a basis for denying Plaintiff's motion.

To the extent Athena and American Harper have attempted to pose objections on behalf of Citizens Bank of Blount Count ("CBBC"), the Court finds that they lack standing to pose such objections. The Court is aware that CBBC has filed a Motion to Intervene for Limited Purpose of Seeking Relief from the Stay Created by Court's September 12, 2013 Memorandum Opinion and Order [Doc. 1149]. The Court will address the motion filed by CBBC in a timely fashion and in a manner that permits CBBC to present whatever lien it may hold against the Rarity Enclave-Rarity Bay Receivership Assets for determination of its priority.

The Court has considered the positions of both the Receiver and the Renaissance Association, and the Court will afford the debts owed to the Receiver and the Renaissance Association appropriate priority.

The Court finds that any judgment debtors or interested persons have been afforded a sufficient opportunity to be heard on this issue. The Court finds that the Plaintiff's requested relief is well-taken, pursuant to applicable federal authority, state authority, and the equities. The Court finds that the Rarity Enclave-Rarity Bay Receivership Assets are subject to execution by the Plaintiff, and claims by Ted Doukas, James Macri, and their entities will be disallowed, avoided, and/or subordinated as appropriate.

7

Accordingly, the Plaintiff's Motion for Permission to Execute On, Sell, and Credit Bid on Certain Rarity Enclave and Rarity Bay Receivership Assets, and Petition to Disallow, Avoid, or Subordinate Certain Encumbrances and Obligations Related to those Receivership Assets **[Doc. 1067]** is **GRANTED**, as follows:

1. The Receiver is **ORDERED** to sell the following property in a manner that he deems appropriate pursuant to 28 U.S.C. § 2001[1]:

    a. Rarity Enclave Declarant Rights owned by Judgment Debtor VPI Company, LLC,

    b. The lots at Rarity Bay owned by Judgment Debtor Tellico Lake Properties, LP, and

    c. The condominium units at Rarity Bay owned by Judgment Debtor LTR Properties, Inc.

2. The Receiver **SHALL PERMIT** the Plaintiff to credit bid at such sale.

3. The sale of any condominium at the Renaissance at Rarity Bay is subject to any liens held and perfected on that condominium by the Renaissance at Rarity Bay. Thus, in addition to paying – or in the Plaintiff's case, presenting a credit – in the amount winning bid price, the purchaser at auction must pay the back assessments due to the Renaissance at Rarity Bay on the unit upon which a bid is submitted.

---

[1] "Property in the possession of a receiver or receivers appointed by one or more district courts shall be sold at public sale in the district wherein any such receiver was first appointed, at the courthouse of the county, parish, or city situated therein in which the greater part of the property in such district is located, or on the premises or some parcel thereof located in such county, parish, or city, as such court directs, unless the court orders the sale of the property or one or more parcels thereof in one or more ancillary districts." 28 U.S.C. § 2001.

8

Case 3:09-cv-00498-TAV-HBG   Document 1199   Filed 01/30/14   Page 8 of 10   PageID #: 13978

4. The Receiver **SHALL DISTRIBUTE** any funds realized from such sales in a manner consistent with the following:

   a. First, any funds realized from the sale of the Rarity Enclave-Rarity Bay Receivership Assets **SHALL** be used to pay any approved fees and expenses of the Receivership that have not yet been paid, including but not limited to the fees owed to the law firm of Woolf, McClane, Bright, Allen & Carpenter, PLLC.

   b. After the fees and expenses of the Receivership are satisfied, such funds **SHALL** be surrendered to the Plaintiff to be credited against his judgment. If Plaintiff is the high bidder at such auctions, the amount of his bid shall be credited against his judgment.

   c. The Receiver **SHALL** file a notice of completion for any sale that is completed, stating: (1) the property sold; (2) the date, time, and place of the sale; (3) the amount of the winning bid; (4) the winning bidder and the winning bidder's mailing address; and (5) how the funds realized were applied (*i.e.* to fees of the Receivership, to satisfaction of Plaintiff's judgment). A notice of completion **SHALL** be filed within **fourteen (14) days** of any completed sale.

   d. Both the Receiver and Plaintiff's counsel **SHALL** maintain an accounting of any funds surrendered to the Plaintiff and of any other credits toward Plaintiff's judgments.

9

Case 3:09-cv-00498-TAV-HBG   Document 1199   Filed 01/30/14   Page 9 of 10   PageID #: 13979

## IV. CONCLUSION

In sum, the Plaintiff's Motion for Permission to Execute On, Sell, and Credit Bid on Certain Rarity Enclave and Rarity Bay Receivership Assets, and Petition to Disallow, Avoid, or Subordinate Certain Encumbrances and Obligations Related to those Receivership Assets **[Doc. 1067]** is **GRANTED.**

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge