UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court.

Now before the Court is a Motion to Intervene for Limited Purpose of Seeking Relief from Stay Created by Court's September 12, 2013 Memorandum Opinion and Order [Doc. 1149], wherein Citizens Bank of Blount County ("CBBC") moves the Court for an order permitting it to intervene in the post-judgment proceedings in this case so that it can request relief from the stay created by the Memorandum Opinion and Order entered September 12, 2013. CBBC wishes to continue to pursue foreclosure upon certain real property that is part of the Receivership estate. CBBC intends to move the Court to permit an exception to the stay so that the foreclosure proceedings on this real property can continue in the United States Bankruptcy Court.

The Plaintiff, the Receiver, and Athena of SC, LLC, have all filed responses in opposition to the request to intervene, [Docs. 1158, 1159, 1160], and CBBC has filed a final reply in support

of its request to intervene [Doc. 1167]. The Court has reviewed these filings, and the Court finds that it is sufficiently apprised of the parties' positions and the relevant facts.

The Court finds that the Motion to Intervene is not well-taken. The Court finds that the Receiver and the post-judgment proceedings in this case are beginning the execution phase. [See Docs. 1176, 1177]. Moreover, the undersigned has issued a Report and Recommendation to the Chief District Judge recommending that the Receiver be ordered to wind-down the Receivership in a deliberate fashion. The Court finds that, at this point, permitting CBBC to intervene and request that the Court permit an adversarial proceeding to move forward would undercut and diminish the goals of the Receivership. Permitting parallel and likely redundant proceedings in the United States Bankruptcy Court would also undermine the Receivership and would be inconsistent with the stay instituted on September 12, 2013. Therefore, the Court finds that the Motion to Intervene **[Doc. 1149]** is not well-taken, and it is **DENIED**.

However, the Court finds that CBBC should be afforded an opportunity to pursue recovery against the real property. Accordingly, it is **ORDERED**:

1. On or before **February 14, 2014**, counsel for CBBC **SHALL CONTACT** the Receiver and/or his counsel to confer about the priority and status of CBBC's liens. CBBC and the Receiver **SHALL ATTEMPT** to agree on a manner in which the priority of CBBC's liens can be addressed in execution or to fashion a mutually-agreeable settlement relating to this issue.

2. If CBBC and the Receiver cannot reach an agreement to address CBBC's recovery, CBBC may file a motion moving the Court to afford CBBC certain priority in the sale of the real property in which it maintains it has an interest. Any such motion **SHALL**

2

**DESCRIBE** the real property, the promissory notes, and the liens on the property in detail, and it **SHALL BE FILED** on or before **February 17, 2014**.

**IT IS SO ORDERED**.

ENTER:

　　　s/ H. Bruce Guyton　　
United States Magistrate Judge