UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court.

Now before the Court is a Motion for Order to Show Cause [Doc. 1026], filed by Sterling P. Owen, IV, as Receiver. In his motion, the Receiver moves the Court to enter an order requiring Ted Doukas and his related entities to show cause as to why they should not be held in contempt based upon their failure to comply with the Court's Memorandum and Order entered on July 29, 2013. Additionally, the Receiver moves the Court to impose any appropriate and necessary sanctions relating to the failure. The Court finds that the Motion for Order to Show Cause is fully briefed, and for the reasons set forth herein, it will be **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

On June 18, 2013, the Receiver filed his Response to Supplemental Notice of American Harper Corporation of Providing Accounting Records and Access to the Receiver and the Receiver's Motion to Compel ("Motion to Compel"). [Doc. 961]. The Receiver's Motion to Compel moved the Court to order Mr. Ted Doukas, American Harper Corporation, Athena of S.C., LLC, and their related entities, agents and representatives to produce documents that Mr. Doukas, his related entities, agents and representatives were withholding from the Receiver.

On July 29, 2013, the Court entered a Memorandum and Order granting the Receiver's Motion to Compel. [Doc. 983]. Initially, the Court noted that no party had filed a response in opposition to the Receiver's Motion to Compel and the time allowed to file such a response to had expired. E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 6(d), 5(b)(2)(E). While the Court asserted that it could grant the Receiver's Motion to Compel on that basis alone, the Court acknowledged that American Harper and Athena had filed a notice stating that they had "provided all or substantially all documents requested to be produced by the Receiver." [Doc. 968 at 2]. The Court acknowledged that the notice stated that all documents "with the exception of Likos documents" have been provided. [Id.]. The Court, however, declined to find the Receiver's Motion to Compel as moot as a result of the notice because the notice did not detail the categories of documents produced to the Receiver in order for the Court to evaluate the extent of the compliance.

The Court found the Receiver's Motion to Compel to be well-taken and ordered Mr. Doukas, American Harper, Athena, and their related entities, agents and representatives to produce any and all documents and records relating to: (1) the Riverview Apartments owned by Vonore Properties, LLC; (2) Vonore Apartments allegedly transferred by Rarity Management

2

Company, LLC to Likos of Tennessee Corp. by Warranty Deed dated December 29, 2011; (3) West Palm Beach condominium owned by Michael L. Ross and the sale of the cabana; (4) the Riverview Apartments, LLC; and (5) any additional property identified within the Receiver's schedule of assets that form a part of the receivership estate over which Athena has exercised any control since April 1, 2012. [Doc. 983].

On July 31, 2013, the Receiver requested a response from Mr. Doukas, his related entities, agents and representatives to the items set forth in the Court's Memorandum and Order. The Receiver and his counsel continued to attempt to obtain the requested documents from Mr. Goldstein and Mr. Doukas, but their efforts were of no avail. Thus, on September 9, 2013, the Receiver filed the instant motion identifying twelve categories of documents that had not been produced:

1. Any documents which were obtained and/or exchanged by your clients, their agents and representatives with other persons including, but not limited to, Mr. Ross and his related entities pertaining to the Riverview Apartments including the documents relating to the purported transfer of the property to Likos of Tennessee Corp.

2. Any and all records pertaining to consideration paid by Likos of Tennessee Corp. for the purported purchase of the Riverview Apartments.

3. Any and all tax notices and/or documents pertaining to the assessment, collection and payment of taxes for the Riverview Apartments from January 1, 2012 through the present.

4. Any and all tax notices and/or records pertaining to any other receivership property identified within the Receiver's Quarterly Reports including, but not limited to, any assessments, collection and payment of taxes for such property.

5. Any and all documents maintained by your clients, their agents and/or representatives pertaining to the alleged interest in RPM Assets, LLC and the promissory notes which are the subject matter of the pending claim in the Chancery Court for Knox County, Tennessee.

6. Any and all documents or communications exchanged by and/or between your clients, Mr. Ross, their respective entities or other persons pertaining to the

3

West Palm Beach condominium, the sale of the cabana and other matters dealing with and/or relating to said asset to include documents pertaining to the distribution of the proceeds generated from the sale of the cabana.

7. Any and all documents prepared, exchanged and/or maintained by your clients, their agents and/or representatives relating to the various promissory notes issued by Glenn Wright in favor of Tellico Lake Properties, L.P.

8. Any documents or records generated, maintained and/or received by your clients, their agents and/or representatives relating to any of the properties listed within the Receiver's reports and identified as part of the receivership estate.

