UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-498 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The Receiver has filed a Twentieth Application for Interim Compensation and Expense Reimbursement [Doc. 1214].

The Receiver moves the Court to approve payment to the Receiver for the reasonable and necessary services he rendered between January 1 and January 31, 2014, in the amount of $10,734.35, which represents $10,718.75 in fees and $16.00 in direct expenses. The Receiver represents that as of February 11, 2014, the Receiver was in possession of $861,077.59, which includes $46,257.51 allocated to reimburse homeowner association accounts. [Doc. 1214 at 2].[1]

With the instant request, the Receiver has submitted an Invoice of Services rendered in January 2014, detailing the time spent on various tasks in furtherance of the duties established by the Court. [Doc. 1214-1]. He has also submitted invoices for the same period, detailing the out-of-pocket expenses the Receiver incurred in furtherance of these duties. [Doc. 1214-2]. The

---

[1] Since February 11, 2014, the Court has entered a number of orders permitting the Receiver to disburse funds from this account. [See Docs. 1233, 1235, 1240]. However, these disbursements will not dissipate the funds in the Receivership account to a point where it would be inappropriate to permit the compensation and reimbursement requested in the Twentieth Application for Interim Compensation and Expense Reimbursement.

Court has reviewed the invoices and finds that they are reasonable.

The Receiver's Twentieth Application was filed February 12, 2014, and his request and the supporting invoices have been available for review to the parties. No party or interested person has objected to the compensation and expenses submitted. The time for doing so has expired. See, generally, E.D. Tenn. L.R. 7.1. The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2.

Accordingly, the Court finds that the Receiver's Twentieth Application **[Doc. 1214]** is well-taken, and it is **GRANTED**. The Court finds the compensation and expenses requested by the Receiver are **REASONABLE**, and they are **APPROVED**. The Receiver **SHALL DISBURSE** the **$10,734.35** requested in the Twentieth Application to himself as compensation for services and reimbursement for expenses for the period from January 1, 2014, through January 31, 2014.

**IT IS SO ORDERED**.

ENTER:

   /s H. Bruce Guyton
United States Magistrate Judge

2

Case 3:09-cv-00498-TAV-HBG   Document 1244   Filed 03/04/14   Page 2 of 2   PageID #: 15653