UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:09-CV-498-TAV-HBG |
| | ) |
| MICHAEL L. ROSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The Receiver has filed his Twenty-First Application for Interim Compensation and Expense Reimbursement [Doc. 1245].

The Receiver moves the Court to approve payment to the Receiver for the reasonable and necessary services he rendered between February 1 and February 28, 2014, in the amount of $11,766.07, which represents $11,593.75 in fees and $172.32 in direct expenses. The Receiver also requests that the Court approve the reimbursement of third-party expenses incurred through Robert J. Fletcher, CCIM in the amount of $3,250.00. The Receiver represents that as of February 28, 2014, the Receiver was in possession of $857,346.47,[1] which includes $46,257.51 allocated to reimburse homeowner association accounts. [Doc. 1245 at 3]. The Receiver also maintains a separate rent account, which he represents has a balance of $59,559.85, as of February 28, 2014. [Id.].

---

[1] Since February 28, 2014, the Court has entered orders permitting the Receiver to disburse funds from this account. [See Docs. 1240, 1244]. However, these disbursements will not dissipate the funds in the Receivership account to a point where it would be inappropriate to permit the compensation and reimbursement requested in this Application.

With the instant request, the Receiver has submitted an Invoice of Services rendered in February 2014, detailing the time spent on various tasks in furtherance of the duties established by the Court. [Doc. 1245-1]. He has also submitted invoices for the same period, detailing the out-of-pocket expenses the Receiver incurred in furtherance of these duties. [Doc. 1245-2]. The Court has reviewed the invoices and finds that they are reasonable.

The Receiver's Twenty-First Application was filed March 6, 2014, and his request and the supporting invoices have been available for review to the parties. No party or interested person has objected to the compensation and expenses submitted. The time for doing so has expired. See, generally, E.D. Tenn. L.R. 7.1. The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2.

Accordingly, the Court finds that the Receiver's Twenty-First Application **[Doc. 1245]** is well-taken, and it is **GRANTED**. The Court finds the compensation and expenses requested by the Receiver are **REASONABLE**, and they are **APPROVED**. The Receiver **SHALL DISBURSE** the **$11,766.07**, requested as compensation for services and reimbursement for expenses for the period from February 1, 2014, through February 28, 2014, and the **$3,250.00**, requested to reimburse for third-party expenses incurred.

**IT IS SO ORDERED**.

        ENTER:

        /s H. Bruce Guyton
        United States Magistrate Judge