UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT T. STOOKSBURY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-498-TAV-HBG |
| | ) | |
| MICHAEL L. ROSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on two objections to an order of the magistrate judge dated December 26, 2013 [Doc. 1153]: Defendants' Objection to Memorandum and Order [Doc. 1163], and Objections to the Magistrate Court's Memorandum and Order Denying Disbursement of Receivership Funds to Pay Legal Fees and Expenses [Doc. 1168]. The receiver and plaintiff filed responses to the objections [Docs. 1171, 1186].

In the December 26, 2013 order, the magistrate judge considered motions by the Ross Defendants[1] and the Estate of Dale Ross Defendants[2] to (1) order payment of all unpaid professional fees and expenses owed to counsel for defendants from the receivership

---

[1] These defendants include Michael L. Ross; Evelyn W. Ross; LTR Properties, Inc.; VPI Company, LLC; Tellico Lake Properties, LP; NJS Development Company, LLC; WH McCollum & Co., LLC; RM Company, LLC; Pine Mountain Partnership; Pine Mountain Properties, G.P.; RMT Cottages, LLC; RMT Properties, LLC; RMT Properties, LP; RMT Village Shops, LLC; PM Properties of Tennessee, LP; PM Properties of Tennessee, LLC; PM Properties #2 of Tennessee, LP; PM Properties #2 of Tennessee, LLC; PM Properties #3 of Tennessee, LP; PM Properties #3 of Tennessee, LLC; M&D Ross Rentals; OR Properties, LLC; CC Properties, LLC; RFD, LLC; HDP Properties, LLC; RRT Properties, LLC; Vonore Properties, LLC; and WFD Company, Inc.

[2] These defendants include the Estate of Dale Ross, Rebecca Jordan, Rarity Management Company, LLC, and Patricia Ross.

account, and (2) permit defendants to submit monthly invoices to the receiver for payment from the receivership account [Docs. 1102, 1130]. Pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02, Magistrate Judge Guyton denied the motions. He found "that Defendants' present position is inconsistent with the principles of equity and is completely incongruent with the purpose of the Receivership" [Doc. 1153]. He also found 28 U.S.C. § 959(b), a provision relied upon by defendants, neither binding nor persuasive authority on the issue because it addresses a receiver's role as an asset manager [*Id.*].

Defendants filed objections asserting: (1) that the memorandum and order is inconsistent with the Court's January 10, 2013 Memorandum and Order [Doc. 839], which authorized defendants to hire counsel using "liquid assets available to them" and if necessary, to liquidate real property upon five (5) business days notice to the Court"; (2) that the receiver has a statutory duty under 28 U.S.C. § 959(b) to administer the income and assets under his control for the benefit of all creditors, and (3) that Magistrate Judge Guyton erroneously assumed the truth of post-judgment wrongdoing [*See* Docs. 1163, 1168].

"A Magistrate Judge's decision on a non-dispositive matter will be reversed only if it is 'clearly erroneous or contrary to law.'" *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). As the issues underlying the magistrate judge's order are nondispositve, the Court will consider defendants' objections and set aside the magistrate judge's findings only if they are clearly erroneous or contrary to law. "A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

With respect to defendants' objection that the magistrate judge's order is inconsistent with the Court's previous order authorizing defendants to hire counsel using liquid assets available to them and to liquidate real property if necessary, the Court finds the magistrate judge's decision is not inconsistent with the previous order and that the magistrate judge's order is therefore neither clearly erroneous nor contrary to law. In the Court's previous order, the Court determined the defendants could do the following:

> [O]f course, retain the right to hire counsel, and they may contract counsel to represent them in this and other cases. They may hire counsel of their choosing using liquid assets available to them. To the extent Defendants will finance retention of counsel through liquidating real property or investment accounts that may be subject to the Judgment obtained in this case, they shall file notice of their intent to liquidate five (5) business days prior to any liquidation.

[Doc. 839]. The Court thus contemplated defendants paying their counsel, not with receivership funds, but the assets available to them. And this result is consistent with the purpose of the receivership, which is to protect and control the assets of the receivership estate [*See* Doc. 586]. Moreover, the Court previously denied defendants' motion for the receiver to defend them in *Stooksbury II* because using receivership assets to pay defendants' legal fees would be "inconsistent with the preservation of the assets in the Receivership estate" and would "undermine[] both the Plaintiff's recovery on his judgment and the Defendants' ability to satisfy their judgment debt" [Doc. 817]. That same reasoning applies here.

Regarding defendants' objection related to § 959(b), the Court finds that the magistrate judge correctly determined that the statute does not pertain to the instant issue

3

because it discusses a receiver's role as an asset manager.  Defendants do note cite case law indicating otherwise, and the only case law cited by defendants is inapposite.

More specifically, defendants assert that under the principles recited in *Butcher v. Howard*, 715 S.W.2d 601, 603 (Tenn. Ct. App. 1986), and *Willingham v. Gallatin Group, Inc.*, No. M1998-00990-COA-R3-CV, 2001 WL 134599, at *7 (Tenn. Ct. App. Feb. 16, 2001), the receiver "stands in the shoes" of the individual over whose property he has been appointed and must make these funds available for them to pay their legal fees.  In *Butcher*, the court held that "in a creditor's action, the receiver holds the property for the benefit of the creditors," 715 S.W.2d at 604, and in *Willingham*, the court noted that "with respect to business taxes . . . a receiver steps into and stands in the shoes of the dissolving corporation with exactly the same rights and obligations that the corporation had," 2001 WL 134599, at *7.  Yet, neither of these cases address § 959(b) nor support the proposition that a receiver is obligated to pay the attorneys' fees of defendants.  To the contrary, *Butcher* endorses the fact that a receiver must act in a manner to benefit creditors of the receivership estate.  Here, the depletion of receivership assets to pay the attorneys' fees for the very entities and individuals whose conduct gave rise to the appointment of the receiver would not serve to benefit the creditors of the receivership estate.  *See SEC v. Wealth Mgmt. LLC*, 628 F.3d 323, 334 (7th Cir. 2010) ("On its face, § 959(b) has no particular significance for distribution decisions in a liquidation; that is, it does not affect the receiver's—or the court's—classification or subordination of claims.").

Finally, defendants object to the magistrate judge's statement that "[i]f the Defendants had conveyed their assets to the Plaintiff upon entry of the judgment instead of frustrating collection, they would not then call upon the plaintiff to pay their legal fees and expenses from the assets yielded to satisfy the judgment" [Doc. 1153]. While defendants are correct that the Court has expressly acknowledged that it will adjudicate whether any individual or entity engaged in wrongful conduct in obtaining ownership of assets [Doc. 1035], the magistrate judge's statement does not make a decision in that regard.

Accordingly, finding no clear error or decision contrary to law, the Court **OVERRULES** defendants' objections [Docs. 1136, 1168]. Moreover, even considering de novo, for the reasons stated herein and by the magistrate judge, the Court finds that the motions for the receivership estate to pay legal fees and expenses without merit. The magistrate judge's memorandum and order dated December 26, 2013 [Doc. 1153], is hereby **AFFIRMED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE