UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT T. STOOKSBURY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-498-TAV-HBG |
| | ) | |
| MICHAEL L. ROSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge [Doc. 1309].

Now before the Court is a Motion for a Preclusion Order Against Athena, Doukas, and Ross [Doc. 1032], filed by Plaintiff Robert T. Stooksbury. Athena of S.C., LLC, and American Harper Corp. have responded in opposition to this motion, [Doc. 1042], and the Plaintiff has filed a reply in support of his position, [Doc. 1049]. This motion is now ripe for adjudication, and for the reasons stated herein, the undersigned will **RECOMMEND** that it be **DENIED WITHOUT PREJUDICE**.

In his motion, Mr. Stooksbury moves the Court to enter an order precluding Athena of S.C., LLC ("Athena"), Ted Doukas, and Michael Ross from asserting any claims or defense regarding Receivership assets as a sanction for engaging in fraudulent conduct in this case. [Doc. 1032 at 1]. Mr. Stooksbury alleges that Athena, Mr. Doukas, and Mr. Ross conspired to fraudulently transfer the title to a 1956 Ford Thunderbird automobile. [Id. at 2]. Mr. Stooksbury also alleges that Athena and Mr. Doukas have continued in efforts to obstruct the work of the court-appointed Receiver. [Doc. 1033 at 8-10]. Based upon these allegations, Mr. Stooksbury

argues that "Athena, Doukas, and Ross (and any of the various entities in which they have any interest or control) should be precluded from asserting a claim or defense with respect to any Receivership asset in the context of a summary proceeding or in any other proceeding." [Id. at 13].

On June 12, 2014,[1] the Chief District Judge entered a Memorandum Opinion and Order declining to determine whether Athena, Mr. Doukas, Mr. Ross, or other related entities had made fraudulent transfers. [Doc. 1308]. In pertinent part, the Court explained:

> The Court, though, declines to make a determination in this case regarding whether any conveyances were fraudulently made. Summary proceedings are not appropriate when a Court is called upon to decide any wrongdoing of, or claims against, a non-party. *SEC v. Ross*, 504 F.3d 1130, 1141–44 (9th Cir. 2007) (noting that summary proceedings can be appropriate where "only an adjudication of ownership" is at issue, such as with a fraudulent conveyance, but recognizing that summary proceedings are not appropriate where wrongdoing of the non-party is alleged). While framed as a mere adjudication of ownership, the arguments that the receivership assets were fraudulently conveyed go to the heart of *Stooksbury II*, a case that asserts many acts of wrongdoing by both defendants/judgment debtors in this action as well as individuals and entities not parties to this action [*See* Case No. 3:12-cv-548 Doc. 294]. Plaintiff chose to adjudicate his claims against these individuals and entities in a plenary proceeding by filing *Stooksbury II*, and the Court will not determine in a summary proceeding what plaintiff has chosen to litigate elsewhere.

Id. at 4.

The Court has considered the relief requested by Mr. Stooksbury, and the Court is concerned that representations made to the Court by Athena, Mr. Doukas, and Mr. Ross may have been false. However, based upon the Court's previous holdings, the Court finds that it would be inappropriate to make a finding, at this time, that Athena, Mr. Doukas, and Mr. Ross engaged in fraudulent transfers, or made false statements relative thereto. Thus, the Court finds

---

[1] With the exception of the events described herein, the Court assumes familiarity with this case, including all of the post-judgment proceedings and matters relating to the Receivership.

that Mr. Stooksbury's request for a preclusion order based upon such a finding is premature. Accordingly, the undersigned will recommend that Mr. Stooksbury's request be denied without prejudice, so that it can be filed in *Stooksbury II* as appropriate.

Based upon the foregoing, the undersigned **RECOMMENDS**[2] that the Motion for a Preclusion Order **[Doc. 1032]** be **DENIED WITHOUT PREJUDICE**, to allow refiling in *Stooksbury II* as appropriate.

**IT IS SO ORDERED**.

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

3