UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT T. STOOKSBURY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-498-TAV-HBG |
| | ) | |
| MICHAEL L. ROSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge [Doc. 1309].

Now before the Court is a Motion to Enforce the Court's Memorandum Opinion and Order [Doc. 1079]. Athena of S.C., LLC, and American Harper have responded in opposition to the motion, [Doc. 1096], and the Receiver has filed a final reply in support of his position, [Doc. 1117]. This motion is now ripe for adjudication, and for the reasons stated herein, the undersigned **RECOMMENDS** that it be **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

In his motion, the Receiver requests the Court to enforce the Order entered on September 12, 2013, and to compel Athena of S.C., LLC, its principal Ted Doukas, their related entities, agents and/or representatives ("Athena") and/or American Harper Corporation ("AHC") to turn over to the Receiver the following proceeds generated from the their use of Receivership assets: (i) $31,799.06 from the sale of the Cabana; (ii) $46,054.00 from the boat docks' rental income; and (iii) $75,000.00 in membership fees. In support of this request, the Receiver submits that Athena has not complied with the Court's Order entered September 12, 2013, which ordered

disgorgement of these funds. Thus, in addition, the Receiver moves the Court for the issuance of a contempt order against Athena.

The Memorandum Opinion and Order entered September 12, 2013, ordered that "Athena shall disgorge any proceeds of the sale of the Cabana, which shall be held by the Receiver as part of the receivership estate." [Doc. 1035 at 23]. Athena has not disputed that it was ordered to disgorge these proceeds, and it has no basis for so arguing. Instead, Athena argues that disgorgement is not proper because the Cabana is subject to a complaint to foreclose and because Athena currently owes more on the Cabana that it has been ordered by this Court to disgorge. Athena proposes that the Court's Order be revised pursuant to Rule 60 of the Federal Rules of Civil Procedure.

The Court finds that Athena has not shown good cause for modifying the Court's previous order, and the Court finds that Athena does not dispute that it has yet to disgorge the proceeds as ordered by the Court over nine months ago. The Court finds that Athena should be ordered to disgorge any proceeds from the sale of the Cabana to the Receiver within ten days of entry of an order ruling upon this Report and Recommendation. Further, the Court finds that Athena should be ordered to file a notice and certification, signed by its principals, giving notice of its compliance and certifying the same.

The Memorandum Opinion and Order entered September 12, 2013, also found that both the Rarity Bay boat slips and membership fees were assets of the Receivership. [Doc. 1035 at 9-10]. The Order discussed the need to maintain the status quo and, to that end, forbad "the transfer, by sale or otherwise, of any assets identified by the Receiver." [Id. at 22]. Despite the Court's Order, AHC collected net income from the boat slip rentals in the amount of $46,054.00, and AHC received membership fees in the amount of $75,000.00. AHC does not dispute that it

2

received these revenues and fees. Instead, it submits, "The receipts enumerated in the Receiver's motion for boat slip revenues [in the amount of] $46,054.00 and membership fees [in the amount of] $75,000 were not included in the Court's September 12, 2013 Order." AHC maintains that the request for relief with regard to these revenues and fees should be denied.

The Court has examined and considered the Court's Order of September 13, 2014, which precluded "the transfer, by sale or otherwise, of any assets identified by the Receiver." [Doc. 1035 at 22; see id. at 23]. The ordinary meaning of the Court's use of the term "assets" would incorporate accounts receivable, such as the boat-slip revenues and the membership fees. See Black's Law Dictionary 16(c). It would be illogical to read the Court's Order to separate the physical manifestations of the assets – *i.e.* the amenities and the boat slips – from the fees paid for their use. The value of the physical manifestations is derived from the accounts payable that are generated by permitting use of the same. AHC has not directed the Court to any basis for reading the Court's Order in a manner that would permit AHC to retain the boat-slip revenues and the membership fees. [Doc. 1096 at 2]. The Court finds that the general assertion that the Court did not include the specific amounts of money generated in its Order is not persuasive.

Accordingly, the Court finds that AHC should be ordered to disgorge the boat-slip/docks revenues in the amount of $46,054.00 and membership fees in the amount of $75,000 within ten days of entry of an order ruling upon this Report and Recommendation. Further, the Court finds that AHC should be ordered to file a notice and certification, signed by its principals, giving notice of its compliance and certifying the same.

Finally, the Court finds that the request for contempt of court calls for a decision that is likely to impinge upon the issues to be decided in *Stooksbury II*, Case No. 3:12-CV-548, and thus, rendering a decision on the request for contempt in these post-judgment proceedings would

3

be inconsistent with the Court's post-judgment decisions, see id. Accordingly, the undersigned will recommend that the remaining requests for relief be denied without prejudice to allow the refiling of the same in *Stooksbury II* as appropriate.

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that:

1. Motion to Enforce the Court's Memorandum Opinion and Order **[Doc. 1079]** be **GRANTED IN PART**;

2. The Court **ORDER** that Athena disgorge any proceeds from the sale of the Cabana to the Receiver within **ten (10) days** of entry of an order ruling upon this Report and Recommendation and **ORDER** that Athena file in CM/ECF a notice and certification, signed by its principals, giving notice of its compliance and certifying the same within **ten (10) days;**

3. The Court **ORDER** that AHC disgorge the boat-slip revenues in the amount of $46,054.00 and membership fees in the amount of $75,000 within **ten (10) days** of entry of an order ruling upon this Report and Recommendation and **ORDER** that Athena file in CM/ECF a notice and certification, signed by its principals, giving notice of its compliance and certifying the same within **ten (10) days;**

4. All other requests for relief be **DENIED WITHOUT PREJUDICE** to allow refiling of the same in *Stooksbury II* as appropriate.

**IT IS SO ORDERED**.

ENTER:

Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).