UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:09-CV-498-TAV-HBG |
| | ) |
| MICHAEL L. ROSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge. The Receiver has filed his Twenty-Third Application for Interim Compensation and Expense Reimbursement and Twenty-Fourth Application for Interim Compensation and Expense Reimbursement.

The Receiver moves the Court to approve payment to the Receiver for the reasonable and necessary services he rendered between April 1 and April 30, 2014, in the amount of $1,945.41, which represents $1,881.25 in fees and $64.16 in direct expenses. He also moves the Court to approve payment for the reasonable and necessary services he rendered between May 1 and May 31, 2014, in the amount of $4,569.41, which represents $4,506.25 in fees and $63.16 in direct expenses. In total, the Receiver requests that the Court approve a total payment of $6,514.82.

The Receiver represents that as of May 31, 2014, the Receiver was in possession of $860,223.32. [Doc. 1310 at 2]. The Receiver also maintains a separate rent account, which he represents has a balance of $91,124.32, as of May 31, 2014. [Id.]. There is no evidence in the record to indicate that this amount has been dissipated, in any considerable amount, since May

31, 2014.

The Receiver has submitted an Invoices of Services rendered in April 2014 and May 2014, detailing the time spent on various tasks in furtherance of the duties established by the Court. [Docs. 1295-1, 1310-1]. He has also submitted invoices for the same period, detailing the out-of-pocket expenses the Receiver incurred in furtherance of these duties. [Id.]. The Court has reviewed the invoices and finds that they are reasonable.

The Receiver's Applications were filed on May 9, 2014, and June 12, 2014. The invoices and documents supporting the Receiver's requested reimbursement have been available for review to the parties. No party or interested person has objected to the compensation and expenses submitted. The time for doing so has expired. See, generally, E.D. Tenn. L.R. 7.1. The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2.

Accordingly, the Court finds that the Receiver's Twenty-Third Application for Interim Compensation and Expense Reimbursement and Twenty-Fourth Application for Interim Compensation and Expense Reimbursement are well-taken, and the undersigned **RECOMMENDS** that they be **GRANTED**. The Court finds the compensation and expenses requested by the Receiver are **REASONABLE**, and the undersigned **RECOMMENDS** that they be **APPROVED**. The undersigned **RECOMMENDS**[1] that the Receiver be permitted to

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

**DISBURSE** the **$6,514.82** requested as compensation for services and reimbursement for expenses April 2014 and May 2014.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge

3