UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT T. STOOKSBURY, JR., )
)
      Plaintiff, )
)
v. ) No.: 3:09-CV-498-TAV-HBG
)
MICHAEL L. ROSS, *et al.*, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court is Athena of S.C. LLC's, American Harper Corporation's and Ted Doukas's appeal of Magistrate Judge H. Bruce Guyton's February 2, 2014 memorandum and order [Doc. 1226]. In the magistrate judge's memorandum and order [Doc. 1202], the magistrate judge considered the receiver's motion for an order requiring Ted Doukas and his related entities, representatives, and agents to show cause why they should not be held in contempt for failing to comply with the Court's memorandum and order of July 29, 2013, and respond to the receiver's outstanding requests for documents [Doc. 1026]. The receiver requested that the Court impose any appropriate and necessary sanction for such failure [*Id.*].

In addressing the receiver's motion, Magistrate Judge Guyton found that appellants had not provided the receiver with documents responsive to certain requests and that, with respect to certain documents provided in response, the documents were incomplete [Doc. 1202]. Due to this factual finding, and his further findings that

appellants delayed in responding to the receiver's requests in "exorbitant" fashion, he determined that appellants had failed to comply with the Court's July 29 order [*Id.*]. Magistrate Judge Guyton also imposed sanctions against appellants, including that they pay the receiver $21,500.00, an amount representative of the fees and expenses[1] incurred in litigating the issue [*Id.*].

Appellants take issue with Magistrate Judge Guyton's order, asserting that he exceeded his authority in issuing the order [Doc. 1226]. Yet, as this Court has stated before, this argument need not distract the Court for long because regardless of whether the magistrate judge had the authority to dispose of the receiver's motion, post-judgment matters are ultimately subject to de novo review by the district court. *See Gaiters v. City of Catoosa*, 226 F. App'x 826, 829 (10th Cir. 2007) ("We have previously held that a district court may refer post-judgment matters to a magistrate judge under the 'additional duties' provision of 28 U.S.C. § 636(b)(3), so long as the district judge retains the ultimate responsibility for decision making." (citation omitted)); *see also Davet v. City of Cleveland*, No. 1:03CV1623, 2011 WL 4729930, at *2 (N.D. Ohio Oct. 7, 2011) (finding same). The Court thus construes the order of the magistrate judge as a report and recommendation and reviews the order de novo.

While the Court assumes familiarity with this case, some background is needed here. On June 18, 2013, the receiver filed a motion to compel [Doc. 961], in which the

---

[1] Although the magistrate judge found appellants' conduct warranted an award of fees and expenses, it does not appear that the magistrate judge in fact awarded any expenses in granting the motion.

2

receiver moved the Court to order Doukas, American Harper, and Athena, and their related entities, agents, and representatives, to produce documents that Doukas, his related entities, agents, and representatives were withholding from the receiver. In granting the receiver's motion [Doc. 983], Magistrate Judge Guyton noted that no party filed a response in opposition, which alone served as a basis to grant the motion. Yet, he went on to note that American Harper and Athena had filed a notice, which stated they had "provided all or substantially all documents requested to be produced by the Receiver" [*Id.* (citing Doc. 968)]. That notice, though, according to the magistrate judge, did not render the motion to compel moot because the notice did not detail the categories of documents produced to the receiver in order for the Court to evaluate the extent of the compliance [*Id.*]. Magistrate Judge Guyton thus ordered Doukas, American Harper, and Athena, and their related entities, agents, and representatives, to produce any and all documents relating to:

> 1. Documents and accounting records for the Riverview Apartments owned by Vonore Properties, LLC;
>
> 2. Documents and accounting records for the Vonore Apartments allegedly transferred by Rarity Management Company, LLC to Likos of Tennessee Corp. by Warranty Deed dated December 29, 2011;
>
> 3. Documents and accounting records for the West Palm Beach condominium owned by Michael L. Ross and the sale of the cabana;
>
> 4. Documents and accounting records for the Riverview Apartments, LLC; and
>
> 5. Documents and accounting records for any additional property identified within the Receiver's schedule of assets that form a part of

3

>
> the receivership estate over which Athena has exercised any control since April 1, 2012 through the present.

[*Id.*].

