UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:09-CV-498-TAV-HBG |
| | ) |
| MICHAEL L. ROSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge [Doc. 1353].

Now before the Court is the Receiver's Motion to Approve Sale of Real Property [Doc. 1345]. In his motion, the Receiver moves the Court to approve and order the sale of the real property described as 3400 S. Ocean Boulevard, 5F-1, Palm Beach, Florida, ("the Property"), which was previously identified as property of the receivership estate, titled in the name of Judgment Debtor Michael L. Ross. The Receiver represents that, through a broker, he has obtained an offer to sell and purchase the Property for $878,000.00.

The Receiver states that, pursuant to the terms of the contract for sale, it is projected that the sale will generate funds sufficient to satisfy the sale expenses, broker fees, moneys owed to the homeowner's association, and to repay lienholder Wells Fargo. The Receiver moves the Court to waive any requirement of independent appraisals, because such appraisals are unlikely to provide any further information about the price and because the Property Assessor's office in Palm Beach County, Florida, identifies the Property's market value as $640,000.00. The

Receiver has attached a copy of the contract for sale [Doc. 1345-1] and the 2013 Notice of Property Taxes [Doc. 1345-2] to his motion.

Athena of S.C., LLC, ("Athena"), has responded to the Receiver's motion. [Doc. 1357]. Athena asserts that it is the owner of the Property as the result of a Sheriff's sale conducted in 2013. However, Athena states that "it takes no position on the Receiver's Motion and if this Court deems it is appropriate to approve the sale, the Court may do so." [Id. at 1].

Wells Fargo[1] has filed a response stating that it does not object to the proposed sale, in principle. [Doc. 1358]. However, Wells Fargo maintains that it cannot determine from the information provided by the Receiver if the proposed sale will generate sufficient funds to satisfy Wells Fargo's mortgage. [Id. at 1]. Wells Fargo requests that any Order approving the sale of the Property contain conditional language allowing Wells Fargo to review the final settlement statement to determine if the sale as proposed by the Receiver is acceptable. [Id. at 2].

In his reply, the Receiver states that he is not able to produce a final closing statement at this time. [Doc. 1365]. However, the Receiver has filed the preliminary closing statement [Doc. 1379-1], and he states that the $751,536.81 owed to Wells Fargo will be paid in full at the closing. [Doc. 1365 at 2].

The Court has broad powers and wide discretion to determine the appropriate relief in an equity receivership. SEC v. Hardy, 803 F.2d 1034, 1037 (9th Cir. 1986). The Court finds that the relief requested by the Receiver falls within the broad power and wide discretion to determine appropriate relief in this receivership.

Further, the Court finds that the Receiver's request to waive the requirement to obtain appraisals of the Property is well-taken. Again, the Court finds that this waiver falls within the

---

[1] HSBC Bank USA, N.A. alleges that it is Trustee for Wells Fargo Asset Security Corporation, Mortgage Pass-through Certificates Series 2006-7, and herein is referred to as "Wells Fargo."

2

broad power and wide discretion to determine appropriate relief in this receivership. See generally, Tanzer v. Huffines, 412 F.2d 221, 222-23 (3rd Cir. 1969).

The fair market value of property is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of the relevant facts. This principle is well-established and codified in federal regulations. See, e.g., Akers v. C.I.R., 799 F.2d 243, 245 (6th Cir. 1986) (discussing use of this principle in 26 C.F.R. § 1.170A-1 for purposes of evaluating the value of non-taxable gifts); see also Gross v. Comm'r of Internal Revenue, 272 F.3d 333, 342-43 (6th Cir. 2001). There is no dispute that the Property was presented for sale on the open market through a broker, nor is there any allegation that either the buyer or seller were under compulsion or lacked information. Further, the Court finds that the agreed-upon sales price exceeds the Property Assessor's appraisal by over $200,000.00. Thus, the Court finds that the agreed-upon sales price is reasonable, and the Court finds that it is appropriate to waive the requirement that the Receiver obtain an appraisal.

The Court has considered Wells Fargo's concern about not being fully compensated. The Court has reviewed the preliminary settlement statement, which provides for full payment of the moneys owed to Wells Fargo. For obvious reasons, the Receiver cannot provide a final settlement statement until the day of the closing or the day before the closing. The Court finds that the preliminary statement provides Wells Fargo with sufficient assurance that it will be paid. The Court finds that Wells Fargo's request the Court's Order approving the sale provide for Wells Fargo to review the final settlement statement and a right to approve the transaction would be unduly burdensome and likely to delay the sale. Instead, the Court will Order the Receiver or

3

Case 3:09-cv-00498-TAV-HBG   Document 1389   Filed 09/04/14   Page 3 of 4   PageID #: 17006

his counsel to contact counsel for Wells Fargo prior to the closing if any change, material to Wells Fargo's interest, were to be made to the final settlement statement.

Accordingly, the Court finds that the Receiver's Motion to Approve Sale of Real Property **[Doc. 1345]** is well-taken, and it is **GRANTED**, as follows:

1. The Receiver is **ORDERED** to schedule the closing as referenced within the Residential Contract for Sale and Purchase [Doc. 1345-1] as soon as practicable;

2. The Receiver is **AUTHORIZED** to endorse the appropriate documents transferring title to the Property to the prospective purchasers upon completion of the closing of the transaction;

3. The Receiver, or his counsel, are **ORDERED** to contact Mr. Robert R. Carl prior to the closing, if any change, material to Wells Fargo's interest, were to be made to the final settlement statement;

4. It is **ORDERED** that title to the Property is transferred free and clear of any claims by Judgment debtors, Judgment creditors and the interests of other persons or entities, subject to the appropriate satisfaction of those interests as set forth herein to satisfy the interest of the mortgage holder, the condominium association and broker as proposed by the Receiver; and

5. It is **ORDERED** that any excess proceeds generated from the sale of the Property be placed within the receivership estate subject to further Order of this Court.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge

4

Case 3:09-cv-00498-TAV-HBG   Document 1389   Filed 09/04/14   Page 4 of 4   PageID #: 17007