UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT T. STOOKSBURY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-498 |
| | ) | |
| | ) | |
| MICHAEL L. ROSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ROBERT T. STOOKSBURY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3: 12-CV-00548 |
| | ) | |
| MICHAEL L. ROSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT REPORT AND RECOMMENDATION FROM THE SETTLEMENT JUDGES**

This cause came on to be heard on November 24 and 25, 2014 for a settlement conference as ordered by Chief United States District Judge Thomas A. Varlan [Doc. 1406] pursuant to Local Rule 68.3 before the Honorable Pamela L. Reeves, United States District Judge and the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge (the "Settlement Judges").

The following parties and their respective counsel participated in the settlement negotiations:

- Robert T. Stooksbury, Jr. represented by Wayne A. Ritchie, II.
- William Wolfenbarger represented by Wendell K. Hall and Sal W. Varsalona.
- Ted Doukas and his related entities represented by Mark E. Brown.
- WindRiver Investments, LLC represented by Lewis S. Howard, Jr.
- RPM Assets, LLC and Mitchell E. Jones represented by James T. Normand.
- Darrell Tipton represented by Shelly L. Wilson.
- Citizens Bank of Blount County represented by Bart C. Williams.
- Sterling P. Owen, IV, the court-appointed Receiver, represented by Luis C. Bustamante.
- John P. Newton, Trustee for Tellico Lake Properties, LP.
- Internal Revenue Service represented by Ari D. Kunofsky, Tax Division/U.S. Department of Justice participated via telephone.

Pursuant to E.D. Tenn. L.R. 68.3 and the Order entered on September 26, 2014 [Doc. 1406], the Settlement Judges implemented mediation procedures, including private sessions with the participants throughout the settlement conference, in order to facilitate the parties' efforts to negotiate a settlement of the disputes.

On November 25, 2014, the parties participated in joint sessions in open court and entered on the record agreements relative to various claims and disputes as specified within this joint report:

### A. General Electric Capital Corporation and General Electric Credit Corporation of Tennessee

General Electric Corporation and General Electric Credit Corporation of Tennessee (collectively "GE Capital") filed a Motion to Intervene on May 28, 2014 [Doc. 1300] in order to repossess equipment which is the subject of Master Lease Agreement No. 8499494 with Rarity Management Company, LLC. The parties collectively represented to the Court that all issues

2

3154917.1
Case 3:09-cv-00498-TAV-HBG   Document 1423   Filed 12/05/14   Page 2 of 14   PageID #: 17186

relating to the Motion to Intervene and repossession have been resolved as set forth within the Stipulation to Allow Repossession of Leased Equipment filed on November 26, 2014 [Doc. 1419]. Upon completion of the repossession, GE Capital shall notify the Court and the Motion to Intervene filed on behalf of GE Capital shall be denied as moot.

### B. RPM Assets, LLC and Mitchell E. Jones

RPM Assets, LLC and Mitchell E. Jones (collectively "RPM Assets"), together with the Receiver, filed a Joint Motion to Approve Compromise and Settlement of the Receiver's claims against RPM Assets on October 17, 2014 [Doc. 1411] in order to resolve the pending claims by and between the settling parties in connection with the following receivership assets:

1. Promissory Note from Mitchell E. Jones to LTR Properties, Inc. dated May 28, 2009 in the amount of $265,000.00.

2. Promissory Note from RPM Assets, LLC to LTR Properties, Inc. dated May 28, 2009 in the amount of $120,000.00 secured by the Deed of Trust from RPM Assets, LLC to LTR Properties, Inc. recorded in Trust Book 1024, pages 977-983 in the Register's Office for Loudon County, Tennessee.

3. Membership interest of LTR Marina, LLC in RPM Assets, LLC.

The settlement conference conducted on November 24, and 25, 2014 facilitated the parties' efforts to negotiate and consent to the proposed settlement as set forth within the Joint Motion [Doc. 1411]. All interested parties have acknowledged their approval and consent to the settlement terms and conditions, which are as follows:

1. The Promissory Note in the amount of $500,000.00 due from WindRiver Investments, LLC as Buyer to RPM Assets, LLC as Seller relating to the Commercial Purchase and Sale Agreement of the Rarity Pointe Marina is to be paid in full on or before December 31, 2014.

