UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROBERT T. STOOKSBURY, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-498-TAV-HBG |
| | ) | |
| MICHAEL L. ROSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge. The Receiver has filed requests for interim compensation, which are now before the undersigned, and are as follows:

| **Interim Request Number** | **Month Services Rendered** | **Receiver's Fees** | **Expenses** | **Monthly Total** |
|---|---|---|---|---|
| 26th, Doc. 1366 | July 2014 | $5,205.25 | $61.68 | $5,267.93 |
| 27th, Doc. 1393 | August 2014 | $3,937.50 | $16.00 | $3,953.50 |
| 28th, Doc. 1410 | September 2014 | $1,881.25 | $10.00 | $1,891.25 |
| 30th, Doc. 1430 | November 2014 | $8,225.00 | $24.00 | $8,249.00 |
| | | | **Total** | **$19,361.68** |

The Receiver represents that as of November 30, 2014, the Receiver was in possession of $396,716.01. [Doc. 1430 at 2]. The Receiver also maintains a separate rent account, which he represents has a balance of $147,224.94, as of November 30, 2014. [Id.]. There is no evidence in the record to indicate that these accounts have been dissipated, in any considerable amount, since November 30, 2014.

The Receiver has submitted Invoices of Services rendered in July, August, September, and November of 2014, detailing the time spent on various tasks in furtherance of the duties

established by the Court, along with invoices for the same period, detailing the out-of-pocket expenses the Receiver incurred in furtherance of these duties. [Docs. 1366-1, 1366-2, 1393-1, 1393-2, 1410-1, 1410-2, 1410-3, 1430-1, 1430-2]. The Court has reviewed the invoices and finds that they are reasonable.

The invoices and documents supporting the Receiver's requested reimbursement have been available for review to the parties. No party or interested person has objected to the compensation and expenses submitted. The time for doing so has expired. See, generally, E.D. Tenn. L.R. 7.1. The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2.

Accordingly, the Court finds that the Receiver's Twenty-Sixth Application for Interim Compensation **[Doc. 1366]**, Twenty-Seventh Application for Interim Compensation **[Doc. 1393],** Twenty-Eighth Application for Interim Compensation **[Doc. 1410]**, and Thirtieth Application for Interim Compensation **[Doc. 1430]** are well-taken, and the undersigned **RECOMMENDS**[1] that they be **GRANTED**. The Court finds the compensation and expenses requested by the Receiver are **REASONABLE**, and the undersigned **RECOMMENDS** that they be **APPROVED**.

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

The undersigned **RECOMMENDS** that the Receiver be permitted to **DISBURSE** the **$19,361.68** requested as compensation for services and reimbursement for expenses incurred in July, August, September, and November of 2014.

Respectfully Submitted,

_____
United States Magistrate Judge