UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT T. STOOKSBURY, JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-498-TAV-HBG |
| | ) | |
| MICHAEL L. ROSS, *et al.*, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge. The Receiver has filed his Ninth Quarterly Report and Thirty-Sixth Interim Application to Pay Receiver's Fees and Approve Receiver's Attorneys' Fees and Costs.

**I.    Receiver's Fees**

The Receiver moves the Court to approve payment to the Receiver for the reasonable and necessary services he rendered between May 1 and May 31, 2015, in the amount of $9,827.00, which represents $9,800.00 in fees and $27.00 in direct expenses.

The Receiver has represented that the Receivership was in possession of $918,007.59, as of May 31, 2015. [Doc. 1555 at 9]. The Receiver also maintains a rental account, which contained $197,408.46, as of May 31, 2015. [Id.]. There is no evidence in the record to indicate that either of these accounts has been dissipated, in any considerable amount, since May 31, 2015.

The Receiver has submitted an Invoices of Services rendered in May 2015, detailing the time spent on various tasks in furtherance of the duties established by the Court. [Doc. 1555-1]. He has also submitted invoices for the same period, detailing the out-of-pocket expenses the

Receiver incurred in furtherance of these duties. [Id.]. The Court has reviewed the invoices and finds that they are reasonable.

The Receiver's Application was filed on June 5, 2015. The documents supporting the Receiver's requested reimbursement have been available for review to the parties. No party or interested person has objected to the compensation and expenses submitted. The time for doing so has expired. See, generally, E.D. Tenn. L.R. 7.1. The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2.

Based upon the foregoing, the Court finds that the Receiver's request for compensation is well-taken, and the undersigned **RECOMMENDS** that it be **GRANTED**. The Court finds the compensation and expenses requested by the Receiver are **REASONABLE**, and the undersigned **RECOMMENDS** that they be **APPROVED**.

## II. Receiver's Attorneys' Fees and Costs

The Receiver also requests that the Court approve the attorneys' fees and expenses incurred through Woolf, McClane, Bright, Allen & Carpenter, PLLC ("WMBAC") for the period from November 1, 2014, through May 31, 2015. WMBAC requests $278,467.50 in professional fees and $9,084.54 in expenses incurred.

The Receiver also filed documents evidencing the professional and paraprofessional time expended by WMBAC between November 1, 2014 and May 31, 2015, and the rates billed for such time. [Doc. 1578]. The Court has also reviewed the WMBAC billing entries, which were filed under seal, and finds that they are reasonable. The Receiver submitted the amount of the fees and costs requested in publically-available documents on June 5, 2015. The Court finds no party or other entity has objected to the amounts requested for WMBAC's fees and costs, and the time for doing so has expired, see E.D. Tenn. L.R. 7.1.

2

Case 3:09-cv-00498-TAV-HBG   Document 1581   Filed 07/06/15   Page 2 of 3   PageID #: 18952

Based upon the foregoing, the Court finds that the $278,467.50 in professional fees and $9,084.54 in expenses incurred by WMBAC in serving as counsel to the Receiver during the period from November 1, 2014, through May 31, 2015, are **REASONABLE**. The Receiver's request that WMBAC be reimbursed for these fees and expenses, as funds come available, is **APPROVED**, subject to further order of the Court.

**III. Conclusion**

The undersigned **RECOMMENDS**[1] that:

1. The Ninth Quarterly Report and Thirty-Sixth Interim Application to Pay Receiver's Fees and Approve Receiver's Attorneys' Fees and Costs **[Doc. 1555]** be **GRANTED**;

2. The Receiver be permitted to **DISBURSE** the **$9,827.00** requested as compensation for services and reimbursement for expenses May 2015; and

3. The **$278,467.50** in professional fees and **$9,084.54** in expenses incurred by WMBAC be **APPROVED**, subject to further order of the Court.

Respectfully Submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).