UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-498-TAV-HBG |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge. The Receiver has filed his Forty-First Application for Interim Compensation and Expense Reimbursement [Doc. 1626].

The Receiver moves the Court to approve payment to the Receiver for the reasonable and necessary services he rendered between October 1 and October 31, 2015, in the amount of $2,375.50, which represents $2,362.50 in fees and $13.00 in direct expenses.

The Receiver represents that as of October 31, 2015, the Receiver was in possession of $2,198,494.56. The Receiver also maintains a separate rent account, which he represents has a balance of $187,118.38, as of October 31, 2015.

With the instant request, the Receiver has submitted an Invoice of Services rendered in October 2015, detailing the time spent on various tasks in furtherance of the duties established by the Court. [Doc. 1626-1]. He has also submitted invoices for the same period, detailing the out-of-pocket expenses the Receiver incurred in furtherance of these duties. [Doc. 1626-2].

The Receiver's Forty-First Application was filed November 3, 2015, and his request and the supporting invoices have been available for review to the parties. No party or interested person has objected to the compensation and expenses submitted. The time for doing so has expired. See, generally, E.D. Tenn. L.R. 7.1. The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2.

Accordingly, the Court finds that the Receiver's Forty-First Application **[Doc. 1626]** is well-taken, and the undersigned **RECOMMENDS**[1] that it be **GRANTED**. The Court finds the compensation and expenses requested by the Receiver are **REASONABLE** and **RECOMMENDS** that they be **APPROVED**. The undersigned **RECOMMENDS** that the Receiver be directed to **DISBURSE $2,375.50**, representing compensation for services and reimbursement for expenses for the period from October 1 to October 31, 2015.

Respectfully Submitted,

United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1110 (6th Cir. 1987).