UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-498-TAV-HBG |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge.

Now before the Court is the Receiver's Final Report, Accounting and Petition for Order Approving Termination of Receivership and Approval of Final Report Including Receiver's and Attorneys' Fees and Expenses, Discharge of Receiver, Exoneration of Bond, and Distribution of Receivership Assets [Doc. 1631], (hereinafter "Petition"). This Petition was filed on November 11, 2015, and no party or interested third party has filed a timely objection thereto, see E.D. Tenn. L.R. 7.1. The Court may treat this lack of timely opposition as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2.

The Court has reviewed and considered the Petition in light of the record in this complex litigation, which has now spanned six years, including three plus years of post-judgment litigation.

Based upon this review and the record as a whole, the undersigned **FINDS**:

1. The Final Report and Accounting [Doc. 1630-2] appears to be accurate and consistent with the execution of the duties assigned to the Receiver.

2. The actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the receivership estate were reasonable and consistent with the duties assigned to the Receiver.

3. The fees and expenses incurred from June 1, 2015 through October 31, 2015, that remain outstanding include the Receiver's fees of $4,593.75 and expenses of $26.00, and unpaid Receiver's attorneys' fees incurred to Woolf, McClane, Bright, Allen & Carpenter, PLLC of $141,744.00 and costs of $1,406.93. The Court finds that these fees and expenses are reasonable and were incurred in furtherance of the duties assigned to the Receiver.

4. The proposed distribution of the remaining assets of the receivership estate, after payment of all receivership administrative expenses, including all outstanding Receiver's fees and expenses and Receiver's attorneys' fees and expenses, is reasonable. This proposed distribution consists of distributing: $747,793.46 to the United States of America/IRS consistent with the Report and Recommendation filed on March 16, 2015 [Doc. 1508] and Order entered on April 27, 2015 [Doc. 1536]; $792,842.05 to the Probate Court in and for Blount County, Tennessee in connection with the Estate of Dale M. Ross consistent with the Report and Recommendation filed on March 16, 2015 [Doc. 1508] and Order entered on April 27, 2015 [Doc. 1536]; and the balance of the net receivership assets to the Plaintiff, Robert T. Stooksbury, Jr.

5. It is reasonable and appropriate to authorize the Receiver to abandon and destroy the records of the Defendants subject to the receivership that are in the possession and/or

control of the Receiver, except for the accounting records of the receivership, which shall be retained for one (1) year from the date of entry of the Chief District Judge's Order on this Report and Recommendation.

6. It is reasonable and appropriate to authorize the Receiver to abandon the receivership estate's interest in various entities owned in whole or in part by the Judgment Debtors Michael L. Ross, Rebecca Rose Ross Jordan, and the Estate of Dale M. Ross.

7. Upon the payment of administrative expenses and final distribution of funds as provided in the Petition, it is reasonable and appropriate to order that the Receiver, his agents, employees, independent contractors, appraisers, auctioneers, attorneys and representatives are: (a) discharged; (b) released from all claims and liabilities arising out of and/or pertaining to the receivership herein; and (c) relieved of all duties and responsibilities pertaining to the receivership established in this action;

8. It is reasonable and appropriate to enter an order discharging and exonerating the Receiver from the duty to file any state or federal tax returns on behalf of a judgment debtor.

9. It is reasonable and appropriate to order that the Receiver's bond is exonerated, effective upon the completion of the Receiver's wind-up of the receivership estate, payment of administrative expenses and final distribution of funds as provided in the Petition.

10. Notice of this Petition is sufficient based upon electronic service of the Petition and all supporting exhibits on all parties or their counsel including the United States of America/IRS as reflected in the Court's electronic certificate of service.

11. It is reasonable and appropriate to relieve the Receiver of any duty to litigate or otherwise resolve the unresolved issues identified in the Petition. To the extent any person or entity

believes they have claims related to those issues, those issues may be resolved by those persons or entities in courts of competent jurisdiction, to the extent consistent with applicable law, and without the involvement of this Court or the Receiver.

12. The Petition provides a comprehensive report and account of the Receiver's actions on behalf of the receivership estate since May 23, 2012, and is a sufficient basis upon which the Court can base its decision to terminate the receivership.

13. The Receiver and his counsel have provided a valuable service to the Court, the parties, and the third parties interested in the post-judgment proceedings.

Consistent with these findings, the undersigned **RECOMMENDS**[1]:

1. The Final Report and Accounting [Doc. 1630-2] be **APPROVED**.

2. The actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the receivership estate are **APPROVED**.

3. The fees and expenses incurred from June 1, 2015 through October 31, 2015, that remain outstanding include the Receiver's fees of $4,593.75 and expenses of $26.00, and unpaid Receiver's attorneys' fees incurred to Woolf, McClane, Bright, Allen & Carpenter, PLLC of $141,744.00 and costs of $1,406.93, be **APPROVED** and the Receiver be **ORDERED** to distribute these monies.

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

4. The proposed distribution of the remaining assets of the receivership estate, after payment of all receivership administrative expenses, including all outstanding Receiver's fees and expenses and Receiver's attorneys' fees and expenses, be **APPROVED**, and the Receiver be **ORDERED** to distribute: **$747,793.46** to the United States of America/IRS; **$792,842.05** to the Probate Court in and for Blount County, Tennessee in connection with the Estate of Dale M. Ross; and **the balance of the net receivership assets** to the Plaintiff, Robert T. Stooksbury, Jr.

5. The Receiver be **AUTHORIZED** to abandon and destroy the records of the Defendants subject to the receivership that are in the possession and/or control of the Receiver, except for the accounting records of the receivership, which shall be retained for **one (1) year** from the date of entry of the Chief District Judge's Order on this Report and Recommendation.

6. The Receiver be **AUTHORIZED** to abandon the receivership estate's interest in various entities owned in whole or in part by the Judgment Debtors Michael L. Ross, Rebecca Rose Ross Jordan, and the Estate of Dale M. Ross.

7. The Court **ORDER** that, upon the payment of administrative expenses and final distribution of funds as provided in the Petition, the Receiver, his agents, employees, independent contractors, appraisers, auctioneers, attorneys and representatives are: (a) discharged; (b) released from all claims and liabilities arising out of and/or pertaining to the receivership herein; and (c) relieved of all duties and responsibilities pertaining to the receivership established in this action.

8. The Court **ORDER** that the Receiver is discharged and exonerated from the duty to file any state or federal tax returns on behalf of a judgment debtor.

9. The Court **ORDER** that the Receiver's bond is exonerated, effective upon the completion of the Receiver's wind-up of the estate, payment of administrative expenses and final distribution of funds as provided in the Petition.

10. The Court **ORDER** that the notice of the Petition is sufficient based upon electronic service of the Petition and all supporting exhibits on all parties or their counsel including the United States of America/IRS as reflected in the Court's electronic certificate of service.

11. The Court **ORDER** that the Receiver is **RELIEVED** of any duty to litigate or otherwise resolve the unresolved issues identified in the Petition and **ORDER** that, to the extent any person or entity believes they have claims related to those issues, those issues may be resolved by those persons or entities in courts of competent jurisdiction, to the extent consistent with applicable law, and without the involvement of this Court or the Receiver.

12. The Court **ORDER** that the Receiver's duties and the receivership estate are **TERMINATED**, upon conclusion of the distributions described herein.

13. The Court **COMMEND** the Receiver and his counsel for the services provided to the Court, the parties, and the third parties interested in the post-judgment proceedings in this case.

Respectfully Submitted,

_____
United States Magistrate Judge