UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT T. STOOKSBURY, JR.,  )
                                            )
       Plaintiff,               )
                                            )
v.                                          )         No. 3:09-CV-498-TAV-HBG
                                            )
MICHAEL L. ROSS, *et al.*,          )
                                           )
      Defendants.           )

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge.

Now before the Court is a Motion to Compel Compliance [Doc. 1603], filed by Patricia Ross, as personal representative of the Estate of Dale M. Ross (hereinafter "Estate"), on August 12, 2015. Therein, the Estate moves the Court to order the Receiver to pay net proceeds of any sale in which the Estate has an interest into the Blount County Probate Court or to Ms. Ross, as an officer of the Blount County Probate Court. The Estate maintains that such an order is consistent the Order of the Court entered April 27, 2015, (hereinafter "Sale Order") and an agreement between the parties.

On December 14, 2015,[1] the Plaintiff Robert T. Stooksbury, Jr., filed a response in opposition, [Doc. 1641]. Plaintiff maintains that the Sale Order does not require the Receiver to transfer any funds to the Probate Court or the Estate and similarly contends that the Receiver's actions with regard to the proceeds of real property have been consistent with the Court's Orders.

---

[1] The parties spent a considerable amount of time attempting to resolve this issue, and the Court expanded the time for responding to this motion accordingly.

Plaintiff notes that, since the Estate's motion was filed, the Receiver has filed his final report and petition [Doc. 1631], which asks the Court for an order authorizing the Receiver to transfer a certain sum to the Probate Court.  In light of the Receiver's final report and petition, Plaintiff maintains that the Estate's motion is moot.

The Estate has not filed a reply to the Plaintiff's response, and the time for doing so has expired.  See E.D. Tenn. L.R. 7.1.  Thus, the Estate has not disputed the Plaintiff's assertion that the Plaintiff's request for relief will be mooted by disposition of the Receiver's final report and petition, [Doc. 1631].  See E.D. Tenn. L.R. 7.2.

The Court has considered the parties' positions and the record as a whole.  On December 23, 2015, the undersigned entered a Report and Recommendation recommending *inter alia* that the Honorable Thomas A. Varlan, United States District Judge, order the Receiver to distribute $792,842.05 to the Probate Court in and for Blount County, Tennessee in connection with the Estate of Dale M. Ross.  The undersigned finds that the Motion to Compel Compliance is rendered moot by the Report and Recommendation, and the undersigned **RECOMMENDS**[2] that the Motion to Compel Compliance be **DENIED AS MOOT**.

Respectfully Submitted,

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).