UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:09-CV-498-TAV-HBG |
| ) | |
| MICHAEL L. ROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# ORDER

This civil matter is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton on December 23, 2015 [Doc. 1643]. In the R&R, Magistrate Judge Guyton makes various recommendations regarding the Receiver's Final Report, Accounting and Petition for Order Approving Termination of Receivership and Approval of Final Report Including Receiver's and Attorneys' Fees and Expenses, Discharge of Receiver, Exoneration of Bond, and Distribution of Receivership Assets [Doc. 1631]. There have been no timely objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

After a careful review of the matter, the Court is in agreement with Magistrate Judge Guyton's recommendations, which the Court adopts and incorporates into its ruling. Accordingly, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 1643], and hereby

1. **APPROVES** the final report and accounting [Doc. 1630-2];

2. **APPROVES** the actions and activities taken by or on behalf of the receiver and all payments made by the receiver in connection with the administration of the receivership estate;

3. **APPROVES** the fees and expenses incurred from June 1, 2015, through October 31, 2015, that remain outstanding, including the receiver's fees of $4,593.75 and expenses of $26.00, and unpaid receiver's attorneys' fees incurred to Woolf, McClane, Bright, Allen & Carpenter, PLLC of $141,744.00 and costs of $1,406.93, and **ORDERS** the receiver to distribute these monies;

4. **APPROVES** the proposed distribution of the remaining assets of the receivership estate, after payment of all receivership administrative expenses, including all outstanding receiver's fees and expenses and receiver's attorneys' fees and expenses, and **ORDERS** the receiver to distribute: $747,793.46 to the United States of America/IRS; $792,842.05 to the Probate Court in and for Blount County, Tennessee in connection with the Estate of Dale M. Ross; and the balance of the net receivership assets to plaintiff, Robert T. Stooksbury, Jr.;

5. **AUTHORIZES** the receiver to abandon and destroy the records of defendants subject to the receivership that are in the possession and/or control of the receiver, except for the accounting records of the

receivership, which shall be retained for one (1) year from the date of entry of this order;

6. **AUTHORIZES** the receiver to abandon the receivership estate's interest in various entities owned in whole or in part by the judgment debtors Michael L. Ross, Rebecca Rose Ross Jordan, and the Estate of Dale M. Ross;

7. **ORDERS** that, upon the payment of administrative expenses and final distribution of funds as provided in the Petition, the receiver, his agents, employees, independent contractors, appraisers, auctioneers, attorneys and representatives are: (a) discharged; (b) released from all claims and liabilities arising out of and/or pertaining to the receivership herein; and (c) relieved of all duties and responsibilities pertaining to the receivership established in this action;

8. **ORDERS** that the receiver is discharged and exonerated from the duty to file any state or federal tax returns on behalf of a judgment debtor;

9. **ORDERS** that the receiver's bond is exonerated, effective upon the completion of the receiver's wind-up of the estate, payment of administrative expenses, and final distribution of funds as provided in the Petition;

10. **ORDERS** that the notice of the Petition is sufficient based upon electronic service of the Petition and all supporting exhibits on all parties or their

3

counsel including the United States of America/IRS as reflected in the Court's electronic certificate of service;

11. **ORDERS** that the receiver is **RELIEVED** of any duty to litigate or otherwise resolve the unresolved issues identified in the Petition and **ORDERS** that, to the extent any person or entity believes they have claims related to those issues, those issues may be resolved by those persons or entities in courts of competent jurisdiction, to the extent consistent with applicable law, and without the involvement of this Court or the receiver;

12. **ORDERS** that the receiver's duties and the receivership estate are **TERMINATED**, upon conclusion of the distributions described herein; and

13. **COMMENDS** the receiver and his counsel for the services provided to the Court, the parties, and the third parties interested in the post-judgment proceedings in this case.

IT IS SO ORDERED.

                               s/ Thomas A. Varlan
                               CHIEF UNITED STATES DISTRICT JUDGE