9. Any and all documents generated, exchanged and/or received by and/or between your clients, their agents and representatives and Mr. Ross and his related entities that relate to and/or involve any of the receivership assets

10. Any documents generated, exchanged and/or received by and between your clients, their agents and representatives and Henry B. Wynn relating to any of the property identified as receivership property.

11. Any and all documents exchanged by and between your clients, their agents and representatives and Mr. Ross, his related entities, agents and/or representatives relating to the Note Purchase and Assignment Agreement by and between Capital Bank, N.A. and Breton Equity Company, Corp.

12. Any and all documents exchanged by and between your clients, their agents and representatives and Mr. Ross, his related entities, agents and/or representatives relating to the transfer, exchange and/or payment of funds generated by and/or through any receivership asset. With regard to this request, the Receiver has information related to the Pro Shop, Golf Course and Country Club, and boat docks at Rarity Bay but has not received any documents from Mr. Doukas concerning the condominium that was sold in West Palm Beach, Florida.

[Doc. 1027 at 6-8] (hereinafter "Document Request No. 1" *et seq.*).

On September 22, 2013, Athena, American Harper, and Mr. Doukas filed a response stating *inter alia* that: documents were to be scanned into electronic form and made available to the Receiver, Capital Bank would produce discovery directly to the Receiver, and hard drives were made available to the Receiver. [Doc. 1038].

Both parties also filed additional supplemental filings [Doc. 1052, 1061]. However, it was not clear from the docket if Athena, American Harper, and Mr. Doukas had followed

through on their representations to the Court. Thus, on January 2, 2014, the Court ordered that the Receiver and/or his counsel submit a sworn statement describing the current status of the twelve categories of discovery addressed in the Motion for Order to Show Cause. [Doc. 1157]. The Court also afforded Athena, American Harper, and Mr. Doukas an opportunity to file a sworn statement in rebuttal.

The Receiver has filed the Affidavit of Luis C. Bustamante [Doc. 1174-1] and the Affidavit of Sterling P. Owen, IV, [Doc. 1174-6], along with relevant exhibits thereto. Athena, American Harper, and Mr. Doukas along with "all of his related entities," have filed a response thereto [Doc. 1181], along with the Affidavit of Greg Baker [Doc. 1181-1]. The Court finds that the Motion for Order to Show Cause [Doc. 1026] is now ripe for adjudication.

## II. FINDINGS OF FACT

Based upon the filings before the Court and the sworn testimony submitted to the Court, the undersigned finds:

1. Athena, American Harper, and Mr. Doukas have not provided the Receiver with documents responsive to Document Requests No. 1, No. 2, No. 3, No. 4, No. 5, No. 7, and No. 10.

2. Athena, American Harper, and Mr. Doukas have not provided the Receiver with documents responsive to Document Request No. 11. Through the efforts of the Receiver and his counsel, however, the Receiver has obtained documents related to Request No. 11.

3. Athena, American Harper, and Mr. Doukas have provided the Receiver with documents responsive to Document Requests No. 6 and No. 12. However, these documents are obviously incomplete, and do not include any documents defining the terms of the sale, communications with the buyer, listing agreements, negotiations for sale, and the resulting use of the sale proceeds.

4. Athena, American Harper, and Mr. Doukas have not provided the Receiver with documents responsive to Document Requests No. 8 and No. 9. Through the efforts of the

5

Receiver and his counsel, however, the Receiver has obtained documents related to Requests No. 8 and 9.

## III. ANALYSIS

The Court has reviewed the sworn testimony submitted by Athena, American Harper, and Mr. Doukas in support of their position that they have complied with the discovery requests of the Receiver, have complied with the Court's Order, and have acted in a manner consistent with their representations to this Court. The Court finds that the sworn testimony does not discredit the sworn testimony of the Receiver and Mr. Bustamante.

Initially, the Court finds that the delay in responding to these requests is exorbitant. Generally, a litigant must respond to discovery within thirty days of receiving the request. See Fed. R. Civ. P. 34. On May 7, 2013, counsel for Mr. Doukas initially represented that these documents would be provided to the Receiver in a timely manner, [see Doc. 961 at 2], but almost nine months have expired without full compliance. Over six months have expired since the Court ordered compliance with the Receiver's requests, including his request for documents relating to "any additional property identified within the Receiver's schedule of assets that form a part of the receivership estate over which Athena has exercised any control since April 1, 2012." Moreover, Athena, American Harper, and Mr. Doukas represented over four months ago that hard copies of the Rarity Bay documents would be produced within three weeks and that as other responsive documents were located, they would be produced. [Doc. 1038].