On July 31, 2013, the receiver requested that Doukas, and his related entities, agents, and representatives, respond to the items set forth in the Court's July 29 order because, while counsel for the receiver had received certain documents from American Harper, Doukas had not provided him with documents or records relating to the properties listed in the Court's July 29 order. Then, because this request and other requests did not elicit the information sought by the receiver [*see, e.g.*, Doc. 1247], on September 9, 2013, the receiver moved the Court to order Doukas and his related entities, representatives, and agents to show cause why they should not be held in contempt for their failure to comply with the Court's July 29 order [Doc. 1026]. The receiver identified twelve categories of documents that had not been produced:

> 1. Any documents which were obtained and/or exchanged by your clients, their agents and representatives with other persons including, but not limited to, Mr. Ross and his related entities pertaining to the Riverview Apartments including the documents relating to the purported transfer of the property to Likos of Tennessee Corp.
>
> 2. Any and all records pertaining to consideration paid by Likos of Tennessee Corp. for the purported purchase of the Riverview Apartments.
>
> 3. Any and all tax notices and/or documents pertaining to the assessment, collection and payment of taxes for the Riverview Apartments from January 1, 2012 through the present.
>
> 4. Any and all tax notices and/or records pertaining to any other receivership property identified within the Receiver's Quarterly

4

Reports including, but not limited to, any assessments, collection and payment of taxes for such property.

5. Any and all documents maintained by your clients, their agents and/or representatives pertaining to the alleged interest in RPM Assets, LLC and the promissory notes which are the subject matter of the pending claim in the Chancery Court for Knox County, Tennessee.

6. Any and all documents or communications exchanged by and/or between your clients, Mr. Ross, their respective entities or other persons pertaining to the West Palm Beach condominium, the sale of the cabana and other matters dealing with and/or relating to said asset to include documents pertaining to the distribution of the proceeds generated from the sale of the cabana.

7. Any and all documents prepared, exchanged and/or maintained by your clients, their agents and/or representatives relating to the various promissory notes issued by Glenn Wright in favor of Tellico Lake Properties, L.P.

8. Any documents or records generated, maintained and/or received by your clients, their agents and/or representatives relating to any of the properties listed within the Receiver's reports and identified as part of the receivership estate.

9. Any and all documents generated, exchanged and/or received by and/or between your clients, their agents and representatives and Mr. Ross and his related entities that relate to and/or involve any of the receivership assets.

10. Any documents generated, exchanged and/or received by and between your clients, their agents and representatives and Henry B. Wynn relating to any of the property identified as receivership property.

11. Any and all documents exchanged by and between your clients, their agents and representatives and Mr. Ross, his related entities, agents and/or representatives relating to the Note Purchase and Assignment Agreement by and between Capital Bank, N.A. and Breton Equity Company, Corp.

5

> 12. Any and all documents exchanged by and between your clients, their agents and representatives and Mr. Ross, his related entities, agents and/or representatives relating to the transfer, exchange and/or payment of funds generated by and/or through any receivership asset. With regard to this request, the Receiver has information related to the Pro Shop, Golf Course and Country Club, and boat docks at Rarity Bay but has not received any documents from Mr. Doukas concerning the condominium that was sold in West Palm Beach, Florida.

[Doc. 1027].

On September 22, 2013, Athena, American Harper, and Doukas filed a response [Doc. 1038], in which they asserted the documents were to be scanned into electronic form and made available to the receiver, that Capital Bank would produce discovery directly to the receiver, and that hard drives were made available to the receiver. They further asserted that "there are no additional documents responsive to the Receiver's request that have not been produced, or to which the Receiver has not had access, such as documents filed in the Tellico Properties L.P bankruptcy" [*Id.* (footnote omitted)].

The parties filed supplemental briefs [Docs. 1052, 1061], but it was unclear whether Athena, American Harper, and Doukas had followed through on their representations to the Court, so on January 2, 2014, the magistrate judge ordered that the receiver and/or his counsel submit a sworn statement describing the current status of the twelve categories of discovery addressed in the motion for order to show cause [Doc. 1157]. He also afforded Athena, American Harper, and Doukas, and related entities, an opportunity to file a sown statement in rebuttal [*Id.*]. The receiver filed the affidavit of his counsel [Doc. 1174-1] and his own affidavit [Doc. 1174-6], along with exhibits

6

thereto. Athena, American Harper, and Doukas, and related entities, filed a response, which included the affidavit of Greg Baker [Doc. 1181].

As noted, Magistrate Judge Guyton found that appellants had not provided the receiver with documents responsive to certain requests and that, with respect to certain documents provided in response, the documents were incomplete [Doc. 1202]. To this end, he determined that appellant's sworn testimony that they complied with the discovery requests of the receiver, complied with the Court's order, and acted in a manner consistent with their representations to the Court did not discredit the sworn testimony of the receiver and the receiver's counsel to the contrary [*Id.*]. Moreover, he found that appellants delayed in responding to the receiver's requests in "exorbitant" fashion [*Id.*]. The magistrate judge thus imposed sanctions against appellants, including that they pay the receiver $21,500.00, an amount representative of the fees incurred in litigating the issue [*Id.*].