2. Pursuant to the Receiver's request and as agreed to by the parties, the obligations due and payable under the Promissory Note, which are in part being held in escrow by counsel for WindRiver Investments, LLC, together with the balance due to be paid on December 31, 2014, totaling $500,000.00 plus any interest due and owing after September 15, 2014 shall be distributed as follows:

3

a. Payment to the Receiver in the amount of $375,000.00 plus any interest due and owing after September 15, 2014;

b. Payment to Mr. Lucas in the amount of the lien [Doc. 1409], plus any accrued interest; and

c. Payment to RPM Assets, LLC and its attorney, James T. Normand, of the remaining amount.

3. In exchange for the payments referenced herein, the parties will endorse the necessary documents to accomplish the following:

a. The Receiver, on behalf of Rebecca Rose Ross Jordan, will waive, release and assign without recourse to RPM Assets, LLC the twenty-percent interest that LTR Marina, LLC purportedly owns in RPM Assets, LLC.

b. The Receiver and all Judgment debtors shall be released from any obligations due and owing to any persons and entities as a result of the operation and/or in connection with any ownership interests in RPM Assets, LLC.

c. The Receiver, on behalf of LTR Properties, Inc., shall endorse the necessary release and attendant documents to discharge and confirm the satisfaction in full of the Promissory Note from Mitchell E. Jones to LTR Properties, Inc. dated May 28, 2009 in the amount of $265,000.00.

d. The Receiver, on behalf of LTR Properties, Inc., shall endorse the necessary release and attendant documents to discharge and confirm the satisfaction in full of the Promissory Note from RPM Assets, LLC to LTR Properties, Inc. dated May 28, 2009 in the amount of $120,000.00 secured by the Deed of Trust from RPM Assets, LLC to LTR Properties, Inc. recorded in Trust Book 1024, pages 977-983 in the Register's Office for Loudon County, Tennessee.

e. The Receiver, on behalf of LTR Properties, Inc., shall endorse the necessary release and attendant documents to discharge the lien as recorded in Trust Book 1024, pages 977-983 in the Register's Office for Loudon County, Tennessee.

f. Exchange of mutual releases between the parties discharging any and all obligations relative to RPM Assets, LLC and Mitchell E. Jones to include the entry of an order authorizing the dismissal of Knox County Chancery Court Case No. 182631-2 presented on behalf of LTR Properties, Inc. and/or Athena of S.C., LLC as purported assignee of LTR Properties, Inc.

As part of the settlement conference, all interested parties acknowledged and affirmed the terms and conditions of the Joint Motion [Doc. 1411]. The Settlement Judges, after reviewing the circumstances pertaining to the proposed settlement, hereby approve the settlement as fair, adequate, reasonable and, furthermore, find that the settlement is in the best interest of the receivership estate, consistent with the overall purpose of the receivership.

### C. William Wolfenbarger and Brenda Wolfenbarger

The Receiver has identified as receivership assets the following property owned in whole or in part by William Wolfenbarger:

1.  Property located at 260 Industrial Park Road in Monroe County, Tennessee ("Madisonville Property").

2.  Property located at Highway 321 in Loudon County, Tennessee ("Highway 321").

3.  Property located at 2624 Carpenters Grade Road in Maryville, Tennessee ("Carpenters Grade Road").

In an effort to address and resolve issues between Mr. Wolfenbarger and the Receiver, the parties attended and participated in the settlement conference on November 25, 2014. The parties' efforts were successful in negotiating a settlement as it relates to the receivership estate and announced on the record the following terms and conditions relative to the real property identified as the Madisonville Property, Highway 321 and Carpenters Grade Road realty:

**Madisonville Property**

This property is owned jointly by Mr. Wolfenbarger (50%), the Estate of Dale M. Ross (25%) and Michael L. Ross (25%). The property is subject to a Promissory Note dated March 3, 2009 from Michael L. Ross in favor of Mr. Wolfenbarger in the amount of $300,000.00 secured

5

3154917.1

Case 3:09-cv-00498-TAV-HBG   Document 1423   Filed 12/05/14   Page 5 of 14   PageID #: 17189

by a Deed of Trust filed of record on March 10, 2009 in Book L 27, pages 571-578 with the Register of Deeds in Monroe County, Tennessee.[1]

In addition to the obligations due on the Promissory Note, Mr. Wolfenbarger has also advanced various expenses related to the property including maintenance, repairs and property taxes, which have not been offset by the rental income. Mr. Wolfenbarger has agreed to provide the Receiver with an accurate accounting of the outstanding obligations to be shared on a pro-rata basis upon sale of the subject property.

### Highway 321

This property is owned jointly by Mr. Wolfenbarger (80%) and Michael L. Ross (20%). Mr. Wolfenbarger reports that the only expenses are the 2014 taxes, which are due to be paid by February 28, 2015 in the amount of Five Hundred Ninety Two Dollars ($592.00).

### Carpenters Grade Road

This property was previously owned by Michael and Evelyn Ross and used as their residence. On October 10, 2013, Mr. Wolfenbarger purchased the property through a foreclosure sale for the sum of $375,000.00.[2] Mr. Wolfenbarger reports that additional expenses have been incurred since the date of sale in the amount of Seven Thousand Seven Hundred Forty-Five Dollars and Thirty-two Cents ($7,745.32).

Pursuant to the parties' settlement agreement, Mr. Wolfenbarger and the Receiver have agreed to list the subject properties for sale through a mutually agreed-upon broker subject to the Court's approval. In the event the designated broker is able to procure an appropriate and acceptable offer for any of the subject properties, the parties agree to present such offer(s) to the

---

[1] The grantors on the Deed of Trust are Michael L. Ross, individually, a one-fourth undivided interest, and Patricia W. Ross, Rebecca Rose Ross Jordan, Susan Rachel Ross and Michael L. Ross, Co-Trustees of the testamentary trusts under the Will of Dale M. Ross.
[2] The foreclosure sale was conducted in violation of this Court's Memorandum Opinion and Order entered on September 12, 2013 [Doc. 1035].

6

Court for final review and approval. In the event any of the subject property is sold, the net proceeds from the sale will be allocated in the following manner:

1. Satisfaction of liens and/or deeds of trust held by Mr. Wolfenbarger;

2. Reimbursement of a pro-rata share of expenses subject to proper accounting;

3. Balance of proceeds with respect to the Madisonville and Highway 321 properties will be distributed pursuant to the ownership interests as designated herein with the portion of the ownership interest in the name of Judgment debtors to be paid into the receivership.

The issues relative to the *Stooksbury II* litigation **were not** resolved and the parties reported to the Court that additional efforts will be undertaken by Mr. and Mrs. Wolfenbarger, Mr. Stooksbury and Mr. Newton, as Trustee of Tellico Lake Properties, L.P., to address outstanding issues related to *Stooksbury II* including the allocation of any proceeds in excess of Mr. Wolfenbarger's lien interests generated from the sale of the Carpenters Grade Road property and distribution of sale proceeds relative to five motor vehicles identified by the Trustee, Mr. Newton.

Relative to the settlement of the receivership issues, the Settlement Judges, after reviewing the parties' contentions and the confirmation of the agreement on the record, find that the proposed settlement between the Receiver and Mr. Wolfenbarger is fair, adequate, reasonable, and in the best interest of the receivership estate.

### D. WindRiver Investments, LLC

The Receiver, on behalf of LTR Properties, Inc., RPL Properties, LLC and LC Development Company, LLC (collectively "LTR"), together with WindRiver Investments, LLC ("WindRiver"), on February 25, 2014 filed a Joint Motion to Approve Compromise and Settlement of Receiver's Claim and Approve Transfer of the Rarity Pointe Declarant Rights from the Receiver to WindRiver [Doc. 1231]. As a result of the settlement conference conducted on

November 25, 2014, the interested parties, together with Mr. Ted Doukas and his related entities including Athena of S.C., LLC, informed the Court on the record that all issues relative to the Declarant Rights at the Rarity Pointe Development had been amicably resolved. Subsequently and as a result of the global settlement reached between the Receiver, Mr. Stooksbury, Mr. Doukas and all his related entities, all parties agreed that the resolution with WindRiver would also include dismissal with prejudice of the Complaint and a release of the Notice of Lien Lis Pendens filed on September 9, 2013 by Athena of S.C., LLC, LTR Properties, Inc. and Tellico Landing, LLC against WindRiver Investments, LLC in the Circuit Court for Loudon County, Tennessee, being Case No. 2013-CV-170.[3]

The settlement achieved by the parties and as reported on the record includes the following terms and conditions:

1. The parties' dispute over the ownership of the Rarity Pointe Declarant Rights is resolved;

2. The dispute between Mr. Doukas, his related entities and WindRiver Investments, LLC presently pending in the Circuit Court for Loudon County, being Case No. 2013-CV-170, is resolved;

3. The parties will execute the necessary assignment and release documents to transfer and confirm that the ownership of the Rarity Pointe Declarant Rights are vested in WindRiver free from any claims whatsoever including, but not limited to, claims through the receivership estate, any Judgment debtors, LTR and related entities and Mr. Doukas and his related entities;

4. Athena of S.C., LLC will release the lien lis pendens and dismiss the Complaint filed in Case No. 2013-CV-170 in the Circuit Court for Loudon County, Tennessee.

5. WindRiver will remit a total payment to the Receiver in the amount of $75,000.00 to include a release of the escrow funds presently held by the Receiver's counsel in the amount of $20,000.00;

---

[3] As indicated under Section F of this report entitled "Ted Doukas and Related Entities," Mr. Doukas and his related entities have renounced and released any claims to receivership assets, except as to specific real property designated as part of the settlement. The global settlement includes the renouncement and release by Mr. Doukas and his related entities of any interest in LTR Properties, Inc. and Tellico Landing, LLC, thereby effectively dismissing the Loudon County Circuit Court action.

8

6. The Receiver shall transfer the Rarity Pointe Declarant Rights to WindRiver and WindRiver shall disavow any interest, claim or lien against any other receivership assets; and

7. The parties shall file a Stipulation for Dismissal of the Verified Complaint for Temporary Restraining Order, Declaratory Judgment and Injunctive Relief presently pending in the United States District Court for the Eastern District of Tennessee (Knoxville Division) being Case No. 3: 12-CV-454.

Pursuant to the settlement achieved by the parties during the course of the settlement conference and based upon the representations made by the parties through their counsel on the record, the Settlement Judges find that the accord entered into between the parties is fair, reasonable and in the best interest of the receivership.

### E. Citizens Bank of Blount County

On January 30, 2014, the Receiver was ordered to endeavor to resolve the interests of Citizens Bank of Blount County ("CBBC") in certain of the real properties that have been identified as receivership assets. In conjunction with the parties' efforts to resolve the lien rights of CBBC, the Receiver, on February 21, 2014, filed a report with the Court in order to assist with the resolution of issues relating to the priority and status of liens asserted by CBBC [Doc. 1230]. The Receiver's report identified the real property within the receivership estate that was subject to CBBC's lien. In addition, the report identified the real property that was subject to a valid dispute pertaining to the validity, priority and perfection of CBBC's lien rights.

As part of the settlement conference conducted on November 25, 2014, the Receiver and other interested parties agreed and consented to settlement terms and conditions thereby resolving the priority and validity issues relating to CBBC's lien rights. The terms and conditions of the settlement as announced on the record are as follows:

9

1. All of the real property identified by the Receiver in the report filed on February 21, 2014 [Doc. 1230] is subject to CBBC's first priority lien rights except for the following real property:

    a. 9.149 acres held in the name of Vonore Properties, LLC located in Monroe County, Tennessee and commonly referenced as the Riverview Apartments consisting of 48 apartment units.

    b. Lot 713 in Loudon County, Rarity Bay Phase VI, Section 2 held in the name of Tellico Lake Properties, L.P.

    c. Loudon County Lot Nos. 658, 661, 662 and 663 in Rarity Bay Phase V held in the name of WFD Company, Inc.

2. CBBC shall have the right to foreclose on its first priority security interest in all of the real property in which CBBC claims a security interest specifically including the property listed within the Receiver's report, except for the real property identified in Subparagraph 1, a. through c. herein, and CBBC shall be deemed to have a first priority security interest or free and clear title in said property.

3. The real property identified in Subparagraph 1, a. through c. shall be deemed to be the exclusive property of the receivership estate free and clear of any liens asserted by and/or through CBBC.

4. The parties shall cooperate and exercise their best efforts to properly endorse and exchange the necessary documents to effectuate the settlement including the entry of the proper order(s) to dismiss the adversary bankruptcy proceeding filed in connection with *In Re: Tellico Lake Properties, L.P., Debtor*, United States Bankruptcy Court for the Eastern District of Tennessee at Knoxville, Case No. 12-34034.

5. Pursuant to the terms of the settlement, CBBC shall be deemed to have a valid lien pursuant to the Deeds of Trust referenced within the Receiver's report [Doc. 1230] including the Loudon County Deed of Trust from Tellico Lake Properties, L.P. recorded in Book 445, page 180 in the Loudon County Register's Office and the modifications thereof. The settlement is conditioned upon a court order and enforceable final determination that conclusively establishes CBBC's free and clear first priority lien rights and/or free and clear ownership of the property at issue and that is binding on any and all individuals and/or entities, specifically including all named defendants in the above-referenced bankruptcy adversary proceeding, that claim any right or objection to CBBC's rights.

The Settlement Judges have reviewed the terms of the agreement, evaluated the circumstances in question and hereby approve the settlement as fair, adequate, reasonable and in the best interest of the receivership estate.

### F. Ted Doukas, Giselle Doukas and Their Related Entities

Ted Doukas and various entities owned or controlled by him and/or his wife, Giselle Doukas, including Athena of SC, LLC, American Harper Corporation, Breton Equity Company Corp., and Likos of Tennessee Corp., have asserted various claims and liens against receivership assets. Mr. Doukas, Ms. Doukas, and their related entities are also defendants in Stooksbury II.

The settlement achieved with Mr. Doukas, Ms. Doukas, and any entity in which either of them has or has had an ownership interest, (collectively, the "Doukas Parties"), contains the following terms and conditions:

1. The Doukas Parties agree to renounce and release any and all claims, liens, rights, judgments, title, or interest of any kind in any receivership property, including all property listed in the Liquidation Plan, and to renounce and release any and all claims, liens, rights, judgments, title, or interest of any kind in any property owned by any Judgment Debtor, including but not limited to Michael L. Ross, except for the specific property listed below. This waiver and release by the Doukas Parties is inclusive of all property, or property or ownership interest, of any kind whatsoever, real or personal, tangible or intangible, and/or corporate or partnership rights, that form the receivership estate, along with any additional property or property interest of any kind held or belonging to any of the Judgment Debtors, including any property that is identified in the future;

2. Ted Doukas will receive a 100% interest in the real property consisting of 9.149 acres in Monroe County, Tennessee, held in the name of Vonore Properties, LLC, and identified as 48 apartment units known as the Riverview Apartments, and a 100% interest in the real property consisting of 4.91 acres in Monroe County, Tennessee, held in the name of Rarity Management Company, LLC, and identified as 24 apartment units known as the Vonore Apartments, free and clear from any federal tax liabilities or liens of Vonore Properties, LLC and Rarity Management Company, LLC;

3. Ted Doukas will receive Michael L. Ross's interest in the following properties, subject to any federal tax liabilities or liens:

    a. 50% in the Glascock building in Alcoa, Tennessee;

11

3154917.1
Case 3:09-cv-00498-TAV-HBG   Document 1423   Filed 12/05/14   Page 11 of 14   PageID #: 17195

  b. 50% in five apartments on 505-513 Cedar Street in Maryville, Tennessee; and

  c. 50% in 607 acres on or along Happy Valley Road in Blount County, Tennessee;

4. Ted Doukas will receive a 100% interest in 61 lots in the Rarity Meadows development owned by RM Company, LLC, in McMinn County, subject to any federal tax liabilities or liens;

5. The Doukas Parties will assign all their interest in Tellico Landing, LLC, to Mr. Stooksbury, and in exchange Ted Doukas will receive the property at 237 Westmoreland Road in Maryville, Tennessee, owned by Michael L. Ross, subject to any federal tax liabilities or liens;

6. The Receiver will seek a waiver of all sanctions, disgorgement orders, or accounting obligations imposed by the Court on the Doukas Parties; and

7. All claims against the Doukas Parties pertaining to *Stooksbury II* will be discharged pursuant to a covenant not to sue and a dismissal without prejudice.

The parties and the Receiver will prepare the documentation necessary to effectuate this settlement, including but not limited to: the dismissal without prejudice and covenant not to sue as to RICO II; Receiver's deeds for the referenced property transfers with the understanding that the deeds transferring the properties subject to federal tax liens and liabilities identified within subsections 3-5 will include language specifying the federal tax liens and liabilities and that the United States reserves the right to engage in collection efforts through those liens or liabilities that may exist at the time the property identified in subsections 3-5 is transferred; releases of all deeds of trust and of all liens or encumbrances of any kind; renunciation and voiding of all judgments and assignments; and dismissal of all suits and claims, releases and/or voiding of any and all other interests of any kind in any receivership asset or asset of any Judgment Debtor by the Doukas Parties and the corresponding entry of orders or other filings to effectuate the same in all courts where such actions are pending, with all of the foregoing documents or instruments

being entered and/or recorded in all counties where the Judgment Debtors are known to possess assets.

The settlement documents shall include terms reflecting that the Doukas Parties are being released only as to debts and obligations previously disclosed to the Receiver; that the Doukas Parties have the capacity to execute the respective documents and instruments; that the Doukas Parties have not transferred or otherwise encumbered any receivership asset or asset of any Judgment Debtor to any third party; and that the Doukas Parties will not obtain, transfer, or hereafter attempt to acquire, directly or indirectly, any interest in any of the receivership assets or any asset of any Judgment Debtor, excepting only the assets specifically listed above as to which partial interests are being transferred to Ted Doukas in accordance with this settlement (the Glascock Building, the apartments on Cedar Street, and the 607 aces on Happy Valley Road).

The Settlement Judges have reviewed these terms and find that they are fair, reasonable, and in the best interests of the receivership estate.

### G. Darrell Tipton

Darrell Tipton possesses an ownership interest in certain receivership assets in which Michael L. Ross and the Estate of Dale Ross also have ownership interests. In a Declaration filed on March 14, 2014 [Doc. 1257.1], Mr. Tipton asserted Michael L. Ross and the Estate of Dale Ross also owe him approximately $211,000 from the sale of other properties, over a decade ago, in which Mr. Tipton claims he had an ownership interest. Mr. Tipton has never provided any documentation for this claim. He has asserted, however, that, in an effort to collect the money the Rosses purportedly owe him, from April 2012 until May 2013, Mr. Tipton applied $50,416.69 from rents on the property at 8420 Kingston Pike, which is part of the receivership estate, in partial satisfaction of the purported debt. The Receiver has demanded that Mr. Tipton return those funds to the receivership.

13

No settlement was reached regarding these issues.  The parties have agreed to report to the Court by December 12, 2014, on the status of any further settlement negotiations.

## CONCLUSION

The Settlement Judges are pleased to report to the Court that the goal of the settlement conference has been achieved and the parties have successfully negotiated the settlement of the primary disputes involving the receivership and *Stooksbury II*.  It is our joint recommendation that the Court approve and authorize the settlements outlined herein in the context of the receivership consistent with the Court's *in rem* jurisdiction and equitable principles controlling a federal receivership.

Collectively, we deem the proposed settlements to have been entered into freely, in good faith and each settlement is fair, adequate and reasonable.  The compromise of the disputed claims will inure to the benefit of the receivership estate allowing the Court and the Receiver to implement an orderly process to promptly liquidate receivership assets and terminate the receivership.

As it relates to *Stooksbury II*, the settlement of the dispute involving Mr. and Mrs. Doukas and their related entities will in all likelihood lead to the resolution of the remaining claims or a majority thereof.  In due course, it is anticipated that remaining participants involved in *Stooksbury II* will engage in further negotiations as set forth herein.

Done and ordered this __5th__ day of <u>December</u>, 2014.

*s/ Pamela L. Reeves*
UNITED STATES DISTRICT JUDGE

*s/ C. Clifford Shirley, Jr.*
United States Magistrate Judge