As the District Court for the Southern District of New York explained: "Litigants[, in this case post-judgment litigants,] simply do not have unbridled, unilateral discretion to decide when they will respond to discovery requests. The very notion of such a chaotic system would make it impossible for cases to be resolved in a 'just, speedy, and inexpensive' manner contemplated by

6

Rule 1 of the Federal Rules of Civil Procedure." <u>Billups v. West</u>, No. 95 Civ. 1146, 1997 WL 100798 (S.D.N.Y. Mar. 6, 1997).

Thus, the Court finds that representations that Mr. Baker "will" Bates stamp documents responsive to Requests No. 1, No. 2, and No. 3 are deficient, because the time for complying with the Court's Order and the duty to respond has expired. Similarly, Mr. Baker's statement that he has been asked to provide documents, in response to Request No. 7, is tardy and deficient. Further, the Court finds that representations that documents were provided, without specific dates on which such documents were provided and an explanation as to why they were not provided previously, are also tardy and are deficient. Representations that files – such as the "Glen Wright" files – cannot be found are deficient, because again, the time for such representations expired months ago.

Moreover, the Court finds that the substantive representations contained in Mr. Baker's statement are woefully deficient. The representation that discovery responsive to Requests No. 1 and 2 can be obtained from counsel for the Plaintiff is deficient. To the contrary, the Federal Rules of Civil Procedure assume that discovery will be provided, without regard to whether it can be obtained from another source, unless and until the respondent moves for a protective order demonstrating that the discovery can be "obtained from another source that is more convenient." Fed. R. Civ. P. 26(b)(2)(C). Athena, American Harper, and Mr. Doukas have not moved for such a protective order, and the time for so moving expired months ago.

Additionally, the representations that Mr. Doukas has advised Mr. Baker that certain documents are privileged will be afforded no weight. A litigant cannot simply withhold documents thought to be privileged and take no further action. Responsive documents must be produced or a privilege log for those documents must be presented to the entity requesting

7

production. Athena, American Harper, and Mr. Doukas have not represented that they have produced a privilege log, and they have not sought a protective order pursuant to Fed. R. Civ. P. 26(b)(2)(C). Again, the time for seeking such a protective order has expired.

Accordingly, the Court finds that American Harper, Athena, and Mr. Doukas have failed to comply with the Court's Order [Doc. 983]. At the time the Court granted the Motion to Compel, the Court did not order American Harper, Athena, and Mr. Doukas to pay the attorneys' fees and expenses incurred in bringing the motion to compel. See Fed. R. Civ. P. (a)(5)(A). The Court finds that their continued failure to produce responsive documents in the six plus months that have elapsed since entry of the Order ruling upon the Motion to Compel, and their failure to fulfill their representations to the Court with regard to this issue, now support an award of fees and expenses pursuant to Rule 37 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 37(b)(2)(A).

The Court finds that twenty-one thousand five hundred dollars ($21,500.00) is an appropriate award of fees. This amount represents 60 hours of the Receiver's time expended at a rate of $175.00 per hour yielding $10,500.00, and 40 hours of time expended by the Receiver's counsel at an average rate of $275 per hour yielding $11,000.00. The Court finds that these rates are reasonable. Further, the Court finds that the time compensated is reasonable and is likely an underestimate of the time actually consumed in addressing the failure to comply.

IV. **CONCLUSION**

Based upon the foregoing, the Court finds that the Receiver's request for a show cause order is not well-taken. The Court, however, finds that the Receiver's alternative request for sanctions is well-taken. Therefore, the Motion for Order to Show Cause is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. American Harper Corporation, Athena of SC, LLC, and Ted Doukas are **ORDERED** to pay the Receiver **$21,500.00**, representing the fees and costs incurred in litigating this issue.

2. American Harper Corporation, Athena of SC, LLC, and Ted Doukas are jointly and severally liable for this sanction.

3. American Harper Corporation, Athena of SC, LLC, and Ted Doukas **SHALL REMIT** the $21,500.00 awarded to the Receiver on or before **March 4, 2014**.

4. The Receiver **SHALL FILE** a Notice of Receipt of Funds in CM/ECF within **two business days** of these funds being deposited in his account.

5. American Harper Corporation, Athena of SC, LLC, and Ted Doukas are **ORDERED** to fully comply with the production requested in twelve document requests referenced above on or before **March 4, 2014**, either through full and complete production or by submitting a sworn statement by Mr. Doukas, as principal agent for himself and these entities, stating that the documents do not exist.

6. Further, American Harper Corporation, Athena of SC, LLC, and Ted Doukas are **ADMONISHED** that failure to comply with this Memorandum and Order will result in the undersigned recommending that the Chief District Judge impose additional sanctions, which may include a recommendation that the failure to comply be treated as contempt of court pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii).

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge

9

Case 3:09-cv-00498-TAV-HBG   Document 1202   Filed 02/04/14   Page 9 of 9   PageID #: 13996