With this background in mind, the Court turns to the appeal [Doc. 1226], which the Court construes an objection to the magistrate judge's order, which the Court is construing as a report and recommendation. In their own words, appellants assert that the magistrate judge's order is "contrary to the facts," "contrary to the documents produced," "contrary to the Greg Baker affidavits," and "contrary to the Receiver's own admission in his testimony on May 8, 2013 that he was granted unencumbered access to all records and all personnel" [Doc. 1226]. These arguments are, indeed, reiterations of the arguments presented to the magistrate judge.

7

The function of contempt proceedings is "to enforce the message that court orders and judgments are to be taken seriously." *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 385 (6th Cir. 2003) (citation omitted). While a court should not use its contempt power lightly, it "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory." *Id.* at 378 (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)). It is within the trial court's sound discretion to hold someone in contempt. *Id.* (citing *Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir. 1989)).

A court may hold someone in contempt if there is "clear and convincing evidence that shows that '[person] violated a definite and specific order of the court requiring [that person] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* at 379 (citation omitted). Once the moving party establishes a violation, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Satyam Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 433 (6th Cir. 2009) (citation omitted). The contemnor "must show categorically and in detail why he or she is unable to comply with the court's order." *Elec. Workers Pension Trust Fund*, 340 F.3d at 379 (quotation marks omitted) (quoting *Rolex Watch U.S.A. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)). Courts will consider "whether the [contemnor] took all

8

reasonable steps within [his] power to comply with the court's order." *Id.* (alterations in original) (citation and internal quotation marks omitted).

The Court has reviewed the record underlying the issues presented by the receiver's motion for order to show cause, along with the objections and response to the objections, and the Court is in full agreement with Magistrate Judge Guyton's findings, which the Court adopts herein. Representations that documents will be produced, have been produced by other individuals or entities, or are privileged are insufficient responses to the receiver's requests, and the appellants have, without doubt, delayed in responding to the receiver's requests. The Court thus finds that there is clear and convincing evidence that Ted Doukas and his related entities have failed to fully comply with the Court's order of July 13, 2013 [Doc. 983]. And appellants have not asserted that they are presently unable to comply with the Court's order.

The Court further agrees with Magistrate Judge Guyton that sanctions are warranted for this failure. "Judicial sanctions . . . may, in a proper case, be employed for either or both of two purposes; to coerce . . . compliance with the court's order, and to compensate the complainant for losses sustained.'" *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947). Appellants have "continued [to] fail[] to produce responsive documents in the six plus months that have elapsed since entry of the Order ruling upon the Motion to Compel, and their failure to fulfill their representations to the Court with regard to this issue, now support[s] an award of fees" [Doc. 1202]. The Court finds that a conservative estimate of the time spent addressing appellants' failure to

9

comply with the Court's order results in an award of twenty-one thousand five hundred dollars ($21,500.00). This amount represents sixty hours of the receiver's time expended at a reasonable rate of $175.00 per hour, yielding $10,500.00, and forty hours of time expended by the receiver's counsel at an average reasonable rate of $275.00 per hour, yielding $11,000.00. *See Gen. Conference Corp. of Seventh-Day Adventists v. McGill*, No. 1:06-cv-01207, 2010 WL 99404, at *6 (W.D. Tenn. Jan. 6, 2010) ("Upon a finding of contempt, a court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process, including allowing a movant to recover attorneys' fees and expenses incurred in prosecuting a contempt motion."); *Bd. of Supervisors of the La. State Univ. v. Smack Apparel Co.*, 574 F. Supp. 2d 601, 606 (E.D. La. 2008) (awarding, among other things, attorney's fees and costs related to civil contempt).

Accordingly, and for the reasons stated in this memorandum opinion and order, the Court hereby **ACCEPTS**, to the extent stated herein, Magistrate Judge H. Bruce Guyton's order, which the Court construes as a report and recommendation [Doc. 1202], and **DENIES/OVERRULES** Athena of S.C. LLC's, American Harper Corporation's and Ted Doukas's appeal of that order, which the Court construes as objections [Doc. 1226]. The motion for order to show cause [Doc. 1026] is **GRANTED** as follows:

1. Ted Doukas and his related entities, representatives, and agents are **ORDERED** to pay the receiver **$21,500.00**, representing the fees incurred in litigating this issue.

2. Ted Doukas and his related entities, representatives, and agents are jointly and severally liable for this sanction.

10

3. Ted Doukas and his related entities, representatives, and agents **SHALL REMIT** the $21,500.00 awarded to the receiver on or before **September 12, 2014**.

4. The receiver **SHALL FILE** a Notice of Receipt of Funds in CM/ECF within **two business days** of these funds being deposited in his account.

5. Ted Doukas and his related entities, representatives, and agents are **ORDERED** to fully comply with the production requested in the twelve document requests referenced above on or before **September 19, 2014**, either through full and complete production or by submitting a sworn statement by Ted Doukas, as principal agent for himself and these entities, stating that the documents do not exist.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE